PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>KENNETH BASH, et al.,<br><br>            Defendants. | CASE NO. 1:20-CR-00238-JLT-SKO<br><br>UNITED STATES' OPPOSITION TO RENEWED MOTION FOR ORDER RE SPECIFIC DISCOVERY [Docket No. 633]<br><br>DATE: August 30, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

## I.  INTRODUCTION

The United States, by and through Assistant United States Attorney Stephanie M. Stokman, submits its opposition to the renewed motion to order specific discovery, filed by defendant Francis Clement, and joined by defendants Kenneth Bash, Kenneth Johnson, Justin Gray, Derek Smith, and Brandon Bannick ("defendants"). ECF 637, 642, 661, 663, and 670. Defendants' motion should be denied based upon controlling precedent because Rule 16 of the Federal Rules of Criminal Procedure does not permit defendants to compel disclosure of the government's evidence prior to trial, especially when the statements sought for compulsion are restricted from disclosure by Rule 16(a)(2) and the Jencks Act, 18 U.S.C. § 3500.

## II. FACTUAL BACKGROUND

### A. Defendants are charged in a Second Superseding Indictment with RICO conspiracy offenses, including Murder in Aid of Racketeering

On May 11, 2023, a grand jury returned a detailed Second Superseding Indictment against the defendants charging them with participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d), and Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959.  ECF 641, 656.  The Second Superseding Indictment contains a detailed description of the government's theory and evidence of the Aryan Brotherhood as a criminal enterprise, including facts about its formation, membership, command structure, codes of conduct, purposes, symbols, and method and means of operation.  ECF 656, at 2–5. The Second Superseding Indictment also describes defendants' roles and activities within the enterprise. ECF 656, at 5–8.  The Second Superseding Indictment additionally contains information regarding the murder of four individuals, as contained in Counts Two through Three.  ECF 656, at 12-18.

### B. The Government Has Produced Over 22,000 Items of Discovery

The government has produced extensive discovery relating to all aspects of the government's case against defendants.  As of the filing of this brief, the United States has produced items of discovery which include written reports, autopsy reports, a large volume of audio recordings, photographs, video, and other data and documents.  Given the complex nature of the case, and the allegations of the existence of a racketeering enterprise in particular, a large amount of the discovery pertains to evidence of the Aryan Brotherhood as a criminal enterprise and discovery production has and continues to be ongoing.

## III. LEGAL STANDARDS

"There is no general constitutional right to discovery in a criminal case."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  Rather, discovery is limited by statute, rules of criminal procedure, and case law to four categories: (1) materials discoverable under Rule 16 of the Federal Rules of Criminal Procedure; (2) material exculpatory information discoverable under *Brady*; (3) evidence relating to a witness's credibility or bias that is discoverable under *Giglio*; and (4) witness statements related to the subject matter of the witness's testimony, discoverable under the Jencks Act.  *See* Fed. R. Crim. P. 16;

*Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500 and Fed R. Crim. P. 26.2 (Jencks Act).

Under Rule 16(a)(1)(E), a criminal defendant is entitled to discovery of materials "within the possession, custody, or control of the government," which are "material to preparing the [defendants'] defense." Fed. R. Crim. P. 16(a)(1)(E). Defendants are entitled to discover only those materials that are helpful to the defendants' response to the government's case–in–chief. *United States v. Armstrong*, 517 U.S. 456, 462 (1996) ("[W]e conclude that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief."); *accord United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) (quoting *Armstrong*, 517 U.S. at 462).[1] Under Rule 16(a)(1)(B), a criminal defendant is entitled to discovery of recorded statements of defendant "within the possession, custody, or control of the government," which are "relevant." Fed. R. Crim. P. 16(a)(1)(B).

To obtain discovery under Rule 16, a defendant must make a *prima facie* showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984)). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219 (citing *Little*, 753 F.2d at 1445; *Cadet*, 727 F.2d at 1466–68). In fact, "[i]t is defendant's obligation . . . to provide specific facts that demonstrate the prima facie materiality of its specific requests to specific trial issues." *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2022 WL 1607923, at *8 (E.D. Cal. May 20, 2022), *citing United States v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010) (finding discovery appropriate where defendant made factual showing that evidence existed to support a specific affirmative defense).

Broadly worded document requests that "might be consistent with expansive civil discovery" are "not permitted under the more restrictive criminal discovery standards." *United States v. Dossman*, No. 2:05–cr–270–DFL, 2006 WL 2927484, at *2 (E.D. Cal. Oct. 12, 2006).

