STEVEN L. CRAWFORD #166488
Law Office of Steven L. Crawford
P.O. Box 553
Grover Beach, CA 93483
Tel: 805-458-6312
slcrawfordlaw@gmail.com

Attorney for Defendant
         AMANDA GOURLEY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:120:CR00238-9 JLT |
| Plaintiff, | FORMAL OBJECTIONS/ SENTENCING MEMORANDUM |
| vs. | |
| AMANDA GOURLEY, | DATE: August 14, 2023 |
| Defendant. | TIME: 10:00 a.m. |
| | Judge: Honorable JENNIFER L. THURSTON |

TO: THE HONORABLE JENNIFER L. THURSTON, Federal District Court Judge, Eastern District of California.

   Defendant AMANDA GOURLEY, by and through her attorney Steven L. Crawford, submits the following Formal Objections and Sentencing Memorandum.

**INTRODUCTION**

   Counsel submits this Sentencing Memorandum to the Court in an effort to give the Court as much information as it needs to fashion a sentence that is fair and just not only to the

- 1

defendant, but to society as well. This is a very unique case and an even more unique defendant. Counsel rarely sees a case that requires a more thorough look at the criminal act as well as the specific character of the defendant involved. This is counsel's attempt to get that information to the Court.

## **FORMAL OBJECTIONS**

1. Page 5, paragraphs 8-17: In this case, there were no facts presented that my client had any relationship with the AB. It is not alleged that she is an associate, a member or participated in any AB activities. We would request the court not consider this information while determining an appropriate sentence.
2. Paragraph 11, paragraph 50: We would be requesting the court apply a -4 reduction in Ms. Gourley's sentencing finding that pursuant to USSG 3B1.2 she qualifies as a minimal role in this case as she was under duress during her role in this case and she pulled away from the conspiracy at an early stage and on her own.
3. Pages 14-16, paragraphs 68-72: Ms. Gourley would ask the court to not consider the information on the aforementioned portions of the PSR in that the cases were either dismissed or unfounded. The prejudicial effects of these uncharged or dismissed cases are enormous and does not help the court in making a fair determination as to Ms. Gourley's ultimate sentence.

///
///

**18 USC Section 3553a**

Title 18 United States Code Section 3553a states as follows:

(a) **Factors To Be Considered in Imposing a Sentence**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this Subsection. The court, in determining the particular sentence to be imposed, shall consider--

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed—
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
3. the kinds of sentences available;
4. the kinds of sentence and the sentencing range established for---
   a. the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines—…

This is an extremely unique case in that the defendant is a single mother and grandmother and her family is intact and extremely supportive, she not only has a sincere desire to make life better for herself and her family, she has, and continues

to take those steps necessary to do so, he has been extremely cooperative in this case, and her children and grandchildren are extremely supportive and have been through this journey with Ms. Gourley.

## **BACKGROUND**

This is the story of a young woman who was dating a young man who's brother was associated with the AB prison gang. Ms. Gourley received a call from her boyfriend's brother and he told her he would be sending some money for her to safeguard. In addition, he sent some additional money to Ms. Gourley because, at the time, she was struggling and still using drugs continuously. Ultimately, she ended up spending the money that she was tasked with safeguarding. When her boyfriend's brother found out about what Ms. Gourley had done, he sent someone to her house and basically let her know what her boyfriend's brother was capable of and told her that she would need to do a favor for the source of the money she had spent. She then was told that she would need to take something to Montana with a couple of the brother's associates and then come back. She rented a car for this purpose since her car was unable to make the trip. She went to Los Angeles and picked up two co-defendants and they stayed the night in LA prior to heading out to Montana. While in LA, Ms. Gourley went to a casino and won enough money to pay Mr. Bash back the money she had spent. She then let the other co-defendants know that she would not complete the trip with them as she had the money to pay back what she had taken. When they got to Las Vegas, Mr. Gourley bought a flight back to Fresno. The co-defendants continued the trip and were stopped in Utah and the dope was found in the car. Ms. Gourley was later arrested. It is clear from the facts and discovery in this case that Ms. Gourley was under a lot of

pressure to take part in this illegal activity due to the fear she had for her life.

### **The Current Case.**

Ms. Gourley has clearly admitted to her wrongful conduct in this case but it is clear to see that she only became involved in this type of activity because she was afraid and thought it was her only way out of the situations she put herself in. Once she had enough money to pay the money back, she exited the conspiracy and flew back to Fresno from Las Vegas. Later in the month, she went back to Utah to retrieve the rental car as the costs were adding up because she could not turn the rental back in. She was then arrested in Las Vegas and released OR by the Nevada District Court.

