W. SCOTT QUINLAN, 101269
Attorney at Law
2300 Tulare Street, Ste. 300
Fresno, Ca 93721
PHONE: (559) 442-0634

Attorney for Defendant KENNETH BASH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BASH, et al.<br><br>Defendants. | No. 1:20-cr-0238 JLT SKO<br><br>**DEFENDANT KENNETH BASH'S SUPPLEMENTAL REPLY TO GOVERNMENT OPPOSITION TO CO-DEFENDANT CLEMENT'S MOTION FOR DISCOVERY (Doc. 725)**<br><br>**DATE:** August 30, 2023<br>**TIME:** 1:00 p.m.<br>**COURT:** Magistrate Oberto<br>     (In person proceeding) |

Mr. Bash submits the following reply to the government's opposition to Mr. Clement's discovery motion which he joined in part.

**Request A-Relevant Institutional Records**

Defendant Kennth Bash previously moved for disclosure of prison investigation and medical records of victim V-8's stabbing. The District Judge denied this motion without prejudice upon the government's representations that the government would "soon" provide it to the defense. They have not yet been provided.

These records are essential to the defense claim that no one conspired to kill V-8 as alleged in the indictment. He was "checked" for non-payment of a drug debt. "Checking" is a

term for a non-lethal stabbing of an inmate as a warning. The government is aware of this practice from various recorded phone conversations provided to the defense as discovery.

**Request B**

Defendant Bash seeks discovery of reports and wiretaps of his alleged involvement in the arson and attempted robbery he is accused of while he was in prison.

**Request C-Disclosure of Informants**

Mr. Bash requests the disclosure of the identity of people claiming his involvement in the violent crimes alleged against him. His counsel has been provided with the identities of the attempted Alabama robbery victims and the identity of the attempted victim of the arson, but not with the identities of witnesses to his alleged involvement. The government is not entitled to a presumption that a source is confidential whenever the source provides information to the FBI. It must lay a foundation for that presumption, which can then he weighed against the needs of the defense.

Defendant wishes to emphasize that witnesses to a crime are the property of neither the prosecution nor the defense. "Both sides have an equal right and should have an equal opportunity to interview them" (United States v. Cadet (9th Cir., 1084) 72 F.2d 1453, 1469, 1470).

**Request D-Cooperating Witness Agreements**

As to any witness identity discoverable under Request C, defendant requests that any cooperating agreement be provided.

**CONCLUSION**

Mr. Bash submits that it is the government's burden to lay the factual foundation as to why each and every percipient witness to each crime charged should not be disclosed. Included within that showing should be what facts distinguish disclosure now from disclosure at trial. If the government asserts that such a showing has been made to the court under seal, defendant requests that the document docket number(s) pertaining to witnesses against each defendant be identified so Mr. Bash may effectively seek in camera review.

///

Absent a factual showing as to each percipient witness as to why each's identity and location should remain undisclosed there is no balancing of interests, and the witnesses should be ordered disclosed (United States v. Cadet, supra at 727 F.2d 1469).

As to the remaining issues raised by Mr. Clement, Mr. Bash joins in his arguments in support of discovery.

Dated: August 8, 2023                         Respectfully submitted,


                                              /s/ W. Scott Quinlan
                                              W. SCOTT QUINLAN, Attorney for
                                              Defendant KENNETH BASH