Ryan J. Villa, PHV
5501 Eagle Rock Ave NE, Ste C2
Albuquerque, NM 87113
(505) 639-5709
Ryan@rjvlawfirm.com

Andrea Lee Luem, PHV
400 South Fourth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
Andrea@luemlaw.com

Attorneys for:
KENNETH JOHNSON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | **DEFENDANT JOHNSON'S REPLY ON MOTION FOR SEVERANCE** |
| Plaintiff, | No. 20-CR-238-JLT-SKO |
| v. | |
| **KENNETH JOHNSON,** | Date: August 28, 2023<br>Time: 10:00 a.m.<br>Place: Hon. JenniferL. Thurston |
| Defendant. | Courtroom 4 |

Defendant Mr. Kenneth Johnson, by counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Andrea Lee Luem, provides this Reply in Support of Defendant Johnson's Motion for Severance ("Severance Motion") [Doc. 722].

The Court should grant Mr. Johnson's Severance Motion because the government's assertion that the evidence of other alleged RICO charges and predicate acts could be admissible at a separate trial for Mr. Johnson ignores the highly prejudicial nature of this evidence and this Court's obligation to ensure Mr. Johnson's right to a fair trial. Because severance is appropriate when "there is a serious risk that a joint trial would compromise a specific trial right of one of the

1

defendants or prevent the jury from making a reliable judgment about guilt or innocence" the Court should sever Mr. Johnson's trial from that of his co-defendants to ensure his right to a fair and speedy trial. *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *see also United States v. Kelly*, 349 F.2d 720, 759 (2d Cir. 1965) (reversing a defendant's conviction because the trial court should have granted severance, explaining "[t]hat some [of the evidence regarding co-defendant's actions] rubbed off on [defendant] we cannot doubt."); *United States v. Byrd*, 466 F. Supp. 2d 550, 553 (S.D.N.Y. 2006) (granting a defendant's motion for severance in a multi-defendant racketeering and narcotics conspiracy finding that the "delay [experienced by defendant was] unreasonable and totally at variance with the fundamental purposes of the Speedy Trial Act.").

## I. THE COURT HAS A DUTY TO GRANT SEVERANCE IN ORDER TO HAVE CONFIDENCE IN THE JURY'S VERDICT AND PREVENT PREJUDICE TO MR. JOHNSON

The "trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960). While a broad range of evidence in support of a RICO conspiracy is generally admissible, *see United States v. Cervantes*, 170 F. Supp. 3d 1226, 1231 (N.D. Cal. 2016) (discussing the broad scope of evidence generally admissible for the jury to consider), the trial court must still ensure that the accused's trial rights are not compromised. *Schaffer*, 362 U.S. at 516, *Zafiro*, 506 U.S. at 539.

The government encourages this Court to reject Mr. Johnson's argument that he will be prejudiced by the introduction of evidence of the double murder charged in Counts 4 and 5, because, it argues, this is the type of evidence necessary to prove a RICO enterprise. *See* Response [Doc. 737] at 8. In pursuing this argument, the government also encourages the Court to ignore its responsibility to ensure Mr. Johnson's right to a fair trial and the prejudice Mr. Johnson will experience given the similarities between the two murders Mr. Johnson is charged with in Counts

2 and 3, and the two murders his co-defendants are charged with in Counts 4 and 5. *See* Second Superseding Indictment [Doc. 685] at 12-18.

Mr. Johnson is charged in Counts 2 and 3 of the Second Superseding Indictment with murder in aid of racketeering in violation of § 1959(a)(1). The government alleges that these two murders were committed on October 4, 2020. *See* Second Superseding Indictment [Doc. 685] at 12-15. Mr. Johnson is not charged in the murders alleged in Counts 4 and 5, which are also charged as murders in aid of racketeering in violation of § 1959(a)(1) and alleged to have occurred nearly a year and a half later on March 8, 2022.

Both double murders are alleged to have been carried out at the direction of the Aryan Brotherhood ("AB") by members of street gangs alleged to be associated with the AB, and are alleged to have been committed in the community on residential streets as opposed to behind prison walls. All four victims were shot and believed to have had ties to organized crime. Notably, the only connection between these murders and the AB leadership is believed to be informants.

The similarities between the two double murders will prejudice Mr. Johnson given the anticipated accumulation of evidence against his co-defendants as the only evidence against him is likely the incentivized testimony of one or more cooperating witnesses. Accordingly, the Court should grant Mr. Johnson's severance motion because a joint trial will prevent the jury from making a reliable judgment about his guilt. *See Zafiro*, 506 U.S. at 539 ("When many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence is heightened."); *see also Kotteakos v. United States*, 328 U.S. 750, 772 (1946) (explaining that "[g]uilt … remains individual and personal, even as respects conspiracies. It is not a matter of mass application.").

