PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-238-NONE |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| SAMANTHA BOOTH, | |
| Defendant. | |

## I.   INTRODUCTION

### A.   Scope of Agreement

The Second Superseding Indictment in this case charges the defendant with violations of 21 U.S.C. §§ 846, 841(a)(1) –conspiracy to distribute and to possess with the intent to distribute methamphetamine, as alleged in Count Seven, and 21 U.S.C. § 841(a)(1)- possession with intent to distribute and distribution of methamphetamine, as alleged in Counts Eight, Thirteen, and Fourteen. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the

discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Second Superseding Indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to Count Seven alleging a violation of 21 U.S.C. §§ 846, 841(a)(1) – conspiracy to distribute and to possess with the intent to distribute methamphetamine. The defendant agrees that she is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw her plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

The defendant acknowledges that the crime to which she is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), however, the parties agree that there is good cause to allow defendant to remain out of custody upon the entry of her plea.

### B. Sentencing Recommendation

The defendant and her counsel may recommend whatever sentence they deem appropriate.

### C. Fine

The defendant agrees to pay a fine set by the court at the time of sentencing. The defendant understands that this plea agreement is voidable at the option of the government if she fails to pay the stipulated fine as required by this plea agreement.

### D. Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, she agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### E. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, violates this plea agreement in any way, withdraws her plea, or tries to withdraw her plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws her plea, or tries to withdraw her plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### F. Forfeiture

The defendant agrees to forfeit to the United States voluntarily and immediately all of her right title and interest to any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853. Those assets include, but are not limited to, any United States currency seized from the defendant.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive her right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives her right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense,

and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### III. THE GOVERNMENT'S OBLIGATIONS

#### A. Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Second Superseding Indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.E (Defendant's Violation of Plea Agreement), and VII.B (Waiver of Appeal) herein.

#### B. Recommendations

##### 1. Incarceration Range

The government will recommend a sentence within the applicable guideline range, as determined by the Court. The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

##### 2. Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if she clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

#### C. Safety Valve

The defendant may be eligible for relief under U.S.S.C. § 5C1.2.

### D. First Step Act

The FIRST STEP Act ("Formerly Incarcerated Reenter Society Transformed Safely Transition Every Person Act"), signed into law on December 21, 2018, created a discrepancy between the statutory safety valve provision at 18 U.S.C. § 3553(f) and the safety valve provision at Section 5C1.2 of the Guidelines Manual. The government and defendant agree that if (1) sentencing in this case occurs prior to any amendment of Section 5C1.2, (2) the Sentencing Commission has not rejected an amendment to Section 5C1.2 of the Guidelines Manual that would account for the current discrepancy before sentencing, and (3) the defendant qualifies for the statutory safety valve provision at 18 U.S.C. § 3553(f), but not the safety valve provision at Section 5C1.2 of the Guidelines Manual:

(a) This Court should impose as sentence "without regard to the mandatory minimum" that would otherwise be applicable;

(b) This Court should not award a two-level safety valve reduction under Section 5C1.2 of the Guidelines Manual because the defendant has not satisfied the requirements listed in Section 5C1.2 of the Guidelines Manual;

(c) In addition to any other arguments or requests the defendant is permitted to make under the terms of this plea agreement, the defendant may request a downward variance equivalent to the reduction in the final guideline range he or she would receive were he or she eligible for safety valve relief in accordance with Section § 5C1.2 of the Guidelines Manual; and,

(d) The government will not oppose such a downward variance request provided that: (1) the defendant agrees that if the Court grants the requested variance he or she will not seek a further reduction in his guideline range or sentence based on a subsequent amendment to Section § 5C1.2 of the Guidelines Manual in any manner, including but not limited to, in a motion pursuant to 18 U.S.C. § 3582(c) or 28 U.S.C. §§ 2255 or 2241, an administrative petition, or any other action or filing; or (2) the government agrees with the calculation of the variance.

### E. Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, her attorney,

Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count Seven, Conspiracy to Distribute and to Possess with the Intent to Distribute Methamphetamine, the elements are as follows:

1. Beginning on or about September 1, 2020, and ending on or about October 1, 2020, there was an agreement between two or more persons to distribute a controlled substance; and
2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose, and
3. In order for the ten-year mandatory minimum to apply, the government must prove beyond a reasonable doubt that the offense involved at least at least 50 grams of methamphetamine (actual), and 500 grams or more of a mixture or substance containing methamphetamine.

The defendant fully understands the nature and elements of the crimes charged in the Second Superseding Indictment to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum penalty

The maximum sentence that the Court can impose is ten year mandatory minimum period of incarceration and up to a lifetime period of incarceration, a fine of $10,000,000, a five year minimum term of supervised release up to a lifetime term of supervised release and a special assessment of $100. The charge to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e). In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862. By signing this plea agreement, the defendant also agrees that the Court can order the

payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release

The maximum sentence that the Court can impose is ten year mandatory minimum period of incarceration and up to a lifetime period of incarceration, a fine of $10,000,000, a five year minimum term of supervised release up to a lifetime term of supervised release and a special assessment of $100. The charge to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e). In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on her behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal her guilty plea, conviction, and sentence. The defendant agrees as part of her plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate her plea, dismiss

the underlying charges, or modify or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

### C. Impact of Plea on Defendant's Immigration Status

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and her counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Indeed, because defendant is pleading guilty to 21 U.S.C. § 841(a), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

### VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

//

//

//

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 10/10/23

MONICA BERMUDEZ
Counsel for Defendant

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 10/6/2023

SAMANTHA BOOTH, Defendant

### C. Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

PHILLIP A. TALBERT
United States Attorney

By: _____
STEPHANIE M. STOKMAN
Assistant United States Attorney

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Beginning on September 1, 2020, and continuing through on or about October 1, 2020, in the Eastern District of California and elsewhere, defendant SAMANTHA BOOTH conspired with others, both known and unknown, to distribute and possess with the intent to distribute a controlled substance.

On or about September 18, 2020, co-defendants Stephanie Madsen and Kenneth Bash planned to transport methamphetamine from the Los Angeles area to Fresno. Between September 21 and September 22, 2020, Madsen packed methamphetamine, which was picked up by James Armstrong and transported to Fresno, CA, EDCA.

Once in Fresno, Armstrong took the methamphetamine to BOOTH's house, where it was stored in a safe until the narcotics could be further distributed. BOOTH took approximately one pound of the methamphetamine and sold it.

At all times relevant BOOTH knew that methamphetamine was a controlled substance.

Dated: 10/6/2023

_____
SAMANTHA BOOTH, Defendant

PLEA AGREEMENT                                            A-1