PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCIS CLEMENT,<br><br>　　　　　　　Defendant. | CASE NO. 1:20-CR-00238-JLT-SKO<br><br>UNITED STATES' OPPOSITION TO MOTION FOR MODIFICATION OF PROTECTIVE ORDER [Docket No. 811]<br><br>DATE: November 15, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

## I.　　INTRODUCTION

Defendant Francis Clement ("defendant" or "Clement") moves for modification of a protective order. Docket No. 811 (the "Motion").

Clement's Motion should be denied, as the motion seeks to reveal a confidential informant without a proper showing.

## II.　　FACTUAL BACKGROUND

### A.　　Clement is charged in an Indictment with co-defendants for RICO conspiracy offenses and other related charges

On May 11, 2023, a grand jury returned a detailed Second Superseding Indictment against the defendants charging them with participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d), and Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959. ECF 641, 656. The Second Superseding Indictment contains a detailed description of the government's theory and evidence of the

Aryan Brotherhood as a criminal enterprise, including facts about its formation, membership, command structure, codes of conduct, purposes, symbols, and method and means of operation. ECF 656, at 2–5. The Second Superseding Indictment also describes defendants' roles and activities within the enterprise. ECF 656, at 5–8. The Second Superseding Indictment additionally contains information regarding the murder of four individuals, as contained in Counts Two through Three. ECF 656, at 12-18.

### B. The Government Has Produced Over 22,000 Items of Discovery

The government has produced extensive discovery relating to all aspects of the government's case against defendants. As of the filing of this brief, the United States has produced items of discovery which include written reports, autopsy reports, a large volume of audio recordings, photographs, video, and other data and documents. Given the complex nature of the case, and the allegations of the existence of a racketeering enterprise in particular, a large amount of the discovery pertains to evidence of the Aryan Brotherhood as a criminal enterprise and discovery production has and continues to be ongoing.

As part of the government's discovery obligation, a report and recording associated with an attempted drug trafficking offense by defendant was produced to counsel for defendant under the Protective Order[1] signed by counsel on August 30, 2023, attached herein as Attachment A.

### III.  LEGAL STANDARDS

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, discovery is limited by statute, rules of criminal procedure, and case law to four categories: (1) materials discoverable under Rule 16 of the Federal Rules of Criminal Procedure; (2) material exculpatory information discoverable under *Brady*; (3) evidence relating to a witness's credibility or bias that is discoverable under *Giglio*; and (4) witness statements related to the subject matter of the witness's testimony, discoverable under the Jencks Act. *See* Fed. R. Crim. P. 16; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500 and Fed R. Crim. P. 26.2 (Jencks Act).

---

[1] Counsel for the government inadvertently did not file the order with the Court upon signing.

Under Rule 16(a)(1)(B), a criminal defendant is entitled to discovery of recorded statements of defendant "within the possession, custody, or control of the government," which are "relevant." Fed. R. Crim. P. 16(a)(1)(B). Rule 16(d) allows a court to deny, restrict, or defer discovery or inspection by issuing a protective order. Fed. R. Crim. P. 16(d)(1). "Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16(d)(1) advisory committee's note to 1974 amendment.

## IV.    ARGUMENT

Clement's Motion seeks to modify the agreed upon protective order in a way that essentially terminates the order altogether. Motion, Docket No. 811, at 1. Clement's Motion should be denied because the termination of the order, or a modification allowing for more than attorneys' eyes or an investigator's eyes only[2], will lead to the disclosure of the identity of a confidential informant.

Courts have issued discovery orders pursuant to their own "inherent" authority to manage the criminal discovery process. *See, e.g., United States v. W.R. Grace*, 526 F.3d 499, 508-12 (9th Cir. 2008).

Witnesses, informants, and victims oftentimes face a significant risk of retaliation, intimidation, or other harm. When there are legitimate concerns for an individual's safety, courts have the authority under Rule 16(d)(1) to limit the disclosure of discovery completely, and to restrict disclosure of the discovery. Here, the government seeks a protective order for the purpose of ensuring an informant's safety, which would be put at risk if the identity of the individual was known.

The government acknowledged that the recording of defendant, and correlating reports, at issue here met the requirements of production under Rule 16. However, in order to ensure the safety of the confidential informant, a protective order was entered into by the parties. The government believes that modification of this order will jeopardize the safety of the informant. Discussions with defendant about the nature of the recordings and the circumstances surrounding the attempted drug trafficking offense,

---

[2] The government agreed to investigator Rachel Roberts being added to the Order, but counsel for defendant reiterated their request for defendant and other individuals to have access to the information contained within the discovery in question.

will identify the informant. The recordings, as well as the reports made by an agent documenting these conversations, reveal information specific to the identify of the confidential informant. The current protective order, and the government's recent discussion regarding the allowance of defense investigator Rachel Roberts to be allowed access to the materials, safeguards that only a limited number of individuals within the defense team have access to information that would identify a witness in this case.

