JANE FISHER-BYRIALSEN
Fisher & Byrialsen, PC
4600 S. Syracuse Street
Denver, CO 80137
jane@fblaw.org

JEAN D. BARRETT
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
jeanbarrett@ruhnkeandbarrett.com

Attorney for:
FRANCIS CLEMENT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> **FRANCIS CLEMENT,** <br><br> Defendant. | Criminal case No. 20-CR-238-JLT-SKO <br><br> **Reply to Government's Response to Mr. Clement's Motion for Modification of Protective Order** |

Mr. Clement, by and through counsel Jane Fisher-Byrialsen and Jean Barrett, have moved for an order modifying the Protective Order (Doc. 573), and a subsequent proposed protective order signed by undersigned counsel on August 30, 2023 (which has yet to be filed by the government), to (1) allow additional defense team members full access to discovery and (2) permit limited discussions with Frank Clement in order to conduct an investigation. [Doc. 811].

On November 6, 2023, the Government filed a response that does not join the issues raised by Mr. Clement.  Because the government conflates the two, confusing the issues, Mr. Clement will address separately the two requests for relief.

## REQUEST FOR ADDITIONAL DEFENSE TEAM MEMBERS TO REVIEW THE DISCOVERY

The existing protective order bars any defense team member other than counsel of record from viewing the discovery – this includes fact investigators, mitigation investigators, and research/writing attorneys working on the case. The Government recently offered to permit one fact investigator to view the protected discovery but offers not a single reason why only one investigator should have access, but not others. The Government does not explain why an order allowing additional defense team members would in any way result in harm to any person.

The Government begs the question when it argues that the protective order must be limited to only two attorneys and one investigator because the material involves an informant. Mr. Clement seeks only that additional team members be allowed to view discovery that *has already been provided to the defense.* Other than a vague, general argument that the identity of one informant is "safeguard[ed]" when "only a limited number of individuals within the defense team have access to information," the Government makes no argument at all why only certain members of the defense team r can view the discovery but others cannot.

The caselaw cited by the Government does not offer any viable argument, either. *United States v. W.R. Grace,* 526 F.3d 499, 516 (9th Cir. 2008) [Doc. 836, p. 4] held only that the district court had authority to order and enforce the pretrial disclosures of government witnesses and evidentiary documents and that the district court did not abuse its discretion in doing so in that case. *Roviaro v. United States,* 353 U.S. 53, 59 (1957) does not address the issue: like the other cases cited by the Government, *Rovario* concerns whether information is disclosed at all, not whether disclosures already made can be restricted from view by all defense team members. *United States v. Littrell*, 478 F. Supp. 2d 1179, 1182 (C.D. Cal. 2007) does not concern

protective orders; it is a case in which the district court held that the Government's decision to seek the death penalty was arbitrary and capricious.

The Government merely makes the unsupported claim that it is "sufficient" for investigator Roberts – *and only investigator Roberts* – to have access to the discovery that can be viewed by the attorneys of record on the team. The Government also makes an incorrect assertion that Mr. Clement's motion does not give any specific reasons why additional defense team members should be allowed to see the discovery that has already been disclosed to three defense team members. The only people who would have access to the information would be members of the defense *team*. Each member could be added as a signatory to the order which would be sufficient assurance that the information would be kept confidential since intentional violation of the order would constitute contempt. Rule 16 presumes disclosure of information and it is the Government's burden to show why material should be withheld from members of the defense team.

The Government's primary concern appears to continue to be that *Mr. Clement* not be allowed to *personally* review the protected discovery or become aware of its contents and that defense team members should not be able to discuss it with him. Even if, *arguendo*, this Court were to find that concern to be valid, that would not be a reason to deny Mr. Clement's request that additional defense team members be permitted the same access to the discovery as that of the people currently permitted by the current order to view it.

### REQUEST FOR PERMISSION TO DISCUSS THE PROTECTED DISCOVERY WITH MR. CLEMENT

As an independent request, Mr. Clement's attorneys request that they be permitted to discuss the protected discovery with their client. Other than the general argument discussed

above, the Government does not provide any specific, compelling reason why Mr. Clement's attorneys should not be able to discuss the material with him. As to the Government's concern that the identity of informants not be revealed, counsel would agree to a provision in the amended order that the identity of individuals appearing solely in the protective discovery not be disclosed to Mr. Clement.

As pointed out in the original motion, defense counsel need to investigate this case and to properly do so, they need to discuss certain matters with Mr. Clement. While every effort can be made to safeguard these disclosures, they cannot and should not be prohibited.

Because the Government did not adequately respond to the argument in the Motion [Doc. 811], Mr. Clement requests that you grant his attorneys' request for permission to discuss the protected information with him.

## CONCLUSION

This Court should reject the Government's objections and grant Mr. Clement's motion.

Respectfully submitted,

s/ *Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen
FISHER & BYRIALSEN, PLLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237
(303) 256-6345
jane@fblaw.org


JEAN D. BARRETT
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
jeanbarrett@ruhnkeandbarrett.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2023, I served a true and correct copy of the foregoing via ECF to:   All counsel of record.

s/*Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen
