JANE FISHER-BYRIALSEN
Fisher & Byrialsen, PC
4600 S. Syracuse Street
Denver, CO 80137
jane@fblaw.org

JEAN D. BARRETT
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
jeanbarrett@ruhnkeandbarrett.com

DAVID STERN
Rothman, Schneider, Soloway & Stern, LLP
100 Lafayette St #501
New York, NY 10013
dstern@rssslaw.com

Attorney for:
FRANCIS CLEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **FRANCIS CLEMENT,** <br><br> Defendant. | Criminal case No. 20-CR-238-JLT-SKO <br><br> **DEFENDANT'S OPPOSITION TO MOTION FOR REVOCATION AND APPEAL OF ORDER PURSUANT TO LOCAL RULE 430.1** <br> [Doc. 854] |

  Please accept this memorandum on behalf of Francis Clement in opposition to the Government's "Motion for Revocation and Appeal of Order Pursuant to Local Rule 430.1, and for a Stay of the Magistrate's Order Regarding Modification of Protective Order Pending Review (Doc. 854). The motion should be denied because it fails to

establish that Magistrate Judge Sheila Oberto's decision was either clearly erroneous or contrary to law.

## Statement of Facts

On March 9, 2023 and August 30, 2023, counsel for Mr. Clement agreed to protective orders which the Government insisted be signed to provide access to certain items of discovery involving statements alleged to have been made by Mr. Clement. The first disclosure consisted of reports about recorded conversations and the second the recorded conversations discussed in the reports. The recordings are expected to be offered at trial, either in whole or in part, to prove one of the overt acts of the RICO conspiracy in which Mr. Clement is alleged to have participated. The protective orders, only the first of which has been filed and signed by Magistrate Judge Sheila Oberto (Doc. 573), are highly unusual in that they restrict access to the discovery to counsel as follows:

> 9. For purposes of this Order, the term "Defense Team" refers to the defendant's counsel of record only. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant. Nor does it include any other members associated with or hired by counsel of record to work on this matter, including investigators, assistants, experts, paralegals, attorneys consulting with counsel regarding this matter, or any other individual otherwise assisting counsel in this matter.

Doc. 573 at 2.

Given the obvious need to investigate the statements and to discuss with Mr. Clement's his own statements, counsel for Mr. Clement filed a motion to amend paragraph 9 of the protective order to expand the "Defense Team" to include "other

members associated with or hired by counsel of record to work on this matter, including investigators, experts, paralegals, and attorneys consulting with counsel regarding this matter." Counsel also moved to "permit limited discussions with Frank Clement in order to conduct an investigation." Doc. 811, 811-1.

Magistrate Judge Oberto agreed that the order was too restrictive and ruled as follows on the expansion of the definition of the "Defense Team":

> My ruling is that given a case of this complexity and the alleged charges and the maximum possible penalties, the Defense may have an additional investigator assisting with the case, including reviewing of the information. And the parties are to prepare a -- meet and confer and prepare a revised protective order that indicates or adds any assistants, experts, paralegals, attorneys consulting with counsel to the current list of defense team.

Referring to the application to amend the order to permit counsel to discuss the contents of the discovery with Mr. Clement, the Magistrate Judge ruled that:

> Defendant's own statements which were either recorded or set forth in writing and typed I'm assuming by Government agents or Government personnel, those will -- the Government will have an opportunity to redact any information in those Defendant's own statements that they believe will identify confidential informants which, again, I'm going to go back to the fact that if they made the statement, how would that identify confidential informants – . . . if they didn't already know who they are? But you can do that and provide all redactions by no later than December 22nd, 2023.

T 22-23. The Government challenges both rulings.[1]

---

[1] The Government mischaracterizes this ruling as ordering that Mr. Clement have similar access to the discovery as the Defense Team. [Motion at 2.] It does not, nor is that what Mr. Clement's motion sought.

3

Local Rule 430.1 governs criminal motions and procedures in this District and paragraph (j) of the Rule sets timing for appeals from a "final decision of the Magistrate Judge." LR 430.1 refers to Local Rule 303 which contains more detailed provisions regarding motions for reconsideration by the District Court of a Magistrate's ruling on both criminal and civil pretrial motions. *See* L.R. 303(c). Local Rule 303(f) echoes the standard for review of a Magistrate's decision set forth in 28 U.S.C. § 636(b)(1)(A) which provides that the District Judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The burden to show that the Magistrate's decision is "clearly erroneous or contrary to law" is on the party seeking reconsideration – here, the Government. *See id*. ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) *where it has been shown* that the magistrate judge's order is clearly erroneous or contrary to law.")

In its "motion and appeal," the Government appears to be claiming that Mr. Clement must show that the order below should be affirmed. (Doc. 854, p. 5-6). The Government is compelled to resort to this burden shifting since it cannot demonstrate that Magistrate Judge Oberto's ruling, which was carefully crafted to balance the need to protect the identity of the Government's informant and Mr. Clement's rights set forth in Rule 16 and guaranteed by the Constitution, was clearly erroneous or contrary to law. "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd.*

*of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.''" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). If the question is debatable, by definition there is not "clear error." The deferential standard of review and the requirement that the Government show "clear error" or "contrary law" both apply. The Government has met neither criteria.

### The Government provides neither this Court, nor did it provide the Magistrate, with any facts that would show "clear error."

Magistrate Judge Oberto found that the Government failed to meet its burden to show that dissemination of protected discovery to other members of the defense team would pose a danger to its informant. It neither offered evidence below, nor does it offer any now, to show that defense team members would violate the protective order by disclosing the information.[2] Instead, it regurgitates the boilerplate incantation that, in general, disclosure of an informant's identity is risky, while asserting not a single fact to demonstrate that the disclosure sought would pose such a risk. Any suggestion that court-appointed professionals would jeopardize their reputations and livelihood by disclosing any of the information in violation of the protective order belies common sense.

---

[2] Counsel for Mr. Clement has agreed from the outset that each person with access to the discovery would be required to sign the protective order and agree to be bound by it.

Here, the Government asks this Court to presume a harm that is neither alleged nor shown. It relies on the false presumption that only attorneys will follow court orders. That presumption is unfounded:

> All members of the Defense Team work at the direction of counsel, 'an officer of the court, [who], like the court itself, [is] an instrument or agency to advance the ends of justice.' *In re Snyder*, 472 U.S. 634, 644 (1985) (citation omitted). There is no reason to believe that they will not comply with these obligations, and '[i]t is not to be presumed ... that a sworn officer of a court would ... disregard [the officer's] duty" or "subvert the ends of justice.' *Richards v. United States*, 126 F. 105, 111 (9th Cir. 1903); *see also Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987) ("We will not assume that counsel would breach the duty of an officer of the court ....").

*United States v. Conception*, 651 F. Supp. 3d 1158, 1163 (C.D. Cal. 2023).

The same is true regarding the restriction on counsel's ability to discuss the protected information with Mr. Clement sufficient to investigate the information and prepare for trial. The information in the protected discovery consists of Mr. Clement's own statement. Magistrate Judge Oberto adopted protections in her order, including certain redactions to mask the identity of the confidential informant. The Government has supplied no reason why redaction of the protected discovery would be insufficient to satisfy its safety concerns.

**The Government cannot show the Magistrate's ruling is contrary to law.**

The Government has never offered any legal support for its protective order allowing only counsel of record and one investigator on the defense team to view the discovery. Nor can the Government deny that the Sixth Amendment guarantees Mr. Clement the right to counsel who can investigate the case and prepare for trial and for a

possible penalty phase. However, the Government effectively seeks to control assignment of personnel and functions within the defense team. This effort itself is contrary to law. "'In performing [counsel's] various duties, . . . it is essential that [counsel] work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.'" *Id.*, *quoting Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

In *Conception*, the Government's proposed protective order limited the defendant and prospective witnesses to reviewing confidential informant materials only with defense counsel, not other members of the defense team, absent pre-approval by the Government. This limitation, the Court ruled, was "unduly burdensome." *Conception*, *supra*, at 1163. Judge Carney explained:

> First, it would take away from defense counsel precious time that counsel could spend on other aspects of the representation, to say nothing of counsel's representation of other clients. The geographic distance between counsel and [the defendant] alone is a significant burden. . . . Reviewing materials with prospective witnesses may similarly entail traveling far distances. Second, the pre-approval requirement renders Conception dependent on the benevolence of his adversary 'in its sole discretion' in determining which members of his Defense Team may participate in discovery review. That may dictate who may be a part of the Defense Team at all.
>
> Imposing this burdensome limitation is inappropriate, as the Government has failed to show how it is necessary to protect the CI.

*Id*. The Court ruled that "The Government has failed to show good cause to require that Conception and prospective witnesses review CI materials only with defense counsel rather than other members of the Defense Team. Such a requirement is, therefore, unwarranted." *Id.*, at 1164.

The Government's appeal again fails to recognize that the burden to show "good cause" for restrictions in a protective order is *always* on the Government. *United States v. Bulger*, 283 F.R.D. 46, 53 (D. Mass. 2012). "Good cause remains the standard even where… the parties agreed to the terms of the protective order. *Ibid*. *See United States v. Luchko,* Crim. No. 06–319, 2006 WL 3060985, at *3 (E.D. Pa. Oct. 27, 2006) ("good cause must exist" to allow "a protective order ... even where parties consent to a stipulated protective order") (citing *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 481 (3rd Cir.1995)). The Government's duty to show "good cause" requires a particularized, specific showing, which it did not make before the Magistrate Judge Oberto and does not make here. Broad allegations of harm, "unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing. *United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007).

Decisions about the scope of protective orders fall well within the discretion afforded magistrates. Perhaps that is why the Government fails to cite – either before Magistrate Judge Oberto or here – a single case reversing a magistrate's decision amending the scope of a protective order so that all members of the defense team have access to the discovery.

Protective orders where the scope of the restrictions is similar to those proposed by counsel for Mr. Clement and contemplated by Magistrate Judge Oberto's decision are not contrary to law. In fact, protective orders containing restrictions – but not restricting discovery to only certain members of the defense team – are commonly agreed-upon or ordered by the court as Mr. Clement showed in his original motion:

*United States v. Adonys Castillo*, No. 1:23-CR-00279, Doc. 49 (S.D.N.Y. July 12, 2023) (protective order permitted review by not only attorneys, but also "personnel for whose conduct defense counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action");

*United States v. Cudd,* 534 F. Supp. 3d 48, 55 (D.D.C. 2021)("Cudd and her 'legal defense team'—defined broadly to include 'defense counsel ... and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case,' Protective Order at 2—have access (although restricted access, in some instances) to all information that is subject to the order to use in formulating a defense, [citing other case examples].");

*United States v. Cordova*, 806 F.3d 1085, 1091 (D.C. Cir. 2015) ("the protective order did not otherwise limit [defense counsel's] ability to discuss the materials with [the defendants] or to obtain their input.");

*United States v. Concord Mgmt. & Consulting LLC*, 404 F. Supp. 3d 67, 71, 73 (D.D.C. 2019)("defense counsel" permitted to view the protected discovery were defined to include the law firm's "employees, other counsel, and any e-discovery vendor employed by [the firm]");

*United States v. Johnson*, 314 F. Supp. 3d 248, 256 (D.D.C. 2018) (Even under the provisions of the protective order that the Government wanted and the Court denied, the protected material could have been viewed by "members of the legal defense team" including "investigators, paralegals, or support staff members, who are working under the direction of the defense counsel.");

*United States v. DeLeon*, No. CR 15-4268 JB, 2017 WL 2271427, at *57 (D.N.M. Mar. 8, 2017) (when ordering pretrial disclosure of testifying CIs, the court included investigators in the "attorney and investigator eyes-only protective orders").

The order crafted by Magistrate Judge Oberto is an appropriate exercise of her discretion. The Government fails to make the required showing before this Court that her order is contrary to law. Instead, the Government asks this Court to "simply substitute its

judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, *supra,* 951 F.2d at 241. That request should be denied.

### Conclusion

Therefore, because the Government has not met its burden to show that Judge Oberto's factual determination was clearly erroneous and because it cites no law to which her decision is contrary, this Court should deny the Government's motion.

Respectfully submitted,

s/*Jane Fisher-Byrialsen*
JANE-FISHER-BYRIALSEN
JEAN D. BARRETT
DAVID STERN

*Attorneys for Francis Clement*