Ryan J. Villa, PHV
5501 Eagle Rock Ave NE, Ste C2
Albuquerque, NM 87113
(505) 639-5709
Ryan@rjvlawfirm.com

Andrea Lee Luem, PHV
400 South Fourth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
Andrea@luemlaw.com

Attorneys for:
KENNETH JOHNSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal Case No. 20-cr-238-JLT-SKO |
| Plaintiff, | **DEFENDANT JOHNSON'S RESPONSE AND JOINDER TO DEFENDATN FRANCIS CLEMENT'S OPPOSITION TO MOTION FOR REVOCATION AND APPEAL OF ORDER PURUSANT TO LOCAL RULE 430.1 [Doc. 873]** |
| v. | |
| **KENNETH JOHNSON,** | |
| Defendant. | |

Defendant Mr. Kenneth Johnson, by counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Andrea Lee Luem, submits this Response to the United States' Motion and Appeal [Doc. 854]. Mr. Johnson joins in Mr. Clement's Response [Doc. 873].

Mr. Johnson joined in Mr. Clement's Motion for Modification of Protective Order [Doc. 811], *see* Joinder [Doc. 814], which is the subject of the government's appeal. Mr. Johnson joined because the government has vaguely referred to providing similar discovery to Mr. Johnson under a similarly restrictive order "if it exists." To date, the government has produced no such discovery and has refused to confirm whether any such evidence exists. The government has not produced any discovery reflecting any oral, recorded, or written statement by Mr. Johnson related to Counts

Two and Three of the Second Superseding Indictment [Doc. 685]. Notably, Mr. Johnson faces the death penalty for these two counts but has not been provided a single item of discovery that connects him to these counts. To the extent the government intends to produce some discovery now, more than a year after the original indictment of Mr. Johnson for these Counts, under a similar protective order, Mr. Johnson joined in the requested modification so any order applicable to him would contain the modifications sought by Mr. Clement.

Furthermore, Mr. Johnson intends to file a Motion to Compel the material that is the subject of Mr. Clement's order because it relates to a predicate act with which Mr. Johnson is charged in Count 1. While the government's position seems to be Mr. Johnson is not entitled to this discovery because he is not involved in this specific predicate act, this is contrary to law. First, in order to be guilty of Count One, the government must prove that at least two acts of racketeering were committed. *See* Ninth Circuit Pattern Criminal Jury Instruction 18.14 RICO-Pattern of Racketeering Activity; *see also* 18 U.S.C. §§ 1961(1) 1961(5).  The Ninth Circuit has held that "if a RICO conspiracy is demonstrated, [a]ll conspirators are liable for the acts of their co-conspirators." *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 775 (9th Cir. 2002) (citing *Investor Prot. Corp. v. Vigman*, 908 F.2d 1461, 1468 (9th Cir.1990) rev'd on other grounds sub nom. *Holmes v. Sec. Investor Prot. Corp*., 503 U.S. 258 (1992) (internal quotations and citations omitted). Thus, if the government intends to argue to the jury that Mr. Johnson is guilty of Count One because a predicate act was committed by Mr. Clement, or others, and Mr. Johnson was conspiring with those individuals, then Mr. Johnson is entitled to receive this discovery.

Further, the statements of Mr. Clement that were provided to his counsel, could be used against Mr. Johnson as substantive evidence. While mere conversations between coconspirators

are not admissible, statements made by a coconspirator during the course and in furtherance of the conspiracy are admissible under the federal rules of evidence. *See* Fed. R. Evid. 801(d)(2)(E). The Court has held that statements made in furtherance of the conspiracy include statements that "further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." *United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir.1988) (citing *United States v. Layton*, 720 F.2d 548, 556 (9th Cir.1983)). Thus, Mr. Johnson should be entitled to this discovery. As discussed, he intends to file a Motion to Compel this and other co-conspirator statements.

Accordingly, Mr. Johnson joins in Mr. Clement's request regarding the protective order. Should Mr. Johnson receive any such discovery under a protective order, he submits that it should not be restricted to his attorneys' eyes only. As Mr. Clement has argued, this will lead to ineffective assistance of counsel and deny Mr. Johnson the right to prepare a defense. Mr. Johnson's whole team, including his investigator and paralegal, need to review the information to help investigate Mr. Johnson's defenses and prepare for trial. Mr. Johnson should also be permitted to review the material in order to properly prepare his defense. Mr. Johnson is not opposed to an order that limits counsel's ability to leave the material with him, but his counsel must be able to discuss the statements with him as he is in the best position to determine the veracity of the statements or identify potential witnesses who may have information that would rebut the statement or undermine its credibility.

Respectfully submitted,

*/s/ Ryan J. Villa*
Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
(505) 639-5709

ryan@rjvlawfirm.com

*/s/ Andrea Lee Luem*
Andrea Lee Luem , PHV
400 South Forth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2023, I served a true and correct copy of the

foregoing via ECF to:

All counsel of record.

*/s/ Ryan J. Villa*
Ryan J. Villa