PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT-SKO |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR REVOCATION AND APPEAL OF ORDER PURSUANT TO LOCAL RULE 430.1, AND FOR A STAY OF THE MAGISTRATE'S ORDER REGARDING MODIFICATION OF PROTECTIVE ORDER PENDING REVIEW |
| v. | |
| FRANCIS CLEMENT, | |
| Defendant. | |
| | COURT: Hon. Jennifer L. Thurston |

    The United States of America, by and through Phillip A. Talbert, United States Attorney, and Stephanie M. Stokman, Assistant United States Attorney, filed its motion for revocation and appeal of an order regarding modification of a protective order pursuant to Local Rule 430.1(j).  Dkt. 854.  Defendants Clement, Bash, and Johnson filed responses to the government's motion.  Dkts. 873, 867, 874.  The government hereby respectfully submits its reply and requests the Court revoke the Magistrate Order pertaining to modification of a protective order.

    The government has sought, and continues to seek, to limit the dissemination of information contained in certain discovery which will reveal the identity of a confidential informant, and thus put the witness in danger.  Fed.R.Crim.P. Rule 16(d) contains provisions that enable the Court to enter an order limiting discovery.  Additionally, principles established in *Roviaro* and *Jencks* place an emphasis on the protection of the identify of, and safety around, witnesses, cooperators, and confidential informants, and provide a basis on which a Protective Order pursuant to Rule 16(d) may be entered.  The government

urges the Court to enter such an Order in this case. As set forth more fully below and in related filings, good cause exists to restrict discovery or inspection of certain subject documents and evidence.

The identity or communications of persons who furnish information of law violations to law enforcement is protected by a privilege that protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). Additionally, the Court "cannot enter an order requiring early disclosure of Jencks Act material." *Fuentes*, 2010 WL 1659453 (citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control."), at *2; *Jones*, 612 F.2d at 455; *Hoffman*, 794 F.2d at 1433; *Tarantino*, 846 F.2d at 1418; *Wilson*, 2021 WL 480853, at *7.

Rule 16(a)(1)(B) entitles a criminal defendant to discovery of recorded statements of defendant and Rule 16(d) allows a court to deny, restrict, or defer discovery or inspection by issuing a protective order. Fed. R. Crim. P. 16. "Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16(d)(1) advisory committee's note to 1974 amendment.

As discussed previously in the government's moving papers, the government has provided counsel with the requested discovery pursuant to the Rule 16. However, the further modification and dissemination of the material provided contravenes the privilege the government holds in *Roviaro* as well as the reasoning and purpose behind that privilege. The safety of witnesses, cooperators, informants, and other similar individuals is a grave concern, especially given the violent and retaliatory nature of the Aryan Brotherhood against cooperators, informants, and those that testify against members of the enterprise. Rule 16 allows for the Court to determine that a protective order regarding the dissemination of discovery produced pursuant to the Rule is appropriate. The government seeks to withhold the identities and statements of witnesses under Rule 16(d)(1). Under that rule, the court may, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). In determining whether to make a protective order under the good-cause standard of Rule 16(d)(1), the Court takes into account the safety of government witnesses and others.

The Magistrate's Order attempts to limit the risk of identifying the informant by allowing the government to redact the discovery. However, this is not a practical solution. The majority of the conversations are so specific in nature as to what Clement and the informant discussed, that upon hearing the conversations, or knowing the facts of the conversations, or knowing even the context of the conversations, Clement will be able to recall and identify the person he had these discussions with. Thus, redactions sufficient to protect the identity of the informant would effectively gut the entirety of the provided discovery.

Additionally, as discussed during the hearing before Judge Oberto, the protective order at issue pertains solely to limited discovery produced to counsel for defendant Clement only.  It does not pertain to any other discovery produced in this case, nor does it relate to any prior protective orders. This Court's prior orders and the Magistrate's prior orders pertaining to the government's obligation to provide discovery that would contravene *Roviaro* and *Jencks* applies to the discovery at hand as it relates to all other defendants in this case. The discovery at issue, as stated above, has solely been produced to defendant Clement's counsel pursuant to Rule 16, as it contains recorded statements from defendant Clement.

For the foregoing reasons, the government moves this Court to revoke the Magistrate Order to modify the protective order, and to deny defendant's request for modification.

Dated:  December 12, 2023            PHILLIP A. TALBERT
                                     United States Attorney


                                By:  /s/ *Stephanie M. Stokman*
                                     STEPHANIE M. STOKMAN
                                     Assistant United States Attorney

UNITED STATES' REPLY                       3