PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>KENNETH BASH,<br><br>　　　　　　　Defendant. | CASE NO. 1:20-CR-00238-JLT<br><br>UNITED STATES' OPPOSITION TO THE DEFENDANT'S MOTION TO SEVER<br><br>DATE: March 18, 2024<br>TIME: 10:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

### I.　INTRODUCTION

The United States files this Opposition to defendant Kenneth Bash's Motion to Sever. ECF 927. The defendant's motion to sever should be denied because the defendant has failed to overcome the presumption that jointly charged defendants be jointly tried.

### II.　STATEMENT OF FACTS

On May 11, 2023, a grand jury returned a detailed Second Superseding Indictment against the defendant and co-defendants charging them with participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d), and other related charges, in violation of 18 U.S.C. § 1959. ECF 641, 656. The Second Superseding Indictment contains a detailed description of the government's theory and evidence of the Aryan Brotherhood as a criminal enterprise, including facts about its formation, membership, command structure, codes of conduct, purposes, symbols, and method and means of operation. ECF 656, at 2–5. The Second Superseding Indictment also describes defendant's and co-defendants' roles

and activities within the enterprise. ECF 656, at 5–8. The Second Superseding Indictment additionally contains information regarding the murder of four individuals, and the conspiracy to murder an additional individual, as contained in Counts Two through Six, and drug trafficking related charges, as contained in Counts Seven through Fourteen. ECF 656, at 12-22. Further, the Second Superseding Indictment contains allegations of conduct relating to the furtherance of the Aryan Brotherhood (AB) enterprise and the affairs of the enterprise, detailed within the RICO conspiracy charged in Count One, and also charged in the subsequent counts within the Second Superseding Indictment. On March 9, 2023, this matter was designated complex. ECF 549. On February 21, 2024, the government filed a notice that it will not to seek the death penalty in this case. ECF 950.

On July 28, 2023, co-defendant Johnson filed a motion to sever, which was denied on October 13, 2023. ECF 818. On February 7, 2024, defendant Bash filed the instant motion. The motion argues that Bash's and co-defendant Smith's trial should be severed from that of the co-defendants mostly due to defendant claiming a prejudice in being tried with other co-defendants and RICO co-conspirators who are facing murder charges.

### III.     LEGAL STANDARD

<u>Severance is only appropriate when significant prejudice may result from a joint trial.</u>

Defendants charged together should be tried together. *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Hernandez-Orellana*, 539 F.3d 994, 1001-02 (9th Cir. 2008) (There is a "well-established ... preference for joint trials where defendants have been jointly indicted"); *United States v. Baker*, 10 F.3d 1374, 1386 (9th Cir. 1993). "Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability – advantages which sometimes operate to the defendant's benefit." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). "[J]oint trials of persons charged with committing the same offense expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burdens upon citizens to sacrifice time and money to serve on juries and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *United States v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978).

Given the preference for joint trials, Federal Rule of Criminal Procedure 14 permits a district court to grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) ("Rule 14 provides that, at the discretion of the trial judge, a severance may be ordered when it appears that a defendant may be significantly prejudiced by a joint trial with his codefendants"). It may be possible that "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Zafiro*, 506 U.S. at 539. "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* However, "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540. "The inevitable consequence of any joint trial is that the jury will become aware of evidence of one crime while considering a defendant's guilt or innocence of another crime." *United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006).

Moreover, even when the risk of prejudice is high, a severance should not be granted where "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. Rather, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* "The test for determining abuse of discretion in denying severance under Rule 14 is whether a joint trial would be so prejudicial that the trial judge could exercise his discretion in only one way." *Escalante*, 637 F.2d at 1201.

"The burden is on the defendant to show 'clear,' 'manifest,' or 'undue' prejudice from a joint trial." *United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018) (quoting *United States v. Polizzi*, 801 F.2d 1543, 1553-54 (9th Cir. 1986)). "Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid a multiplicity of trials." *Id.* (citation omitted). As such, defendants carry a "heavy burden" in demonstrating that a joint trial is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy." *United States v. Moreno*, 618 F. App'x. 308, 310 (9th Cir. 2015).

"The prime consideration in assessing the prejudicial effect of a joint trial is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of

UNITED STATES' OPPOSITION TO
DEFENDANT BASH'S MOTION TO SEVER

3

its volume and the limited admissibility of some of the evidence." *Escalante*, 637 F.2d at 1201.  "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *Id.*  In accordance with these principles, courts repeatedly have rejected severance claims in RICO conspiracy cases involving alleged disparity of evidence, particular evidence admissible only against some defendants, or prejudicial spillover from acquittals on some counts or claims that a defendant had a better chance at an acquittal in a severed trial, especially where a jury was instructed to consider the evidence separately against each defendant, or given another curative instruction.  *See, e.g., United States v. Freeman*, 6 F.3d 586, 598-99 (9th Cir. 1993); *United States v. Mathis*, 568 F. App'x. 149, 153 (3d Cir. 2014); *United States v. Blair*, 493 F. App'x. 38, 48 (11th Cir. 2012); *United States v. O'Connor*, 650 F.3d 839, 858-59 (2d Cir. 2011); *United States v. Graham*, 484 F.3d 413, 419 (6th Cir. 2007).

### IV.   ARGUMENT

**A. Joinder is Appropriate Under Rule 8(b).**

Defendant Bash is properly joined with the other defendants and with the other criminal charges because the defendants are alleged to have participated in the same act or transaction or in the same series of acts or transaction constituting an offense or offenses.

Federal Rule of Criminal Procedure 8(b) controls joinder of charges against multiple defendants[1].  *United States v. Sanchez Lopez*, 879 F. 2d 541 (9th Cir. 1989).   Rule 8(b) provides:

> The indictment of information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions. *See United States v. Felix–Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991).  The requirements of Rule 8(b) are satisfied in a RICO conspiracy

---

[1] Rule 8(a), which governs joinder of multiple offenses, applies only to a joinder against a single defendant.  Where more than one defendant is named in an indictment, the provisions of Rule 8(b) control.  *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977) (citations omitted).

indictment when each defendant participated in the affairs of the same enterprise through the commission of the alleged predicate racketeering acts that related to the same enterprise, even when the defendants are charged with different racketeering acts. *See United States v. Irizarry*, 341 F.3d 273, 287-90 (2d Cir. 2003).

The goal of Rule 8(b) is to maximize trial convenience and efficiency with a minimum of prejudice. *United States v. Roselli*, 432 F. 2d 879, 899 (9th Cir. 1970). Rule 8(b) is construed liberally in favor of joinder. *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993). "Codefendants jointly charged are, prima facie, to be jointly tried." *United States v. Doe*, 655 F. 2d 920, 926 (9th Cir. 1980). *See also United States v. Hernandez*, 952 F. 2d 1110, 1114 (9th Cir. 1991) ("Generally speaking, defendants jointly charged are to be jointly tried. This is also the rule in conspiracy cases."). The basis for joinder "should be discernible from the face of the indictment." *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007).

Defendant is properly joined under Rule 8(b) with the other charges in this case because he and others committed a series of acts and transactions conducted in furtherance of Aryan Brotherhood (AB) enterprise activity. All of the offenses charged in the Second Superseding Indictment name AB members or associates, working on behalf of and for the furtherance of the AB. As is true with all counts in the Second Superseding Indictment, the charged offenses are all predicate offenses listed within the RICO conspiracy in Count One, or directly result from a predicate offense.

At the time of the charged offenses, Bash was an incarcerated AB associate who had been ordering and facilitating criminal activity on the streets throughout areas of California and other states. During the course of the conduct alleged in the Second Superseding Indictment, defendant was working on behalf of the AB in order to gain membership into the AB. He exercised influence over members of white criminal street gangs, such as co-defendant Derek Smith, that associate with the AB, and is closely entwined with the structure and activity of the AB enterprise. All conduct charged in the Second Superseding Indictment is alleged to have been conducted in furtherance of AB activity, and thus constituted the same series of acts or transactions. *See Felix–Gutierrez*, 940 F.2d at 1208 (noting that the term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions).

Here, the RICO conspiracy is related to the other counts charged, and thus are part of the "same series of acts and transactions," making joinder proper.

**B. Defendant Has Failed to Carry His Burden to Justify Severance Under Rule 14 of the Federal Rules of Criminal Procedure**

The burden to justify severance under Rule 14 rests with defendant. To justify a severance under Rule 14, the defendant bears a heavy burden of demonstrating "clear, manifest, or undue prejudice." *United States v. Sarkisian*, 197 F.3d 966, 978 (9th Cir. 1999). The defendant "must demonstrate that the joint trial impinged on a fundamental trial right or compromised the fairness of the proceedings in a tangible way." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999). "The burden of proving this prejudice is a difficult one and the ruling of the trial judge will rarely be disturbed." *Brady*, 579 F.2d at 1127.

"As the Supreme Court has noted, there is a strong preference in the federal system for joint trials." *United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006). In *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 1994), *modified*, 425 F.3d 1248 (9th Cir. 2005), the Court noted that "a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." (Citations omitted). The substantial public interest in joint trials is that a joint trial expedites "the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir. 1968), *cert. denied*, 394 U.S. 1004, 89 S.Ct. 1602 (1968), *rehearing denied*, 395 U.S. 941, 89 S.Ct. 1602 (1969).

The Supreme Court has emphasized the concern that the government should not unnecessarily be put to the burden of presenting the same evidence and testimony twice either in the same trial (*McCree*, 476 U.S. at 181) or in separate trials (*Buchanan*, 483 U.S. at 418-19). *See Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933 (1993) (and authorities cited therein) (antagonistic or "mutually exclusive"

defenses do not require severance as a matter of law; joint trials play a vital role in the criminal justice system by promoting efficiency and serving the ends of justice).

Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A mere showing of some prejudice is insufficient to require severance. Almost all joint trials involve some prospect of prejudice; however, such speculative prejudice is insufficient to require severance. "Some prejudice is necessarily inherent when defendants are joined for trial. However, if all that was necessary to avoid a joint trial were a showing of prejudice, there would be few, if any, multiple defendant trials." *United States v. McDonald*, 576 F.2d 1350, 1355 (9th Cir. 1978) (citation omitted).

Moreover, "[t]here is no support in caselaw or in logic for the proposition that a lengthy trial, a large number and variety of charges, and numerous defendants violate due process without a showing that the issues were actually beyond the jury's competence." *Fernandez*, 388 F.3d at 1243.

Defendant argues that severance is required because he is not charged in counts related to murder, and thus, he should be severed from the defendants charged with murder, since those counts are "stand-alone criminal acts which each have a separate constellation of witnesses to support and/or refute criminal liability." (Motion p.4). However, as stated above, the murders charged in the Second Superseding Indictment are charged both as predicate RICO offenses, and as Murder in Aid of Racketeering charges. Additionally, defendant is charged with Conspiracy to Commit Murder in Aid of Racketeering along with co-defendants and co-conspirators who are charged with also committing murder. The crimes alleged against co-defendants and co-conspirators are not stand-alone acts, but acts that demonstrate the structure and activities of the Aryan Brotherhood enterprise.

The fact that evidence is significantly stronger against one defendant than another is not an adequate basis for severance. *United States v. Rasheed*, 663 F.2d 843 (9th Cir. 1981). Also, a showing that a defendant would have a better chance of acquittal if tried separately is not sufficient to force a severance. *United States v. Berkowitz*, 662 F.2d 1127, 1134 (9th Cir. 1981). A severance will not be granted on this ground except in rare circumstances. *See United States v. Patterson*, 819 F.2d 1495 (9th Cir. 1987); *United States v. Monk*, 774 F.2d 945 (9th Cir. 1985). The mere fact that a criminal defendant

UNITED STATES' OPPOSITION TO
DEFENDANT BASH'S MOTION TO SEVER

7

is jointly tried with a more culpable co-defendant is insufficient to constitute an abuse of the district court's discretion. *United States v. Van Cauwenberghe*, 827 F.2d 424, 432 (9th Cir. 1987), *cert. denied* 484 U.S. 1042 (1988).

The Ninth Circuit has rejected arguments that severance is required to prevent convictions based on "guilt by association" and the spillover effect of evidence admissible only against a co-defendant. In so doing, the Court has held that judicial economy justifies reliance on the jury to follow the instructions of the trial court to segregate the evidence and limit the applicability of the evidence to each defendant. *See United States v. Taren-Palma*, 997 F.2d 525, 533 (9th Cir. 1993) (overruled on other grounds); *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991); *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1209 (9th Cir. 1991); *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986). Further, the prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge. *Hernandez*, 952 F.2d at 1116; *United States v. Matta-Ballesteros*, 71 F.3d 754, 771 (9th Cir. 1995). Without a showing that the instructions of the trial judge will be insufficient to neutralize the prejudicial effect of evidence relating to the guilt of codefendants, jointly charged defendants are to be tried together. *Escalante*, 637 F.2d at 1201.

As this Court summarized in *United States v. York*, No. 1:16-cr-00069-LJO, 2017 WL 4237112, at *10 (E.D. Cal. September 27, 2017):

> Although the Supreme Court has recognized heightened risk of prejudice when "many defendants are tried together in a complex case and they have markedly different degrees of culpability," Zafiro, 506 U.S. at 539-40, that heightened risk can be controlled . . . by limiting instructions. *See Fernandez*, 388 F.3d at 1242-43; *see also United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (noting that even in such complex cases with many defendants and markedly different degrees of culpability "severance is not necessarily required because 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'") (citations omitted).

*Id.*

Thus, the fact that this case may be complex and that there might be substantial differences in culpability is not alone a basis for severance. *See id.* The Court can issue limiting instructions. *See Fernandez*, 388 F.3d at 1243.

In this case, a joint trial of Bash and his co-defendants is appropriate because they face a RICO conspiracy involving gang-related activity, crimes committed on behalf of and in furtherance of the enterprise, and crimes committed within the structure and rules of the enterprise, of which Bash was an influential associate and was trying to become a member. In the context of a RICO prosecution against the Mexican Mafia prison gang, the Ninth Circuit observed that a joint trial was "particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *Fernandez*, 388 at 1242. The *Fernandez* opinion cited approvingly to a Second Circuit opinion that wholly undermines any argument that defendant might face prejudicial spillover in the context of a RICO prosecution. This is because the very nature of evidence necessary to prove a RICO enterprise includes evidence of criminal activities engaged in by other members and associates of the Aryan Brotherhood.

> [W]e note here that the government must prove an enterprise and a pattern of racketeering activity as elements of a RICO violation. 18 U.S.C. § 1962(c). Proof of these elements may well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO case may reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those acts is relevant to the RICO charges against each defendant, and the claim that separate trials would eliminate the so-called spillover prejudice is at least overstated if not entirely meritless.

*United States v. DiNome*, 954 F.2d 839, 843 (2d Cir. 1992).

Defendant fails to identify how his joint trial will impinge on his fundamental trial right or compromise the fairness of his trial. Rather, he makes only a generalized argument that being charged with co-defendants will be prejudicial. This is not enough to carry defendant's burden "to show 'clear,' 'manifest,' or 'undue' prejudice from a joint trial.'" Mikhel, 889 F.3d at 1046.

**C. Increasing Judicial Efficiency, Conserving Court Funds, and Diminishing Witness Safety and Convenience Support Keeping Defendant Joined for Trial.**

The Ninth Circuit construes "Rule 8(b) liberally in favor of initial joinder," *United States v. Sanchez-Lopez*, 879 F.2d 541, 551 (9th Cir. 1989), because joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *Bruton v. United States*, 391 U.S. 123, 134 (1968). When defendants are properly joined, "[a] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would

compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

As discussed above, defendant fails to make any showing that his joinder in this matter presents a "serious risk" that a "specific trial right" would be comprised or would "prevent the jury from making a reliable judgment about guilt or innocence" about him. *Id.*

A severance motion brought in a RICO case is different from those in other criminal cases because "[t]he typical spillover claim is that evidence admissible against only one defendant is prejudicial to all defendants and that individual trials should have been held to avoid that prejudice." *DiNome*, 954 F.2d at 843. In contrast, in a RICO trial "the evidence in question is relevant to the RICO charges against all defendants and most probably would have been admitted even if defendants had been accorded individual trials." *DiNome*, 954 F.2d at 843–44.

Count One of the Second Superseding Indictment charges defendant and co-defendants with conspiring to violate 18 U.S.C. § 1962(c) – conspiring "to conduct and participate, directly and indirectly, in the conduct of the affairs of the Aryan Brotherhood through a pattern of racketeering activity," in violation of § 1962(d). ECF 656. To prove a violation of § 1962(c), the government must prove four elements:

1. There was an on-going enterprise with some sort of formal or informal framework for carrying out its objectives consisting of a group of persons associated together for a common purpose of engaging in a course of conduct;
2. The defendant was employed by or associated with the enterprise;
3. The defendant conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity. To conduct or participate means that the defendant had to be involved in the operation or management of the enterprise; and
4. The enterprise engaged in or its activities in some way affected commerce between one state and another state.

Ninth Cir. Model Crim. Jury Instr. No. 8.161.

For the first element—the existence of an enterprise—the government must prove that the Aryan Brotherhood was "a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time." Ninth Cir. Model Crim. Jury Instr. No. 8.157. For the third element—a pattern of racketeering activity—the government must prove that the enterprise engaged in a

UNITED STATES' OPPOSITION TO
DEFENDANT BASH'S MOTION TO SEVER

10

1  pattern of crimes that "embraced the same or similar purposes, results, participants, victims, or methods
2  of commission, or were otherwise interrelated by distinguishing characteristics." Model Crim. Jury Instr.
3  9th Cir. 18.14 (2023). Stated another way, the government must prove that the Aryan Brotherhood was a
4  gang and that the defendants in this case were members who joined or associated with the gang,
5  intended to participate in the gang, and were aware that their fellow gang members would commit a
6  series of crimes. *United States v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015) (quoting *Fernandez*,
7  388 F.3d at 1230). The government does not need to prove that any defendant personally committed, or
8  agreed to personally commit, two or more racketeering acts. *United States v. Tille*, 729 F.2d 615, 619
9  (9th Cir. 1984). Rather, the crime is the defendant's involvement in the criminal enterprise. *United*
10 *States v. Marino*, 277 F.3d 11, 33 (1st Cir. 2002) ("The RICO net is woven tightly to trap even the
11 smallest fish, those peripherally involved with the enterprise.").

12         Here, the Second Superseding Indictment defines the Aryan Brotherhood enterprise as
13 "including its leaders, members, and associates." ECF 656, at 2.  The Second Superseding Indictment
14 also describes the enterprise's membership criteria, command structure, codes of conduct, purposes, and
15 shared symbols; in short, each component makes up the method and means by which the enterprise
16 executes its criminal activities. ECF 656, at 1-4. Finally, the Second Superseding Indictment alleges
17 thirteen predicate acts carried out by the enterprise in furtherance of the RICO conspiracy in Count One,
18 including: (1) the murder of Victim-1 and Victim-2, (2) conspiracy to commit the murder of Victim-3,
19 (3) the murder of Victim-5, (4) a conspiracy to commit a robbery in Alabama, (5) a conspiracy to
20 commit a robbery in Oregon, (6) a conspiracy to commit arson, (7) a conspiracy to commit EDD fraud,
21 (8) a conspiracy to distribute and the distribution of methamphetamine and heroin, (9) the stabbing of
22 Victim-8, (10) the attempt to distribute methamphetamine, (11) the murder of Victim-11 and Victim-12,
23 (12) a conspiracy to commit fraud, and (13) the murder of Victim-13. ECF 656, at 7-8.

24         In this case, evidence of the defendant's association with the Aryan Brotherhood, the enterprise's
25 command structure, codes of conduct, and purposes, directly informs and provides context to orders to
26 commit murders, conspiracies to murder, engaging in large-scale drug trafficking, and conspiracies to
27 commit other criminal offenses, as well as the completed criminal acts themselves, and all are "relevant
28 to the RICO charges" against each defendant "because [they] tend[] to prove: (i) the existence and

UNITED STATES' OPPOSITION TO
DEFENDANT BASH'S MOTION TO SEVER

11

1 nature of the RICO enterprise and (ii) a pattern of racketeering activity on the part of each defendant by
2 providing the requisite relationship and continuity of illegal activities." *DiNome*, 954 F.2d at 843. In
3 other words, the evidence of the Aryan Brotherhood enterprise and its racketeering activity—including
4 murders and conspiracies to commit murder—will still be admissible at trial against defendant even if
5 his case is severed, because this evidence is direct proof of the elements of the RICO conspiracy the
6 defendant is charged with in Count One. *See id*. This is true even if defendant did not personally
7 participate in each of the RICO predicates discussed above. *See id*. ("Proof of [RICO] elements may
8 well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO
9 case may reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those
10 acts is relevant to the RICO charges against each defendant, and the claim that separate trials would
11 eliminate the so-called spillover prejudice is at least overstated if not entirely meritless."); *see also*
12 *United States v. Finestone,* 816 F.2d 583, 585–87 (11th Cir. 1987) (upholding admission of murder,
13 kidnapping, and drug trafficking by enterprise member other than defendant in RICO case to prove
14 pattern of racketeering activity); *United States v. Gonzalez*, 921 F.2d 1530, 1545–47 (11th Cir. 1991)
15 (uncharged crimes by defendant and other conspirators admissible to prove the enterprise and
16 continuity); *United States v. Brady*, 26 F.3d 282, 286–88 (2d Cir. 1994) (holding that uncharged murders
17 committed by non-defendant members of the Colombo LCN family were admissible to prove the
18 Colombo family enterprise and the charged conspiracy by a faction of the Colombo family to kill
19 members of a rival faction of the Colombo family); *United States v. Coonan*, 938 F.2d 1553, 1561 (2d
20 Cir. 1991) (holding that admission of evidence of murders by enterprise members occurring prior to the
21 defendant's joining the enterprise was proper to show the existence of the enterprise); *United States v.*
22 *Ellison*, 793 F.2d 942, 949 (8th Cir. 1986) (holding that uncharged crimes of violence by other members
23 of the enterprise were admissible to establish existence of enterprise). Therefore, if this Court severed
24 defendant from the co-defendants, it would result in the Court presiding over two nearly identical trials
25 and burdening two sets of jurors.
26       In his motion, defendant fails to demonstrate how judicial efficiency is achieved, or court funds
27 conserved, or inconvenience to jurors, witnesses, and public authorities diminished, by holding two
28 separate trials where the same evidence demonstrating the Aryan Brotherhood's membership, command

UNITED STATES' OPPOSITION TO
DEFENDANT BASH'S MOTION TO SEVER

12

structure, codes of conduct, purposes, and pattern of racketeering activity are introduced twice before two different juries.

Given this, significant resources would be expended as a result of multiple, duplicative trials, as well as a heightened risk of safety to witnesses if defendant's case was severed.

Due to the complex nature of this matter, voluminous discovery, the government's reliance upon the same evidence to prove the RICO conspiracy allegations in Count One against the defendant and co-defendants, as well as the Conspiracy to Commit Murder allegation in Count Six against the defendant and co-defendants, defendant's motion to sever should be denied.  *See Yandell*, No. 2:19-cr-00107-KJM, 2023 WL 2620418 (E.D. Cal. March 23, 2023) (denying a motion to sever in a RICO conspiracy case involving members of the Aryan Brotherhood where case was complex, the same body of evidence would be relied upon by the government to prove the charges, and prejudice had not been shown by defendants requesting severance).

### D. CONCLUSION

There is a preference for joint trials in the federal system and the defendant's motion does not overcome that preference.  Defendant has not shown how a joint trial prejudices his trial rights, nor how a jury would be prevented from "making a reliable judgment about guilt or innocence" if this matter proceeded to a joint trial.  Thus, for the reasons stated above, severance is not warranted, and defendant's motion should be denied.

Dated: February 21, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney