PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT-SKO |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO KENNETH JOHNSON'S APPEAL OF MAGISTRATE DENIAL OF MOTION |
| v. | |
| KENNETH JOHNSON, et al. | DATE: June 24, 2024<br>TIME: 10:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |
| Defendants. | |

The United States of America, by and through Phillip A. Talbert, United States Attorney, and Stephanie M. Stokman, Assistant United States Attorney, submits this opposition to Defendant Kenneth Johnson's Appeal of Magistrate Denial of Motion. Dkt. 1038.

I. **BACKGROUND**

On September 8, 2022, a grand jury returned a detailed Superseding Indictment against defendants charging them with participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d), and Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959. Dkt. 391, 392.

On March 9, 2023, this Court designated the matter complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) due to the number of defendants, voluminous discovery, and nature of prosecution which includes capital eligible offense. Dkt. 549.

On May 11, 2023, a grand jury returned a detailed Second Superseding Indictment against the defendants charging them with participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d),

1  Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959, and other related charges.  ECF 641,
2  656.  The Second Superseding Indictment contains a detailed description of the government's theory and
3  evidence of the Aryan Brotherhood as a criminal enterprise, including facts about its formation,
4  membership, command structure, codes of conduct, purposes, symbols, and method and means of
5  operation.  ECF 656, at 2–5.  The Second Superseding Indictment also describes defendants' roles and
6  activities within the enterprise.  ECF 656, at 5–8.  The Second Superseding Indictment additionally
7  contains information regarding the murder of four individuals, as contained in Counts Two through
8  Three.  ECF 656, at 12-18.
9        On February 14, 2024, defendant Francis Clement filed a motion requesting the return to the
10 California Department of Corrections and Rehabilitation (CDCR) (Dkt 937), and defendant Kenneth
11 Johnson joined said motion on February 16, 2024 (Dkt. 948).
12       On April 4, 2024, a hearing on the motion was held by the Honorable Sheila K. Oberto,
13 Magistrate Judge for the Eastern District of California, and the motion was denied.  Dkts. 1025 and
14 1028.  Defendant Johnson now appeals the denial.

## II.    DISCUSSION

16     A reviewing court must review a Magistrate's Order to determine if it "is clearly erroneous or
17 contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Local Rule 303(f) ("The standard that the assigned
18 Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28
19 U.S.C. § 636(b)(1)(A)."). "To find a magistrate judge's decision 'clearly erroneous,' the district court
20 must have a 'definite and firm conviction that a mistake has been committed.'" *Na Pali Haweo Cmty.*
21 *Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008) (quoting *Burdick v. Comm'r Internal Revenue*
22 *Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992)).  "A decision is 'contrary to law' if it applies an incorrect
23 legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n*,
24 252 F.R.D. at 674 (quoting *Conant v. McCoffey*, 1998 WL 164946, at *2 (N.D. Cal. March 16, 1998)).
25       The government relies upon, and incorporates herein, the arguments stated within the opposition
26 papers filed in response to the above-mentioned motion. Dkt. 980. The ruling by the Magistrate Judge
27 should be upheld as defendants' motion and request to return to CDCR was properly denied when
28 defendants did not meet their burden to demonstrate that the denial of their constitutional right to access

to counsel had occurred.

### III. CONCLUSION

The Magistrate Judge made a proper ruling based upon legal authority and controlling statutes. Thus, this Court should uphold the Magistrate's ruling. Additionally, the government does not believe a hearing is necessary in this matter.

Dated: May 14, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney