W. SCOTT QUINLAN, 101269
Attorney at Law
2300 Tulare Street, Ste. 300
Fresno, Ca 93721
Telephone: (559) 442-0634

Attorney for Defendant KENNETH BASH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BASH, et al.<br><br>Defendants. | No.  1:20-cr-00238 JLT SKO<br><br>**DEFENDANT KENNETH BASH'S REPLY TO GOVERNMENT'S OPPOSITION TO HIS MOTION TO DISMISS COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT**<br><br>Date:   July 15, 2024<br>Time:   10:00 a.m.<br>Place:  Courtroom 4 |

Defendant Kenneth Bash has moved to dismiss Count One of the Second Superseding Indictment for failure to allege a crime against him. His motion is based upon the allegations of that Count,[1] and that is all that it is based upon. The point that defendant wishes to stress in his motion is that the specific allegations in Count One refute general allegations

As set forth in <u>Salinas v. United States</u>  (1997) 522 U.S. 52, at 63-64; in a conspiracy to violate RICO, "[t]he partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other". The conspiracy is the agreement.

///

---

[1] Those allegations include the general allegations that are incorporated by reference.

1

In <u>Salinas</u> the sheriff and his Chief Deputy, who oversaw and was in charge of the jail, agreed to allow a prisoner to have unsupervised contact visits with his wife or girlfriend. At issue was whether Salinas, the deputy, must personally agree to commit two predicate RICO acts of accepting a bribe. What was not at issue was whether Salinas agreed to operate or manage the affairs of the enterprise (the jail) through a pattern of RICO acts. It was clear that he had.

<u>Salinas</u> was cited with approval in <u>Ocasio v. United States</u> (2016) 578 U.S. 282, a Hobbs Act conspiracy case. Again, the Court held that for a conspiracy, each conspirator must have specifically intended that **some conspirator** commit each element of the substantive offense they agreed to commit (page 292, original emphasis).

The Court gave the following example of what would not constitute a conspiracy, at page 298 of its <u>Ocasio</u> opinion, addressing bribes to public officials:

> "For example, imagine that a health inspector demands a bribe from a restaurant owner, threatening to close down the restaurant if the owner does not pay. If the owner reluctantly pays the bribe in order to keep the business open, the owner has "consented" to the inspector's demand, but his mere acquiescence in the demand does not form a conspiracy."

The allegations of Count One refute the contention that Mr. Bash agreed how the affairs of the RICO enterprise, identified as the Aryan Brotherhood, were to be conducted. As noted in his initial motion, the Grand Jury has charged in Count One that the AB is governed by a three-man commission with authority over the entire enterprise. Certain senior members of the organization have more authority than others (par. 7).[2]

Members who do not fulfill their obligations to the AB are subject to murder (par. 10). In addition to members, the enterprise includes associates, who are closely affiliated with the AB.

Associates who do not fulfill their obligations to the enterprise are subject to murder (par. 11). Inmates and others who do not follow the orders of the AB are subject to retaliation, including physical assault or murder (par. 13).

---

[2] Paragraph references are to Count One of the Second Superseding Indictment.

The leaders and members of the AB direct, sanction, approve, and permit other members and associates to carry out criminal acts in furtherance of the enterprise (par. 15a).

These above allegations are incorporated into Count One, the RICO conspiracy. Defendant Bash is identified in Count One as a person "employed by and associated with the AB" (par. 18). [3] He is alleged to have conspired to violate 18 U.S.C. §1962(c) by conducting and participating "directly and indirectly, in the conduct of the affairs of the AB through a pattern of racketeering activity" (par. 18).

As the Indictment affirmatively alleges that leaders and members of the AB, which Mr. Bash is not, are the ones who direct, sanction, approve, and permit other members and associates to carry out criminal acts, it is clear that Mr. Bash has no part in any agreement by AB members as to how the affairs of the Aryan Brotherhood should be conducted. That is the conspiracy defined under Salinas, supra. The RICO conspiracy charged does not set forth essential allegations of a violation of 18 U.S.C. §1962(d) by Mr. Bash because it refutes that he agreed how the enterprise was to operate, and affirmatively alleges that if he did not do as directed he was subject to murder.

Accordingly, Mr. Bash moves to dismiss Count One of the Second Superseding Indictment alleged against him.

Dated: May 20, 2024

Respectfully submitted,

/s. W. Scott Quinlan
W. Scott Quinlan, Attorney for
Defendant, KENNETH BASH

---

[3] Mr. Bash is not listed among those who direct, sanction, approve, or permit criminal acts.