W. SCOTT QUINLAN, 101269
Attorney at Law
2300 Tulare Street, Ste. 300
Fresno, Ca 93721
Telephone: (559) 442-0634

Attorney for Defendant KENNETH BASH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BASH, et al.<br><br>Defendants. | No. 1:20-cr-00238 JLT SKO<br><br>**DEFENDANT KENNETH BASH'S SUPPLEMENTAL REPLY POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT**<br><br>Date: July 15, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 4 |

Defendant Kenneth Bash submits that the RICO conspiracy count fails to allege a RICO conspiracy violation against him because it only alleges a conspiracy to conduct and participate in the conduct of the affairs of the AB through a pattern of racketeering activity (Second Superseding Indictment at page 6, line 2-page 8, line 21). However, a RICO conspiracy requires an agreement to **facilitate a scheme which includes** the operation or management of a RICO enterprise (United States v. Cervantes (9th Cir., 2020 unpublished) 2021 WL 2666684 at pages 5-6, addressing jury instruction containing a similar defect, but ruling that other instructions cured the error; United States v. Young (9th Cir., 2017 unpublished) 720 Fed.Appx. 846 at 850; both citing United States v. Fernandez (9th Cir., 2004) 388 F.3d 1199, 1230).

1

     Further, although not set forth in Ninth Circuit Pattern Instructions, in the Ninth Circuit all conspirators must voluntarily enter the conspiracy agreement (<u>Leyvas v. United States</u> (9th Cir., 1958) 264 F.2d 272 at 274).

     As set forth in Mr. Bash's initial motion to dismiss Count One and in his reply to the government's opposition, the indictment alleges that Mr. Bash was not an AB member, he had no role in deciding how the enterprise was to be conducted, and he would be murdered if he did not comply with the directives of AB members.

     The Indictment does not allege that Mr. Bash agreed to facilitate a scheme which included the operation or management of a RICO enterprise. Further, the allegations of the indictment refute any inference that he voluntarily entered such a conspiracy.

     For these reasons, previously addressed in Mr. Bash's initial motion to dismiss and in his reply to the government's opposition, and amplified herein, the motion to dismiss Count One charging Mr. Bash with a RICO conspiracy should be granted.

Dated: May 30, 2024                                                     Respectfully submitted,

                                                                                           /s. W. Scott Quinlan
                                                                                           W. Scott Quinlan, Attorney for
                                                                                           Defendant, KENNETH BASH