W. SCOTT QUINLAN, 101269
Attorney at Law
2300 Tulare Street, Ste. 300
Fresno, Ca 93721
Telephone: (559) 442-0634

Attorney for Defendant KENNETH BASH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH BASH, et al.<br><br>　　　　　Defendants. | No. 1:20-cr-00238 JLT SKO<br><br>**DEFENDANT KENNETH BASH'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS COUNT ONE OF THE THIRD SUPERSEDING INDICTMENT**<br><br>Date:　July 15, 2024<br>Time:　10:00 a.m.<br>Place:　Courtroom 4 |

**THE REQUIRED CONTENTS OF AN INDICTMENT**

An indictment must set forth each element of the crime that it charges (United States v. Resendiz-Ponce (2007) 549 U.S. 102 at 107, quoting Almendarez-Torres v. United States (1998) 523 U.S. 224, 228.

In this Circuit it is a structural error requiring automatic reversal on appeal for an indictment to fail to recite an essential element of an offense (United States v. Omer (9th Cir., 2005) 395 F.3d 1087, 1089; en banc rehearing denied at 429 F.3d 835 (2005); subsequent denial by the Supreme Court to address the Circuit split on whether such error was structural (United States v. Resendiz-Ponce (2007) 549 U.S. 102 at 103-104).

///

1

The government obfuscates the issue by detailing facts it intends to produce at trial. However, this motion is addressed to the pleading as found by the grand jury. What is alleged in the indictment is that Mr. Bash conspired by conducting and participating in the conduct of the affairs of the AB through a pattern of racketeering activity i.e., he agreed to commit discrete crimes (par. 18 of indictment). It does not allege that Mr. Bash conspired to "facilitate a scheme which includes the operation or management of a RICO enterprise" as required by United States v. Fernandez (9th Cir., 2004) 388 F.3d 1199 at 12330.

As Mr. Bash pointed out in his initial points and authorities, giving a RICO conspiracy jury instruction that tracks the language of the conspiracy indictment in this case is reversable error (United States v. Young (9th Cir., 2017, unpublished) 720 Fed.Appx. 846 at 850).

Mr. Bash has also pointed out that in this Circuit all conspiracies must be voluntarily entered (Leyvas v. United States (9th Cir., 1958) 264 F.2d 272, 274).

Count One of the Third Superseding Indictment alleges that Mr. Bash was associated with and employed by the AB, had no role in deciding how it was to operate, and had no choice but to follow orders of the AB. This is alleged at paragraphs 7, 11, 15a, and 18. These specific allegations in Count One refute conclusory allegations that the government relies upon because they establish that Mr. Bash had no role in determining how the enterprise was to operate, do not contain the essential allegations that Mr. Bash agreed to facilitate a scheme which includes the operation or management of a RICO enterprise, and instead affirmatively allege that if Mr. Bash did not do as directed by the AB he was subject to murder.

Despite the government's recitation of facts it intends to produce at trial, this motion turns on the sufficiency of the indictment as to the RICO conspiracy charge as found by the grand jury.

Defendant Kenneth Bash submits that those allegations do not set forth a RICO conspiracy charge against him.

Dated: June 25, 2024   Respectfully submitted,

/s/ W. Scott Quinlan
W. Scott Quinlan, Attorney for
Defendant KENNETH BASH

2