PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:   (559) 497-4099

Attorney for Plaintiff United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BASH, et al.<br><br>Defendants. | No.  1:20-cr-00238 JLT-SKO<br><br>STIPULATION REGARDING PRODUCTION OF EXHIBITS FOR WEIGHING AND CHEMICAL ANALYSIS |

      Plaintiff, the United States Attorney's Office for the Eastern District of California, by and through its counsel of record, Assistant United States Attorney Stephanie Stokman, and Defendant KENNETH BASH, by and through his counsel of record W. Scott Quinlan, hereby stipulate and agree as follows:

      **A.**    **STIPULATION REGARDING REWEIGHING**

      1.    Defendant BASH has requested the reweighing of several Controlled Substance Exhibits set forth below pursuant to Federal Rules of Criminal Procedure 16(a)(1)(E).

      2.    The government does not object to the reweighing consistent with the procedures set forth herein.

///


3.    In accordance with Fed.R.Crim.P. 16(a)(1)(E), the Government shall allow the defense expert to inspect and weigh those exhibits identified as:

a)    U.S. Department of Justice-Drug Enforcement Administration (DEA) Exhibit # and analyzed by the DEA and identified in Chemical Analysis Report as:

Exhibit 1B15 LIMS number 2021-SFL7-05480, Exhibit 1B17-LIMS number 2020-SFL7-05693, Exhibit 1B55 LIMS number 2020-SFL7-06275, Exhibit 1B58-LIMS number 2021-SFL7-05786, Exhibit 1B77 LIMS number 2023-SFL7-00160 and Exhibits 1B76.01, 1B76.01 and 1B76.02 LIMS number 2023-SFL7-00161. (these items are hereinafter referred to as the "Controlled Substance Exhibits").

b)    Fresno County Sheriff's Office, Forensic Laboratory Items # and analyzed by the Fresno County Sheriff's Forensic Laboratory in Controlled Substances Analysis Report 20-10701a for the following Items:

Item 2a-1, 2a-2, 2b, and 5. (these items are hereinafter referred to as the "Controlled Substance Exhibits").

4.    The Government shall deliver the Controlled Substance Exhibits to the defense expert. The defense expert is specifically identified as Minh Tran and the laboratory at which the reweighing will occur is specifically identified as Drug Detection Laboratories, Inc., 9845 Horn Road, Ste. 150, Sacramento, CA 95827. Drug Detection Laboratories, Inc. shall possess and present in advance, as a prerequisite to the delivery of the Controlled Substance Exhibits a current and valid DEA registration sufficient to perform the inspection and reweighing of the schedule of controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. §1301.11 et seq.; and

5.    Upon delivery of the Controlled Substance Exhibits to the defense expert, the expert shall conduct the inspection and reweighing(s) ordered herein and shall provide the Government a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. §1746. The Declaration will be executed by the expert who conducted the inspection and reweighing(s) and will state the quantity of each exhibit consumed during analysis, if any, as well as the weight of each exhibit both received from and returned to the Government; and

1      6.    To the extent applicable, in accordance with Fed.R.Crim.P. 16(b)(1)(B), the
2 defendant shall provide the Government with a copy of the results or reports of the inspections
3 and weighing(s) provided under this Order.

4      7.    The inspection and weighing of the Controlled Substance Exhibits identified in
5 this Order will be conducted first and separately from the retesting order set forth herein;

6      8.    The defense expert shall coordinate with the Government a convenient date and
7 time for the inspection and weighing ordered herein, which date shall be within thirty (30) days of
8 the date of this Order;

9      9.    The defense expert's inspection and reweighing shall be observed by a
10 Government law enforcement officer, who will remain with the Controlled Substance Exhibits
11 until the reweighing is complete and who reserves the right to videotape the inspection and
12 weighing, or any portion thereof;

13     10.   The defense expert is responsible for repackaging each exhibit in a heat-sealed
14 envelope, which heat-sealed envelope shall be placed in a separate heat-sealed envelope, which
15 shall be secured in such a manner that tampering will be readily observable;

16     11.   To the extent applicable, the defense expert shall execute and return by Registered
17 Mail, Return Receipt Requested, any DEA forms necessary to receive temporary possession of
18 the Controlled Substance Exhibits, including a Form DEA-12 (Receipt for Cash Or Other Items)
19 indicating receipt of the sample; and

20     12.   The defense expert shall, immediately upon completion of the inspection and
21 reweighing ordered herein, return the Controlled Substance Exhibits to the accompanying
22 Government law enforcement officer, who shall maintain custody of the Controlled Substance
23 Exhibits and deliver them to a safe and secure location for storage.

24     13.   Any failure to follow the aforementioned procedures will render the reweighing
25 results scientifically unreliable, as those terms are used in the Federal Rules of Evidence. In
26 additions, any failure by the defense to maintain the proper chain-of-custody during the
27 reweighing will not render the Controlled Substance Exhibits inadmissible for this reason.
28 ///

**B.**     **<u>STIPULATION REGARDING RETESTING</u>**

14. Defendant BASH has requested the retesting of the Controlled Substance Exhibits pursuant to Federal Rules of Criminal Procedure 16(a)(1)(E).

15. The government does not object to the retesting consistent with the procedures set forth herein.

16. In accordance with Fed.R.Crim.P. (16)(a)(1)(E), the Government will make available the Controlled Substance Exhibits for the defense expert, who will extract samples from the Controlled Substance Exhibits sufficient in its discretion to perform the qualitative and/or quantitative reanalysis (including methamphetamine purity);

17. The defense expert shall weigh and document each extracted sample and provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. §1746. The Declaration with state:

    a)  the weight of each Controlled Substance Exhibit after the sample has been extracted;

    b)  the weight of each sample before testing, and

    c)  the weight of the sample (in the case of sample existing after testing), post-testing and returned to the Government.

The Declaration shall be delivered to the Government immediately upon completion of the re-analyses ordered herein.

18. To the extent applicable, in accordance with Fed.R.Crim.P. 16(b)(1)(B), the defendant shall provide the Government with a copy of the results or reports of the retesting provided under this Order.

19. The defense shall coordinate with the Government a convenient date and time for the representative sample collection and re-analyses ordered herein, which dates shall be within thirty (30) days of the date of this Order.

20. The defense expert's sample extractions and analyses may be observed by Government law enforcement officers, who reserve the right to videotape the sample extraction and re-analyses or any portion thereof.

21. The defense expert is responsible for safeguarding the samples and Controlled Substance Exhibits and preserving the chain of custody in a manner to faithfully protect their integrity.

22. The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable.

23. Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer or, where applicable, to the originating laboratory by secure method, not to include regular mail. The method can be secured delivery services (i.e. barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier.

24. All re-analysis must be completed within ten (10) calendar days from the date of receipt of the sample(s)/exhibit(s). Return of any residual substance and its original packaging must occur immediately after extraction if the Government agent is present, or if the government agent is not present, then within five (5) calendar days of the extraction. Return of any residual substance and its original packaging must occur within five (5) calendar days following completion of the reanalysis.

Dated: June 13, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ *Stephanie M. Stokman*
Stephanie M. Stokman
Assistant United States Attorney

Dated: June 17, 2024

/s/ Scott Quinlan
W. Scott Quinlan, Attorney for
Defendant, KENNETH BASH