JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 1:20-cr-00238-JLT-SKO** |
| Plaintiff, | **JUSTIN GRAY'S REPLY TO OPPOSITION TO MOTION TO SUPPRESS EVIDENCE OF FIREARMS AND OTHER ITEMS SEIZED AT THE TIME OF HIS ARREST (MOTION, Doc. # 1119)** |
| vs. | |
| JUSTIN GRAY, et al. | |
| Defendants. | Date: September 9, 2024<br>Time: 10:00 am<br>Place: Courtroom 4, Hon. Jennifer L. Thurston |

## I. INTRODUCTION.

Defendant Justin Gray, through counsel, has filed a motion requesting the Court find that items seized at the time of Mr. Gray's arrest are inadmissible at the trial in this matter. Doc. # 1119. The government opposes the motion. Doc. # 1202. The government's reasons are that (1) the motion is premature and (2) the items involved could conceivably be relevant because of the scope of evidence that might be offered to prove a violation of 18 U.S.C. § 1959, a "VICAR" murder charge. Neither of these reasons support a denial of the motion.

Justin Gray's Reply to Opposition to Motion
 for Suppression of Evidence of Firearms and Other Items

1

## II. THE MOTION IS NOT PREMATURE.

The trial in this case is currently set for January of 2025. Doc. # 916. The government complains that the motion is a "premature motion in limine" brought "too early" and too "far in advance of trial." Doc. # 1202, 1.

A motion in limine is nothing more than a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, fn 2 (1984). And, of course, there is no prohibition against bringing a motion to exclude evidence prior to trial. Federal Rule of Crim. Pro. 12(b)(1). Trial preparation, for a defendant, involves an evaluation of the prosecution's evidence and such an evaluation benefits from knowing not just the type and source of the evidence, but whether the evidence is admissible in the first place. Gaining a judicial ruling on a motion to suppress clarifies matters and enables the defense to prepare for trial in an efficient and strategic way.

The government has presented evidence in this case to various grand juries. The government has superseded the original indictment three times. Yet the government can posit no reason why the firearms, drugs, ammunition, and other items seized during the December 10, 2020, arrest and searches in Ontario might be relevant to the events that occurred on October 4, 2020, in Lomita.

Instead, the government notes that it is "preparing its case in chief, which is an ongoing process" and "it is not possible to say which of the government's evidence may be admissible." Doc. # 1202, 4. It assures the Court that the questions of admissibility and relevance "will come into focus in the coming months as this case moves toward trial." Doc. # 1202, 6. The government asks the Court to deny the motion as premature or "hold it in abeyance." Doc. # 1202, 7.

The government is incorrect when it states that Mr. Gray does not "assert a constitutional violation." Doc. # 1202, 3. Rather, the extreme prejudicial effect of the admission of the guns and drugs would result, as the motion points out, in a violation of due process and fair trial rights under the Constitution. See *McKinney v. Rees*, 993 F.2d

Justin Gray's Reply to Opposition to Motion
 for Suppression of Evidence of Firearms and Other Items

1378, 1384-1385 (9th Cir. 1993).  This very constitutional violation is what the motion is trying to avoid, and the reason it is being brought now.  In order to prepare for trial, the defense needs to be able to accurately assess the government's case, and respond, if necessary, to tangential, unduly prejudicial evidence.

Essentially, the government's position is a dodge.  Unable to imagine a theory of relevance, the government asks to defer the ruling on the question of admissibility.  The Court should grant the motion.  Should circumstances change, the government can request that the Court reconsider the pretrial ruling.

### III.     THE SCOPE OF VICAR LIABILITY DOES NOT CONFER RELEVANCE.

The government also argues that the scope of relevance for a VICAR murder allegation is "far broader than that which would be used to prove only the predicate homicide at the center of the VICAR charge."  Doc. # 1202, 4.  Proving that the murder was in aid of a racketeering enterprise may indeed broaden the scope of relevance, but the government fails to identify how the expanded scope makes the drugs and guns found in December of 2020 relevant.

The indictment alleges two VICAR murders that occurred at the same time, early on October 4, 2020, in Lomita.  Mr. Gray was not arrested the next day, the next week, or the next month.  He was taken into custody 67 days, or 10 weeks, later, in Ontario.  Even assuming the government can prove that the homicides were related to a racketeering enterprise, two months had gone by before the arrest.  There is no allegation that Mr. Gray's activities at the La Quinta Inn in December, or the weapons seized there, were involved in a racketeering enterprise.  Those items have no connection to the homicides.

The government has the burden of showing why and how the prejudicial evidence seized on December 10 is relevant.  *United States v. Sims*, 617 F.2d 1371, 1378 (9th Cir. 1980); *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir. 1979).  Like the argument that the motion is premature, the argument that the motion is "incomplete" because it fails to recognize the breath of admissible evidence in a VICAR prosecution, is another dodge.  Mr. Gray has asked this Court to suppress the items seized in December

Justin Gray's Reply to Opposition to Motion
 for Suppression of Evidence of Firearms and Other Items

at his arrest because those items are irrelevant to the charged murders and unduly prejudicial. The government simply asserts that the scope of VICAR allegations is quite broad without actually identifying a path of relevance.[1]

## IV. CONCLUSION

For the forgoing reasons, and the reasons discussed in the memorandum in support of the motion, counsel for Mr. Gray request that the Court grant this motion to suppress the firearms, drugs, ammunition and all items seized during the December 10, 2020 arrest and search of the hotel room and Prizm.

Dated: August 13, 2024.                    Respectfully submitted,

/s/ James S. Thomson

/s/ Timothy J. Foley

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

---

[1] The government also points out that a phone was seized during the arrest. Doc. # 1202, 7. Obviously, the possession of a phone is not prejudicial to a defendant in the same way as the possession of firearms, drugs, and ammunition could be. Regardless, the government speculates, without any specificity, that there might be data in this phone relevant to the murders. Until such time as the government actually points to something relevant, however, the grounds for exclusion remain as to all items seized at the time of Mr. Gray's arrest, including the phone and the data in it.