JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile: (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN GRAY, et al.<br><br>Defendants. | **Case No. 1:20-cr-00238-JLT-SKO**<br><br>**JUSTIN GRAY'S REPLY TO OPPOSITION TO MOTION TO SUPPRESS CELL PHONE DATA (MOTION, Doc. # 1120)**<br><br>Date: September 9, 2024<br>Time: 10:00 am<br>Place: Courtroom 4; Hon. Jennifer L. Thurston |

Defendant Justin Gray, through counsel, has filed a motion for an order suppressing certain cell phone data collected during the investigation. Doc. # 1120. The government opposes the motion. Doc. # 1196. Mr. Gray submits this reply.

The government's opposition essentially makes two arguments. First, the government asserts that the unnamed confidential informant's information was sufficiently corroborated to satisfy the probable cause requirement. Second, the government argues that the lack of probable cause is irrelevant because the "good faith" exception, promulgated in *United States v. Leon*, 468 U.S. 897 (1984), applies.

## I. THE PURPORTED CORROBORATION WAS INSUFFICIENT.

If the probable cause assertions underlying a request for a warrant are based on the statements of a confidential informant, the affidavit must include "'some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was "credible" or his information "reliable."'" *Franks v. Delaware*, 438 U.S. 154, 165 (1978); see *United States v. Stanert*, 762 F.2d 775, 779 (9th Cir. 1985). "It is well settled that information from an untested or unreliable informant does not establish probable cause unless it is 'corroborated in essential respects by other facts, sources or circumstances.'" *Hernandez v. Muniz*, 2019 WL 1877339, at *10 (N.D. Cal. 2019), quoting *People v. Maestas*, 204 Cal.App.3d 1208, 1220 (1988).

The government's primary argument is that the information in the affidavit received from the nameless, unknown[1] confidential informant was corroborated in a number of ways and, thus, sufficient probable cause was established. Proper scrutiny reveals that the purported corroboration was insufficient.

The information derived from the interview of G.S. discussed at Doc. # 1196, 2 and 5-6, provides no corroboration of the confidential informant's information, and no connection between Mr. Roshanski and Mr. Gray. Nor was there anything in Mr. Roshanski's statements that he was headed for a "trap house" in Long Beach that would suggest interaction with Mr. Gray.

The confidential informant's insertion of Mr. Gray "as a person potentially involved in the murder" was not, as the government asserts, corroborated. Doc. # 1196, 6. Certainly, the government had information about the two homicides, where and when they occurred, and had possession of two phones (one from Mr. Roshanski's body and

---

[1] The government asserts that the description of the confidential informant as "unknown" is a mischaracterization. Doc. # 1196, 6 fn 3. Not so. There is no indication in the affidavit that the confidential informant was known to Detective Aguilera. Nowhere does the affidavit go beyond Officer Makari's statement regarding the statement of the nameless confidential informant. The confidential informant appears to have been completely unknown to the detective.

one from his nearby car). But it is the credibility and reliability of the confidential source that must be corroborated, not "innocent static details" about the criminal acts. *United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994).

Officer Makari provided (unsworn) information regarding the confidential informant overhearing what the government characterizes as a "confession." Doc. # 1196, 7. There is no confirmation or corroboration regarding the circumstances of *that information*: no details regarding when and where the statement was made or who was present; no information that Mr. Gray was in Long Beach at the time; and no facts showing the informant's relationship with or connection to Mr. Gray. Certainly, the information regarding Mr. Gray's purported statement was something investigators could have pursued, but there is nothing in the affidavit showing the reliability or credibility of the information. In fact, the opposite is apparent: no showing that the nameless confidential informant was in any way trustworthy or reliable; no details regarding the time and place and manner of the supposed "confession;" and no follow up to substantiate the circumstances surrounding the statement.

It is true that one of the phone numbers associated with Mr. Gray was purportedly discovered in Mr. Roshanski's phone. But that discovery occurred only *after* and occurred only *because* of the confidential informant's information. And the affidavit does not reveal the extent of Mr. Roshanski's activities on his two phones. It is possible that dozens of telephone calls were made to dozens of phone numbers during the time period before the shooting.

The detective executing the affidavit had no basis to believe that the hearsay information provided to another law enforcement officer was reliable, and the affidavit does not contain any subsidiary facts to provide that reliability. The warrant was not supported by probable cause and is therefore invalid.

## II. THE GOOD FAITH EXCEPTION IS INAPPLICABLE.

"Under *United States v. Leon*, 468 U.S. 897 (1984), evidence seized under a facially-valid warrant later found to be invalid may be admissible if the executing officers act in good faith and in reasonable reliance on the warrant." *United States v. Crozier*, 777 F.2d 1376, 1381 (9th Cir. 1985). This "good faith" exception to the exclusionary rule is applicable only where the officer's actions are "objectively reasonable." *Leon*, 468 U.S. at 919-20; *United States v. Camou*, 773 F.3d 932, 944 (9th Cir. 2014). The burden of demonstrating the good faith exception rests with the government. *Camou*, 773 F.3d at 944; *United States v. Kow*, 58 F.3d 423, 428 (9th Cir.1995).

The asserted probable cause for the warrant and the collection of the cell phone data was based solely on the affidavit of Detective Aguilera. Any application of the good faith exception turns on an objective assessment of whether the warrant, and the affidavit in support, are facially valid. *United States v. Clark*, 31 F.3d 831, 836 (9th Cir. 1994); *Crozier*, 777 F.2d at 1381. Here, the connection to Mr. Gray was based on unverified information given by an LAPD officer relaying a statement by an unknown confidential informant whose reliability was undemonstrated. As one California court has observed: "it is or should be self-evident that the unverified story of an untested informer is ordinarily unreliable." *People v. Maestas*, 204 Cal.App.3d 1208, 1220 (1988). No probable cause was established.

The good faith exception is inapplicable if the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013); *see United States v. Grant*, 682 F.3d 827, 836 (9th Cir. 2012) ("[S]uppression 'remains an appropriate remedy' when a warrant is based on "an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'") Because the affidavit here provides no basis to believe the statement of the informant, a necessary prerequisite to reliance on such a source, the government has not met its burden to prove that the good faith exception applies in this case. *Camou*, 773 F.3d at 944-945;

*United States v. Luong*, 470 F.3d 898, 905 (9th Cir. 2006) (Good faith exception does not apply where the affidavit submitted lacked any demonstration of probable cause); *United States v. Harding*, 2015 WL 7734211, at *2 (N.D. Cal. 2015) (Good faith exception rejected where downloading of cell phone data was not contemporaneous with arrest).

## III. CONCLUSION

The asserted corroboration is inadequate, and the good faith exception is inapplicable. Based on the foregoing, and the discussion in the memorandum previously filed (Doc. # 1120), this Court should grant the motion to suppress the cell phone data.

Dated: August 13, 2024.

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY