JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN GRAY, et al.<br><br>    Defendants.<br>_____ | **Case No. 1:20-cr-00238-JLT-SKO**<br><br>**JUSTIN GRAY'S REPLY TO OPPOSITION TO MOTION FOR DISCLOSURE OF CRIMINAL RECORD OF CONFIDENTIAL INFORMANT (MOTION Doc. # 1121)**<br><br>Date: September 9, 2024<br>Time: 10:00 am<br>Place: Courtroom 4; Hon. Jennifer L. Thurston |

Defendant Justin Gray, through counsel, has filed a motion for disclosure of the criminal record of the confidential informant whose statement provided support for a warrant requesting cell phone data. Doc. # 1121. The government opposes the motion. Doc. # 1197. Mr. Gray submits this reply.

The government first asserts that, under *Roviaro v. United States*, 353 U.S. 53 (1957), good cause exists for keeping the identity of the confidential informant privileged. Doc. # 1197, 3. Yet, the request is not for the identity of the informant, but for a redacted copy of the informant's criminal record. This is a narrow request, fully supported by the circumstances discussed in the memorandum. Any real concern about the criminal record

1  "tend[ing] to suggest" the identity of the informant (Doc. # 1197, 4) can be dealt with via
2  redaction or through a protective order.
3      The government also argues that the request should be denied because "the
4  reliability of the informant's information and thus, the veracity of the informant was
5  established by other corroborating facts within the search warrant affidavit." Doc. #
6  1197, 4. This argument should be quickly rejected. Even if some corroborating facts
7  existed (a disputed matter), without knowing the extent or nature of the confidential
8  informant's criminal record, it is impossible to assess the effect of the absence of that
9  information on the assessment of the informant's reliability.  After all, the determination
10 of whether an affidavit supplies probable cause for a warrant involves a  "totality of the
11 circumstances" process that includes "the 'veracity' and 'basis of knowledge' of persons
12 supplying hearsay information." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United
13 States v. Seybold*, 726 F.2d 502, 504 (9th Cir. 1984).  One cannot assess the totality of the
14 circumstances without actually knowing the factual circumstances.
15     In *United States v. Hall*, 113 F.3d 157 (9th Cir. 1997), the Ninth Circuit considered
16 whether probable cause supported a search warrant where the government failed to
17 disclose all of an informant's prior convictions, including one for making a false report to
18 police. *Id*. at 158. Nor did it disclose a "probation violation involving death threats to a
19 wounded police officer." *Id*.  The court concluded that probable cause was lacking
20 because, first, the conviction for making a false report to the police seriously undermined
21 the informant's credibility and, second, there was no independent evidence to corroborate
22 the informant's information. See *id*. at 159–61.  Here, there is no independent evidence
23 to support the confidential informant's assertion that Mr. Gray made an incriminating
24 statement.  Thus, if the government withheld crucial information about the confidential
25 informant's record, the warrant is invalid.
26     The government cites *United States v. Elliot*, 322 F.3d 710 (9th Cir. 2003) and
27 *United States v. Ruiz*, 758 F.3d 1144 (9th Cir. 2014) to prop up its argument. Doc. #
28 1197, 4.

In *Elliot*, the affidavit in question disclosed significant background information about the informant, including his extensive arrest history, and supported the informant's credibility by noting his delivery of "six reliable drug-related tips in the preceding three months." The court concluded that the affidavit's failure to include the full criminal history of the informant did not undercut the disclosure of impeachment evidence and the overall showing of reliability. *Elliott*, 322 F.3d at 715-716. Such a situation is a far cry from the facts here, where the affidavit offered absolutely no history of the informant, or any reason to find the informant trustworthy. In this context, the withholding of any significant criminal record would completely undermine the credibility of the information, as in *United States v. Hall*.

In *Ruiz*, the informant tip was only a small piece of the evidence cited in the affidavit. *Ruiz*, 758 F.3d at 1150-51. The opinion specifically distinguished *Hall*, stating "this case is unlike *Hall*, where the only detailed description of the facts underlying the search warrant came from an informant, and there was no significant physical evidence to corroborate his tip." *Id*. at 1151.

Here, Detective Aguilera's affidavit cites information passed on from Officer Makari, a confidential informant's assertion of an incriminating statement supposedly made by Mr. Gray, without any basis for establishing the informant's reliability or discussion of the informant's history. If this informant had a significant criminal record, the information regarding the incriminating statement would be undermined, and if the Los Angeles Sheriff's Department withheld such information in the probable cause affidavit, that warrant violates the Fourth Amendment. At the very least, the confidential informant's criminal record should be disclosed to the defense so that the constitutionality of the search warrant can be assessed.

Dated: August 13, 2024.                    Respectfully submitted,

                                           */s/ James S. Thomson*

                                           */s/ Timothy J. Foley*
                                           _____
                                           JAMES J. THOMSON
                                           TIMOTHY J. FOLEY
                                           Attorneys for JUSTIN GRAY