1  JAMES S. THOMSON
   California SBN 79658
2  Attorney and Counselor at Law
   732 Addison Street, Suite A
3  Berkeley, California 94710
   Telephone: (510) 525-9123
4  Facsimile:  (510) 525-9124
   Email: james@ycbtal.net
5
   TIMOTHY J. FOLEY
6  California SBN 111558
   Attorney at Law
7  1017 L Street, Number 348
   Sacramento, California 95814
8  Telephone: (916) 599-3501
   Email: tfoley9@earthlink.net
9
   Attorneys for Defendant
10 JUSTIN GRAY

11
                IN THE UNITED STATES DISTRICT COURT
12
             FOR THE EASTERN DISTRICT OF CALIFORNIA
13

14 UNITED STATES OF AMERICA,      )  **Case No. 1:20-cr-00238-JLT-SKO**
                                  )
15      Plaintiff,                )  **JUSTIN GRAY'S REPLY TO**
                                  )  **OPPOSITION AND RESPONSE TO**
16 vs.                            )  **MOTION FOR DISCLOSURE OF**
                                  )  **GRAND JURY SCHEDULES,**
17                                )  **INSTRUCTIONS AND MATERIALS**
   JUSTIN GRAY, et al             )  **(MOTION, Doc # 1122)**
18                                )
        Defendants.               )  Date: September 4, 2024
19                                )  Time: 1:00 PM
   _____  )  Place: Courtroom 7, Hon. Sheila Oberto
20

21      Defendant Justin Gray, through counsel, has filed a motion for an order of

22 disclosure of ministerial and procedural grand jury records.  Doc. # 1122.  The

23 government has filed an opposition and response.  Doc. # 1200.  Mr. Gray files this reply

24 to the government's response.

25      Before addressing the specific requests in order, two preliminary matters should be

26 addressed.

27      First, portions of the government's response suggest that the standard articulated in

28 28 U.S.C. § 1867(f) is applicable here.  Doc. # 1200, 3-4.  This assertion is incorrect.

Reply to Opposition to Motion for Disclosure of Grand Jury Instructions

1

1   That statutory provision applies to requests for "records or papers used by the jury

2   commission or clerk in connection with the jury selection process."  Those records are the

3   subject of a separate motion, Doc. # 1125.  The instant motion pertains to schedules and

4   instructions involving the grand jury that returned the indictment in this case, not the

5   selection process of the grand jurors.  It is the proper subject of a pretrial motion brought

6   before the Magistrate Judge.  See Federal Rule of Crim. Pro. 12(b)(1); see also, e.g.,

7   *United States v. Jack*, 2009 WL 435124 (E.D. Cal. 2009) (Order re Defendants' Motion

8   for Disclosure of Ministerial Grand Jury Records); *United States v. Diaz*, 236 F.R.D. 470

9   (N.D. Cal., 2006).

10          Second, the government "inquires", in its conclusion, "whether the motion should

11  be heard by the Chief District Judge and consolidated with [the separate motion, Doc. #

12  1125]."  Doc. # 1200, 10.  The motion regarding jury selection matters, Doc. # 1125, was

13  brought before Chief Judge Mueller pursuant to Section 6.02 of the Juror Management

14  Plan, General Order 678.  Again, the instant motion, Doc. # 1122, relates to matters

15  involving the grand jury that returned the indictment in this case, not the selection process

16  of the grand jurors, and is the proper subject of a pretrial motion brought before the

17  Magistrate Judge.

18          Turning to the specific requests for disclosure:

19  **1.      The grand jury's dates of commencement and termination, and any court**

20          **orders or documents relating to the dates of commencement and termination.**

21          The government does not object to the disclosure of "purely ministerial records"

22  regarding the empanelment of the grand jury, provided that the names of the grand jurors

23  and their identifying information are redacted.  Doc. # 1200, 4.

24          As noted in the motion, the original indictment was returned on December 10,

25  2020 (Doc. # 130), a superseding indictment on September 8, 2022 (Doc. # 430), a

26  second superseding indictment on May 11, 2023 (Doc. # 622), and a third superseding

27  indictment on June 3, 2024 (Doc. # 1098).  The government has recently disclosed that

28  the third superseding indictment was returned by a grand jury selected in 2022.  Doc. #

Reply to Opposition to Motion for Disclosure of Grand Jury Instructions

1    1199, 4.  The government's response also discloses that the grand jury involved was the

2    Fresno grand jury.  Doc. # 1200, 2.  Thus, the government's disclosures indicate that the

3    original indictment was returned by a previous grand jury, while a subsequent Fresno

4    grand jury returned at least one of the superseding indictments.  Consequently, Mr. Gray

5    specifically requests the dates of commencement and termination, and any court orders or

6    documents relating to the dates of commencement and termination, applicable to (1) the

7    grand jury that returned the 2020 indictment, (2) the Fresno grand jury that returned the

8    third superseding indictment (and, seemingly, the 2022 superseding indictments), and (3)

9    any grand juries in between that considered this matter.

10   **2.      The instructions given to the grand jurors**.

11          The government does not object to the disclosure of "purely ministerial records

12   regarding any instructions given to the grand jurors by the Court."  Doc. # 1200, 4.

13   Consequently, this Court should order disclosure of the general instructions given to the

14   grand jurors who returned the third superseding indictment.

15          However, the government objects to the disclosure of instructions given by the

16   United States Attorney's Office during the course of the presentation to the grand jury.

17   Doc. # 1200, 4.  The government argues that the request is governed by Federal Rule of

18   Criminal Procedure Rule 6(e) and that Mr. Gray has not shown a particularized need for

19   disclosure of the instructions.  Doc. # 1200, 5-9.

20          As noted in the motion, however, the request here is not within the scope of Rule

21   6(e) as the instructions given to the grand jury are ministerial and do not touch upon the

22   grand jury's deliberations, investigations, or assessment of evidence.  "[M]inisterial"

23   records or materials relating to the grand jury are not covered by Rule 6(e)'s requirement

24   of secrecy.  See *In re Special Grand Jury*, 674 F.2d 778, 779-781 (9th Cir. 1982)(Public

25   right of access to ministerial grand jury records); *United States v. Diaz*, 236 F.R.D. 470,

26   479 (N.D. Cal. 2006) ("The public right of access to grand jury records that are purely

27   ministerial requires no showing of particularized need on behalf of defendants.")

28

Reply to Opposition to Motion for Disclosure of Grand Jury Instructions

1    The government provides a string cite of opinions denying defense requests for

2    grand jury instructions.  Doc. # 1200, 8.  Many of these opinions have rejected the

3    argument that case-specific instructions are ministerial "ground rules"[1] outside the scope

4    of Rule 6(e).  See, e.g., *United States v. Morales,* 2007 WL 628678, at *4 (E.D. Cal.

5    2007). But, contrary to the government's suggestion, this point is far from settled.  As the

6    district court in *United States v. Belton* concluded:

7        The legal instructions given to the grand jury regarding the charges on
         which they are deliberating are a part of the "ground rules" by which the
8        grand jury conducts its proceedings. The instructions do not reveal the
         substance of the grand jury's deliberative process or other information that
9        would compromise the secrecy that Rule 6 seeks to protect. Therefore,
         Defendant is entitled to disclosure of these instructions even without a
10       showing of particularized need.

11   2015 WL 1815273 (N.D. Cal. 2015) at *3; see also *Jack*, 2009 WL 435124, at *4;

12   *United States v. Crider*, 2021 WL 4169208, at *9 (S.D. Cal. 2021).

13       In actuality, "[a]lthough *Alter* was decided over 50 years ago, district courts remain

14   split on whether to classify the legal instructions given to a grand jury as ministerial."

15   *United States v. Powell*, 2024 WL 3052966, at *2 (N.D. Cal. 2024).[2]  The recent opinion

16   in *Powell* resolved the question in a thoughtful way: an in camera review to see if the

17   disclosure of the instructions would compromise the secrecy of the grand jury

18   proceedings.  *Powell*, 2024 WL 3052966, at *2; see also *Crider*, 2021 WL 4226149, at

19   *9; *United Sates v. Ramirez-Ortiz*, 2021 WL 1662441, at *9 (S.D. Cal.  2021).

20

21

22       [1] *United States v. Alter,* 482 F.2d 1016, 1029, n. 21 (9th Cir. 1973)("The
23   proceedings before the grand jury are secret, but the ground rules by which the grand jury
     conducts those proceedings are not.")
24

25       [2] See also *United States v. Pac. Gas & Elec. Co.*, 2015 WL 3958111, at *12 (N.D.
     Cal. 2015) ("A split of authority has developed regarding whether the legal instructions
26   provided by the prosecutor to the grand jury are the kind of 'ground rules' subject to
     disclosure, or rather whether they go to the substance of the grand jury's deliberation and
27   are therefore afforded a presumption of secrecy. The Ninth Circuit has not yet addressed
28   this precise question.")

Reply to Opposition to Motion for Disclosure of Grand Jury Instructions

1    In assessing a request for grand jury documents, the *Diaz* court promoted a

2  standard that favored disclosure where the documents "do not reveal the substance or

3  essence of the grand jury's investigation or deliberations." *Diaz*, 236 F.R.D. at 476.  The

4  instructions requested here define the role of the grand jury and the guiding law the grand

5  jury was required to follow.  They do not reveal the investigation or the deliberations, nor

6  do they reveal the witnesses or the testimony.  As ministerial records, they should be

7  disclosed.

8  **3.     Records or orders related to any decision to transfer evidence from one grand**

9  **jury to another involving this case.**

10    The government objects to this request, arguing that "[t]he decision to transfer

11  evidence from one grand jury to another is within the sole discretion of the United States

12  Attorney's Office" and asserting that these are not ministerial records.  Doc. # 1200, 9.

13    An order transferring evidence, and the instructions given to the grand jury

14  regarding the consideration of that evidence, are matters that "generally relate to the

15  procedural aspects of the impaneling and operation of the . . . Grand Jury, as opposed to

16  records which relate to the substance of the . . . Grand Jury's investigation." *Diaz*, 236

17  F.R.D. at 476, quoting *Special Grand Jury*, 674 F.2d at 779, fn 1.  As such, they are

18  ministerial, and, like the general instructions given to the grand jury by the court, the

19  orders and instructions relating to the transfer of evidence should be disclosed.

20

21  Dated: August 13, 2024                    Respectfully submitted,

22                                              */s/ James S. Thomson*

23                                              */s/ Timothy J. Foley*

24                                              JAMES J. THOMSON
                                             TIMOTHY J. FOLEY
25                                             Attorneys for JUSTIN GRAY

26

27

28

Reply to Opposition to Motion for Disclosure of Grand Jury Instructions