JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>JUSTIN GRAY, et al<br><br>       Defendants.<br>_____ | **Case No. 1:20-cr-00238-JLT-SKO**<br><br>**JUSTIN GRAY'S REPLY TO OPPOSITION AND RESPONSE TO MOTION FOR RELEASE, INSPECTION, AND COPYING OF GRAND JURY SELECTION RECORDS**<br>**(MOTION, Doc. # 1125)** |

Defendant Justin Gray, through counsel, has filed a motion for an order from the Chief Judge of the Eastern District of California to allow release, copying and inspection of grand jury selection records. Doc. # 1125; Jury Management Plan, sections 6.02, 6.04. The government has filed an opposition and response, objecting to some of the specific requests. Doc. # 1199. Mr. Gray files this reply to the government's response, addressing the specific requests in order.

**1.    Date of the grand jury**.

The government's pleading states that "the grand jurors who returned the Third Superseding Indictment were selected in 2022." Doc. # 1199, 4. The government nonetheless objects to the disclosure of the specific date of the actual summoning as

1 outside the scope of 28 U.S.C. § 1867(f).  Mr. Gray disagrees, and notes that the courts in
2 *Yandell* and *Holmes* concluded that the date the grand jurors were summoned is properly
3 disclosed under comparable circumstances.  *United States v. Yandell*, 2023 WL 2918803
4 (E.D. Cal., April 12, 2023) at *4; *United States v. Holmes*, 2020 WL 5408163 (N.D. Cal.,
5 Sept. 9, 2020) at *3.  Further, the date of the summoned grand jurors is not an item
6 subject to secrecy, but a "ministerial" fact that may be revealed.  See *United States v.*
7 *Diaz*, 236 F.R.D. 470, 476 (N.D.Cal. 2006).

      **2.**     **Jury plan**.

The government has disclosed that the grand jurors who returned the Third Superseding Indictment were selected in 2022, and has also asserted that the 2022 Jury Management Plan, promulgated by General Order No. 642, was in effect at the time. Consequently, the question regarding which jury plan was used has been answered.  In reliance on the government's admission, this request is withdrawn.

      **3.**     **Jury division**.

The government does not object to the disclosure of the jury division chosen for the grand jury that returned the relevant indictment in this case.  Doc. # 1199, 5.

      **4.**     **Reasons for the Choice of Jury Division**.

The government objects to the disclosure of any documents that describe the reasons for the choice of the jury division(s) for the grand jury that returned the relevant indictment in this case in addition to Section 1.07 of the Jury Plan, asserting that no General Order issued after the operative date of General Order 642 has altered the approach set forth in Section 107.  If there was no adjustment, then compliance with this request will be simple.  As it is, the jury plan allows jurors to be selected from a single division or a combination of divisions "as the Chief Judge may from time to time direct" (Section 107), and any documents involved in such an adjustment should be disclosed under 28 U.S.C. § 1867(f).

**5.     Records re Reasons for the Change in Jury Divisions**.

As noted in the motion, Calaveras County and Stanislaus County were removed from the Fresno Division when the new jury plan was issued in 2024. The government objects to the disclosure of the memorandum and documents relating to this change. But without knowing why this change occurred, a reviewer cannot know whether or not the reason was to correct a flaw in the 2022 jury plan. This request falls squarely within 28 U.S.C. § 1867(f).

**6.     Administrative Forms**.

The government does not object to the disclosure of the AO-12 forms and JS-12 forms created, as long as they are limited to the year 2022. Mr. Gray accepts that limitation. See *United States v. Yandell*, 2023 WL 2918803, at *2.

**7.     Data.**

The government objects to the request for additional statistical or demographic analyses produced to ensure that the Master Jury Wheel and Qualified Jury Wheel used to summon the grand jurors complied with the Jury Plan, the JSSA, and constitutional requirements. Doc. # 1199, 6. However, as the court noted in *Yandell*: "If any additional statistical or demographic analyses were performed, they could be necessary to support a motion under § 1861(f)." *United States v. Yandell*, 2023 WL 2918803, at *2. The request should be granted.

**8.     Qualified Jury Wheel Refill Date.**

The government objects to this request while acknowledging "that this Court disagrees with the government's argument and has granted such a request on prior occasions." Doc. # 1199, 6; *United States v. Yandell*, 2023 WL 2918803, at *3. Further, the date is not an item subject to secrecy, but a "ministerial" fact that should be revealed. See *Diaz*, 236 F.R.D. at 476.

**9.     Master Jury Wheel Refill Date.**

The government objects to this request while acknowledging "that this Court disagrees with the government's argument and has granted such a request on prior

1  occasions." Doc. 1199, 6; *United States v. Yandell*, 2023 WL 2918803, at *3. Further,
2  the date is not an item subject to secrecy, but a "ministerial" fact that should be revealed.
3  See *Diaz*, 236 F.R.D. at 476.

    **10.**    **Purge Procedures.**

5      Mr. Gray has requested "[a]ny descriptions of the procedures used to purge
6  duplicate records and any report or analysis of the procedures in addition to those
7  provided in Jury Plan Section 2.02." The government objects in part because the request
8  would require the Clerk of the Court "to prepare a declaration" describing procedures.
9  The government suggests that the disclosure be limited to the production of existing
10 materials, as a similar request was limited in *Yandell*. Mr. Gray accepts this limitation.

    **11.**    **Calculation Procedures.**

12     Mr. Gray has requested "[a]ny additional records pertaining to the specific
13 procedures followed, as set forth in Section 2.02 and 2.03 of the Jury Plan, and the record
14 of calculations performed as described in Section 4.06 of the Jury Plan." The government
15 objects in part because the request would require the Clerk of the Court "to prepare a
16 declaration or responsive pleading" providing information. The government suggests that
17 the disclosure be limited to the production of existing materials, as a similar request was
18 limited in *Yandell*. Mr. Gray accepts this limitation.

    **12.**    **General Notice.**

20     The government does not object to this request, as long as it is limited to the
21 calendar year 2022. Mr. Gray accepts this limitation.

    **13.**    **Procedures for Non-Responses.**

23     The government objects to this request. However, in *Yandell*, the Court noted: "If
24 the Clerk's Office has a procedure, that procedure could potentially illustrate whether a
25 particular group tends not to respond or not to have an accurate address, and that
26 information could be necessary to support a motion under § 1861(a)." *United States v.*
27 *Yandell*, 2023 WL 2918803, at *3. The request should be granted.

Reply to Opposition to Motion for Grand Jury Records

4

**14.    Information on Failure to Submit.**

The government objects to this request, though it acknowledges this Court's ruling in *Yandell* granting an identical request. As the Court noted, "Data about trends like these could help an expert form opinions about systematic underrepresentation and could be necessary to support a motion under § 1861(a)." *United States v. Yandell*, 2023 WL 2918803, at *4. The request should be granted.

**15.    Failure-to-Appear or Submit.**

The government objects to this request, arguing that a fair cross section challenge focuses on the pool from which a grand jury was drawn, not "the people who failed to appear." Doc. # 1199, 8. However, the non-responders, and the Clerk's reaction to non-responders, could have an important impact on the formation of the pool, especially if a pattern, or trend, of non-responders exists. In *Yandell*, the Court granted an identical request. *United States v. Yandell*, 2023 WL 2918803, at *4. The request should be granted.

**16.    Proportionality Calculations.**

The government does not object to this request (which was also granted in *Yandell*), but appears to wish to limit it to the calculations "from the Sacramento division for the calendar year 2022." Doc. # 1199, 8. Mr. Gray questions whether the Sacramento Division is the appropriate division, and requests the calculations of the number of potential jurors from **each** jury division to ensure compliance with the jury plan. Mr. Gray would accept a limitation to the calendar year 2022.

**17.    Source Data.**

The government does not object to this request. Doc. # 1199, 9. The request should be granted.

**18.    Numbers Summoned.**

The government does not object to this request. Doc. # 1199, 9. The request should be granted.

**19.    Juror Form.**

The government does not object to this request.  Doc. # 1199, 9.  The request should be granted.

**20.    Juror Disposition.**

The government objects to this request, but acknowledges the Court's ruling in *Yandell*, granting a similar request.  See *Yandell*, 2023 WL 2918803, at * 4.  This information "is potentially necessary to understanding whether the grand jury that returned the indictments fairly represented the community."  *Holmes*, 2020 WL 5408163, at *7.  The request should be granted.

**21.    Grand Juror Numbers.**

The government objects to this request (Doc. # 1199, 10), arguing that the actual selected grand jurors in the case is a subject not relevant to a fair cross section claim.  However, as the Court recognized in *Yandell*, this information will enable a reviewer to check whether responses to the other requests are accurate.  "'If the master wheel is missing any juror numbers of individuals who returned the indictment, that will indicate an error . . .'".  *Yandell*, 2023 WL 2918803, at * 4, quoting the defense pleading.  The request should be granted.

**22.    Status Codes.**

The government objects to this request.  Doc. # 1199, 10.  As the Court in *Yandell* recognized, however, this information is potentially relevant to the analysis of systemic factors and will help verify the information received in response to the other requests.  *Yandell*, 2023 WL 2918803, at * 4.  The request should be granted.

**23.    Summoned Pool.**

The government does not object to this request, but asks that it be limited to each person summoned to be a grand juror during the calendar year 2022.  Doc. # 1199, 10.  Mr. Gray accepts the limitation.

**24.    Sources of Data.**

The government does not object to this request, but asks that it be limited to each person summoned to be a grand juror during the calendar year 2022.  Doc. # 1199, 10.  Mr. Gray accepts the limitation.

Dated: August 13, 2024                    Respectfully submitted,

/s/ James S. Thomson

/s/ Timothy J. Foley

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Reply to Opposition to Motion for Grand Jury Records