PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>            v.<br><br>KENNETH JOHNSON, et al.,<br><br>                              Defendants. | CASE NO. 1:20-CR-00238-JLT-SKO<br><br>UNITED STATES' OPPOSITION TO MOTION FOR ORDER RE SPECIFIC DISCOVERY [Docket No. 1201]<br><br>DATE: September 4, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

### I.      INTRODUCTION

The United States, by and through Assistant United States Attorney Stephanie M. Stokman and James R. Conolly, submits its opposition to the motion to order specific discovery, filed by defendant Kenneth Johnson, and joined by defendants Francis Clement, Waylon Pitchford, Evan Perkins, and John Stinson ("defendants"). ECF 1201, 1206, 1212, 1251, and 1253. Defendants' motions ask this Court to order the following discovery: statements by defendants and co-conspirators, discovery regarding predicate acts, and inspection of evidence. Defendants' motions should be denied.

## II. FACTUAL BACKGROUND

### A. Defendants are charged in a Third Superseding Indictment with RICO conspiracy offenses, including Murder in Aid of Racketeering

On May 29, 2024, a grand jury returned a detailed Third Superseding Indictment against the defendants charging them with participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d), and Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959.  ECF 1098.  The Third Superseding Indictment contains a detailed description of the government's theory and evidence of the Aryan Brotherhood as a criminal enterprise, including facts about its formation, membership, command structure, codes of conduct, purposes, symbols, and method and means of operation.  ECF 1098, at 2–5.  The Third Superseding Indictment also describes defendants' roles and activities within the enterprise.  ECF 1098, at 5–9.

### B. The Government Has Produced Tens of Thousands of Items of Discovery

The government has produced extensive discovery relating to all aspects of the government's case against defendants.  As of the filing of this brief, the United States has produced items of discovery which include written reports, autopsy reports, a large volume of audio recordings, photographs, video, and other data and documents.  Given the complex nature of the case, and the allegations of the existence of a racketeering enterprise in particular, a large amount of the discovery pertains to evidence of the Aryan Brotherhood as a criminal enterprise.

## III. LEGAL STANDARDS

"There is no general constitutional right to discovery in a criminal case."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  Rather, discovery is limited by statute, rules of criminal procedure, and case law to four categories: (1) materials discoverable under Rule 16 of the Federal Rules of Criminal Procedure; (2) material exculpatory information discoverable under *Brady*; (3) evidence relating to a witness's credibility or bias that is discoverable under *Giglio*; and (4) witness statements related to the subject matter of the witness's testimony, discoverable under the Jencks Act.  *See* Fed. R. Crim. P. 16; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500 and Fed R. Crim. P. 26.2 (Jencks Act).

Under Rule 16(a)(1)(E), a criminal defendant is entitled to discovery of materials "within the possession, custody, or control of the government," which are "material to preparing the [defendants'] defense." Fed. R. Crim. P. 16(a)(1)(E). Defendants are entitled to discover only those materials that are helpful to the defendants' response to the government's case–in–chief. *United States v. Armstrong*, 517 U.S. 456, 462 (1996) ("[W]e conclude that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief."); *accord United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) (quoting *Armstrong*, 517 U.S. at 462).[1]

To obtain discovery under Rule 16, a defendant must make a *prima facie* showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984)). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219 (citing *Little*, 753 F.2d at 1445; *Cadet*, 727 F.2d at 1466–68). In fact, "[i]t is defendant's obligation . . . to provide specific facts that demonstrate the prima facie materiality of its specific requests to specific trial issues." *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2022 WL 1607923, at *8 (E.D. Cal. May 20, 2022), *citing United States v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010) (finding discovery appropriate where defendant made factual showing that evidence existed to support a specific affirmative defense).

Broadly worded document requests that "might be consistent with expansive civil discovery" are "not permitted under the more restrictive criminal discovery standards." *United States v. Dossman*, No. 2:05–cr–270–DFL, 2006 WL 2927484, at *2 (E.D. Cal. Oct. 12, 2006).

"Material" under Rule 16(a)(1)(E) is not synonymous with "relevant." For a document or other item to be "material to preparing the defense" it must "'significantly alter the quantum of proof in his favor,'" *id.*, at *2 (quoting *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975)), or "'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *Dossman*, 2006 WL 2927484, at *2 (quoting *United States v.*

---

[1] At the time of *Armstrong* and *Chon*, that provision was numbered 16(a)(1)(C). Rule 16 was renumbered in 2002.

UNITED STATES' OPPOSITION TO MOTION FOR ORDER
RE SPECIFIC DISCOVERY [DOCKET NO. 1201]

*Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). "[R]equests which are designed to generally cast for impeachment material…are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 472 (E.D. Cal. 1994).

"Nonetheless, where the government has shown that complying with a criminal defendant's discovery request under Rule 16 would be unduly burdensome, 'it is incumbent on the district court to consider the government interests asserted in light of the materiality shown.'" *Yandell*, No. 2:19-CR-00107-KJM, 2022 WL 1607923, at *8, citing *Mandel*, 914 F.2d at 1219 (citing *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984)).

In addition, the government holds a qualified privilege to withhold from disclosure the identity or communications of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Id.*

### A. **Defendant makes the same arguments made in previously filed motions that were considered and denied.**

Defendant's motion should be denied, as the same arguments have already been made and ruled upon. The current motion before the Court requests co-conspirator statements and discovery that has already been produced or is forthcoming, or else it has not been produced consistent with this Court and the District Court's orders. The requests made by defendants in the instant motion have been heard by this Court, considered by this Court, and denied or addressed previously in various motions. Dkts. 633, 648, 884, 885, 887, 924, 925, 938, 1016, 1025, 1028, 1039.

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993) (*cert. denied* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993)). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. *Arizona v. California,* 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3)

the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *Thomas v. Bible,* 983 F.2d at 155; *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Here, none of the requisite conditions exist to allow this Court to reconsider the issues raised in defendant's motion as so far as they pertain to the request for co-conspirator statements or discovery related to predicate offenses charged prior to the Third Superseding Indictment and already considered by this Court and the District Court upon motion of defendants. There has not been a change of law since the previous decisions, those decisions were not erroneous, the evidence is not substantially different, and defendant has not pointed to any change of circumstances or a manifest injustice that would result. Additionally, the government has complied with the previous orders of the Court as it pertains to discovery production. Defendant provides no new information to this Court which would warrant reconsideration of the previous rulings made by this Court.

**B.      Standard for admitting co-conspirator statements at trial and applicable precedent.**

Co-conspirator statements are admissible because they are not hearsay if made by a co-conspirator during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E) ("A statement is not hearsay if - [it is a] statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."). Rule 801(d)(2)(E) does not require pretrial notice or that a detailed description of such statements be provided to the defendants. Similarly, the Sixth Amendment, Rule 16 of the Federal Rules of Criminal Procedure, and applicable Supreme Court precedent do not require compelled pretrial notice of co-conspirator statements. Moreover, as explained below, defendants' requests run counter to Rule 16(a)(2), the Jencks Act, and *Roviaro*.

In addition, the defendants' motion seeks relief that would burden the Court with a task that is unnecessary. There is no plausible reason to require the Court to examine each co-conspirator's statement that the government intends to introduce at trial. Such relief runs contrary to one of the core holdings in *Bourjaily* because, as the Supreme Court said, such an inquiry is not required by the Constitution – "no independent inquiry into reliability is required when the evidence 'falls within a firmly rooted hearsay exception.'" *Bourjaily v. United States*, 483 U.S. 171, 183 (quoting *Ohio v.*

*Roberts*, 448 U.S. 56, 63 (1980)). "[T]he co-conspirator exception to the hearsay rule is firmly enough rooted in our jurisprudence that, under this Court's holding in *Roberts*, a court need not independently inquire into the reliability of such statements." *Bourjaily*, 483 U.S. at 183 (citing *Dutton v. Evans*, 400 U.S. 74 (1970) (reliability inquiry required where evidentiary rule deviates from common-law approach, admitting co-conspirators' hearsay statements made after termination of conspiracy)).

Neither Rule 801(d)(2)(E) nor Rule 16 of the Federal Rules of Criminal Procedure support compelled pretrial disclosure of co-conspirator statements or detailed lists describing such statements. In *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), the Supreme Court explained why compelled pretrial disclosure of co-conspirator statements is not permissible as a discovery tool under the Sixth Amendment.

> The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. Normally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses. In short, the Confrontation Clause only guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

*Ritchie*, 480 U.S. at 53 (citation and quotations omitted). Given that the Sixth Amendment does not require compelled pretrial disclosure of co-conspirator statements, it makes sense that no federal law, or rule of criminal procedure or rule of evidence requires it.

Consistent with the Supreme Court's analysis of the Sixth Amendment in *Ritchie*, in *United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988), the Court of Appeals held that Rule 16 did not require disclosure of co-conspirator statements because the phrase "statements made by the defendant" used in Rule 16(a)(1)(A) "does not include statements made by coconspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay." *Tarantino*, 846 F.2d at 1418. *Tarantino* further held that a district court is without authority to enter an order compelling such disclosures.

> We believe, however, that we are without authority to order such discovery [of co-conspirator statements]. Nothing in the Federal Rules of Evidence or in the Jencks Act requires such disclosure—we think it clear that as used in Fed. R. Crim. P. 16(a)(1)(A) the phrase "statements made by the defendant" does not include statements made by co-conspirators of

> the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay. Once appellant's imaginative reading of 16(a)(1)(A) is rejected, no other authority is suggested for this type of discovery order. Under our law, the adversary system is "the primary means by which truth is uncovered." [*United States v.*]*Bagley*, 473 U.S. [667,]at 675, 105 S.Ct. [3375,]at 3380 [(1985)]. We decline to extend the defendant's right to discovery beyond that required by statute or the Constitution. We note this result is in agreement with every other circuit that has examined the question. *See United States v. Orr*, 825 F.2d 1537 (11th Cir. 1987); *United States v. Roberts*, 811 F.2d 257 (4th Cir. 1987) (en banc); *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974); see also 8 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 16.04[1] at 16–54, 55 (2d ed. Nov. 1986 Rev.).

*Tarantino*, 846 F.2d at 1418; *see United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992) ("Since this court has refused to expand Rule 16 to include the statements of a co-conspirator, which is at least admissible non-hearsay, the court will not expand the rule to include statements by an unrelated suspect.") (citing Fed. R. Evid. 801(d)(2)(E) (hearsay exclusion for co-conspirator)); *United States v. Muhammad*, 2009 WL 2474650, at *2 (N.D. Tex. Aug. 12, 2009) ("The Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators."); *United States v. Wilson*, 2021 WL 480853, at *7 (W.D.N.Y. Feb. 10, 2021) (denying discovery requests for "witness identity information including cooperating witnesses" and "statements of alleged co-conspirators, on the grounds that the information falls outside the scope of Rule 16 and/or Wilson has not satisfied his burden under Rule 16 to compel disclosure of any such information" and inconsistent with the Jencks Act, 18 U.S.C. § 3500/Fed. R. Crim. P. 26.2(a)).

To be "in furtherance" of a conspiracy, "the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." *United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988). In a RICO conspiracy, "Statements made to induce enlistment or further participation in the group's activities are considered to be 'in furtherance' of the conspiracy." *Id.* For purposes of a co-conspirator statement, the question is merely whether "there was proof of a sufficient concert of action to show the individuals to have been engaged in a joint venture." *United States v. Manning,* 56 F.3d 1188, 1197 (9th Cir. 1995). Nor is the conspiracy limited to the acts alleged in the Indictment. *United States v. Marino*, 277 F.3d 11, 25–26 (1st Cir. 2002) ("We have already ruled that another conspiracy, larger than the one charged at trial, may provide the basis for the

admission of the coconspirator's statements."). Rather, when gang members operate as part of the same gang with "shared common goals," the gang "writ large" and its shared criminal activities are a conspiracy for purposes of a co-conspirator statement. *Id.* at 26. In addition, the defendant need not be present at the time the co-conspirator made the declaration. *Sendejas v. United States*, 428 F.2d 1040, 1045 (9th Cir. 1970); *United States v. Angiulo*, 847 F.2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of."), *abrogated on other grounds by Salinas v. United States*, 522 U.S. 52, 62 (1997).

### C.  Defendants' motion fails to address how compelled disclosure of co-conspirator statements or other evidence would overcome restrictions on disclosures imposed by the Jencks Act.

The consequence of granting defendants' motion would be to nullify the protections afforded by Rule 16(a)(2) of Federal Rules of Criminal Procedure and the Jencks Act. *See* 18 U.S.C. § 3500(a);[2] Fed. R. Crim. P. 26.2; *see also* Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize … the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500"). Requests for the identity of the source/witness of co-conspirator statement, or statements made regarding other charged offenses, is an impermissible attempt to obtain witness statements and identities in violation of Rule 16(a)(2) and the Jencks Act. To compel such a broad pretrial disclosure in contravention of federal law and federal rules of criminal procedure would assure that cooperating witnesses would be targeted for death, assault, and intimidation in an effort to prevent their damaging evidence from being presented at trial.

The Jencks Act specifically protects witness statements from disclosure except as provided by the statute. 18 U.S.C. § 3500(a). There are good reasons for this protection. For many prospective government witnesses, "[p]rotection of their statements is necessary to protect the witnesses from threats, bribery, and perjury." *United States v. Mills*, 641 F.2d 785, 790 (9th Cir. 1981). Indeed, the

---

[2]  "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

policy for protecting witness statements is so strong that, if the government elects not to call a person as a witness and thus his statements are not subject to disclosure under the Jencks Act, it is error warranting mandamus relief for a court to order their disclosure. *See id.*

In addition, the Court "cannot enter an order requiring early disclosure of Jencks Act material." *United States v. Fuentes*, 2010 WL 1659453, at *2 (E.D. Cal. Apr. 23, 2010) (citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control.")); *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)); *United States v. Hoffman*, 794 F.2d 1429, 1433 (9th Cir. 1986). Strong policy reasons support this prohibition on pretrial disclosure of cooperating witness statements and identities.

In balancing a criminal defendant's need for such statements against legitimate state interests, Congress provided for discovery of statements only after the witness has testified, out of concern for witness intimidation, subornation of perjury, and other threats to the integrity of the trial process. *United States v. Roberts*, 811 F.2d 257 (4th Cir. 1987) (en banc); *United States v. Mills*, 641 F.2d 785, 790 (9th Cir.), *cert. denied*, 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981); *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1978); *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). This congressional determination is not to be disregarded by the courts. "The Act supplies the only avenue to the materials it encompasses, and 'statements of a government witness made to an agent of the Government which cannot be produced under the terms of 18 U.S.C. § 3500 ... cannot be produced at all.'" [*United States v.*] *Haldeman*, 559 F.2d [31,] 77 n.111 (quoting *Palermo v. United States*, 360 U.S. 343, 351, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959)). So, under the Jencks Act, defendants had no right to the statements given by other witnesses prior to Strickland's cross-examination. Only after those witnesses themselves testified does the Jencks Act give the defendants access to their statements.
*Tarantino*, 846 F.2d at 1414–15.

**D.    Defendants' request for compelled disclosure of co-conspirator statements and other discovery contravenes *Roviaro***

The defendants' motion also vitiates the well-establish government privilege to withhold the identities and backgrounds of confidential sources and cooperating witnesses where, as here, the

prosecution targets a violent criminal enterprise with a history of retaliation against informants and a conspiratorial reach with capacity to exact revenge. *United States v. Littrell*, 478 F. Supp. 2d 1179, 1182 (C.D. Cal. 2007) ("The Aryan Brotherhood has [] used murder and the threat of murder to maintain order within its own ranks. Several of the murders charged in the indictment are murders of Aryan Brotherhood members who either did not follow orders from the Commissions or were suspected of providing information about the gang to the authorities. The Aryan Brotherhood has utilized the threat of violence against family members outside of prison as another means for keeping its members in line."). The "purpose of the privilege" is "the furtherance and protection of the public interest in effective law enforcement." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.*

Given these important interests, the law imposes a burden on the defendants to show that the informant's evidence "is relevant and helpful" to establishing a particular defense. *United States v. Sai Keung Wong*, 886 F.2d 252, 255–56 (9th Cir. 1989) (quoting *Roviaro*, 353 U.S. at 60–61). The defendants must show more than a "mere suspicion" that the informant's evidence is "relevant and helpful" to his defense. *Id.*

In their motion, the defendants do not meet this burden. Indeed, they do not discuss the interplay of their demands with the restrictions imposed by *Roviaro*, Rule 16(a)(2), and the Jencks Act.

### IV.     ARGUMENT

#### A.     Co-conspirator statements

As stated above, Rule 801(d)(2)(E) does not require pretrial notice or that a detailed description of such statements be provided to the defendants. Similarly, the Sixth Amendment, Rule 16 of the Federal Rules of Criminal Procedure, and applicable Supreme Court precedent do not require compelled pretrial notice of co-conspirator statements. Statement of co-conspirators are not statements of the defendant for purposes of Rule 16. Any statements that have not been produced because of other protections afforded by the law, such as Jencks, will be produced in a timely manner prior to trial. Thus, this request should be denied.

B. **Discovery related to predicate offenses**

Defendant requests discovery related to predicate acts charged within the RICO Conspiracy count (Count 1) and continues to protest that there is no evidence regarding certain predicate offenses within that count. Motion, at 8-10. The government has produced discovery relating to the charged offenses in this case, and continues to produce discovery related to the charged offenses in this case if evidence is obtained that had not previously been in the government's possession. This Court has previously held, on multiple occasions, that any evidence falling under the Jencks Act or other protections afforded by the law, the government is not compelled to produce until a time proscribed by the law. The request here is a version of the same request as was previously made and denied.

Not only does the Motion cast a wide net in terms of generalized request, but the request is also exceedingly broad (and ill–defined) in scope—seeking "all discovery" pertaining to the predicate acts in Count One. The government has already produced tens of thousands of pages of discovery materials, and hundreds of audio and video recordings and other items. It is unclear what additional documents or items defendant is even seeking because of the lack of any specific item or identifiable category of items, but rather "all" materials related to a particular topic. This is a classic fishing expedition, and it is not authorized by any rule of criminal discovery and represents a completely improper understanding of the meaning and purpose behind criminal discovery and Rule 16.

The request essentially seeks documents that originate from evidence provided by prospective government witnesses. As such, ordering disclosure is prohibited by the Jencks Act/Rule 26.2. Fed. R. Crim. P. 26.2(a) (timing production of witness statements to *after* the witness "has testified on direct examination"). The Court "cannot enter an order requiring early disclosure of Jencks Act material." *United States v. Fuentes*, 2010 WL 1659453, at *2 (E.D. Cal. Apr. 23, 2010) (citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control.")); *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)); *United States v. Hoffman*, 794 F.2d 1429, 1433 (9th Cir. 1986); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) ("Nothing in the Federal Rules of Evidence or in the Jencks Act requires [] disclosure [of co-conspirator statements] – we think it clear that as used in Fed. R. Crim. P. 16(a)(1)(A) the phrase 'statements made by the defendant' does not include statements made

by coconspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay."); *United States v. Wilson*, 2021 WL 480853, at *7 (W.D.N.Y. Feb. 10, 2021) (denying discovery requests for "witness identity information including cooperating witnesses" and "statements of alleged co-conspirators, on the grounds that the information falls outside the scope of Rule 16 and/or Wilson has not satisfied his burden under Rule 16 to compel disclosure of any such information" and inconsistent with the Jencks Act, 18 U.S.C. § 3500/Fed. R. Crim. P. 26.2(a)). This is true even if the witness does not ultimately testify. *United States v. Mills*, 810 F.2d 907, 910 (9th Cir. 1987). In addition, the identity or communications of persons who furnish information of law violations to law enforcement is protected by a privilege that protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). Accordingly, these requests are contrary to law and should be rejected.

As this request relates to any newly charged predicate offenses, counsel for the government has indicated that any gap in the production of discovery relating to new offenses will be produced under appropriate protective orders and as it is received by the government from outside state agencies. Despite the musings of defendants as to the government's withholding of evidence, the government continues to comply with its discovery obligations, and has complied with the orders and directions of this Court's previous rulings. The government has previously worked with law enforcement agencies to obtain discovery that counsel for any defendant in this case has pointed out may be missing or has specifically requested. The fact that counsel here may not have thoroughly reviewed the discovery already provided, and thus cannot identify discovery pertaining to most if not all of the predicate offenses listed in defendant's Motion, does not equate the government's failure to produce discovery related to a particular offense. For instance, defendant claims that "no discovery has been provided" for the predicate acts listed in the Motion, including, as one example, predicate h. Predicate h pertains to the 2020 drug trafficking activities of defendants Bash, Smith, and Weaver. Discovery relating to that predicate offense was produced back in 2020 and 2021. The government has indicated which newly charged predicate offenses have additional documents, videos, or other evidence still outstanding, if that discovery does not fall under Jencks, *Roviaro*, or other rules of evidence. The government continues to

be aware of its discovery obligation.

  Finally, as this Court is aware, physical evidence related to the investigation surrounding the charges in this case and related cases had been made available for counsel's inspection. No further physical evidence has been booked or obtained by federal agents in this matter since that viewing.

### V.  CONCLUSION

  For the foregoing reasons, defendant's motion for order re specific discovery should be denied in its entirety.

Dated: August 15, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
Assistant United States Attorney