Ryan J. Villa
5501 Eagle Rock Ave NE, Ste C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

Andrea Lee Luem, PHV
400 South Forth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

Attorney for:
KENNETH JOHNSON

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal case No. 20-CR-238-JLT-SKO |
| Plaintiff, | **REPLY ON DEFENDANT JOHNSON'S MOTION TO COMPEL SPECIFIC DISCOVERY** |
| v. | |
| **KENNETH JOHNSON,** | Date:  September 4, 2024 |
| Defendant. | Time:  1:00 p.m.<br>Place: Honorable Sheila K. Oberto |

Defendant Mr. Kenneth Johnson, by counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Andrea Lee Luem, hereby submits this Reply to the United States's Opposition to Motion to Compel Discovery. Like the government's previous responses to Motions to Compel, the Opposition is virtually non-responsive to most of the requested information, fails to specify what discovery has been disclosed concerning the specific items listed by Mr. Johnson despite Mr. Johnson clearly stating no discovery has been produced, and recycles the same misplaced arguments that the information sought is protected by the Jencks Act or *Roviario*.

**I.   The United States says it has produced discovery on the predicate acts, but it has not.**

The government repeats its mantra that it has produced discovery relating to the charged offenses and continues to produce discovery. This is absolutely false. No discovery has been produced on the predicate acts listed in Mr. Johnson's Motion.[1] Notably, as it has done in the past, the government cannot identify a single scrap of discovery, bates number, or anything else with any specificity that it has produced concerning the predicate acts listed. This is because the government has not produced anything concerning the predicate acts and it is misleading the Court to think that it has. The only predicate act the government claims with specificity it has produced discovery is paragraph h (alleging a distribution of methamphetamine and heroin distribution in various locations between September 1, 2020 and November 18, 2020). It claims that discovery on this was produced in 2020 and 2021. Notably, Mr. Johnson was not charged in this case until September 2021. Thus, the government appears to concede that he was not provided with this discovery.

Rather than allude to a two-year period, most of which Mr. Johnson was not a defendant, a more professional approach might be to identify a bates number or bates range where such discovery could be located, as it is certainly possible this was overlooked by Mr. Johnson's team or the other teams that are party to this Motion. Instead, the government chooses to play games and point to a two-year span in which discovery was produced. This gamesmanship has led to a

---

[1] Notably, Mr. Johnson and the defendants who have joined have utilized the assistance of Coordinating Discovery Attorney and contract paralegals to search the discovery using a variety of software tools. Word searches have been conducted using Defendants' names, and dates, as well as key words related to the subject matter for all of the predicate acts at issue. If the US Attorney is aware of certain discovery that has been produced on these predicate acts, it has refused to point counsel to where that discovery might be with specificity, such as by bates number. Typically, that is one of the benefits of bates numbering. The undersigned counsel has never experienced a US Attorney's office that acts this way and refuses to point to discovery it claims it has produced.

multitude of motions and litigation that could be avoided with a little bit of professional courtesy. Untold amounts of court, defendant and government resources have been spent on motion practice because the government refuses to act in good-faith.

The government criticizes the motion for being overly broad and casting a wide net, but that is because the government has produced absolutely nothing, and when counsel inquires about discovery, they are met with either an outright refusal to respond or the gamesmanship discussed above. For instance, the predicate act in paragraph e. alleges that beginning no later than on or about March 1, 2020, and continuing to on or about April 30, 2020, Defendants Stinson and Collins, conspired to murder V-15 and V-15 was killed as a result. *See* Third Superseding Indictment at 7, ¶ 20(e) [Doc. 1098]. Notably, the indictment does not indicate the name of the victim, the location of the murder or any other details. Thus, counsel and staff must search thousands of pages for information on this murder without any of this information. However, having done diligent searches, counsel is confident discovery has not been produced on this murder. For instance, if there was a killing, there would likely be an autopsy report, photographs, and potentially a murder weapon or evidence concerning a murder weapon, but the government has produced nothing. If Mr. Johnson's team overlooked this evidence, the government could simply identify a bates range, or even a specific discovery production date, e.g. August 1, 2024, but instead, it resorts to obstructionist tactics and games, which lead to unnecessary motions like the instant.

The government also claims it has shown all of the physical evidence during the previously court-ordered evidence views, but there was no evidence of this murder. Thus, either the United States intends to prove a murder conspiracy that actually killed V-15, without an autopsy report concerning the cause of death, without a photograph of the decedent and without a murder weapon,

or it is simply withholding this evidence and failing in its duty of candor to the Court to explain why this evidence has not been turned over.

The predicate acts in paragraph m, o and t, allege assault, extortion, robbery, kidnapping, and conspiracy to commit murder. *Id.* at 8-9, ¶ 20. Once again, no discovery has been produced. Mr. Johnson understands if the only evidence is witness statements that these are not discoverable. If the government would simply state that this is the only evidence, then no motion would be necessary. But the government would rather obfuscate, and force motion litigation than simply communicate in good faith about discovery.

On the occasion when the government does claim discovery still needs to be produced, it delays for tactical advantage. The United States claimed in its August 1 email to counsel that paragraph m. required a protective order which it would send out in the coming weeks. That was three weeks ago, and no such protective order has been received. The Indictment was issued on June 3, 2024. On June 24 at Mr. Johnson's arraignment, Judge McAuliffe ordered discovery to be produced. *See* Minutes [Doc. 1140]. On July 17, at the status conference, undersigned counsel alerted this Court and counsel for the government that no discovery had been received. Despite these frequent and steady court orders and requests from counsel, the government has not provided any protective order and has produced no discovery concerning the conspiracy and kidnapping alleged in paragraph m.

The government appears to claim that it is awaiting some discovery from other agencies, including state agencies. This is a poor excuse and smells of tactical delay. In saying this, the government can simply drag its feet obtaining this material and not produce it. Yet, the charges were included in an indictment brought over two months ago. Why the government would indict

without this evidence in their possession is baffling, but even more baffling is why it takes the federal government, with all of its resources, two months to obtain this information.

It is simply not believable that the United States intends to prove all of these predicate acts with witness testimony alone. The government cannot be allowed to simply say there is no discovery and then on the eve of trial produce the discovery with the claim that there was a mistake or an oversight. To be sure, this is precisely what happened with the last round of discovery and motions litigation. Only after a motion and an appeal by Mr. Johnson at the hearing before Judge Thurston did the government suddenly realize it had not turned over discovery that it thought it had. Since the government refuses to provide any specificity on what discovery it claims it has turned over concerning the predicate acts at issue in this Motion, the Court should order it to produce a list with bates numbers of all such material and identify which bates number is associated with which predicate act.

If it is true that the government has shown all evidence to Defendants, including evidence for all of these predicate acts, then the Court should rule that any evidence the government later tries to introduce at trial that was not provided during the inspection, should be suppressed.

**A. Discovery regarding statements of co-defendants or other statements not covered Jencks.**

Mr. Johnson recognizes that the Court has ruled on this issue, but because the government continues to add new charges by way of superseding indictments, Mr. Johnson must raise and preserve the arguments that he is entitled to this information in discovery. Mr. Johnson therefore incorporates the previous law and argument he made concerning this subject.

Notably, Mr. Johnson is not, at this time, asking for notice of all statements the government intends to use or requesting a *James* hearing. He simply seeks discovery of these statements. Nor do these statements violate the Jencks act, as they are not statements to law enforcement, the

prosecution team or the grand jury, but statements that were made in the course and scope of a conspiracy. A statement of a co-defendant, who is not cooperating, who will be tried alongside Mr. Johnson, that was allegedly made during the conspiracy is evidence that will be admitted in trial and could be used against him. Thus, under Rule 16 he is entitled to inspect it. By definition then, it is not a statement that is subject to Jencks. And, Mr. Johnson is clearly entitled to these statements now if they do not include or mention him, as they are exculpatory as to him. Accordingly, the Court should compel this discovery.

To be clear, when Mr. Johnson seeks all discovery, that is all discovery authorized by Rule 16, not everything under the sun, including material covered by the Jencks Act or protected by *Roviaro*. But in its Opposition, the government is not even willing to say what material there is, why none has been produced, and why it is not subject to Rule 16 or why it is protected by Jencks. The government claims the material is covered by Jencks or *Roviaro* but does not say why or provide any description such that the defense or the Court can determine the merits of this claim. If the government at least informed the Court and the parties what information it has, an educated discussion about whether it was discoverable could occur. However, because the government continues to obfuscate and refuses to even acknowledge what information exists. In the absence of a good-faith effort by the government to cooperate in the discovery process, the Court should simply grant the Motion. At minimum, the Court should compel the government to identify what material it has or does not have, that is subject to Rule 16, and to disclose this material.

## CONCLUSION

Defendant has made a good faith effort to obtain the discovery necessary without coming to the Court. The United States has refused to provide some information and obfuscated with

respect to the rest. For the reasons discussed above, the Court should enter an order compelling the discovery identified herein.

Respectfully submitted,

*/s/ Ryan J. Villa*
Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Andrea Lee Luem*
Andrea Lee Luem, PHV
400 South Forth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2023, I served a true and correct copy of the foregoing via ECF to:

All counsel of record

*/s/ Ryan J. Villa*
Ryan J. Villa