PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH JOHNSON, et al.,<br><br>Defendants. | CASE NO. 1:20-CR-00238-JLT-SKO<br><br>UNITED STATES' RESPONSE TO DEFENDANT JOHNSON'S MOTION FOR SCHEDULING ORDER<br>[Docket No. 1180]<br><br>DATE: August 26, 2024<br>TIME:<br>COURT: Hon. Jennifer L. Thurston |

## I.  INTRODUCTION

The United States, by and through Assistant United States Attorneys Stephanie M. Stokman and James Conolly, submits its response to the proposed scheduling order filed by defendant Kenneth Johnson. ECF 1180. The government opposes the schedule requested by defendant and proposes the following schedule:

1. Disclosure of government and defense experts: **30 days prior to trial.**

2. Any recordings and transcripts to be offered in the government's case-in-chief: see below scheduling for Exhibit List.

3. Rule 404(b) Evidence- Rule 404(b) is inapplicable "where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment." *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003). In the RICO context, uncharged acts do not constitute "extrinsic" evidence, but rather are

admissible as direct evidence of a necessary component of the RICO offense, and are admissible as proof of the charged RICO offense. *See United States v. Henley*, 766 F.3d 893, 914-15 (8th Cir. 2014). To the extent any other 404(b) evidence exists: **60 days prior to trial.**

4. *Jencks* and *Giglio* material- The Court "cannot enter an order requiring early disclosure of Jencks Act material." *United States v. Fuentes*, 2010 WL 1659453, at *2 (E.D. Cal. Apr. 23, 2010) (citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control.")). The government recognizes that in a complex matter such as this case, the pre-trial disclosure of witness, cooperator, and informant statements and information is to promote judicial economy and trial efficiency. Given that the Court cannot order the production of this material, the government requests that only upon confirmation that the scheduled trial date is a firm date, the following schedule apply: **materials under protective order 70 days prior to trial and ongoing; further disclosure of materials (a lift of protective orders) 45 days prior to trial.**

5. Statements by defendants which would give rise to issues under *Bruton*: see below scheduling for Exhibit List.

6. Witness lists for government and defendants: **30 days prior to trial.**

7. Exhibit lists for government and defendants: **30 days prior to trial.**

8. Motions *in limine*: **30 days prior to trial**

9. Proposed *voir dire* questions, jury instructions, and verdict forms: **20 days prior to trial.**

Dated: July 30, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
Assistant United States Attorney