PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ANDREW COLLINS,<br><br>      Defendant. | CASE NO. 1:20-CR-238-JLT-SKO<br><br>UNITED STATES' OPPOSITION TO MOTION FOR BILL OF PARTICULARS [Docket No. 1231]<br><br>DATE: October 16, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

## I.   INTRODUCTION

The United States, by and through Assistant United States Attorneys Stephanie M. Stokman and James R. Conolly, respectfully submits its opposition to the motion for a bill of particulars, filed by defendant Andrew Collins ("defendant"). ECF 1231. Defendants' motion should be denied based upon controlling precedent because such a motion cannot be used to seek discovery and access to every aspect of the government's case, particularly where there is a detailed Third Superseding Indictment and voluminous discovery. Moreover, defendant does not provide a basis to reconsider the previous Orders denying a bill of particulars in this case, ECF 925, let alone demonstrate that the Order was clearly erroneous or contrary to law.

## II.  FACTUAL BACKGROUND

### A.  Defendant is charged in a Third Superseding Indictment with RICO conspiracy

On May 29, 2024, a grand jury returned a detailed Third Superseding Indictment against the defendant and co-defendants charging them with participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d).  ECF 1098.  The Third Superseding Indictment contains a detailed description of the government's theory and evidence of the Aryan Brotherhood as a criminal enterprise, including facts about its formation, membership, command structure, codes of conduct, purposes, symbols, and method and means of operation.  ECF 1098, at 2–5.  The Third Superseding Indictment also describes defendants' roles and activities within the enterprise.  ECF 1098, at 5–9.

### B.  The Government Has Produced Tens of Thousands of Items of Discovery

The government has produced extensive discovery relating to all aspects of the government's case against defendant.  As of the filing of this brief, the United States has produced items of discovery which include written reports, autopsy reports, a large volume of audio recordings, photographs, video, and other data and documents.  Given the complex nature of the case, and the allegations of the existence of a racketeering enterprise in particular, a large amount of the discovery pertains to evidence of the Aryan Brotherhood as a criminal enterprise and discovery production has and continues to be ongoing.

## III.  STANDARDS

### A.  Standard for Reconsideration of Court Order

The defendant's motion is essentially a motion to reconsider this Court's previous Order denying defendant Johnson's request for bill of particulars.  ECF 925. A reviewing court must review the Order to determine if it "is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see* Local Rule 303(f) ("The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A).").  "To find a magistrate judge's decision 'clearly erroneous,' the district court must have a 'definite and firm conviction that a mistake has been committed.'"  *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008) (quoting *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992)).  "A decision is

'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n*, 252 F.R.D. at 674 (quoting *Conant v. McCoffey*, 1998 WL 164946, at *2 (N.D. Cal. March 16, 1998)).

      **B.**      <u>**Standard for Indictment Allegations under Rule 7(c)**</u>

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states an indictment:

> must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. [. . .] For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c)(1).

An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1997) (indictment sufficiently apprises defendant of the charges against him when the words of the indictment fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished). The Ninth Circuit has frequently held that an indictment tracking the charged offenses' statutory language is generally sufficient. *See United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (indictment tracking statutory language is generally sufficient); *United States v. Parga-Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001) (no reason to invalidate the indictment because it did not go further than charging the statutory elements of the offense.); *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("bare bones" information that tracked statutory language generally sufficient); *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991) ("an indictment that sets forth the charged offense in the words of the statute itself is generally sufficient"); *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989) (where indictment tracks the words of the statute charging the offense, the indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense).

      **C.**      <u>**Standard for Bill of Particulars under Rule 7(f)**</u>

Defendant moves for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

Rule 7(f) authorizes the court to direct the filing of a bill of particulars. Fed. R. Crim. P. 7(f). A bill of particulars, however, is only required where necessary to provide sufficient information to the defense. *United States v. Long*, 706 F. 2d 1044, 1054 (9th Cir. 1983). A bill of particulars is "designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *Id.* (citations omitted). In determining whether to grant a motion for a bill of particulars, therefore, a court considers whether the defendant has been adequately advised of the charges "through the indictment and all of the disclosures made by the government." *Id.* Where, as here, the United States has provided the defendants with access to a wide swath of discovery materials, and information about its case in the Second Superseding Indictment, a bill of particulars is not appropriate.

"In striking a proper balance between the legitimate interests of the government and those of the defendant, the court must keep in mind that a bill of particulars is not a discovery tool or a device to allow the defense to preview the government's evidence." *United States v. Yandell,* No. 2:19-CR-00107-KJM, 2022 WL 1607923, at *8 (E.D. Cal. May 20, 2022) (citing *United States v. Fletcher*, 74 F.3d 49, 52 (4th Cir. 1996); *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also Santiago*, 174 F. Supp. 2d at 34). Importantly, a bill of particulars is not meant to serve as a discovery tool because it is "not meant to provide the defendant with all of the evidence that the government will introduce at trial." *United States v. Middleton*, 35 F. Supp. 2d 1189, 1192–93 (N.D. Cal. 1999) (quoting *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (defendants "are not entitled to know all the evidence the government intends to produce but only the theory of the government's case."); *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979). As a result, requests for specifics regarding the beginning or end of a conspiracy, or overt acts within a conspiracy, are not proper grounds for a bill of particulars. *Giese*, 597 F.2d at 1181 ("Appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars."); *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir.), *amended on other grounds* 777 F.2d 543 (1985) ("DiCesare and Flannery requested a bill for three reasons: (1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the

charged activity. These reasons, however, do not warrant a bill of particulars.").

A bill of particulars is disfavored because the government must strictly adhere to answers filed in response. *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965); *United States v. Murray*, 297 F.2d 812, 819 (2d Cir. 1962); *United States v. Neff*, 212 F.2d 297, 309 (3d Cir. 1954). Such disclosures prevent the orderly and proper development of the government's evidence during trial. "A bill of particulars should not be used to . . . force detailed disclosure of acts underlying a charge, or to restrict the Government's proof at trial." *United States v. Mannino*, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979).

### IV.   ANALYSIS

#### A.   Defendant Presents No Basis to Reconsider the Previous Orders of this Court

The Court should deny defendant's motion as it fails to meet the standard of demonstrating that the previous Order issued by this Court addressing a bill of particulars in this case was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the defendant failed to carry his burden to demonstrate reconsideration of the Order, ECF 925, denial is warranted. Therefore, the Court should deny the present motion as unsupported and meritless.

#### B.   Defendant's Motion Seeking Information equivalent to "Where, When, and Who" and Related Details are not the Proper Subject of a Bill of Particulars

Like defendant Johnson's previous motion, defendant requests information pertaining to RICO Conspiracy charged in Count One of the Third Superseding Indictment, including but not limited to defendant's roles in the offenses, dates, locations, and information pertaining to co-conspirators identities and whereabouts. These requests are not the proper subject of a bill of particulars.

"To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." *Giese*, 597 F.2d at 1180 (citing 8 Moore's Federal Practice P 7.06(1) at 7-31 n.1 (2d ed. 1978)). In the context of a conspiracy indictment, requests for specifics regarding the beginning or end of a conspiracy, or overt acts within a conspiracy, are not proper grounds for a bill of particulars. *Id.* at 1181 ("The information available to appellant was actually more than he had a right to demand, for there is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy."); *United States v. York*, 2017 WL 3581711, at *1 (E.D. Cal. Aug. 18, 2017) (citing *Giese*, 597 F.2d at 1181) ("A bill of particulars is not to be used as a

discovery device, with a defendant interrogating the government as to the precise details of every alleged act—the who, what, and where of every allegation."). Moreover, defendants' "request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." *Giese*, 597 F.2d at 1181; *United States v. Ellis*, 121 F. Supp. 3d 927, 939 (N.D. Cal. 2015), *supplemented*, 2015 WL 6551628 (N.D. Cal. Oct. 29, 2015) ("The Ninth Circuit has recognized that 'uncertainty regarding a conspiracy's beginning and ending dates does not render an indictment fatally defective so long as overt acts alleged in the indictment adequately limit the time frame of the conspiracy.'") (quoting *United States v. Forrester*, 616 F.3d 929, 941 (9th Cir. 2010)).

> If the information the defendant seeks is provided in the indictment or in some acceptable alternate form, such as discovery or a criminal Complaint, no bill of particulars is required. In other words, the defense cannot use a bill of particulars as a general investigative tool, or as a device to compel disclosure of the Government's evidence prior to trial. The Government is not required to disclose the manner in which it will attempt to prove the charges, nor the means by which the crimes charged were committed, [therefore] the Government is not required to provide information that would, in effect, give the defendant a preview of the Government's case before trial.

*United States v. Morgan*, 690 F. Supp. 2d 274, 284–85 (S.D.N.Y. 2010) (citations and quotations omitted).

Measured against the proper legal standards, all of defendants' requests for information are improper attempts to gain a "preview of the Government's case before trial" and must therefore be denied. With respect to the specific demands for roles, steps, and purposes of murders charged, which are akin to a bill of particulars, "it seeks information more akin to evidentiary details not properly the subject of a bill of particulars." *York*, 2017 WL 3581711, at *2 (citing *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001); *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)). Accordingly, defendants' requests run counter to Ninth Circuit precedent and the motion should therefore be denied. *Giese*, 597 F.2d at 1181.

In this case, the Third Superseding Indictment (or "indictment") contains much more than the minimum amount of information required by law to permit defendant to prepare his defense, avoid

surprise at trial, and protect against double jeopardy. The indictment and the discovery adequately advise defendant of the charges he faces, thus eliminating the need for a bill of particulars. First, the indictment advises of the charges. The indictment charges defendant with conspiracy to commit a racketeering offense. *See* 18 U.S.C. §§ 1962(d).

In the context of the RICO conspiracy count alleged in Count One against defendant in violation of 18 U.S.C. § 1962(d), "[w]hile subsection (c) of this statute sets forth the elements of a substantive RICO violation, subsection (d), [] criminalizes conspiracy to commit a substantive RICO violation." *United States v. Ortiz*, 2013 WL 6842541, at *2 (N.D. Cal. Dec. 27, 2013); *see* Docket 392, at 5–8 (alleging defendant, and others "did knowingly and intentionally conspire and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Aryan Brotherhood through a pattern of racketeering activity."). "It is not necessary to prove that a defendant committed a substantive RICO violation under § 1962(d); instead, '[p]roof of an agreement the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d).'" *Ortiz*, 2013 WL 6842541, at *2 (quoting *United States v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984); *Tille*, 729 F.2d at 620 ("Proof of defendant's association with the illegal activities of the enterprise is all that is required."). Defendant's motion thus fails because "all that an indictment for a violation of 18 U.S.C. § 1962(d) must allege, is that 'the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity'" and defendants' demand for more is not legally cognizable. *Ortiz*, 2013 WL 6842541, at *2. The indictment in this case satisfies Rule 7(c) because it properly tracks the statute's language and alleges that defendant "did knowingly and intentionally conspire and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Aryan Brotherhood through a pattern of racketeering activity." Docket 392; *Tille*, 729 F.2d at 619 ("Proof of an agreement the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d)."); *Ortiz*, 2013 WL 6842541, at *2 (citations omitted). Nothing more is required.

In addition, the government is not required to disclose its theory of liability as to each defendant. *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979) ("Assuming, as we do, that all relevant facts were disclosed and available, the government is not obliged to disclose the theory under which it will proceed."). The government has no duty to divulge the precise manner in which the alleged crimes were committed or the manner in which the government will attempt to prove its charges. *Morgan*, 690 F. Supp. 2d at 284–85. "The Government is not required to (a) particularize all of its evidence; (b) disclose the precise manner in which the crimes charged in the indictment were committed; or (c) provide the defendant with a preview of the Government's case or legal theory." *Id.* at 285 (citations and quotations omitted). In short, a defendant has the right to know the offense with which he is charged, but not "the details of how it will be proved." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987). And courts also apply that principle to deny motions for a bill of particulars seeking to require the United States to identify whether it plans to proceed on a theory of principal or aiding and abetting liability. *See United States v. Nazemzadeh*, No. 11 CR 5726 L, 2014 WL 310460, at *13 (S.D. Cal. Jan. 28, 2014) (finding that since all counts include aiding and abetting theory, no bill of particulars was needed).

Furthermore, in RICO conspiracy cases, "there is no requirement of some overt act or specific act." *United States v. Salinas*, 522 U.S. 52, 63 (1997). The government need not "disclose even all the overt acts in furtherance of the conspiracy." *Giese*, 597 F.2d at 1180 (citing *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976)); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965). Moreover, the Ninth Circuit, consistent with *Salinas*, rejects the notion a defendant must have "actually conspired to operate or manage the enterprise" himself. *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004). Indeed, the Ninth Circuit has held a defendant is guilty of a RICO conspiracy if "the evidence showed [he] knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." *Id.* (internal citation, quotation marks, and alterations omitted). The United States does not need to prove overt acts in a RICO conspiracy charge. Consequently, the government should not be required to allege or particularize these overt acts.

**C.    Defendant's Demand for Information about the Special Sentencing Allegations is**

**Without Merit**

With respect to the special sentencing allegations in Count One against defendant (conspiracy to commit the murder of Victim- 15), defendant improperly seeks information that is not available through a bill of particulars. "[A]n indictment charging RICO conspiracy need not set forth any specific overt acts." *United States v. Ortiz*, 2013 WL 6842541, at *3 (N.D. Cal. Dec. 27, 2013) (citing *Salinas v. United States*, 522 U.S. 52, 63 (1997)). "All that the indictment must allege is that [defendants] knowingly agreed to participate in an enterprise whose objective was to engage in racketeering activity." *Ortiz*, 2013 WL 6842541, at *3 (citing *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991)). There is no requirement that the Third Superseding Indictment allege that either defendant committed any overt acts that might qualify as substantive RICO violations. "It is sufficient that the indictment alleges that [the defendants] knew about the enterprise's racketeering activities and agreed to help facilitate them." *Ortiz*, 2013 WL 6842541, at *3.

Here, Count One of the Third Superseding Indictment properly alleges a conspiracy to violate RICO. As stated previously, the Third Superseding Indictment contains a detailed description of Aryan Brotherhood as a criminal enterprise, including facts about its formation, membership, command structure, codes of conduct, purposes, symbols. ECF 1098, at 2-5. The Third Superseding Indictment also describes the enterprise's method and means of operation. *Id.* at 4-5. It alleges that the Aryan Brotherhood is an associated-in-fact enterprise that engaged in racketeering activity. *Id.* At 6. ("[E]ach being a person employed by and associated with the Aryan Brotherhood, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Aryan Brotherhood through a pattern of racketeering activity."). It further alleges that defendant personally acted in furtherance of the conspiracy by conspiring to murder Victim-15 between March 1, 2020 and April 30, 2020. *Id.* at 7, 13. Finally, the Third Superseding Indictment alleges that defendant "did knowingly and intentionally conspire and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Aryan Brotherhood through a

pattern of racketeering activity" in the in the Eastern District of California, and elsewhere. *Id.* at 6. These allegations are sufficient as a matter of law. *United States v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984).

The government has no duty to divulge the precise manner in which the alleged crimes were committed or the manner in which the government will attempt to prove its charges. *Morgan*, 690 F. Supp. 2d at 284–85. "The Government is not required to (a) particularize all of its evidence; (b) disclose the precise manner in which the crimes charged in the indictment were committed; or (c) provide the defendant with a preview of the Government's case or legal theory." *Id.* at 285 (citations and quotations omitted). In short, a defendant has the right to know the offense with which he is charged, but not "the details of how it will be proved." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).

Courts considering this issue have found such details as to the "what" and "how" of the government's theories fall squarely outside the bounds of a proper bill of particulars request and have denied identical evidentiary requests. *See Morgan*, 690 F. Supp. 2d at 284–85; *York*, 2017 WL 3581711, at *1; *United States v. Cervantes*, 2013 WL 3456876, at *5 (N.D. Cal. July 9, 2013) ("Count One provides sufficient information regarding the elements the government intends to prove at trial and thus satisfies the constitutional concerns respecting double jeopardy. In addition, the government detailed in its opposition the discovery provided to defendants, individually and collectively, which will prevent surprise at trial and allow the defendants to prepare an adequate defense. An insufficient showing has been made that any specific defendant cannot prepare his defense adequately due to a lack of discovery.").

D.     **Defendant Seeks Information that is Inconsistent with Binding Precedent**

Defendant's request for information about the mechanics of the conspiracy and how the government will prove his role through a bill of particulars are inconsistent with the Supreme Court's decision in *Salinas*. In RICO conspiracy cases, "there is no requirement of some overt act or specific act." *Salinas*, 522 U.S. at 63. The government need not "disclose even all the overt acts in furtherance of the conspiracy." *Giese*, 597 F.2d at 1180 (citing *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976)); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965). Moreover, the Ninth Circuit, consistent with *Salinas*, rejects the notion a defendant must have "actually conspired to operate or

manage the enterprise" himself. *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004). Indeed, the Ninth Circuit has held a defendant is guilty of a RICO conspiracy if "the evidence showed [he] knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." *Id.* (internal citation, quotation marks, and alterations omitted). Defendant's requests for specification related to when defendant, his co-conspirators, and others joined the RICO conspiracy, when and what racketeering acts they and others agreed to commit, and any overt acts plainly contradict *Salinas* and Ninth Circuit precedent. The United States does not need to prove overt acts in a RICO conspiracy charge. Consequently, the government should not be required to allege or particularize these overt acts.

In *Wong Tai v. United States*, the Supreme Court upheld the trial court's denial of the defendant's request for a bill of particulars. 273 U.S. 77 (1927). The defendant, charged with conspiracy, filed a motion for a bill of particulars seeking to have the United States set forth with particularity a variety of specific facts regarding the overt acts alleged in the indictment, including the times, places, names, instrumentalities used, and the manner in which and circumstances under which the various acts had been committed. The Supreme Court found the defendant's request "in effect sought a complete discovery of the government's case in reference to the overt acts" alleged in the conspiracy and called "for too much details of evidence." *Wong Tai*, 273 U.S. at 82. In short, defendants are not entitled to know all the overt acts the government intends to prove at trial. *Wong Tai*, 273 U.S. at 82 (the government is not required to specify every overt act it intends to prove at trial); *DiCesare*, 765 F.2d at 897 (bill of particulars not warranted when the defendant seeks to obtain, among other things, all the overt acts which comprise the conspiracy).

In this case, as discussed, the Third Superseding Indictment contains much more than the minimum amount of information required by law to satisfy Rule 7(c). The Third Superseding properly tracks the statutes' language. Nothing more is required. As a result, defendant's motion for a bill of particulars should be denied.

E. **Defendants' Demand for "All Persons Known or Alleged" to Be Co-Conspirators is Precluded by Precedent**

Defendants demand for the "names and addresses" of "all alleged co-conspirators not named in

the Third Superseding Indictment" conflicts with Ninth Circuit precedent. ECF 1231 at 2. 3. The Ninth Circuit has specifically held that requests "(1) to obtain the names of any unknown conspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity . . . do not warrant a bill of particulars." *DiCesare*, 765 F.2d at 897–98; *Ellis*, 121 F. Supp. 3d at 940 (citing *DiCesare* to deny bill of particulars "names of any unknown coconspirators," "exact date on which the conspiracy allegedly began, identification of "all other overt acts that comprised the charged activity.); *see United States v. Long*, 449 F.2d 288, 294–95 (8th Cir. 1971) (exact times); *Wilkins v. United States*, 376 F.2d 552, 562–63 (5th Cir. 1967) (names of all coconspirators); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965) (all overt acts); *Giese*, 597 F.2d at 1180 (defendant not entitled to lists of conspiratorial acts performed by each person named in the indictment and which statements created the conspiracy); *Rubio v. United States*, 22 F.2d 766, 768 (9th Cir. 1927) ("[t]o require the government to set forth every act tending to connect each of the parties charged with conspiracy, and every act committed by each of the parties in furtherance of the object of the conspiracy, would be to require it to make a complete discovery of its entire case."); *Todorow v. United States*, 173 F.2d 439, 448 (9th Cir. 1949) (upholding denial of a motion for a bill of particulars that requested the names of the persons, the time, place, and persons present because the motion called for evidentiary matters). Consistent with binding caselaw, defendants' motion should be denied.

### F.   **Defendants' Authority Does Not Support the Disclosures They Seek**

Defendants cite to *United States v. Diaz*, 2007 WL 4169973 (N.D. Cal. Nov. 20, 2007), for the proposition that "a bill of particulars is often necessary to provide a defendant with notice of the basis of the charges in an indictment." ECF 1231, at 11. The *Diaz* case, however, is inapposite because the passage cited by the defendants focused not on a bill of particular but, instead, the adequacy of information contained in a government notice of intent to seek the death penalty and, in particular, the non-statutory aggravating factors relied upon by the government to seek capital punishment. *Diaz*, 2007 WL 4169973, at *2 (docket citations omitted) ("In the instant motion, Diaz and Fort move to dismiss the 'special findings' from the indictment and to strike the second amended notice of intent to seek the death penalty. Although they reiterate their objections to the statutory aggravating factors (objections rejected earlier) defendants now concentrate their fire on the non-statutory aggravating factors."). Because the

relevant pleading examined in *Diaz* – a notice of intent to seek the death penalty – is a completely distinct document from an indictment with different standards and a different purpose, the *Diaz* case provides no basis to order a bill of particulars in this case. Instead, the standards applied by the Ninth Circuit to a bill of particulars under *Giese*, *DiCesare*, and *Long* apply. Under those authorities, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and, "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117; *Chenaur*, 552 F.2d at 301. The distinct and unusual pleading examined in *Diaz* limits that case to its much-narrower context. It does not provide a rationale to find broader authority to expand the scope of a bill of particulars for an indictment.

Defendant's reliance on *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987), is misplaced because the deficiency identified in that case is not present in this case. ECF 1231, at 11. Specifically, in *Bortnovsky*, the indictment alleged that the defendants submitted claims for burglary losses to the Federal Insurance Administration and false claims for fire damage to the New York Property Insurance Underwriting Association. *Id.* at 574. But, critically for the bill-of-particulars analysis, the indictment did not "specify the dates of the staged burglaries or enumerate which of numerous documents were falsified." *Id.*

In contrast, the Third Superseding Indictment in this case alleges when the conspiracy began and ended, who participated, its purposes, and when several overt acts were committed by the conspirators, including defendants. The Third Superseding Indictment also provides additional detail, including "how the alleged enterprise is organized, how it operates, what its goals are, and how it exerts influence."

Unlike the bare-bones indictment in *Bortnovsky* that did not "specify the dates of the staged burglaries or enumerate which of numerous documents were falsified," in this case, the Third Superseding Indictment provides dates, facts, and details about the crimes charged against each defendant. The *Bortnovsky* facts are readily distinguishable and do not support ordering a bill of particulars in this case.

**V.     CONCLUSION**

The United States has adequately advised defendants of the charges against them in the Third Superseding Indictment and the voluminous discovery it provided, and therefore no bill of particulars is needed. Defendant requests information regarding the United States' theory of liability at trial. A bill of particulars is not a proper vehicle for that request.

For the foregoing reasons, defendant's motion for a bill of particulars should be denied in its entirety.

Dated: August 28, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
Assistant United States Attorney