Oliver W. Loewy (IL State Bar # 619709)
*Pro Hac Vice*
1022 SE 30th Avenue
Portland, Oregon 97214
(208) 283-5381
oliverwloewy@gmail.com

Edward J. Rymsza (PA State Bar # 82911)
*Pro Hac Vice*
125 East Third Street
Williamsport, PA 17701
(570) 322-2113
Rymsza@comcast.net

Attorneys for Defendant
WAYLON PITCHFORD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>WAYLON PITCHFORD,<br>    Defendant. | No. 1:20-cr-00238-JLT-SKO<br><br>DEFENDANT PITCHFORD'S NOTICE OF NON-OBJECTION AND STATEMENT REGARDING GOVERNMENT'S MOTION TO SEVER (DKT. 1307)<br><br>Date: October 23, 2024 (Dkt. 1307)<br>Time: 1:30 pm<br>Place: Hon. Jennifer L. Thurston |

Waylon Pitchford, through undersigned counsel, does not object to the Government's motion to sever (Dkt. 1307). He notes, though, that while the Government argues that it would be inefficient *not* to sever Mr. Pitchford and join him for trial with Mr. Weaver because (1) the same or similar evidence would be presented in both Mr. Pitchford's trial now set to commence

in January 2024 *and* Mr. Weaver's trial (assuming Mr. Weaver is severed[1]) regarding charges against only Messrs. Pitchford and/or Weaver and (2) one of those charges is for a "killing [that] triggered a robust investigation" and, "[a]s a result, the evidence establishing [that killing charged as RICO predicate act o. in Count One and as a VICAR murder in Count Seven] is extensive," there are numerous RICO predicate acts charged solely against co-defendants other than Messrs. Pitchford or Weaver.[2]  With this heavy balance of charges solely against Messrs. Pitchford's and Weaver's co-defendants, the efficiency of severing is murky absent the Government's assurances (1) that it will not seek to prove at Messrs. Pitchford's and Weaver's trial any predicate act which does not charge one or both of them with having personally committed it and (2) that it will not seek to prove at the remaining co-defendants' trial scheduled for January any predicate act which does not charge any of them with having personally committed it.  In its motion, the Government represents only that, were Mr. Pitchford severed, it "anticipates call[ing] . . . witnesses to give evidence that is limited to criminal counts and

---

[1] During the August 26, 2024, hearing addressing, among other things, Mr. Weaver's motion to continue his trial, the Court directed Mr. Weaver's recently appointed counsel to file a status report by October 21 in which they estimate the amount of time they would need to prepare for trial.  The Court indicated that should Mr. Weaver's counsel indicate that they could not be prepared for trial by January 2024, it was inclined to grant Mr. Weaver's motion to continue his trial (Dkt. 1208).  *See* Dkt. 1274 (minute order).

[2] These include four additional murders. Dkt. 1098 at para. 20.j. (charging Messrs. Johnson, Clement, and Bannick with murdering V-1 and V-2), para. 20.r. (charging Messrs. Clement, Bannick, and Perkins with murdering V-11 and V-12.  In addition to those four murders not charged against either Mr. Pitchford or Mr. Weaver, there are thirteen additional predicate acts charged against co-defendants other than Messrs. Pitchford and Weaver, including ordering a murder where a murder resulted (para. 20.b.), ordering the stabbing of others (*id.* at c.), conspiring to murder where a murder resulted (*id*.at e), mail fraud and identity theft (*id.* at d. & f.), conspiring to rob during the course of which robbery a victim was tied up and beaten (*id.* at g.), conspiring to commit arson by setting fire to another's property (*id.* at i.), conspiring to commit a robbery in Oregon (*id.* at l.), fraud in connection with identification documents and access devices (*id*. at n.), attempted distribution of methamphetamine (*id*. at s.), and conspiracy to murder (*id.* at t.).

predicates exclusive to Weaver and Pitchford" and limits its representation to "the time of writing[.]" Dkt. 1307 at 6.  Regardless, Mr. Pitchford has no objection to the severance.

     Mr. Pitchford takes no position on whether the Court should conduct a hearing on the Government's motion or, instead, decide it on the papers.

Dated: October 2, 2024

                        Respectfully submitted,

                        */s/ Oliver W. Loewy*

                        OLIVER W. LOEWY

                        /s/ Edward J. Rymsza

                        EDWARD J. RYMSZA

                        Attorneys for Defendant
                        WAYLON PITCHFORD