KARREN KENNEY
KENNEY LEGAL DEFENSE
California State Bar No. 174872
2900 Bristol Street, Suite C204
Costa Mesa, CA, 92626
855-505-5588
karren.kenney@gmail.com

Attorneys for Defendant *Andrew Collins*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW COLLINS,<br><br>  Defendant. | CASE NO.: 1:20-CR-238-JLT-SKO<br><br>Hon. Sheila K. Oberto<br>Date: October 16, 2024<br>Time: 1:00pm<br><br>REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS [Docket No. 1231] |

PLEASE TAKE NOTICE On August 8, 2024, Defendant Andrew Collins, filed his Motion to for a bill of particulars. On August 29, 2024, the government filed its response in opposition to Mr. Collins' motion. Mr. Collin's, by an through his appointed counsel Karren Kenney, submits this Reply to the United States' Opposition to the Motion for Bill of Particulars.

Dated: October 4, 2024

                                                      *Karren Kenney*
                                                    KARREN KENNEY
                                               Attorney for Andrew Collins

# ARGUMENT

The Government's Opposition fails to acknowledge Defendant Collins is not similarly situated to ANY defendant in this case. In the context of the Court's previous order (ECF 925) denying Defendant Johnsons' motion for bill of particulars the Government relies upon, it is crucial to highlight that Mr. Collins was not a participant in the previous motion for the bill filed by Defendant Johnson. The order was issued based on the Second Superseding Indictment, which did not name Mr. Collins as a defendant. Mr. Collins was not a named defendant until the Government decided to add him into this case in the Third Superseding Indictment. Thus, because Mr. Collins was not included in the earlier motion, applying the order (ECF 925) to him would undermine the fairness that the court aims to uphold and deny Mr. Collins due process.

Additionally, central to the Court's decision, is the need to consider the unique circumstances surrounding Mr. Collins' in this case. **Mr. Collins is in a unique and obviously concerning position as both a defendant and a victim** (Victim 15) in this case. The complexities of Mr. Collins's position as Victim 15—having suffered harm related to the very allegations at hand—require careful consideration. The court should not impose the existing order on Mr. Collins' without acknowledging the distinct implications it holds for him, and making a detailed analysis of his unique situation that no other defendant in this case holds.

The government continues to assert that it has produced thousands of items of discovery relevant to the case against Mr. Collins was not even brought into this case until June 3, 2024 – after the current jury trial was set. A thorough review of the discovery demonstrates that the vast majority of this material pertains predominantly to his co-defendants and their actions, with minimal mention of Mr. Collins himself. The government's reliance on the sheer volume of discovery is misplaced, as the thousands of items—including written reports,

autopsy reports, audio recordings, photographs, and video evidence—largely focus on the broader criminal enterprise and the alleged actions of other individuals involved.

This lack of relevant discovery critically undermines Mr. Collins's ability to prepare an adequate defense. The extensive materials produced do not equate to meaningful discovery for Mr. Collins, as most of the evidence is not tied to him or the specific allegations against him. As a defendant, he is entitled to access evidence that directly relates to his involvement and culpability, rather than a generalized assortment of evidence regarding the alleged racketeering enterprise against all defendants.  Without access to information that specifically addresses his role, Mr. Collins faces significant challenges in formulating an effective defense strategy. It is crucial for the court to recognize that while the government has produced a substantial amount of discovery, it is largely irrelevant to Mr. Collins's defense, thus compromising the fairness of the proceedings.

Furthermore, while the Opposition brief lauds the indictment's description of the AB prison gang, and why it could be a racketeering enterprise, it fails to acknowledge that the Third Superseding Indictment is silent as to how Mr. Collin's conspired to murder Victim 15, and why that was connected to any alleged AB enterprise business. "In exercising its discretion, the court should consider the totality of the information available to the defendants through the indictment, affirmations and pretrial discovery and determine whether, in light of the charges the defendants must answer, the filing of a bill of particulars is warranted". *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

Mr. Collin's concedes that the indictment adequately alleges with specificity how the AB might constitute an enterprise engaged in racketeering.  However, this Motion does not challenge this aspect of the indictment.  To date, the government has not produced one single iota of discovery on how Mr.

Collins' participated in the alleged conspiracy to commit murder. "The bill of particulars' purpose is to supplement the indictment by providing more details of facts upon which the charges are based." *United States v. Short*, 857 F.2d 1479 (9th Cir. 1988). See *United States v. Inryco,* Inc., 642 F.2d 290, 295 (9th Cir.1981), cert. dismissed, 454 U.S. 1167 (1982). Here, there is nothing in the Third Superseding Indictment demonstrating how Mr. Collin's could have participated in the alleged conspiracy to commit murder or why he would have done so. As such, the Court should require a bill of particulars on the government's theory of the case in this matter. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

      In conclusion, the court must ensure that any orders related to the bill of particulars are precisely tailored to reflect the unique circumstances surrounding Mr. Collins. Given his late inclusion in the indictments, his dual role as both a defendant and a victim, and the inadequacy of the discovery provided to him, it is imperative that the court acknowledges his inability to prepare an effective defense. The indictment remains notably silent on any specific allegations regarding Mr. Collins's participation in the purported conspiracy to commit murder or how such actions relate to the AB. In light of these circumstances, we urge the court to grant Mr. Collins' motion for a bill of particulars provided to ensure that he is afforded the principles of justice and due process.

DATED:  October 4, 2024                                    Respectfully submitted,


                                                    *Karren Kenney*
                                                  KARREN KENNEY
                                                  Attorney for Andrew Collins