**MONICA L. BERMUDEZ**
Attorney at Law, SBN 275434
1304 "L" Street
Bakersfield, CA 93301
Tel.: (661) 616-2141
Fax: (661) 322-7675
E-mail: monica@lawbermudez.com

Attorney for **Samantha Booth**

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>SAMANTHA BOOTH,<br><br>                Defendant. | Case No.: 0972 1:20cr00238-7<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Date: November 12, 2024<br>Time: 8:30 a.m.<br>Judge: Hon, Jennifer L. Thurston |

SAMANTHA BOOTH, by and through her counsel, MONICA L. BERMUDEZ, hereby submits this sentencing memorandum for the court's consideration. Defendant reserves the right to supplement this memorandum with additional evidence or argument at the sentencing hearing before this Court. For the reasons set forth below and considering the factors set forth under 18 U.S.C. § 3553(a), defense is asking the Court to impose a sentence of 60 months.

# I.
# INTRODUCTION

On January 16, 2024 Ms. Booth entered a plea of guilty to a violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), conspiracy to distribute and to possess with the intent to distribute methamphetamine.

Per the plea agreement, the Government and the Defendant stipulated in the factual basis for the plea that Ms. Booth took approximately one pound of methamphetamine and sold it. (Plea Agreement, Exhibit A, page A-1, lines 10-11.) Thus, making the base offense level 28 and a total offense level of 23. However, the pre-sentence investigation report, reflects a base offense level of 30 and total offense level of 25 with a recommended sentence of 120 months.

Ms. Booth respectfully requests a sentence of 60 months.

# II.
# MS. BOOTH'S FORMAL OBJECTION TO PSR

Ms. Booth respectfully disagrees with the quantity calculation, and thus, the applicable base offense level. First, the notion that Ms. Booth possessed 5 pounds of methamphetamine is pure conjecture. There is no firm evidence to establish the weight of drugs Ms. Booth possessed.

The PSR refers to a phone call between Ms. Booth and Mr. Bash on September 28, 2020. (PSR ¶ 25). Mr. Bash accused Ms. Booth of stealing methamphetamine. At the beginning of the call, Mr. Bash claims he had five and a half pounds, and they were vacuum sealed by Steve. Ms. Booth, who is very flustered, tells Mr. Bash there was not and states "I brought two back. I sold one, I have two G's for you." After being questioned by Mr. Bash that pounds go for $3000, Ms. Booth clarifies and stated "I mean, I sold one for two, dude..." Further in the conversation, Mr. Bash states, "How much packages did you bag up? Two and two and one. That's five pounds." Booth again tells Bash "They weren't even weighed out like that. Was not like that? Ask Steve

how uneven it was. The baggies it wasn't like that." Bash later begins to accuse Steve of stealing the methamphetamine. Bash goes on to state "I don't give a fuck about the pound dude. You got two grand for it. Cool. Whatever dude. I'll eat the $700. I'm talking about the rest, fool. I'm missing fucking four pounds. Okay? Minus one. I'm missing three pounds." Ms. Booth tells Mr. Bash, "I don't think that was there, Bash. No way, dude. What would Steve do with three pounds?"

Throughout this call, Ms. Booth denied that there was 5 pounds of methamphetamine located in the safe. She admits to selling one pound for $2000. Therefore, it can be fairly argued that Ms. Booth possessed and sold one pound of methamphetamine, and thus, this should be the applicable quantity for the purpose of calculating the base offense level.

### III. SENTENCING MEMORANDUM

**A. Ms. Booth's personal history and characteristics**

Ms. Booth's history and characteristics are strong factors in mitigation. *Penry v. Lynaugh*, 492 U.S. 302, 319 (1989) ("defendants who commit criminal acts that are attributable to a disadvantaged background… maybe less culpable than defendants who have no such excuse"); *Landrigan v. Schriro*, 441 F.3d 638, 648 (9th Cir. 2006) ("Where a defendants crime is it attributable to a disadvantaged background or emotional or mental problems the defendant is less culpable than one without the excuse.")

Derek Smith, codefendant, started a romantic relationship developed romantically in 2012 when Derek followed Booth to Morro Bay. When Booth lived in Morro Bay, she attempted to combat her drug addiction by participating in drug treatment programs. She was motivated to start fresh even though she had to work two jobs and rely on public assistance.

The abuse in her relationship developed quickly. As early as the first year of the relationship Derek was arrested for domestic violence. The case was ultimately pled down to a misdemeanor because Booth did not want Derek prosecuted. After the conviction, there relationship continued and so did the mental and physical abuse. Nonetheless in 2014, she moved in with Derek and her third child, Kabria, was born.

Soon after, Booth relapsed and lost custody of her children due to drugs being in the home. This was a dark period for Booth and her toxic relationship with Derek made it even darker. Due to her drug addiction and lack of money, she was involved in criminal activity and served time in jail. Around 2018, Ms. Booth was released from custody and worked in Fresno. She worked multiple odd jobs that never stuck. She felt lost and aimless. She could never find her footing and Derek had a control over her that she could not break.

In 2020, Booth was arrested for the current offense. Her life dramatically changed. She successfully completed the WestCare program and moved to Elk Grove to be near her children. She earned at job with Costco and gained a sense of self-worth. She was allowed to see her children again and she rebuilt her relationhsip as a mother.

Booth now resides in Fresno. She maintains a strong relationship with her children and she appreciates her continued sobriety, which has allowed her to break all ties with toxic relationships. She wishes this case did not have to occur for her to realize these truths. This case helped her find the strength to become her true self. Through years of sobriety, she sees the importance of being independent of both toxic relationships and drugs.

**A. The Need to Deter, to Protect the Public, and to Punish.**

Ms. Booth has taken responsibility for her violation of the law. This is reflected in the agreed upon departure for acceptance of responsibility. PSR ¶ 51. She further expressed remorse for her conduct to the probation officer. PSR ¶ 16.

Ms. Booth has been on pretrial supervision since her release on December 14, 2020. While on pretrial supervision, Ms. Booth has maintained employment, has reported for supervision, and has remained in compliance with all terms. PSR ¶ 3-4. As demonstrated by her behavior on pretrial release, Ms. Booth is committed to her rehabilitation.

As noted by probation, Ms. Booth's relationship with Derek was volatile. Derek physically abused Ms. Booth and the ongoing physical and emotional abuse that Ms. Booth suffered during her relationship with Derek caused deep rooted trauma that cannot always be understand. PSR ¶ 39-42.

Ms. Booth has been left to carry the weight of his actions. Ms. Booth recognizes the impact her decisions had and as a result she made bad choices in life. Since being separated from Derek, she realizes that the physical and mental abuse she suffered had a tremendous impact on her judgment not only in this case but in life. Ms. Booth is committed to being there for her children and giving them the guidance, support, and love she was not given.

**B. Avoid Unwarranted Sentencing Disparities**

Ms. Gourley, the co-defendant in this matter, was sentenced on August 14, 2023. She was sentenced to 63 months in custody.

**CONCLUSION**

Defendant's Sentencing Memorandum - 5

For the reasons set forth above, Ms. Booth respectfully requests that this court impose a 60-month sentence. In light of the above, such a sentence is sufficient, but not greater than necessary, to achieve the goals and purpose of sentencing in this case.

Dated: November 6, 2024                                                     /s/ Monica L. Bermudez
                                                                                                                MONICA L. BERMUDEZ
                                                                                                                Attorney for Samantha Booth