Ryan J. Villa, PHV
5501 Eagle Rock Ave NE, Ste C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

Andrea Lee Luem, PHV
400 South Fourth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

Attorneys for:
KENNETH JOHNSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

**No. 20-cr-238-JLT-SKO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **KENNETH JOHNSON,** <br><br> Defendant. | **DEFENDANT JOHNSON'S PARTIAL OPPOSITION TO DEFENDANT PERKIN'S MOTION TO CONTINUE TRIAL** <br><br> Date: November 18, 2024 <br> Time: 9:00 a.m. <br> Place: Honorable Jennifer L. Thurston |

Defendant Mr. Kenneth Johnson, by counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Andrea Lee Luem, hereby submits this Partial Opposition to the Motion to Continue Trial [Doc. 1360] filed by Mr. Perkins and joined by Mr. Bannick in his Joinder [Doc. 1359]. To the extent the Court might deny the requested severance, but grant a continuance of the January 14, 2025 trial, Mr. Johnson opposes.

Mr. Johnson continues to assert his right to a speedy trial pursuant to the Sixth Amendment. He will be significantly prejudiced by any delay as he continues to be held in solitary confinement

and has been denied proper medical care, both conditions that did not exist prior to being charged in this case. The reason for the motion to continue lies squarely at the feet of the government. As Mr. Perkins' Motion details, his counsel is in need of additional time to review discovery including the disclosure of a 1,200-page file containing text messages from a phone for which the native file with attachments has still not been produced as well as 2 wiretaps. One of which was never disclosed until October 24, 2024 and consists of 281 gigabytes of information. Mr. Johnson incorporates the Motion [Doc. 1362] filed by Mr. Clement to suppress this evidence for late disclosure as though fully set forth herein.

## I.   BACKGROUND

Mr. Johnson is charged in the Third Superseding Indictment [Doc. 1098] in Count One with Conspiracy to Participate in a Racketeering Enterprise, contrary to 18 U.S.C. § 1962(d), and in Counts Two and Three with Murder in Aid of Racketeering, contrary to 18 U.S.C. § 1959(a)(1). As charged, Counts Two and Three could result in a mandatory life sentence. These charges arise from a double homicide occurring on October 4, 2022, in which two individuals were shot in the City of Lomita, in Los Angeles County. At the time of these murders, Mr. Johnson was incarcerated in Kern Valley prison near Bakersfield. The government claims these murders, committed outside prison walls, were carried out at the direction of one or more AB members and that Mr. Johnson allegedly aided and abetted this AB member or members.

Mr. Johnson was originally charged with these same charges in the Superseding Indictment [Doc. 417] on September 23, 2022. He was brought from state custody at CDCR to federal custody by writ of ad prosequendum and arraigned on September 13, 2022. Since that time, he has remained in federal custody at the Fresno County Jail (FCJ) where he has been held in solitary confinement the entire time.

After agreeing to waive time from his arraignment in September of 2022 to March of 2023 to investigate the case and litigate discovery motions, in March of 2023, Mr. Johnson objected to the case being declared complex and asserted his speedy trial rights, *see* Stipulated Order at n. 1 [Doc. 549] (noting Mr. Johnson's objection) and Status Report at 1 [Doc. 632] (same); and later filed a demand for a speedy trial and asked the Court to set the trial in November 2023. *See* Notice of Assertion of Speedy Trial Rights [Doc. 653]. Mr. Johnson then filed his Motion to Sever [Doc. 722] on July 28, 2023. He argued, *inter alia*, that his speedy trial rights would be violated without severance because his co-defendants were not asserting their speedy trial rights and were charged with more counts than him, requiring more time to investigate. This Court denied the Motion in October of 2023. *See* Order [Doc. 818].

Just prior, Judge Oberto conducted a status conference on August 30, 2023 and excluded time until January 2024 over Mr. Johnson's objection, asking the parties to select a mutually agreeable time for trial by the January 2024 status conference. *See* Status Report [Doc. 907]; Trans. of Aug. 30, 2023 Status Conference at 46 [Doc. 766]. At the August 30, 2023 status conference, Mr. Johnson asked the court to set a trial date immediately, rather than wait until January. *See Id.* at 28, 35-36. Ultimately, at the January 17, 2024 status conference, the Court set the case for trial in January of 2025. *See* Minutes [Doc. 916]. Subsequently, because the United States failed to disclose a conflict for Mr. Weaver's counsel for over a year, Mr. Weaver had to obtain new counsel, who sought a continuance/severance in order to get up to speed on the case. *See* Motion [Doc. 1208]. Mr. Johnson opposed a continuance and again asserted his speedy trial rights. *See* Opposition [Doc. 1252]. The Court granted Mr. Weaver's severance, but, consistent with Mr. Johnson's demands for a speedy trial, ordered the remaining defendants to proceed to trial on January 14, 2025. *See* Minute Order [Doc. 1331].

## II. LAW AND ARGUMENT

Mr. Johnson opposes a continuance of his January 14, 2025 trial, in the event any party seeks such a continuance if severance is denied. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy … trial." U.S. Const. amend. VI. The right to a speedy trial for a criminal defendant is one of the most fundamental rights secured by the Sixth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967)). After all, it is "one of the most basic rights preserved by our Constitution." *United States v. Yandell*, 2023 WL 2620418, at *7 (E.D. Cal. Mar. 23, 2023). Under *Barker v. Wingo*, 407 U.S. 514, 519 (1972), the Court must determine whether granting a continuance would deprive Mr. Johnson of his right to a speedy trial under the Sixth Amendment analyzing the four *Barker* factors. These factors are (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of her right, and (4) prejudice to the defendant. *Id.* at 530.

The first factor of the *Barker* balancing test is the length of delay. 407 U.S. at 530. "The length of delay is a threshold factor." *United States v. Myers*, 930 F.3d 1113, 1110 (9th Cir. 2019). The delay must be "presumptively prejudicial" in order to move on in analyzing the remaining *Barker* factors. *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 651 (1992)). The Ninth Circuit has held that "[a]lthough there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial." *Id.* (citing *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003)). Here the delay between Mr. Johnson's indictment to the January 2025 trial has been two and a half years, and thus prejudice is presumed. Further delay by granting a continuance would push it beyond three years.

Following the threshold inquiry, courts conduct a second analysis to determine "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. at 652. How much weight to assign the delay depends on the "length

of time" balanced with the "complexity of the federal case." *United States v. Nixon*, 919 F.3d 1265, 1270 (10th Cir. 2019). The "inquiry is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530-31. However, the presumption of prejudice intensifies over time. *Doggett*, 505 U.S. at 652.

The second *Barker* factor is the reason for delay. 407 U.S. at 530. To analyze this factor, "the court must assess the reasons offered by the government for not bringing the defendant to trial in a timely fashion." *United States v. Margheim*, 770 F.3d 1312, 1326 (2014). The Supreme Court and the Ninth Circuit have "repeatedly held that the prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner and that this duty requires a good faith, diligent effort to bring him to trial quickly." *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003) (citing *Moore v. Arizona,* 414 U.S. 25, 26 (1973)). The prosecutor likewise has the burden of "explaining delay in bringing an accused to trial." *Id.* at 827. When the record reflects a reason behind the delay, "[a] deliberate attempt to delay proceedings to hamper the defense counts heavily against the government." *Id.* Furthermore, "delay attributable to the defendant's own acts or to tactical decisions by defense counsel will not bolster defendant's speedy trial argument." *Id.* More neutral reasons, such as negligence or overcrowded courts, should be weighed less heavily. *Id.* (citing *Barker*, 407 U.S. at 531). Here, the government has failed to provide any adequate reason to explain or justify the delay in providing the discovery that has caused Messrs. Perkins and Bannick to seek a continaunce. Indeed, the government has been less than candid with Judge Oberto about when the defense began seeking additional information about the Bash Wiretap. *See* Status Report, filed October 31, 2024 with CDA declaration attached (demonstrating that on October 16, 2024 the government represented it was just asked about the Bash wiretap, but in fact

the CDA had been requesting it since October 16, 2023). Regardless, a continuance of Mr. Johnson's trial is not warranted.

The third *Barker* factor asks whether the defendant asserted his right to a speedy trial. 407 U.S. at 529. A petitioner's repeated assertions of their right to a speedy trial weighs this factor in the petitioner's favor. *McNeely*, 336 F.3d at 831. This factor weighs against the defendant who waits until the "eleventh hour" to assert his right to a speedy trial. *Spreitz v. Ryan*, 762 Fed. Appx. 400 (9th Cir. 2019). However, the failure to assert the right "is not per se fatal." *Myers*, 930 F.3d at 1120. Finally, when a defendant requests a speedy trial after numerous continuances, "it should weigh neither in favor of the defendant nor in favor of the government." *United States v. Reyes*, 717 Fed. Appx. 668, 670 (9th Cir. 2017) (citing *United States v. Mendoza*, 530 F.3d 758, 764 (9th Cir. 2008)). Under *Mendoza*, this factor is neutral. Courts are to weigh the "frequency" and "force" of the assertions in determining how much weight to give to such assertions. *Barker*, 407 U.S. at 529. Here, after one agreement to waive time just months after he was arrested and indicted, Mr. Johnson has repeatedly asserted his right to a speedy trial and objected to waivers of time or continuances.

The fourth *Barker* factor is prejudice. 407 U.S. at 529. In the speedy trial context, courts must assess this factor "in light of the interests that the speedy trial right was designed to protect." *Seltzer*, 595 F.3d at 1179. The Supreme Court has identified three main interests: (1) "to prevent oppressive pretrial incarceration[,]" (2) "to minimize anxiety and concern of the accused[,]" and (3) "to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 530. While impairing the defense is the most serious, all factors must be considered together. *Barker*, 407 U.S. at 530. When the petitioner is subject to "oppressive pretrial incarceration," this factor weighs heavily in his favor. *McNeely*, 336 F.3d at 832. As the Ninth Circuit has noted, the Supreme Court

emphasizes that "the most serious form of prejudice is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *United States v. Drake*, 543 F.3d 1080, 1086 (9th Cir. 2008). Also, "[t]he presumption that pretrial delay has prejudiced the accused intensifies over time." *McNeely*, 336 F.3d at 831. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Gregory*, 322 F.3d at 1163 (quoting *Barker*, 407 U.S. at 532).

Here, although the first delay from September 2022 to March 2023 was requested by Mr. Johnson, this was in part due to the government's failure to produce discovery, necessitating the first of many motions to compel. However, since March 2023, Mr. Johnson has steadfastly asserted his right to a speedy trial and objected to time extensions, yet trial was not scheduled until January 2025. If trial is continued due to the government's failure to timely disclose discovery, the fault will be on the government.

Mr. Johnson has suffered prejudice from the delay and will suffer prejudice from any further delay by being held in solitary confinement without proper medical care. As Mr. Johnson has informed the Court, he has been held in solitary confinement at FCJ, conditions he did not experience at CDCR, and he is not getting medical care, leaving him in daily pain. Accordingly, any further delay in Mr. Johnson's trial would tip the scales in his favor and finding a violation of his speedy trial rights. The Court should not continue Mr. Johnson's trial.

## CONCLUSION

For the reasons discussed above, the Court should deny Messrs. Perkins and Banncik's request to continue the trial to the extent it would cause a continuance of Mr. Johnson's trial.

Respectfully submitted,

*/s/ Ryan J. Villa*

7

Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Andrea Lee Luem*
Andrea Lee Luem, PHV
400 South Fourth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2024, I served a true and correct copy of the foregoing via ECF to:

All counsel of record

*/s/ Ryan J. Villa*
Ryan J. Villa