PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:20-CR-00238-JLT |
| Plaintiff, | UNITED STATES' OPPOSITION TO THE DEFENDANT'S MOTION TO SEVER |
| v. | DATE: November 18, 2024 |
| EVAN PERKINS, et al. | TIME: 1:30 p.m. |
| Defendants. | COURT: Hon. Jennifer L. Thurston |

## I.      INTRODUCTION

The United States files this Opposition to defendant Evan Perkins' Motion to Continue and Sever, joined by Brandon Bannick.  ECF 1360 ("Motion") and 1367 ("Joinder to Motion").  The Court should deny defendant's motion to continue, and subsequently, defendants' motion to sever should be denied because defendants have failed to overcome the presumption that jointly charged defendants be jointly tried and because the discovery disputes alleged in the Motion and Joinder do not warrant a continuance or severance.

Perkins and Bannick are properly joined and should not be severed.  Each is charged in Count One as participants in the RICO conspiracy and in other counts with at least one other defendant scheduled for joint trial in January 2025.  The strong presumption is that all defendants should therefore be tried together in a joint trial.  Severance would undermine judicial efficiency as it would lead to a repeated and lengthy presentation of enterprise evidence regarding the Aryan Brotherhood.

1

Regarding discovery matters, neither Perkins nor Bannick provides sufficient reason to continue the joint trial or to sever either defendant.  The government and defendants continue to evaluate the large amount of discovery in preparation for trial and disputes regarding the scope of discovery can be addressed by the parties, the assigned United States Magistrate Judge, and this Court.

## II.   ARGUMENT

### A.  Perkins and Bannick are Properly Joined With the Other Defendants and Have Not Established Sufficient Prejudice to be Severed.

Perkins and Bannick, as charged members of the RICO conspiracy and active participants in the RICO predicate acts alleged, are properly joined with the other defendants charged in Count One and should be tried with them.  As the Court has previously noted in rejecting a co-defendant's motion to sever, a joint trial for jointly-indicted defendants "is the 'preference in the federal system.'"  Order Denying Defendant Johnson's Motion to Sever, ECF 818, at 4, *quoting Zafiro v. United States*, 506 U.S. 534, 537 (1993).  A defendant may only overcome that presumption by meeting a high standard for showing prejudice.  ECF 818 at 4.  The Court has already determined that other defendants charged in Count One could not demonstrate sufficient prejudice to overcome that presumption.  ECF 818 at 5-7; ECF 1009 at 4-5.  Defendants Perkins and Bannock are properly joined and have not demonstrated sufficient prejudice to overcome the presumption in favor of joint trials.

Defendants Perkins and Bannick are properly joined.  They are charged in Count One as participants in the RICO conspiracy, and in Counts Five and Six, they are charged alongside Francis Clement, with murder in aid of racketeering.  Bannick is also charged in Counts Two and Three, alongside Francis Clement, Kenneth Johnson, and Justin Gray (the last of whom the Court has severed), with murder in aid of racketeering.  The Ninth Circuit construes "Rule 8(b) liberally in favor of initial joinder," *United States v. Sanchez-Lopez*, 879 F.2d 541, 551 (9th Cir. 1989).  That is apt here given the charges and the requirement that the United States must prove the existence of an underlying racketeering enterprise against all defendants charged in Count One with much overlapping evidence.  *See* ECF 818 at 7.  Severing Perkins and Bannick would undermine the judicial economy that the Rules

of Criminal Procedure favor.  It would involve an additional trial[1] involving much of the same overlapping evidence, and burdening multiple sets of jurors.  It would also require certain witnesses to testify at least twice to the same crimes, raising an additional instance of serious safety concerns.  Yet, in their motions, Perkins and Bannick fail to demonstrate how judicial efficiency is achieved, or court funds conserved, or inconvenience to jurors, witnesses, and public authorities diminished, by holding separate trials for these defendants where the same evidence demonstrating the Aryan Brotherhood's membership, command structure, codes of conduct, purposes, and pattern of racketeering activity are introduced twice before two different juries.

Neither the Motion nor the Joinder appear to argue that they have been improperly joined, nor that they will suffer any prejudice from a joint trial except for that stemming from the discovery concerns they raise.  It is notable, however, that both the Motion and Joinder imply that even if discovery were provided, it would be "impossible for counsel to complete this work [of review and trial preparation] in the two months remaining before the January 2025 trial."  ECF 1360 at 9.  So it appears that the primary relief requested by the Motion and the Joinder is a continuance, not severance.  As discussed below, and in the government's Response to Bannick and Perkins Requests for Specific Discovery, ECF 1384, no such continuance is warranted.

**B.** **Defendants' contentions regarding discovery in this case have not established prejudice sufficient to justify continuance or severance.**

In late August 2024, the Court confirmed with counsel for Bannick and Perkins their anticipated readiness for a joint trial in January 2025.  See ECF 1274 (minutes of August 27, 2024 hearing).  A court evaluates a request for discovery as a matter of discretion.  The Court can rely on the preference for joint trials—if counsel truly cannot be prepared, the Court may continue a joint trial and exclude that time

---

[1] Perkins indicates that he "has no objection to joining a later scheduled trial group," but joining him with any other trial group does not solve any of the concerns raised above.  None of the already severed defendants are charged in Perkins' VICAR counts.  Joining Perkins with any of them would not solve the issue of having to prove Counts Five and Six twice, which would be resolved entirely in one trial that includes Perkins, Clement, and Bannick.  If the Court severed Perkins from his current trial group, that efficiency would be lost.  This would mean the expenditure of significant resources used for multiple, duplicative trials.  Granting Perkins a severed continuance would not, as Perkins contends, only "minimally inconvenience the Court and the government."  The increased burden would in fact be considerable.  The same is true for Bannick.

1   from the Speedy Trial Act.  *See United States v. Casellas*, 842 Fed. App'x 95, 97 (9th Cir. 2021)

2   (upholding continuance; reasoning that presumption in favor of joint trials is properly considered by the

3   district court).  Generally claiming that additional time would be useful in order to review discovery and

4   prepare for trial is not sufficient for the granting of a continuance.  *See United States v. Fabro-Miske*, 19-

5   cr-00099-DKW-KJM-12, 2023 WL 5020849 (D. Haw. August 7, 2023).

6        As explained below, the government also continues to work with defense counsel, the

7   Coordinating Discovery Attorney, and the Magistrate Court to identify needed items of discovery.  It is

8   premature to rule on a continuance at this point.

9                    a. Discovery requested in the Discovery Motion and Joinder to Discovery Motion filed

10                   October 31, 2024.

11        As discussed in more detail in the Government's Response to Defendant Perkins' Motion for

12   Specific Discovery (1384), and incorporated herein, the requests by Perkins and Bannick for specific

13   discovery items are pending before the Magistrate Judge.  The government believes that the requests

14   generally fail the requirements of Rule 16 of the Federal Rules of Criminal Procedure as they are not

15   specific and do not adequately set forth the materiality of the items requested.  *See* ECF 1384 at 3-6;

16   *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2022 WL 1607923, at *8 (E.D. Cal. May 20, 2022)

17   (noting that "[i]t is defendant's obligation . . . to provide specific facts that demonstrate the prima facie

18   materiality of its specific requests to specific trial issues."), *citing United States v. Stever*, 603 F.3d 747,

19   753 (9th Cir. 2010) (finding discovery appropriate where defendant made factual showing that evidence

20   existed to support a specific affirmative defense).  Regarding the general nature of discovery in this case,

21   the government has spoken with counsel for Bannick and Perkins many times (by telephone, in person,

22   and less frequently via email) in an effort to clarify what items fell within Rule 16 and which did not (for

23   example, those that were not in the government's possession because they resided with state or local

24   authorities).  The government also arranged to obtain and make available to counsel for each defendant

25   several items of requested discovery.  This included a set of discovery produced in July 2024, which

26   included supplemental reports, photographs, search warrant returns, witness interviews, and other items

27   for the Lomita, Pomona, and Lancaster murders, as well as cellphone extractions from CDCR seized

28   phones from defendant Pitchford.  *See* Bates BASH_00041537 through BASH_00049379.  Following

1   production of this additional material in July 2024, the government received no further inquiries from

2   counsel for either defendant regarding the items requested prior to July 2024, until now.  Additionally, no

3   further discovery letters or motions for discovery were filed in the three months since the production of

4   that material.  The government continues to work with counsel to address items defense counsel believe

5   are missing if those items are obtainable by the government.

6                  **b.  Audio designated by the government to be introduced in their case-in-chief from the**

7                   **Fresno wiretap.**

8       On October 31, 2024, the government, pursuant to the trial scheduling order issued by this Court,

9   indicated which calls from the Fresno wiretap it intends to introduce in its case-in-chief.  Along with that

10   list, the government consolidated each daily pertinent call report into one .pdf file for ease of searching

11   through the calls, and provided that to counsel and the discovery coordinator.  The daily pertinent call

12   summaries indicate the call reference number, which line the call was intercepted on, the date and time of

13   the call, who was on the call, and a summary of the call.  Additionally, the government provided a

14   description of how to read the wiretap data files in order to aid in finding the files more easily and

15   reference against call reference number, phone number, and date and time of the call, as well as the

16   names of the individuals whose telephones were intercepted.  At the request of counsel and the discovery

17   coordinator, on November 6, 2024, the government has also provided a separate production of only the

18   audio calls it has indicated it intends to introduce at trial.  That production was provided via USAfx and

19   was not yet Bates stamped in order to narrow the calls for defense in a quicker manner, and because the

20   38 calls are part of the larger production of wiretap data.  Neither Bannick nor Perkins were intercepted

21   during the Fresno 2020 wiretap.

22       As is the case with other items produced or designated by the government pursuant to this Court's

23   trial scheduling order, defendants are alleging the time needed to prepare for trial is insufficient upon the

24   production or designation of discovery by the government.  However, that does not establish prejudice to

25   justify a continuance (or severance) of the January trial.  For reasons also laid out below in the discussion

26   of Jencks material, counsel was aware at the time of the scheduling conference that various items of

27   discovery would either be produced or designated on certain dates ordered by the Court.   The defendants

28   were aware that the government would be producing Jencks material and identifying government

UNITED STATES' OPPOSITION TO DEFENDANT
PERKINS' MOTION TO CONTINUE AND SEVER TRIAL

witnesses on or before October 31, 2024, and did not object to that timing when the schedule was ordered by the Court.  Given the nature and scope of the case, the defendants knew the Jencks material and witness identification would likely be significant.  As such, the government's related Jencks material production and identification of witnesses should not warrant a continuance.

### c. Production of the Sacramento wiretap

Counsel's discussion of the Sacramento wiretap is likewise insufficient to justify continuance of the January trial.  As stated at the status hearing before the Magistrate Judge on October 30, 2024 and in an email to counsel on November 1, 2024, the government's intention in production of this wiretap evidence was to allow defense an opportunity to review additional evidence of the Aryan Brotherhood enterprise, as alleged in Count One.  The Sacramento wiretap contains calls intercepted by AB members charged in the Sacramento RICO case that was tried in early 2024. Neither Bannick nor Perkins were intercepted during the course of that wiretap.  The government also indicated to counsel in the November 1, 2024 email referenced above, that it intends only to use evidence from the Sacramento wiretap if necessary for rebuttal or impeachment and not in the government's case-in-chief.

### d.  Cell phone identification

Defendant Perkins contends that counsel's inability to determine the user of cellphones seized during this investigation justifies a continuance of the January trial date.  Motion at 5.  Again, this is not sufficient to establish the need for a continuance.  The government is currently assembling an exhibit list prior to the Court's deadline of November 15, 2024.  To date, the government intends to use in its case-in-chief parts of the contents of two to four cellphones seized in this case.  One of those phones is the phone at issue above, that was provided to counsel prior to the Jencks deadline despite the contents containing Jencks material.  Another cellphone the government intends to introduce parts of the contents is from one of the cellphones seized from defendant Pitchford and produced, as stated above, in July 2024.  The purpose of this Court ordering such an early production of an initial exhibit list was to aid in the preparation of trial for counsel for defendants, as most every other deadline set in the scheduling order was intended.

As it continues its trial preparation, the government will collaborate with the defense and the Coordinating Discovery Attorney regarding associating phones with individuals that they were seized

from and used by.  As trial approaches, the government intends to create a list of the individuals from whom cellphones were seized during the investigation of the crimes charged in the current matter, and it intends to provide a preliminary version of this list on or before December 2, 2024.  It will update the list periodically and identify promptly any additional phones from which it may use trial exhibits in its case in chief.  Law enforcement seized over 100 cellphones in this multiyear investigation, over 20 of which the government has been asked to identify.  There is no master list that matches each phone with its location in discovery and the user of the phone.  Thus, in order to respond to any request for association, the government would have had to search the same records possessed by the defense—an admittedly laborious task requiring review of local police reports regarding seizure, indices of produced exhibits, and detailed review of phone extraction data.  Accordingly, the government should not be required to create work product beyond the compilation it intends to produce in preliminary form on or about December 2, 2024.  Thus, Defendants' contentions that the government failed to identify phones in this matter is not a ground for continuance.

<u>e.  Production of the cellular phone extraction containing Jencks material</u>

Additionally, on August 26, 2024, the issue of continuance of the January trial date was discussed thoroughly as it pertained to the request by newly appointed counsel for defendant Weaver.  During that hearing, the Court indicated that the trial date of January 14, 2025 was a firm trial date.  At no point during that hearing, nor prior to the hearing through any filings, did any other defendant, including Perkins or Bannick, indicate to the Court that a continuance may be necessary.

Also on that date, the parties and Court entered into a lengthy discussion of the scheduling order, including the production of Jencks material, involving defense counsel's need for time to review and investigate after receipt of said material and the government's continued concern for witness safety.  Based on that discussion, the Court, in balancing the concerns of both sides, issued a ruling as to the timing of production of Jencks material.  At that time, all counsel were aware that Jencks material, even if voluminous, would need to be reviewed and investigated within the 70 days before trial that the Court had granted.

The Jencks Act specifically protects witness statements from disclosure except as provided by the statute.  18 U.S.C. § 3500(a).  "The Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of

statements made by prospective witnesses, including coconspirators." *United States v. Muhammad*, 2009 WL 2474650, at *2 (N.D. Tex. Aug. 12, 2009).  "When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control." *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004).  The government was not required to produce Jencks material prior to the November 5, 2024 date this Court set.

However, now, counsel for Bannick and Perkins contend that the production of a cellphone extraction and a .pdf that consolidates conversations within that extraction, was a failure by the government to timely produce discovery.  Inherent in their argument is the fact that the production comes from a phone of a cooperating witness and is thus Jencks material.  The government produced said material months prior to the Jencks production date ordered by this Court due to the nature of the material and the government's efforts to enter into discussions of potential resolutions with defendants.  Counsel argue that they need time for review of such Jencks material beyond what was given by this Court, and beyond the additional months the government gave for some of the material.  That argument, again, is insufficient to justify continuance of the trial.

Despite the arguments set forth in the Motion and joinder to Motion that discovery produced after the August 26 court date, and missing discovery, is the thrust of counsel's request for time to prepare for trial, as discussed above, this argument is also not sufficient to justify a continuance.  Counsel waited until the date the government was to produce Jencks material to file the instant Motion despite the knowledge from the government, as discussed above, that any items requested by Perkins and Bannick that were not produced within the July 2024 materials, were not within the possession of the outside agencies, and certainly not the government, or did not exist at all.  Defendants filed no motion at that time and made no mention of any purported lack of discovery to this Court on August 26, 2024 when continuation of the trial was discussed.  Additionally, on October 21, 2024, the date the Court requested counsel for Weaver to indicate to this Court whether counsel could be ready for a January 2025 trial date—and just ten days before filing the instant motion and joinder—neither Perkins nor Bannick raised to the Court at that point that continuance may be necessary, despite the fact that by this date, some of the early production of Jencks material, now at the crux of defendants argument for continuation and severance, had been provided.

Production of Jencks material, therefore, has been provided to counsel for both defendants requesting this Court continue the trial.  The government had raised its concern with the Court repeatedly, since 2022, that the defense would use the Court to order early production of Jencks material, thereby identifying witnesses, only then to seek a continuance of trial.  This is the situation in which the parties now find themselves, and it is not without cost.   The government continues to express concern about the safety of witnesses—cooperating or otherwise—in this case.

Given the efforts made by the government, as discussed above and throughout, including the fact that every production of discovery includes an index of items produced with file paths further describing the items, the government's identification of key items to be used in its case-in-chief from the production of items, and the government's continued efforts to resolve issues with discovery, the request for a continuance of trial should be denied. *See United States v. Gross*, 424 F. Supp.3d 800 (C.D. Cal. 2019).

### C.  **Request that the Court Inquire as to the readiness of other defense teams.**

At this point, a number of defense counsel have either started or increased their discovery requests, which gives the government concern that multiple defendants slated for trial in January will at some point soon move to continue trial for reasons similar to those that Perkins and Bannick argue here. The government therefore requests that, at the hearing on this motion, the Court inquire as to all parties whether they anticipate being ready for trial on January 14, 2025.

### D.  **CONCLUSION**

There is a preference for joint trials in the federal system and the defendant's motion does not overcome that preference.  Thus, for the reasons stated above, severance and continuation is not warranted, and defendant's motion should be denied.

Dated:  November 10, 2024

PHILLIP A. TALBERT
United States Attorney


By:   /s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney