1  CRISTINA BORDÉ
   Admitted *Pro Hac Vice*
2  Law Office of Cristina Bordé
   33 E. Main Street, Suite 400
3  Madison, WI 53703
   608-620-3307
4  cristinaborde@gmail.com

5  THERESA M. DUNCAN
   Admitted *Pro Hac Vice*
6  Law Office of Theresa M. Duncan LLC
   P.O. Box 2769
7  Santa Fe, NM 87504
   (505) 710-6586
8  teri@duncanearnest.com

9  Attorneys for Evan Perkins

10

11           IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF CALIFORNIA
12

13

14  **UNITED STATES OF AMERICA**,        No. 1:20-cr-0238 JLT SKO

15              Plaintiff,               **REPLY TO GOVERNMENT'S
                                         RESPONSE TO EVAN PERKINS'S**
16        v.                             **MOTION FOR SPECIFIC DISCOVERY
                                         [ECF No. 1348]**
17
                                         Date:  12/4/2024
18  **EVAN PERKINS, et al.**,            Time: 1:00 p.m.
                                         Place: Honorable Sheila K. Oberto
19              Defendants.                     Courtroom 7

20

21

22        On October 31, 2024, defendant Evan Perkins through his attorneys Cristina Bordé and

23  Theresa Duncan moved to compel discovery of specific evidence relevant to developing a

24  defense.  ECF No. 1348.  The government filed a response to the motion on November 12,

25  2024.  ECF No. 1384.  Since Mr. Perkins filed the discovery motion, the government has

26  provided thousands of pages of discovery, including Jencks and non-Jencks materials, which

were responsive to most, but not all of Mr. Perkins's requests.  Of the twenty-five items requested in the discovery motion, only four remain in dispute.  For the reasons detailed below, Mr. Perkins respectfully moves this Court to order the government to promptly provide discovery of the remaining four items.

## I.    INTRODUCTION

The government faults Mr. Perkins for filing the motion for discovery rather than continuing with the fruitless informal discovery requests of the past year. *See* ECF No. 1384 at 6.  As detailed in the motion, Mr. Perkins' repeated requests for discovery were met with vague and unhelpful responses that the items were within the discovery provided or would be in forthcoming productions.  ECF No. 1348 at 5-8.  By contrast, in response to the motion, the government has now provided discovery and specific responses to most of the requests. Ironically, the government also claims that the motion is "late," ECF No. 1384 at 6, though that delay is only a result of Mr. Perkins waiting to see if the requested discovery would in fact be produced as promised.  It is the government's delay in producing the requested discovery that is at issue.

## II.    APPLICABLE LAW

The government argues that Mr. Perkins has failed to show the materiality of the requested items. ECF No. 1384 at 5-6.  This is an unserious argument.  All the items requested in the discovery motion are clearly discoverable under Federal Rule of Criminal Procedure 16(a)(1)(E)(i) as they are "material to preparing the defense." All the requested items pertain to Mr. Perkins or the charges against him and thus are necessary to prepare a defense.  The government does not specifically contest the materiality of any of the requests still in dispute,

except possibly for the request for the criminal history of the victims of the Pomona shootings. The materiality of that request will be discussed below in the section detailing the remaining requests.

Rule 16's materiality requirement "normally 'is not a heavy burden,'. . . rather, evidence is material as long as there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *United States v. Lloyd*, 992 F.2d 348, 351 (D.C.Cir.1993) (quoting *United States v. George*, 786 F.Supp. 56, 58 (D.D.C. 1992)).

"Rule 16 'grants criminal defendants a broad right to discovery,' requiring disclosure of all documents 'material to preparing the defense.'" *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) (citing *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) and Fed. R. Crim. P. 16(a)(1)(E)(i)).   Rule 16 requires broader discovery than solely the exculpatory or impeachment evidence required under *Brady* and its progeny.  *Id*.  "Information that is not exculpatory or impeaching may still be relevant to developing a possible defense." *Id.*  Evidence could still be "material to preparing a defense" even if it causes a defendant to abandon a defense or take an entirely different path.  *See United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013).  "Even inculpatory evidence may be relevant. A defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy." *Muniz-Jaquez*, 718 F.3d at 1183.

The items that remain in dispute are all important to prepare witnesses to testify, corroborate, impeach, or rebut testimony, and to determine a viable defense strategy.

3

### III.    REMAINING REQUESTS

To the extent counsel can ascertain, the government has not provided evidence of the four remaining items below.  Counsel has only been able to do a cursory review of the recently disclosed evidence, which includes thousands of pages and hundreds of hours of video and audio recordings.  If the requested evidence has already been disclosed, counsel requests that the government be ordered to specifically identify the bates number of the discovery to counsel.

The remaining requests are as follows:

Item 1 – Evidence of fraud allegations against Mr. Perkins in Count One

Although the government has arguably provided evidence of Mr. Perkins's alleged fraudulent activities, the government has not yet disclosed evidence that the fraud was committed in furtherance of the racketeering conspiracy or from February 1, 2022, to May 20, 2022, as charged in the indictment.

Items 17 & 20 – Criminal history of Ronald Ennis and James Yagle

The government contends that the criminal history of the Pomona shooting victims, Mr. Ennis and Mr. Yagle was only relevant to mitigation regarding the decision whether to seek the death penalty.  This is inaccurate.  Reports disclosed in discovery indicate that both were involved in the same gang that Mr. Perkins is alleged to be associated with.  Their criminal history is thus critical to understanding the allegations of racketeering involved in the RICO and VICAR charges.

4

Item 24 - Evidence of alleged fraudulently obtained vehicle and identification card possessed during Mr. Perkins' arrest on May 24, 2023, which the government intends to introduce under Fed. R. Evid. 404(b).

The government maintains that this evidence was within the materials seen during the evidence viewing at the ATF office in Fresno.  Counsel has reviewed the pictures of that viewing and could not locate such evidence.  Further, the government has not yet provided evidence it promised in its response to obtain from an outside agency regarding the alleged fraudulent purchase of the vehicle.

### IV.     CONCLUSION

For the reasons stated above, Mr. Perkins respectfully requests that the Court order immediate production of the four remaining items of discovery.

Respectfully Submitted,

*/s/ Cristina Bordé*
CRISTINA BORDÉ

*/s/ Theresa M. Duncan*
THERESA M. DUNCAN

Attorneys for Defendant Evan Perkins

5