PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
JARED ENGELKING
Trial Attorney, U.S. Department of Justice
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>                    v.<br><br>FRANCIS CLEMENT, et al.,<br><br>                           Defendants. | CASE NO.  1:20-CR-00238-JLT-SKO<br><br>UNITED STATES' SUPPLEMENT TO ITS OPPOSITION TO DEFENDANTS' MOTION FOR ORDER PROHIBITING INTRODUCTION OF INFORMATION DERIVED FROM CELLPHONES AND MATERIAL<br><br>DATE: December 4, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

## I.      **INTRODUCTION**

Since filing its opposition to the instant motions from defendants Clement and Johnson, the government has either learned or confirmed information showing that the defendants were offered access to the recorded calls of the Bash wiretap (referred to in the parties' filings as the "Bash wiretap data" and the "Fresno wiretap data") twice—once in 2022 and again in late 2023.  Moreover, the government made the cellphone at issue, referred to by defense as the "W phone," available to the defense in June 2023.  Therefore, these items do not represent new discovery.  If defense counsel have not reviewed them, that appears to be sufficient grounds for a continuance but it is no grounds for exclusion.  *See* United States Supplement to Its Opposition to Defendant Perkins and Bannick's Motions to Continue and Sever, ECF 1399, at 2.

## II.   DISCUSSION

**A.   Bash Wiretap Data: Produced in September 2022, and again in October 2023.**

**Bash wiretap data, September 2022 production**.  The government made the Bash wiretap data available to all charged defendants in September 2022, including Clement and Johnson.  *See* Gov's Opp. to Mot. (ECF 1412), at 3–6; Conolly Decl., Ex. 1 (Gov's 09/27/2022 production letter).  The government instructed all defense counsel that they could retrieve a copy of the data from Maximus Media.  *Id*.  Maximus Media kept records of which counsel obtained the data, and according to Maximus Media's records, as of November 7, 2024, no counsel for Clement, Johnson, Perkins, or Bannick had contacted Maximus Media to request that data.  Accordingly, the government discharged its Rule 16 obligations with respect to the Bash wiretap data, and there is no basis to exclude it.  It appears that defense counsel have not reviewed the material.  *See* ECF 1362, at 3 (Clement); and ECF No. 1390, at 7–8 (Johnson).  The government has assisted defense by identifying which calls it intends to use—even before the court's deadline for identifying exhibits—and providing further information regarding those calls.  *See* ECF 1385, at 5.  Should defense counsel need additional time to review the material, a continuance appears warranted.

**Bash Wiretap Data, October 2023 CDA production**:  The government has confirmed that CDA received a copy of the Bash wiretap data in October 2023, as Ms. de Almeida's declaration states—and produced it to all defense counsel at that time.[1]  Therefore, even if defense counsel had failed to collect the data from Maximus Media before October 2023, they received a copy of it from CDA at that time.

The Bash Wiretap Data was made available to defendants twice by October 2023 (and a third time in October 2024), and there is no basis to exclude it.

**B.   "W Phone": June 2023 production.**

According to recently confirmed records, the government produced the "W Phone" to all defendants in June 2023.  A detailed search of the government's discovery records show that it was

---

[1] *See* Defendant Johnson's Status Report (ECF 1339), Declaration of Julie de Almeida, ¶¶ 8–9. While defendant Johnson's Status Report includes that CDA had received the Bash wiretap data, it omits the critical information that CDA also produced it to all defendants in October 2023.

United States' Supplement to Opposition to
Defendants' Motions To Prohibit Introduction of
Information Derived from Cellphones and Material                2

produced as Bates No. 20968, to CDA, on June 1, 2023.  This means that it was produced to Clement and Johnson, and the other defendants, roughly within one month after the Second Superseding Indictment was filed.

Both Clement and Johnson have implored the Court to exclude the W phone on the basis that the government has never provided it before.  They are incorrect.  The government produced the W phone—by way of the Cellebrite phone extraction—on June 1, 2023, to Clement, Johnson, and all other defendants who had been charged at that time.  Clement and Johnson's allegations that the government failed to produced discovery related to the W phone are wholly incorrect.  *See* ECF 1362, at 2–3 (Clement); and ECF No. 1390, at 4–6 (Johnson).  Their motion to exclude the "W phone" is therefore meritless and should be denied.

### III.   <u>CONCLUSION</u>

For the reasons stated above, there is now a more detailed record establishing that Johnson and Clement have had for over a year the discovery they have asked the Court to exclude, arguing it was produced late.  There is therefore no basis to exclude it and the government requests respectfully that their motions be denied.

Dated:  November 24, 2024

PHILLIP A. TALBERT
United States Attorney


By:   /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
Assistant United States Attorney

United States' Supplement to Opposition to
Defendants' Motions To Prohibit Introduction of
Information Derived from Cellphones and Material

3