PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO THE DEFENDANT'S MOTION TO SEVER |
| v. | DATE: December 4, 2024 |
| EVAN PERKINS, et al. | TIME: 9:30 a.m. |
| Defendants. | COURT: Hon. Jennifer L. Thurston |

## I. INTRODUCTION

The United States files this Opposition to defendant Evan Perkins' Motion to Sever, joined by Brandon Bannick. ECF 1416 ("Motion") and 1429 ("Joinder to Motion"). The Court should deny defendant's motion to sever because defendants have failed to overcome the presumption that jointly charged defendants be jointly tried.

The government previously opposed defendants' motion to sever (and continue), which was filed on November 5, 2024, and was set for hearing before this Court on November 19, 2024. At that hearing, defendants withdrew the motion. The instant Motion and Joinder to Motion are essentially the same motion as previously filed, and the government relies upon the same arguments made within, and incorporates herein, its opposition to the motion to sever. *See* ECF 1385.

Perkins and Bannick are properly joined and should not be severed. Each is charged in Count One as participants in the RICO conspiracy and in other counts with at least one other defendant

scheduled for joint trial in January 2025.  The strong presumption is that all defendants should therefore be tried together in a joint trial.  Severance would undermine judicial efficiency as it would lead to a repeated and lengthy presentation of enterprise evidence regarding the Aryan Brotherhood.

Neither Perkins nor Bannick provides sufficient reason to sever either defendant.

## II.   ARGUMENT

### A. Perkins and Bannick are Properly Joined With the Other Defendants and Have Not Established Sufficient Prejudice to be Severed.

Perkins and Bannick, as charged members of the RICO conspiracy and active participants in the RICO predicate acts alleged, are properly joined with the other defendants charged in Count One and should be tried with them.  As the Court has previously noted in rejecting a co-defendant's motion to sever, a joint trial for jointly-indicted defendants "is the 'preference in the federal system.'"  Order Denying Defendant Johnson's Motion to Sever, ECF 818, at 4, *quoting Zafiro v. United States*, 506 U.S. 534, 537 (1993).  A defendant may only overcome that presumption by meeting a high standard for showing prejudice.  ECF 818 at 4.  The Court has already determined that other defendants charged in Count One could not demonstrate sufficient prejudice to overcome that presumption.  ECF 818 at 5-7; ECF 1009 at 4-5.

Defendants Perkins and Bannock are properly joined and have not demonstrated sufficient prejudice to overcome the presumption in favor of joint trials, as established in the government's previous opposition. ECF 1385.  Defendants and others committed acts and transactions conducted in furtherance of Aryan Brotherhood (AB) enterprise activity.  Despite defendants' contentions that they are not part of the AB enterprise, that is more properly a defense at trial and not a ground for severance. Defendants are charged with acts committed while acting on behalf of and for the furtherance of the AB and their position within that enterprise.

There is substantial overlap in evidence needed to prove the existence of the enterprise engaged in racketeering activity and the activity of each of the other co-defendants. The offenses charged against defendants are thus part of the "same series of acts and transactions", making joinder proper. *See United States v. Felix–Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991) (noting that the term "transaction" is

interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions).

### B. Defendants Have Failed to Carry Their Burden to Justify Severance Under Rule 14 of the Federal Rules of Criminal Procedure

The burden to justify severance under Rule 14 rests with defendant. To justify a severance under Rule 14, the defendant bears a heavy burden of demonstrating "clear, manifest, or undue prejudice." *United States v. Sarkisian*, 197 F.3d 966, 978 (9th Cir. 1999). The defendant "must demonstrate that the joint trial impinged on a fundamental trial right or compromised the fairness of the proceedings in a tangible way." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999). "The burden of proving this prejudice is a difficult one and the ruling of the trial judge will rarely be disturbed." *Brady*, 579 F.2d at 1127.

"As the Supreme Court has noted, there is a strong preference in the federal system for joint trials." *United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006). In *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 1994), *modified*, 425 F.3d 1248 (9th Cir. 2005), the Court noted that "a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." (Citations omitted). The substantial public interest in joint trials is that a joint trial expedites "the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir. 1968), *cert. denied*, 394 U.S. 1004, 89 S.Ct. 1602 (1968), *rehearing denied*, 395 U.S. 941, 89 S.Ct. 1602 (1969).

The Supreme Court has emphasized the concern that the government should not unnecessarily be put to the burden of presenting the same evidence and testimony twice either in the same trial (*McCree*, 476 U.S. at 181) or in separate trials (*Buchanan*, 483 U.S. at 418-19). *See Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933 (1993) (and authorities cited therein) (antagonistic or "mutually exclusive"

defenses do not require severance as a matter of law; joint trials play a vital role in the criminal justice system by promoting efficiency and serving the ends of justice).

Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  A mere showing of some prejudice is insufficient to require severance.  Almost all joint trials involve some prospect of prejudice; however, such speculative prejudice is insufficient to require severance.  "Some prejudice is necessarily inherent when defendants are joined for trial.  However, if all that was necessary to avoid a joint trial were a showing of prejudice, there would be few, if any, multiple defendant trials." *United States v. McDonald*, 576 F.2d 1350, 1355 (9th Cir. 1978) (citation omitted).

Moreover, "[t]here is no support in caselaw or in logic for the proposition that a lengthy trial, a large number and variety of charges, and numerous defendants violate due process without a showing that the issues were actually beyond the jury's competence." *Fernandez*, 388 F.3d at 1243.

Defendants argue that severance is required because they are only minimally involved in the RICO conspiracy count, and thus, should be severed from the defendants charged in the other counts due to a disparity of evidence. Motion at 12-16, Joinder to Motion at 2-4.

The fact that evidence is significantly stronger against one defendant than another is not an adequate basis for severance. *United States v. Rasheed*, 663 F.2d 843 (9th Cir. 1981).  Also, a showing that a defendant would have a better chance of acquittal if tried separately is not sufficient to force a severance. *United States v. Berkowitz*, 662 F.2d 1127, 1134 (9th Cir. 1981). A severance will not be granted on this ground except in rare circumstances. *See United States v. Patterson*, 819 F.2d 1495 (9th Cir. 1987); *United States v. Monk*, 774 F.2d 945 (9th Cir. 1985). The mere fact that a criminal defendant is jointly tried with a more culpable co-defendant is insufficient to constitute an abuse of the district court's discretion. *United States v. Van Cauwenberghe*, 827 F.2d 424, 432 (9th Cir. 1987), *cert. denied* 484 U.S. 1042 (1988).

The Ninth Circuit has rejected arguments that severance is required to prevent convictions based on "guilt by association" and the spillover effect of evidence admissible only against a co-defendant.  In so doing, the Court has held that judicial economy justifies reliance on the jury to follow the instructions

of the trial court to segregate the evidence and limit the applicability of the evidence to each defendant. *See United States v. Taren-Palma*, 997 F.2d 525, 533 (9th Cir. 1993) (overruled on other grounds); *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991); *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1209 (9th Cir. 1991); *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986). Further, the prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge. *Hernandez*, 952 F.2d at 1116; *United States v. Matta-Ballesteros*, 71 F.3d 754, 771 (9th Cir. 1995). Without a showing that the instructions of the trial judge will be insufficient to neutralize the prejudicial effect of evidence relating to the guilt of codefendants, jointly charged defendants are to be tried together. *Escalante*, 637 F.2d at 1201.

As this Court summarized in *United States v. York*, No. 1:16-cr-00069-LJO, 2017 WL 4237112, at *10 (E.D. Cal. September 27, 2017):

> Although the Supreme Court has recognized heightened risk of prejudice when "many defendants are tried together in a complex case and they have markedly different degrees of culpability," Zafiro, 506 U.S. at 539-40, that heightened risk can be controlled . . . by limiting instructions. *See Fernandez*, 388 F.3d at 1242-43; *see also United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (noting that even in such complex cases with many defendants and markedly different degrees of culpability "severance is not necessarily required because 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'") (citations omitted).

*Id.*

Thus, the fact that this case may be complex and that there might be substantial differences in culpability is not alone a basis for severance. *See id.* The Court can issue limiting instructions. *See Fernandez*, 388 F.3d at 1243.

In this case, a joint trial of Perkins and Bannick and their co-defendants is appropriate because they face charges related to and involving gang-related activity, crimes committed on behalf of and in furtherance of the enterprise, and crimes committed within the structure and rules of the enterprise, of which Perkins and Bannick were associates. Defendants' actions leading up to and during the murders they both are alleged to have committed are explicitly intertwined with their association with the enterprise.

Defendants have not met their burden "to show 'clear,' 'manifest,' or 'undue' prejudice from a joint trial.'" *United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018).

### C. Increasing Judicial Efficiency, Conserving Court Funds, and Diminishing Witness Safety and Convenience Support Keeping Defendant Joined for Trial.

The Ninth Circuit construes "Rule 8(b) liberally in favor of initial joinder," *United States v. Sanchez-Lopez*, 879 F.2d 541, 551 (9th Cir. 1989), because joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *Bruton v. United States*, 391 U.S. 123, 134 (1968). When defendants are properly joined, "[a] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

As discussed above, defendants fail to make the proper showing that their joinder in this matter presents a "serious risk" that a "specific trial right" would be comprised or would "prevent the jury from making a reliable judgment about guilt or innocence" about him. *Id*.

Defendants are charged with co-defendants Stinson, Clement, and Johnson, and are thus intertwined with the proof of Counts One, Two, Three, Five, and Six. Specifically, defendants are charged with defendant Clement in Counts Five and Six, and Bannick is charged with defendants Clement and Johnson in Counts Two and Three as well. Defendants cannot be joined with defendant Gray, also charged in Counts Two and Three, for reasons set forth by this Court in granting Gray's motion to sever. Those same reasons do not apply here. Therefore, if this Court severed defendants from the co-defendants, it would result in the Court presiding over three trials with respect to Counts Two and Three, and two trials with respect to Counts Five and Six. Beyond the overlapping evidence that would exist if Count One was tried in multiple trials, additional trials for the aforementioned homicide counts would contain the same overlapping evidence, which would burden multiple sets of jurors, and require witnesses for the government to testify more than twice.

In his motion, defendant fails to demonstrate how judicial efficiency is achieved, or court funds conserved, or inconvenience to jurors, witnesses, and public authorities diminished, by holding multiple separate trials where the same evidence demonstrating the Aryan Brotherhood's membership, command

structure, codes of conduct, purposes, and pattern of racketeering activity are introduced multiple times before at least three different juries.

Given this, significant resources would be expended as a result of multiple, duplicative trials, as well as a heightened risk of safety to witnesses if defendant's case was severed.

The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).  Defendant has failed to carry his burden to justify severance, and his motion should be denied.

### III.    CONCLUSION

There is a preference for joint trials in the federal system and the defendant's motion does not overcome that preference.  Thus, for the reasons stated above, severance is not warranted, and defendant's motion should be denied.

Dated:  November 29, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney