LAW OFFICES OF IVETTE AMELBURU MANINGO
IVETTE AMELBURU MANINGO, ESQ.
NV Bar No.: 7076
400 S. Fourth Street, Ste. 500
Las Vegas, NV 89101
Tele.: (702) 793-4046
Fax: (844) 793-4046
Email: iamaningo@iamlawnv.com

LAW OFFICE OF AMY E. JACKS
AMY E. JACKS, ESQ.
CA Bar No.: 155681
315 E. 8th Street #801
Los Angeles, California 90014
Tele: (213) 489-9025
Email: amyejacks@sbcglobal.net

*Counsel for Defendant* Brandon Bannick

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON BANNICK,<br><br>Defendant. | Case No.: 20-CR-238-JLT-SKO<br><br>**BANNICK'S REPLY PURSUANT TO COURT ORDER [ECF DKT. 1432] AND SUPPLEMENT TO PERKINS' REPLY [ECF DKT. 1425] TO GOVERMMENT'S RESPONSE TO EVAN PERKINS'S MOTION FOR SPECIFIC DISCOVERY [ECF DKT. 1348}** |

COMES NOW, Defendant, BRANDON BANNICK, by and through his attorneys of record, IVETTE AMELBURU MANINGO, ESQ. and AMY E. JACKS, ESQ., and hereby files this Reply pursuant to this Court's order (Doc. 1432) and as a supplement to Defendant Evan Perkins's Reply (Doc. 1425) to Government's Response to Evan Perkins's Motion for Specific Discovery (Doc. 1348).

1

Introduction and procedural Background

Defendant Perkins filed a Motion for Specific Discovery (Doc. 1348) on October 31, 2024 and Defendant Brandon Bannick joined said motion on November 5, 2024 (Doc. 1359). The Government filed its response on November 12, 2024 (Doc. 1384). Perkins and the government agreed upon an extension for Perkins' reply to be filed (Doc.1398), the Court granted same (Doc. 1400) and Perkins filed his reply on November 22, 2024 (Doc. 1425). On November 26, 2024, the Court issued a minute order directing Bannick to file a reply by November 29, 2024 indicating what specific discovery requests set forth in his joinder remain in dispute (Doc. 1432). Bannick hereby files his reply and supplement to Perkins' reply (Doc. 1425).

Supplemental Discovery Requested by Mr. Bannick Still in Dispute

The government has addressed the list of supplemental discovery requested by Mr. Bannick in its response on pages 14-19 (Doc. 1384). Generally, the government has provided some of the requested discovery, has asserted that some of the materials do not exist, and has provided bates numbers/ranges for discovery it "believes" was turned over. From what can be ascertained in review of the voluminous discovery that even now continues to trickle in, the government has not provided the remaining existing items set forth below and the following remain in dispute:

///

///

///

///

///

2

*POMONA HOMICIDES on 3.9.22:*

1. *Search Warrant and Extraction Evidence related to Bannick*

**Search Warrant, Affidavit in Support of Search Warrant and Search Warrant Return to retrieve and download the phone associated with Mr. Bannick and all extraction evidence recovered therefrom.**

The government states in its response that "[i]f a search warrant was obtained and a phone associated with Bannick was extracted, the government will either obtain those items and produce as soon as it is within the possession of the government" and will do so "by November 20, 2024." (Doc. 1384 at 14).

Pomona Police Department (PPD) Detective Michael Rodriguez authored a search warrant on May 26, 2022 to retrieve and download Brandon Bannick's cellphone located in his property at Los Angeles Sheriff's Department Men's Central Jail. (BASH_00042665). The phone was seized from the jail on May 27, 2022 by Detectives Rodriguez and Estrada (BASH_00042665) and given to the ATF for analysis on June 7, 2022 (BASH_00042673). After downloading the phone data, the ATF returned the phones to PPD on June 10, 2022 and on June 30, 2022, provided PPD with a USB drive containing the downloaded phone data (BASH_00042673).

The items requested clearly exist, but Bannick has still not been provided with the Search Warrant and Affidavit in Support of same, a report of the AFT phone download and analysis, or the data downloaded from the phone.

///

///

///

///

*LOMITA HOMICIDES on 10.4.22*:

    2.   *Witness Statements/Interviews:*

**Heather LNU:** Witness called victim Roshanski's brother on 8.29.20 regarding finding Roshanski's laptop and iPad.

    Gunshot victim Roshanski's brother was interviewed on October 4, 2020 by Los Angeles Sheriff Department Homicide Detective Maria Maciel. The witness advised that on August 29, 2020, a female by the name of "Heather" contacted him and asked to speak with his brother, Ruslan Roshanski, because she had found his laptop and iPad. (BASH_00012860 and PM_BASH_00001042).

    If this witness's full and true name was identified by authorities and is intended to be called by the government, the above statement should be formally attributed to that witness. Also, any other written, recorded, and/or transcribed statement by this witness should be disclosed.

**Confidential Drug Informant:** Witness gave statement to Officer Makari (LAPD Narcotics).

    On November 10, 2020, Los Angeles Sheriff Department Homicide Detective Louie Aguilera was contacted by LAPD Narcotics Officer Makari and advised he had a confidential informant (CI) who had information regarding the Lomita double murder. The CI said they overhead codefendant Gray talking to two unknown males about how "he got those two Russian guys in Lomita" and that the motive for the murder was that Gray was going to be made a member of the AB. The CI then provided a phone number for Gray (BASH_00012863 and PM_BASH_00001045).

    To the extent that this witness intends to be called by the government, the identity of the witness and any written, recorded, and/or transcribed statement should be disclosed.

///

///

4

### 3. *Codefendant Statements/Interviews:*

**Any and all recordings (audio or video), reports, notes, or transcripts of any interview/statement of all Codefendants** in this case, including but not limited to:

**Codefendant Justin Gray**: Any recording (audio or video), report, notes, or transcript of any interview/statement of Mr. Gray, including statements from interview room at the South Los Angeles Sheriff's Station on December 10, 2020 (BASH_00012865) and at the time of his arrest on May 15,2022 and September 30, 2022 on an unrelated case (BASH_00013083).

The government contends that Bannick is not entitled to any codefendant statements. However, these statements could support Bannick's defense and therefore could be material to preparing same. Also, it is anticipated that statements made by codefendants will be used by the government as coconspirator statements made in the course of the conspiracy and to that extent, the statements should be disclosed so that Bannick is prepared to defend against this evidence.

While the government relies on *United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988) to limit this evidence as it relates to coconspirator statements, as discussed and acknowledged in that case and the materials cited by that court, most lower courts and some higher courts take a "modern view" and do order the disclosure of alleged coconspirator statements where the government will not be calling the coconspirators to the stand. *See United States v. Konefal,* 566 F. Supp. 698, 707-07 (N.D.N.Y 1983), *citing United States v. Turkish,* 458 F. Supp. 874 at 882 (S.D.N.Y. 1978), aff'd, 623 F.2d 769 (2d Cir. 1980), (Ordering government to disclose all statements "made during the course of and in furtherance of the conspiracy by those co-conspirators whom the government does not intend to call as witnesses at trial."), *United States v. Agnello,*367 F. Supp. 444 at 449 (E.D.N Y 1973) (Disclosure ordered for all statements made by coconspirators which the government intends to introduce against the defendant as his own.), and 2 C. Wright, Federal Practice and Procedure, § 253 at 50 (2d ed. 1982); 8 J. Moore, supra, ¶ 16.05[1] at 16-77.

5

   4. *<u>Crime Scene Reports/Diagrams:</u>*

**Crime Scene Diagram** (related to CSI Report Bates 41619).

The government states that it "believes that any such material within its possession was produced in July 2024 to the extent the items exist." (Doc. 1384 at 16).

A "sketch of the scene, including an evidence list and measurements of items and areas of interest" was prepared by Forensic Identification Specialist (FIS) Michele Marmolejo #287358, Latent Prints Section, per the FIS report (BASH_00041619).

Bannick's team has searched the discovery produced by the government in July 2024 and could not located this sketch/diagram. However, the item exists and if not in the actual possession of the government, it is in the government's custody and/or control and should be produced.

**Global Positioning System Monitoring Report** from Codefendant Gray's cell phone (BASH_00012864).

On December 10, 2020, Investigators conducted GPS monitoring of codefendant Gray's cell phone and placed him at La Quinta Inn & Suites (BASH_00012864 and PM_BASH_00001046).

Bannick's team has searched the discovery produced by the government in July 2024 and could not located any related reports.

**Los Angeles Fire Department (LAFD) Reports** of the various paramedics/personnel that arrived on scene, attended to the gunshot victims, pronounced deaths, removed items from decedents, and placed said items on the sidewalk.

The government states that it "believes that any such material within its possession was produced in July 2024 to the extent the items exist." (Doc. 1384 at 16). The Los Angeles County Fire Department (LAFPD), including Captain Wright and paramedics Carrier, Enlinias, and Mosely, were first responders to and active at the Lomita homicide scene. (BASH_00012836 and PM_BASH_00001018). Both gunshot victims were

pronounced deceased at the scene by LAFPD Captain Wright (BASH_00012858 and PM_BASH_00001040).

Bannick's team has searched the discovery produced by the government in July 2024 and could not locate any reports by the LAFD.  However, it is unlikely that the LAFD did not generate any reports.  If these reports are not in the actual possession of the government, they are in the government's custody and/or control and should be produced.

5. *Search Warrants/Affidavits/Returns:*

**12.10.20 Search of beige Gio Prizm** associated with Free and the surveillance at La Quinta Inn & Suites in Ontario (BASH_00041668-00041676)

The government states that it "believes that any such material within its possession was produced in July 2024." (Doc. 1384 at 16).

Bannick's team has searched the discovery produced by the government in July 2024 and could not located the items.

**Global Positioning System (GPS) monitoring** of Codefendant Gray's cell phone (BASH_00012864).

The government states that it "believes that any such material within its possession was produced in July 2024." (Doc. 1384 at 16).

On December 10, 2020, Investigators conducted GPS monitoring of codefendant Gray's cell phone and placed him at La Quinta Inn & Suites (BASH_00012864 and PM_BASH_00001046).

Bannick's team has searched the discovery produced by the government in July 2024 and could not located any related search warrant material.

…

///

///

8. *<u>Other Incident Reports:</u>*

Any and all **reports and Body Cams/Body Worn Video in reference to victim Roshanski's stolen vehicle/items** report to the Eau Claire Police Department, Incident #20PD16740.

The government asserts that it "believes that any such information in its possession was produced in November 2022 to the extent such items exist." (Doc. 1384 at 18).

Reports related to this request were disclosed on November 5, 2024 (PM_BASH_00001105-1115). However, Bannick's team has searched the bates referred to by the government and did not locate the requested Body/Cams/Body Worn Video.

9. *<u>Criminal History Records and Custody Records:</u>*

**Criminal history** of named victims, **Ruslan Magomedgadzhiev** and **Allan Roshanski**.

The government asserts that the criminal history of the named victims was only relevant to mitigation regarding the decision whether to seek the death penalty. However, information in the discovery indicate that the named victims were engaged in criminal activity and thus their criminal history is relevant to potential theories of defense.

**Criminal history** of all **government witnesses** named in the government's witness list and **Custody/incarceration records** of all **government witnesses** named in the government's witness list who have been or are incarcerated in the California Department of Corrections Records (CDCR), including, but not limited to, records of housing, crimes of incarceration, institutional misconduct, gang affiliation, and confidential file materials, including interviews, reports of investigation, safety investigations, and debriefing reports.

Some discovery in this regard was produced on November 5, 2024 and thereafter. However, at this time, the discovery is still incomplete.

///

///

8

Conclusion

For the reasons stated above, it is requested that this Court order immediate production of the relevant discovery still in dispute as requested by both Defendant Perkins and by Bannick in his supplemental filings.

DATED this 29th day of November, 2024.

        /s/ Ivette Amelburu Maningo
Ivette Amelburu Maningo, Esq.
LAW OFFICES OF IVETTE AMELBURU MANINGO

        /s/ Amy E. Jacks
Amy E. Jacks, Esq.
LAW OFFICE OF AMY E. JACKS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November, 2024, I served a true and correct copy of the Motion for Joinder to all counsel of record via ECF.

        /s/ Tatum Wehr
Investigator/Paralegal for Bannick