PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO MOTION TO PRECLUDE THE CALLING OF A GOVERNMENT WITNESS |
| v. | |
| FRANCIS CLEMENT, | DATE: November 4, 2024<br>TIME: 9:30 p.m.<br>COURT: Hon. Jennifer L. Thurston |
| Defendant. | |

## I. INTRODUCTION

The United States files this Opposition to defendant Francis Clement's Motion to Preclude the Calling of a Government Witness at Trial. ECF 1393 ("Mot."). Clement's motion should be denied because the production of Jencks material is ongoing, and the government has obtained the missing material and has produced it.

As was the case with Clement's previous request of this Court to exclude discovery, the government does not concede that it is in violation of its discovery obligations, certainly not to the extent any missteps would be sanctionable. Even if it were, however, authority from the Ninth Circuit and sister circuits establish that the remedy Clement seeks here is extreme and unwarranted when a continuance would suffice to address prejudice he alleges.

## II. BACKGROUND

On November 5, 2024, the government produced discovery relating to witnesses and cooperators

in this case, pursuant to the Court's scheduling order. ECF 1286 at 2. Material relating to what defendant has labeled "Witness 14" was covered under this order. Initial production on November 5 for "Witness 14" included a recorded interview, law enforcement reports containing statements made by the witness, and the criminal history of the witness.  The government later became aware, through the filing of the instant Motion, that other materials related to this witness were not within the initial production. The government subsequently obtained the material, and produced a grand jury transcript and additional recorded interview on November 25 and November 27, 2024.

### III.　LEGAL STANDARD

As provided in prior filings by the government, including in the most recent opposition to exclude government evidence (ECF 1421), The Court has inherent authority to enforce its specific discovery orders. *See United States v. Grace*, 526 F.3d 499, 516 (9th Cir. 2008).  Even if the Court determines there has been a delay in discovery production, the trial court should not impose a sanction harsher than necessary to accomplish the goals of Rule 16.  *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983) (citing *United States v. Sarcinelli*, 667 F.2d 5, 6–7 (5th Cir. 1982).

Absent a clear showing of bad faith, a continuance would ordinarily be the "appropriate sanction for a discovery delay to alleviate any prejudice." *United States v. Marshall*, 132 F.3d 63, 70 (D.C. Cir. 1998); *see also United States v. Bishop*, 469 F.3d 896, 904-05 (10th Cir. 2006) (continuance, rather than exclusion, was proper sanction for government's mid-trial disclosure of emails between defendant and witness who was testifying).

### IV.　ARGUMENT

Clement's demand that the court exclude the entire testimony of a government witness does not offer a sufficient basis to warrant such a drastic remedy.  The government has complied with the Court's order to produce Jencks Act material by producing a multitude of documents and other forms of discovery, as further described below, including discovery relating to "Witness 14" and will continue to do so. The government also has worked to resolve inconsistencies in a timely manner. The production of Jencks material is ongoing in order to facilitate the preparation of counsel before the witness testifies.

On November 5, 2024, pursuant to the Court's trial scheduling order, the government produced a voluminous (Bates ranging from PM_BASH_1 through PM_BASH_3804) amount of Jencks and *Giglio*

material, including audio recordings, grand jury transcripts, rapsheets, reports, plea agreements, charging documents, and other items related to witnesses and cooperators in this case. Since November 5, the government has continued to produce items related to Jencks and Giglio. The production of this information is ongoing due to the volume of the material, items overlooked in the initial production of such material, and indications from counsel, such as in this Motion, that items are missing. Upon the filing of this motion, the government obtained the transcript at issue here, which it had inadvertently failed to order during the request for transcripts of witnesses who testified in the grand jury, and produced said transcript on November 25 (starting at Bates PM_BASH_8026). The government continues to comply with the Court's order, as pretrial production of Jencks material aids in the efficient presentation of evidence at trial. However, because disclosure of Jencks material is only required after a witness testifies at trial, the remedy Clement seeks here is extreme and inappropriate. Accordingly, the Court should deny defendant's motion to preclude the government from calling the witness at trial.

### V.     CONCLUSION

For the reasons set forth above, the Court should deny Clement's Motion to Preclude the Calling of a Government Witness at Trial.

Dated:  November 29, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney