PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
JARED ENGELKING
Trial Attorney, U.S. Department of Justice
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>KENNETH JOHNSON, et al.,<br><br>                Defendants. | CASE NO. 1:20-CR-00238-JLT-SKO<br><br>UNITED STATES' OPPOSITION TO MOTION TO COMPEL PRODUCTION OF PSR [Docket No. 1394]<br><br>DATE: December 18, 2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

### INTRODUCTION

The United States files this Opposition to defendant Kenneth Johnson's Motion to Compel Production of Presentence Investigation Reports of Cooperating Witnesses. ECF 1394. Johnson's motion should be denied in so far as it seeks to compel the United States to produce the PSRs to the defendant in violation of the Local Rules. To the extent the court views Johnson's motion as a petition to the Court for the disclosure of PSRs, the United States does not oppose an *in camera* inspection of the PSRs by the Court and subsequent disclosure of exculpatory or impeachment information contained therein if the Court finds there is a compelling need for disclosure. However, much of the information Johnson requests is cumulative or has already been disclosed to defense counsel, and therefore should not be disclosed to Johnson by the Court.

## ANALYSIS

**A. The United States is not required to disclose Presentence Investigation Reports to Johnson.**

Presentence Investigation Reports ("PSRs") are prepared by probation officers primarily to assist the court in sentencing. Probation officers are appointed by the district courts and serve under the direction of the courts and the Administrative Office of the United States Courts. 18 U.S.C. § 3602; *United States v. Walker*, 491 F.2d 236, 238 (9th Cir. 1974) ("A probation officer is not subject to the control of the prosecutor."). Accordingly, and as explained in the Local Rules, PSRs are confidential records of the United States District Court:

> **Confidential Character of Presentence Reports, Pretrial Services Reports, and Related Records.** The presentence reports, pretrial services reports, violation reports, and related documents are confidential records of the United States District Court. Unless further disclosure is expressly authorized by order of the Court or this rule, such records shall be disclosed only to the Court, court personnel, the defendant, the defendant's counsel, the defense investigator, if any, and the United States Attorney's Office in connection with the sentencing, detention/release, or violation hearing.

Local Rules for the United States District Court Eastern District of California, Rule 460(a) (August 7, 2023); *see also United States v. Alvarez*, 358 F.3d 1194, 1208 n.9 (9th Cir. 2004); *United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988) (stating presentence report and related documents are court records).

Johnson maintains he "requested the USAO to produce this information and received no response whatsoever. Because the government has not turned over these PSRs, the Court should compel it to do so." ECF 1394 at 3. But despite Johnson's protests, the government is not required to disclose probation reports to the defendant under the Local Rules, *Brady*, *Jencks*, or Rule 16 of the Federal Rules of Criminal Procedure when the reports are in the possession of the court or the probation office. *See also United States v. Zavala*, 839 F.2d 523, 528 (9th Cir. 1988). Rather than asking the government for the PSRs, in accordance with Local Rule 460(b), Johnson should have asked the Court:

**Requests for Disclosure.** Any applicant seeking an order authorizing further disclosure of a presentence report or pretrial services report maintained by the probation or pretrial services offices shall file a written petition to the Court establishing with particularity the need for specific information in the records. Requests for disclosure made to probation or pretrial services officers are improper.

Local Rules for the United States District Court Eastern District of California, Rule 460(b) (August 7, 2023). Accordingly, to the extent Johnson's motion seeks to compel the United States to produce PSRs to Johnson, the motion should be denied. To the extent the Court construes Johnson's motion as a request to the Court, per Local Rule 460(b), the government submits the following.

**B. Exculpatory or impeachment information from the PSRs can only be released to a third party after *in camera* inspection by the Court, when there is a compelling need for disclosure, and when the information is not cumulative or available elsewhere.**

The United States does not dispute that pursuant to Ninth Circuit caselaw, defendants are entitled to *Brady* material in PSRs. When a third party asks a court to disclose the PSR, the trial judge has discretion either to make an *in camera* inspection of the materials or to rely on an examination by a probation officer. *United States v. Alvarez*, 358 F.3d 1194, 1207-08 (9th Cir. 2004) (citing *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1987)). The trial court is to release what it finds relevant, material, and probative as to the witness's credibility pursuant to *Brady*. *Id.* (citing *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986)).

In conducting *in camera* review, the test to be applied by the court is whether there is a compelling need for disclosure of the information in question, such that disclosure is essential to effective presentation of a defense. There is a strong presumption in favor of maintaining confidentiality. *Schlette*, 842 F.2d at 1579; *see also United States Dept. of Justice v. Julian*, 486 U.S. 1, 12, (1988) ("[C]ourts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals."). To overcome this presumption, a third party must make some threshold showing that there is a compelling need for disclosure to meet the ends of justice.

*United States v. Anzalone*, 886 F.2d 229, 233 (9th Cir. 1989); *United States v. Pike*, No. 2:09-CR-00147-JCM, 2011 WL 4344017, at *2 (D. Nev. Sept. 14, 2011) ("A court therefore must only disclose a PSR when the defendant demonstrates a 'compelling, particularized need for disclosure.'") (quoting *United States v. Gomez*, 323 F.3d 1305, 1307, 1308 (11th Cir.2003); *Schlette*, 842 F.2d at 1581 ("[A] third party who asks a court to disclose the report must make some threshold showing that disclosure will serve the ends of justice."). A similar approach has been adopted by other circuits. *See*, *e.g., United States v. Molina*, 356 F.3d at 274 (2d Cir. 2004) ("[W]e have approved a procedure by which the sentencing court examines requested [PSRs] *in camera* for exculpatory or impeachment material that might aid the defendant requesting it. The court then determines if the policy of confidentiality is outweighed by a compelling need for disclosure to meet the ends of justice.").

However, a defendant is not entitled to the production of information that is merely cumulative or already available to the defense. *See Anzalone*, 886 F.2d at 233 (finding where defendant had access to witness' criminal records and ample other impeachment information, court's refusal to release witness' PSR not prejudicial); *Alvarez*, 358 F.3d at 1207 (9th Cir. 2004) (finding trial court need not release evidence already available to defense); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (explaining trial court need not release evidence that is merely cumulative).

Here, Johnson seeks information in the PSRs that is either cumulative or already available to the defense. Specifically, Johnson is seeking the cooperating witness' criminal history, their offense conduct in the case for which they have been convicted, and their sentencing guidelines calculations. ECF 1394 at 2-3. The cooperating witness' plea agreements contain their offense conduct in the case in which they were convicted. The cooperating witness' plea agreements and cooperation agreements have already been produced to defense counsel. The cooperating witness' rap sheets or criminal histories have also already been produced to defense counsel. And the United States is not aware of any cases (and

defendant does not cite to any) where probation's guidelines calculations were considered *Brady* or *Giglio* and thus subject to disclosure.

Johnson also seeks from the PSRs the "sentences the witnesses could receive without cooperation with the government," and information regarding the witnesses "understanding of expected sentences before and after pleading guilty." ECF 1394 at 8. Again, the plea and cooperation agreements, which lay out the terms of cooperation, have already been disclosed to defense counsel. Additionally, the statutory maximum sentences for the offenses to which the cooperating witnesses pleaded guilty, i.e. "sentences the witnesses could receive without cooperation," is publicly available information.

## CONCLUSION

In sum, Johnson's motion should be denied in so far as it seeks to compel the United States to produce the PSRs to the defendant in violation of the Local Rules. The United States does not oppose, however, an *in camera* inspection of the PSRs by the Court and subsequent disclosure of exculpatory or impeachment information contained therein if the Court deems there is a compelling need for disclosure. But much of the information Johnson requests is cumulative or has already been disclosed to defense counsel, and therefore should not be disclosed by the Court.

Dated: November 29, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
Assistant United States Attorney