---

[1] At the time of *Armstrong* and *Chon*, that provision was numbered 16(a)(1)(C). Rule 16 was renumbered in 2002.

UNITED STATES' OPPOSITION TO MOTION FOR ORDER
RE SPECIFIC DISCOVERY [DOCKET NO. 633]

3

"Material" under Rule 16(a)(1)(E) is not synonymous with "relevant." For a document or other item to be "material to preparing the defense" it must "'significantly alter the quantum of proof in his favor,'" *id.*, at *2 (quoting *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975)), or "'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *Dossman*, 2006 WL 2927484, at *2 (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). "[R]equests which are designed to generally cast for impeachment material…are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 472 (E.D. Cal. 1994).

"Nonetheless, where the government has shown that complying with a criminal defendant's discovery request under Rule 16 would be unduly burdensome, 'it is incumbent on the district court to consider the government interests asserted in light of the materiality shown.'" *Yandell*, No. 2:19-CR-00107-KJM, 2022 WL 1607923, at *8, citing *Mandel*, 914 F.2d at 1219 (citing *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984)).

Co-conspirator statements are admissible because they are not hearsay if made by a co-conspirator during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E) ("A statement is not hearsay if—[it is a] statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."). Rule 801(d)(2)(E) does not require pretrial notice or that a detailed description of such statements be provided to the defendants. Similarly, the Sixth Amendment, Rule 16 of the Federal Rules of Criminal Procedure, and applicable Supreme Court precedent do not require compelled pretrial notice of co-conspirator statements.

In addition, the government holds a qualified privilege to withhold from disclosure the identity or communications of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Id.*

    A.    **<u>Defendants' motion fails to address how compelled disclosure of the items sought</u>**

UNITED STATES' OPPOSITION TO MOTION FOR ORDER
RE SPECIFIC DISCOVERY [DOCKET NO. 633]

4

**would overcome restrictions on disclosures imposed by the Jencks Act.**

The consequence of granting defendants' motion would be to nullify the protections afforded by Rule 16(a)(2) of Federal Rules of Criminal Procedure and the Jencks Act. *See* 18 U.S.C. § 3500(a);[2] Fed. R. Crim. P. 26.2; *see also* Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize … the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500"). The items sought by defendants, especially the identity of the source/witness of statements, is an impermissible attempt to obtain witness statements and identities in violation of Rule 16(a)(2) and the Jencks Act. To compel such a broad pretrial disclosure in contravention of federal law and federal rules of criminal procedure would assure that cooperating witnesses would be targeted for death, assault, and intimidation in an effort to prevent their damaging evidence from being presented at trial.

The Jencks Act specifically protects witness statements from disclosure except as provided by the statute. 18 U.S.C. § 3500(a). There are good reasons for this protection. For many prospective government witnesses, "[p]rotection of their statements is necessary to protect the witnesses from threats, bribery, and perjury." *United States v. Mills*, 641 F.2d 785, 790 (9th Cir. 1981). Indeed, the policy for protecting witness statements is so strong that, if the government elects not to call a person as a witness and thus his statements are not subject to disclosure under the Jencks Act, it is error warranting mandamus relief for a court to order their disclosure. *See id.*

In addition, the Court "cannot enter an order requiring early disclosure of Jencks Act material." *United States v. Fuentes*, 2010 WL 1659453, at *2 (E.D. Cal. Apr. 23, 2010) (citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control.")); *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)); *United States v. Hoffman*, 794 F.2d 1429, 1433 (9th Cir. 1986). Strong policy reasons support this prohibition on pretrial disclosure of cooperating witness statements and identities.

> In balancing a criminal defendant's need for such statements against legitimate state interests, Congress provided for discovery of statements only after the witness has testified, out of concern for witness intimidation,

---

[2] "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

> subornation of perjury, and other threats to the integrity of the trial process. *United States v. Roberts*, 811 F.2d 257 (4th Cir. 1987) (en banc); *United States v. Mills*, 641 F.2d 785, 790 (9th Cir.), *cert. denied*, 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981); *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1978); *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). This congressional determination is not to be disregarded by the courts. "The Act supplies the only avenue to the materials it encompasses, and 'statements of a government witness made to an agent of the Government which cannot be produced under the terms of 18 U.S.C. § 3500 ... cannot be produced at all.'" [*United States v.*] *Haldeman*, 559 F.2d [31,] 77 n.111 (quoting *Palermo v. United States*, 360 U.S. 343, 351, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959)). So, under the Jencks Act, defendants had no right to the statements given by other witnesses prior to Strickland's cross-examination. Only after those witnesses themselves testified does the Jencks Act give the defendants access to their statements.

*United States v. Tarantino*, 846 F.2d 1384, 1414–15 (D.C. Cir. 1988).

The defendants do not explain how their demands can be squared with the text of the Jencks Act and Rule 16(a)(2), or the powerful policy reasons underlying those rules. Accordingly, defendants' motion should be denied as inconsistent with the protections afforded by Rule 16(a)(2) and the Jencks Act.

**B.**    **Defendants' request for compelled disclosure of statements contravenes *Roviaro***

The defendants' motion also contravenes the well-establish government privilege to withhold the identities and backgrounds of confidential sources and cooperating witnesses where, as here, the prosecution targets a violent criminal enterprise with a history of retaliation against informants and a conspiratorial reach with capacity to exact revenge. *United States v. Littrell*, 478 F. Supp. 2d 1179, 1182 (C.D. Cal. 2007) ("The Aryan Brotherhood has [] used murder and the threat of murder to maintain order within its own ranks. Several of the murders charged in the indictment are murders of Aryan Brotherhood members who either did not follow orders from the Commissions or were suspected of providing information about the gang to the authorities. The Aryan Brotherhood has utilized the threat of violence against family members outside of prison as another means for keeping its members in line."). The requests of defendants run headlong into *Roviaro v. United States*, 353 U.S. 53, 59 (1957), because the "purpose of the privilege" is "the furtherance and protection of the public interest in effective law enforcement." *Roviaro*, 353 U.S. at 59. "The privilege recognizes the obligation of citizens to

communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.*

Given these important interests, the law imposes a burden on the defendants to show that the informant's evidence "is relevant and helpful" to establishing a particular defense. *United States v. Sai Keung Wong*, 886 F.2d 252, 255–56 (9th Cir. 1989) (quoting *Roviaro*, 353 U.S. at 60–61). The defendants must show more than a "mere suspicion" that the informant's evidence is "relevant and helpful" to their defense. *Id.*

In their motion, the defendants do not meet this burden. Indeed, they do not discuss the interplay of their demands with the restrictions imposed by *Roviaro*, Rule 16(a)(2), and the Jencks Act. Disclosure of a confidential informant's identity is an "extraordinary remedy." *United States v. Muyet*, 945 F. Supp. 586, 602 (S.D.N.Y.1996). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). Because the defendants have not satisfied their burden of showing a "particularized need" for the disclosure of the informants' identities, the government's interest in protecting the confidential informants' identities and safety outweigh the defendants' requests, and the basis for those requests is inadequate to overcome the government privilege as a matter of law. Accordingly, defendants' motion should be denied as inconsistent with *Roviaro*.

C. **<u>Brady v. Maryland</u>**

*Brady* "requires disclosure only of evidence that is both favorable to the accused and material either to guilt or to punishment." *United States v. Bagley*, 473 U.S. 667, 674 (1985). Evidence is "material" when there is "a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469–70 (2009). Undisclosed evidence is material only if it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

Additionally, *Brady* does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant. *Smith v. Secretary, Dept. of Corrections*, 50 F.3d 801, 823-

24 (10th Cir. 1995) (citing *Moore v. Illinois*, 408 U.S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.")). The disclosure requirement in *Brady* extends to potential impeachment information regarding witness credibility or bias. *Giglio v. United States*, 405 U.S. 150 (1972). "*Brady* does not overcome the strictures of the Jencks Act. When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control." *United States v. Jones,* 612 F.2d 453, 455 (9th Cir. 1979).

## IV.   ARGUMENT

### A.   Defendants' Motion Seeking Information equivalent to "Where, When, and Who" and Related Details are akin to a Bill of Particulars and are not a Proper Request

Defendants request "any information identifying the date and circumstances of the alleged order."  Motion, Docket 633, at 15.  Defendants also complain that there is "no information" regarding certain predicate offenses within the RICO Conspiracy count (Count 1) and claim to have not received discovery relating to predicate offenses for which discovery has been provided.  Motion, Docket 633, at 15.

These contentions have no legal basis, and they are akin to a bill of particulars.  "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (citing 8 Moore's Federal Practice P 7.06(1) at 7-31 n.1 (2d ed. 1978)).  In the context of a conspiracy indictment, requests for specifics regarding overt acts within a conspiracy are not proper grounds for such a request. *Id.* at 1181 ("The information available to appellant was actually more than he had a right to demand, for there is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy."); *United States v. York*, 2017 WL 3581711, at *1 (E.D. Cal. Aug. 18, 2017) (citing *Giese*, 597 F.2d at 1181) ("A bill of particulars is not to be used as a discovery device, with a defendant interrogating the government as to the precise details of every alleged act—the who, what, and where of every allegation.").

> If the information the defendant seeks is provided in the indictment or in some acceptable alternate form, such as discovery or a criminal Complaint, no bill of particulars is required.  In other words, the defense

> cannot use a bill of particulars as a general investigative tool, or as a device to compel disclosure of the Government's evidence prior to trial. The Government is not required to disclose the manner in which it will attempt to prove the charges, nor the means by which the crimes charged were committed, [therefore] the Government is not required to provide information that would, in effect, give the defendant a preview of the Government's case before trial.

*United States v. Morgan*, 690 F. Supp. 2d 274, 284–85 (S.D.N.Y. 2010) (citations and quotations omitted).

Measured against the proper legal standards, all of defendants' requests for information are improper attempts to gain a "preview of the Government's case before trial" and must therefore be denied. With respect to the specific demands for the time, date, places, and acts through which orders were given, which are akin to a bill of particulars, "it seeks information more akin to evidentiary details not properly the subject of a bill of particulars." *York*, 2017 WL 3581711, at *2 (citing *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001); *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)). Accordingly, defendants' requests run counter to Ninth Circuit precedent and the motion should therefore be denied. *Giese*, 597 F.2d at 1181.

In addition, discovery produced to defendants about the murder charge obviates the need for such requests because the government is not required to disclose its theory of liability as to each defendant. *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979) ("Assuming, as we do, that all relevant facts were disclosed and available, the government is not obliged to disclose the theory under which it will proceed."). The government has no duty to divulge the precise manner in which the alleged crimes were committed or the manner in which the government will attempt to prove its charges. *Morgan*, 690 F. Supp. 2d at 284–85. "The Government is not required to (a) particularize all of its evidence; (b) disclose the precise manner in which the crimes charged in the indictment were committed; or (c) provide the defendant with a preview of the Government's case or legal theory." *Id.* at 285 (citations and quotations omitted). In short, a defendant has the right to know the offense with which he is charged, but not "the details of how it will be proved." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).

Furthermore, in RICO conspiracy cases, "there is no requirement of some overt act or specific

act." *United States v. Salinas*, 522 U.S. 52, 63 (1997). The government need not "disclose even all the overt acts in furtherance of the conspiracy." *Giese*, 597 F.2d at 1180 (citing *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976)); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965). Moreover, the Ninth Circuit, consistent with *Salinas*, rejects the notion a defendant must have "actually conspired to operate or manage the enterprise" himself. *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004). Indeed, the Ninth Circuit has held a defendant is guilty of a RICO conspiracy if "the evidence showed [he] knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." *Id.* (internal citation, quotation marks, and alterations omitted). The United States does not need to prove overt acts in a RICO conspiracy charge. Consequently, the government should not be required to allege or particularize these overt acts.

In this case, as discussed above, the Indictment contains much more than the minimum amount of information required by law to permit defendants to prepare their defenses, avoid surprise at trial, and protect against double jeopardy. In the context of the RICO conspiracy count alleged in Count One against defendants, in violation of 18 U.S.C. § 1962(d), "[w]hile subsection (c) of this statute sets forth the elements of a substantive RICO violation, subsection (d), [] criminalizes conspiracy to commit a substantive RICO violation." *United States v. Ortiz*, 2013 WL 6842541, at *2 (N.D. Cal. Dec. 27, 2013); *see* Docket 656, at 5–8 (alleging Clement, Johnson, Bannick, Bash, Smith, and others "did knowingly and intentionally conspire and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Aryan Brotherhood through a pattern of racketeering activity."). "It is not necessary to prove that a defendant committed a substantive RICO violation under § 1962(d); instead, '[p]roof of an agreement the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d).'" *Ortiz*, 2013 WL 6842541, at *2 (quoting *United States v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984); *Tille*, 729 F.2d at 620 ("Proof of defendant's association with the illegal activities of the enterprise is all that is required."). Defendants' motion thus fails because "all that an indictment for a violation of 18 U.S.C. § 1962(d) must allege, is that 'the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity'" and defendants' demand for more is

not legally cognizable. *Ortiz*, 2013 WL 6842541, at *2. The Indictment in this case satisfies Rule 7(c) because it properly tracks the statute's language and alleges that defendants "did knowingly and intentionally conspire and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Aryan Brotherhood through a pattern of racketeering activity." Docket 656; *Tille*, 729 F.2d at 619 ("Proof of an agreement the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d)."); *Ortiz*, 2013 WL 6842541, at *2 (citations omitted). Nothing more is required.

### B. Defendants' Requests Runs Afoul of Other Discovery Limitations

As discussed, defendants have not met their burden to show that they are entitled to the discovery they request. Therefore, the Court should deny the Motion in its entirety. In addition, this request is also barred or excluded from disclosure by operation of other relevant discovery rules and caselaw.

First, and of greatest concern, numerous requests impermissibly seek witness statements—including the statements of individuals who would likely be targeted for death or assault if their statements were disclosed. Some of defendants' requests seek witness statements explicitly. *See, e.g.,* Motion, Docket 633, at 18 (Request E: Exculpatory Witness Statements). And many other requests also encompass witness statements, such as the request for details relating to defendants' conduct. Motion, Docket 633, at 15.

The Jencks Act specifically protects witness statements from disclosure except as provided by the statute. *See* 18 U.S.C. § 3500(a);[3] *see also* Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize … the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500"). There are good reasons for this protection. For many prospective government witnesses, "[p]rotection of their statements is necessary to protect the witnesses from threats, bribery, and perjury." *United States v. Mills*, 641 F.2d 785, 790 (9th Cir. 1981). Indeed, the policy for protecting

---

[3] "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

witness statements is so strong that, if the government elects not to call a person as a witness and thus his statements are not subject to disclosure under the Jencks Act, it is error warranting mandamus relief for a court to order their disclosure. *See id.*

In addition, the Court "cannot enter an order requiring early disclosure of Jencks Act material." *United States v. Fuentes*, 2010 WL 1659453, at *2 (E.D. Cal. Apr. 23, 2010) (citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control."); *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)); *United States v. Hoffman*, 794 F.2d 1429, 1433 (9th Cir. 1986). This is true even if the witness does not ultimately testify. *United States v. Mills*, 810 F.2d 907, 910 (9th Cir. 1987).

Second, and relatedly, defendants impermissibly seek information that would reveal the identities of confidential sources. *See, e.g.,* Motion, Docket 633, at 15-18 (Request C: Disclosure of Confidential Informant). The government holds a qualified privilege to withhold from disclosure the identity or communications of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). To overcome this privilege, a defendant bears the burden of showing that the informant's evidence "is relevant and helpful" to establishing a particular defense." *United States v. Sai Keung Wong*, 886 F.2d 252, 255–56 (9th Cir. 1989) (quoting *Roviaro*, 353 U.S. at 60–61). The defendant must show more than a "mere suspicion" that the informant's evidence is "relevant and helpful" to his defense. *Id.* Defendants have not made this showing.

Third, several of defendants' requests seek impeachment information for prospective government witnesses or ask for discovery outside the confines of the rules. *See, e.g.,* Motion, Docket 633, at 18, 19 (Request D: Cooperating Witness Agreements, Request F: Investigation to Corroborate Witness Statements). Such information need not be disclosed, however, unless and until the prospective witness testifies. It is well–established that impeachment information "need not be disclosed prior to the witness testifying" because the hearing—when defense can use the information to impeach a witness—is the time at which disclosure would be of value to the accused. *United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978). At this time, the requests for impeachment information are premature, and have already been addressed and denied by this Court and upheld by the District Court. Dockets 648 and 715.

1  Additionally, the rules do not generally authorize discovery and inspection of "reports, memoranda, or
2  other internal government documents made by an attorney for the government or other government
3  agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2).

4  The statements sought by defendants are "certainly statements made by a prospective
5  government witness, and therefore are subject to the provisions of the Jencks Act." *United States v.*
6  *Walk*, 533 F.2d 417, 418 (9th Cir. 1975). "Even assuming the applicability of Rule 16(a)(1), the Jencks
7  Act, by its very language and that of Rule 16(b), controls and the witness' statements may not be
8  discovered until the witness has testified on direct examination." *Id.* at 419, citing *Sendejas v. United*
9  *States*, 428 F.2d 1040 (9th Cir. 1970), cert. denied, 400 U.S. 879, 91 S.Ct. 127, 27 L.Ed.2d 116 (1970).
10 "The mere fact that the witness' statement in this case contains oral 'statements' attributable to the
11 defendant in no way diminishes the recognized governmental interest in protecting the identity of the
12 witness, and the context of the statement, until the time of trial. *Id*.

### C. *Brady* Does Not Entitle Defendants to Any of the Materials Requested

Defendants do not appear to argue that *Brady* compels disclosure of any of the items encompassed by the requests. Instead, the Motion discusses the government's preexisting *Brady* obligations and that there may be information obtained by the government that must be disclosed under *Brady*. Motion, Docket 633, at 6-11, 19. Given that defendants do not explain how any of the items requested in the Motion are exculpatory, *Brady* provides no support for any of the requests. *See Bagley*, 473 U.S. at 674 (explaining that *Brady* "requires disclosure *only* of evidence that is both *favorable* to the accused and material either to guilt or to punishment").

### D. Defendants Request Materials Already Provided or Already Denied as Premature Requests

Defendants ask this Court to rule on matters that have already been decided, or to order discovery of items that have already been provided. On July 10, 2023, the Honorable Jennifer L. Thurston, United States District Judge, denied a motion requesting 404(b) evidence (Docket 715) and on May 17, 2023, this Court denied defendants' request for cooperating witness agreements (Docket 648), which was upheld by Judge Thurston (Docket 715), as both requests at this juncture in the proceedings are premature. The same requests are again made in defendants Motion. *See, e.g.,* Motion, Docket 633,

at 18, 19 (Request D: Cooperating Witness Agreements, Request G: Fed. R. Evid. 404(b) Evidence Against the Defendant).

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993) (*cert. denied* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993)). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California,* 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *Thomas v. Bible,* 983 F.2d at 155; *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Here, none of the requisite conditions exist to allow this Court to reconsider the issues raised in defendants' motion. There has not been a change of law since the decision by this Court or Judge Thurston, the first decision was not erroneous, the evidence is not substantially different, and defendant has not pointed to any change of circumstances or a manifest injustice that would result. Accordingly, the requests should be denied.

Additionally, defendants order the production of materials mostly relating to the homicides charged in Counts Two and Three. *See, e.g.,* Motion, Docket 633, at 20-23 (Requests D-X). The government has provided discovery with regards to these requests if the items exist, if they are in the government's possession, and if appropriate.

To the extent these requests seek information relating or that would tend to identify witnesses, the identity or communications of persons who furnish information of law violations to law enforcement is protected by a privilege that protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Roviaro*, 353 U.S. at 59. With regard to persons who are not witnesses, defendant has failed to make a factual showing of materiality under *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990), and related authorities. Furthermore, burdensome discovery demands require a more robust showing of materiality. *See Mandel*, 914 F.2d at

1219. Without any factual showing of materiality or factual specificity justifying each demand, the requests should be denied because the material has either already been produced or is not subject to disclosure in the first instance. "Without a factual showing there is no basis upon which the court may exercise its discretion, and for it to ignore the requirement is to abuse its discretion." *Mandel*, 914 F.2d at 1219; *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984). Many of the items are not even claimed to be in the possession of the government. "Rule 16 does not require 'open file' discovery with the defendant being allowed to browse at will through prosecution files." *United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 471 (E.D. Cal. 1994) (Hollows, J.). There is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." *United States v. Jack*, 257 F.R.D. 221, 229 (E.D. Cal. 2009) (Drozd, J.) *(citing Moore v. Illinois*, 408 U.S. 786, 795 (1972)). Rule 16 "is *not* the equivalent of a 'request for production' in a civil suit, in that the defendant is not entitled to issue a generally worded request for production of documents or things of which their existence is only generally surmised, and might lead the defendant to relevant evidence." *Hopkins*, 2008 WL 4453583, at *2 (emphasis in original).

The government continues to provide discovery as it is collected from the various agencies involved in this investigation and anticipates continuing production of relevant and material discovery.

## V.  CONCLUSION

For the foregoing reasons, defendant's renewed motion for order re specific discovery should be denied in its entirety.

Dated:  July 18, 2023                                           PHILLIP A. TALBERT
                                                                United States Attorney

                                                        By:  /s/ *Stephanie M. Stokman*
                                                                STEPHANIE M. STOKMAN
                                                                Assistant United States Attorney