### **Amanda's Progress Since Her Release**

Amanda was released by the magistrate court in Nevada on November 20, 2020. On December 17, 2020 she made her initial appearance in this district. As part of her release she was placed on location monitoring. On June 2, 2021, based on her compliance Ms. Gourley was taken off location monitoring. Ms. Gourley also successfully completed WestCare's 90 day substance abuse treatment program earlier than required and was referred to a sober living residence. She has continually lived in the sober living residence and continued her outpatient programming through Westcare. She has maintained employment throughout her time on pretrial and in fact, has worked as a rehab counselor in a drug treatment facility since her completing of the impatient program at WestCare. She worked herself into a management

position at My Time Recovery where she continues to daily change the lives of those she comes into contact with. She spends her days challenging people to beat their addictions and she shares her personal story with addicts every day in an effort to turn them to sobriety. Ms. Gourley has taken her hard, difficult, almost unimaginable upbringing into something that she uses to help turn the lives of others around.

While out on pretrial release, Amanda followed every condition from the court and pretrial services. She not only survived while on pretrial, she thrived.

## Application of 18 USC 3553a

1. **The nature of the offense and the character of the individual involved in the offense**. In this case, there is no doubt that what Ms. Gourley did in agreeing to assist in delivering methamphetamine was the wrong decision and it was illegal. The duress of knowing that her life was possibly in danger for having spent money that wasn't hers was overwhelming and although she knew it was wrong, she agreed to do it. However, when the first opportunity arose for her to separate herself from this case, she did so. As argued above, while illegal, this offense was not heinous and evil, it was wrong and Amanda was desperate. Counsel would ask the court to look closely at the character of this defendant and the strides she has taken to keep her family together and to move forward to help others amid their own struggles.
2. **The need for the sentence imposed—**
    a. **to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

> **b. to afford adequate deterrence to criminal conduct;**
> **c. to protect the public from further crimes of the defendant; and**
> **d. to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

While in an ordinary case this would be a difficult argument for a defendant, in this case Amanda has spent the last 32 months becoming a better version of herself. Amanda has not only been a model pretrial defendant, she has made enormous strides in regards to her self-improvement, family-improvement, spiritual improvement and community improvement. It is clear from her activities over the past 32 months that she understands the seriousness of this offense. She further had a deep understanding of what brought her to this place and he has no doubt that she will never have a reason to be before this court ever again. The public certainly does not need to be protected from Amanda, in fact, she has found many ways to not only not be a nuisance but to help make her community and those around her a better place. As for providing Amanda with needed educational or vocational training etc. she has found her niche. She loves to help others overcome the same struggles that she has had. She now lives to serve others and that is the continued goal of Amanda and her family. This is not a defendant who is draining or drawing off society, this is a defendant who is making society a better place than she found it and no matter what sentence is handed down from this court, that mission will go on and Amanda will continue to dedicate her life to that mission. Although Amanda and her family does not know what will ultimately happen in this case, they do know that they will continue

on with their mission of making their community a better place. It can be no clearer that in addition to all the religious, family and community work Amanda has embarked on, this Court will not be seeing this defendant back before it ever again.

3. **The kinds of sentences available**. Although the recommendation in the PSR is for the mandatory minimum of 78 months, this defendant qualifies for the safety valve in that her criminal history points are less than 4 and she submitted a proffer to the Government admitting her wrongdoing and being truthful with the government. Setting up the debrief has been challenging to say the least but ultimately, she is qualified for the safety valve pursuant to *Lopez*. In addition, it is clear that she was a very minor participant in the whole scheme of this case, We are requesting the court find that Ms. Gourley was a minimal participant and as such, give her -4 points in this case rather than the -2 suggested.. It is abundantly clear in this case that Ms. Gourley was the person least involved in this case and in addition to the fact that once an opportunity presented itself for her to distant herself from this case, she immediately did so. In addition, the defense would be seeking a significant downward departure based on 3553a factors in this case an ask the court to apply such a downward departure.

**USSG Application**

| | |
|---|---|
| Base Offense Level: | 34 |
| Minimal Participant: | -4 |
| Acceptance: | -3 |
| Safety Valve: | -2 |

```
ADJUSTED OFFENSE LEVEL:     25
CHC II:                     63-78 months
```

Based on the 3553a factors, the defendant is asking the Court to downward depart significantly from the 63 month sentence dictated by the USSG and sentence the defendant to a term not that is reasonable and just.

### CONCLUSION

Based on the arguments above, Defendant Amanda Gourley is requesting this court to downward depart significantly in this case based on the circumstances of the case as well as the character of the defendant and her progress while on pretrial release. Ms. Gourley would ask the court to sentence her to a split term of imprisonment and house arrest and any other term deemed appropriate by the Court.

DATED: 08/7/2023

                                    Respectfully submitted,

                                        /S/ Steven L. Crawford
                                  STEVEN L. CRAWFORD, Attorney for
                                  AMANDA GOURLEY