3

The risk of prejudice against Mr. Johnson is heightened here where he and his co-defendants have "markedly different degrees of culpability." *Id*. Mr. Johnson is charged in connection with a single double murder while he was imprisoned miles away from the scenes of the alleged crimes. The only evidence against him for these homicides is the highly suspect testimony of one or more cooperating witnesses who the government refuses to identify.

While "claims of prejudice based on 'guilt by association,' do not in themselves warrant severance.... a defendant may suffer transference of guilt merely due to his association with more culpable defendants and court will not presume that jury instructions will adequately cure potential prejudice and will grant severance." *United States v. Stoecker*, 920 F.Supp. 876, 886 (N.D. Ill. 1996); *see also United States v. Moreton*, 25 F.R.D. 262, 263 (W.D.N.Y. 1960) ("The complex involvement of the various defendants and the multiplicity of charges contained in the indictment would render it difficult, if not impossible, for the court to adequately charge a jury as to the applicable law with respect to each ... defendant, and for the jury to apply that law intelligently in reaching verdicts on the many charges involved."). Heightening the risk of prejudice is that both sets of homicides carry the death penalty. This means the jury could wrongfully convict and impose a sentence of death against Mr. Johnson based on hearing the evidence of the other homicides for which he is not charged.

As a result, in order for this Court to have confidence in the reliability of the jury's verdict, Mr. Johnson's request for severance should be granted. *See* Fed. R. Crim. P. 14 ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.").

## II.  SEVERANCE OF MR. JOHNSON'S TRIAL IS REQUIRED TO ENSURE HIS RIGHT TO A SPEEDY TRIAL

Although the government alleges a large RICO conspiracy, the Second Superseding Indictment charges Mr. Johnson with a single double homicide on October 4, 2020. *See* Second Superseding Indictment [Doc. 685]. These alleged killings are not substantially connected to the larger conspiracy that the government alleges and can, therefore, be severed and tried separately. Mr. Johnson is prepared for trial and should not be required to sit incarcerated and wait for trial when he is implicated in these substantive two counts so that the government can continue to prepare its case against his co-defendants who are implicated in many more overt acts. Mr. Johnson and his defense will be prejudiced by the continued deprivation of his right to a speedy trial.

The purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial and to serve the public interest in speedy justice. *United States v. Pollock*, 726 F.2d 1456, 1459–60 (9th Cir. 1984). In passing the Speedy Trial Act, "Congress clearly intended that the courts and the government, not the defendant, assume primary responsibility for ensuring that criminal trials proceed expeditiously." *Id*. 1464. As a result, when assessing Mr. Johnson's right to a speedy trial, the Court must look to both the Speedy Trial Act and the Constitution of the United States of America. The Speedy Trial Act states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Sixth Amendment to the Constitution states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the

>witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI.

Given the delays of even scheduling the trial this far, including the fact that the trial in this matter has not been set nearly a year after Mr. Johnson's arraignment, Mr. Johnson faces a situation similar to the one faced by the defendant in *United States v. Byrd*, 466 F. Supp. 2d 550 (S.D.N.Y. 2006). In *Byrd*, the defendant there was also indicted as a co-defendant in a racketeering conspiracy involving death penalty-eligible co-defendants. *See* 466 F. Supp. 2d at 551. In *Byrd*, the district court concluded that the defendant's severance was required because he "expressly invoked speedy trial rights" and the government estimated that the trial would be delayed for months if not years. *Id*. at 553; *see United States v. Magnotti*, 51 F.R.D. 1, 1 (D.C. Conn. 1970) ("The factor of delay in the trial of one defendant is another that might well be taken into account.").

Here, Mr. Johnson is ready for trial and if the Court does not sever, Mr. Johnson will have to wait for discovery to be complete as to all defendants, pretrial motions to be litigated as to all defendants, and then, ultimately, the trial to proceed against him and all of his co-defendants. Notably, the only evidence against Mr. Johnson connecting him to the murders—the testimony of a cooperator—cannot be discovered by Mr. Johnson until prior to trial because the government will not disclose that person's identity, the benefits they received for their testimony, and the statements they made, until immediately prior to trial. Mr. Johnson has requested the Court compel the government to produce some of this information, primarily the benefits received, and the Court denied this request. Thus, Mr. Johnson cannot meaningfully even prepare his defense until a trial is set, and a date is provided for the disclosure. Because continued delay of Mr. Johnson's trial risks prejudicing his ability to present a full defense by allowing the government to delay the

production of certain discovery and is currently jeopardizing his right to a speedy trial, the Court should grant his request for severance.

### III.     CONCLUSION

For the reasons discussed here and in Mr. Johnson's Severance Motion [Doc. 722], the Court should enter an order severing Mr. Johnson's trial from the trial of the other Defendants.

Respectfully submitted,

*/s/ Ryan J. Villa*
Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Andrea Lee Luem*
Andrea Lee Luem , PHV
400 South Forth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, I served a true and correct copy of the foregoing via ECF to:

All counsel of record

*/s/ Ryan J. Villa*
Ryan J. Villa