Furthermore, defendant's motion also contravenes the well-establish government privilege to withhold the identities and backgrounds of confidential sources and cooperating witnesses where, as here, the prosecution targets a violent criminal enterprise with a history of retaliation against informants and a conspiratorial reach with capacity to exact revenge. *United States v. Littrell*, 478 F. Supp. 2d 1179, 1182 (C.D. Cal. 2007) ("The Aryan Brotherhood has [] used murder and the threat of murder to maintain order within its own ranks. Several of the murders charged in the indictment are murders of Aryan Brotherhood members who either did not follow orders from the Commissions or were suspected of providing information about the gang to the authorities. The Aryan Brotherhood has utilized the threat of violence against family members outside of prison as another means for keeping its members in line."). Additionally, the government holds a qualified privilege to withhold from disclosure the identity or communications of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The requests of defendants run headlong into *Roviaro v. United States*, 353 U.S. 53, 59 (1957), because the "purpose of the privilege" is "the furtherance and protection of the public interest in effective law enforcement." *Roviaro*, 353 U.S. at 59.

Although the government has provided counsel with the requested discovery, the further modification and dissemination of the material provided contravenes the privilege the government holds in *Roviaro* as well as the reasoning and purpose behind that privilege. The safety of witnesses, cooperators, informants, and other similar individuals is a grave concern, especially given the violent and retaliatory nature of the Aryan Brotherhood against cooperators, informants, and those that testify against members of the enterprise.

The court must balance the need to protect the identities of witnesses and informants with the need for defense to obtain the information sought. Here, the protective order, and modification proposed

by the government for defense investigator Roberts to be added to the definition of "defense team," is sufficient to satisfy both of those needs.  Defendant has failed to establish any specific need for modification of the protective order, and only gives this court generalized reasons for making this request.  That is insufficient to tip the balance in favor of a less restrictive disclosure over the safety of the informant in this matter.

## V.     CONCLUSION

For the foregoing reasons, defendant's motion to modify the protective order should be denied.

Dated:  November 6, 2023                                    PHILLIP A. TALBERT
                                                                                  United States Attorney


                                                                       By:   /s/ *Stephanie M. Stokman*
                                                                                  STEPHANIE M. STOKMAN
                                                                                  Assistant United States Attorney

# EXHIBIT A

PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT-SKO |
| PLAINTIFF, | STIPULATION REGARDING DISCOVERY; [PROPOSED] FINDINGS AND PROTECTIVE ORDER |
| v. | |
| KENNETH BASH, et al., | |
| DEFENDANTS. | |

1.  As described more fully below, the parties, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for the reasons set forth below, request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing statements and other confidential information of victims, witnesses, and third parties, including confidential witness information.

2.  The investigation was developed based, in part, on information provided by witnesses and confidential sources, whose identities will be apparent to the defendants/defense upon review of the reports, photographs, and/or recordings contained in the discovery material.

3.  The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the statements and information of these witnesses. If this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and security of the person to whom the information relates. The information could itself be used to further criminal activity if improperly disclosed or used. The United

States has ongoing obligations to protect the witnesses, including confidential witnesses, contained in these documents and/or recordings.

4. Accordingly, the parties jointly request a Protective Order that will permit the government to produce the materials, but preserves the privacy and security of the witnesses. The parties agree that the following conditions, once ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of the witnesses, while permitting the Defense Team to understand the United States' evidence against the defendants.

5. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.   PROPOSED PROTECTIVE ORDER

### A.   Protected Materials

6. This Order pertains to discovery provided or made available to defense counsel containing the statements of witnesses, victim, and confidential witnesses in this case (hereafter, collectively "Protected Materials").

7. To the extent that notes are made that memorialize, in whole or in part, the identity of the witnesses, or statements that indicate the identity of the witnesses, in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B.   Defense Team

8. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

9. For purposes of this Order, the term "Defense Team" refers to the defendant's counsel of record only. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant. Nor does it include any other members associated with or hired by counsel of record to work on this matter, including investigators, assistants, experts, paralegals, attorneys consulting with counsel regarding this matter, or any other individual otherwise assisting counsel in this matter.

STIPULATION REGARDING PROTECTIVE ORDER ON DISCOVERY                                      2

### C. Disclosure of Protected Materials

10. The Defense Team shall not permit anyone other than the Defense Team to have possession of or to discuss the details of the Protected Materials, including the defendants themselves.

11. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendants, or any third party. Protected Materials may be disclosed and discussed only to and with the categories of persons and under the conditions described in this Order.

12. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

13. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

### D. Ensuring Security of Protected Materials

14. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

15. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

16. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

17. If a member of the Defense Team makes, or causes to be made, any further copies of any

of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation. In the event that the Defense Team makes or causes to be made copies of the Protected Materials for purposes of hearing or trial, it does not need to include this inscription.

### E. Filings

18. In the event that a party needs to file Protected Materials with the Court, the filing should be made under seal as provided for by the local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention, including by making a request that the filing party redact the identity of the confidential witness. If the other party does not object to the proposed filing, the party seeking to file such information may file the information without redaction.

### F. Conclusion of Prosecution

19. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

20. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed.

21. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that the identity of the confidential witness contained in the Protected Materials is fully redacted.

### G. Termination or Substitution of Counsel

22. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred

from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Modification of Order

23. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. Violation of Order

24. Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### J. Application of Laws

25. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

26. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

IT IS SO STIPULATED.

Dated: August 30, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney

Dated:  August 30, 2023

_____
JANE BYRIALSEN
JEAN BARRETT
Counsel for Defendant
FRANCIS CLEMENT

## [PROPOSED] FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this ____ day of _____, ____.

_____
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE