Ryan J. Villa
5501 Eagle Rock Ave NE, Ste C2
Albuquerque, NM 87113
(505) 639-5709

Andrea L. Luem
400 South Fourth St, Suite 500
Las Vegas, NV 89101

Attorneys for Defendant,
KENNETH JOHNSON

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal case No. 20-CR-238-JLT-SKO |
| Plaintiff, | **RESPONSE IN OPPOSITION TO THIRD PARTY EDD MOTION TO QUASH [ECF 1414]** |
| v. | **DATE:**  January 6, 2025<br>**TIME:**  1:30 p.m.<br>**PLACE:** Hon. Jennifer L. Thurston |
| **KENNETH JOHNSON, et a.,** | |
| Defendants. | |

Defendant Mr. Kenneth Johnson, by counsel Ryan J. Villa and Andrea Luem, respectfully responds to Third-Party Employment Development Department's Notice of Motion and Motion to Quash Subpoena Duces Tecum and Memorandum and Points of Authorities filed on November 11, 2024 [Doc. 1414] (Motion to Quash). For the reasons discussed below, the Court should deny the Motion to Quash and enter an order compelling the California Employment Development Department (EDD) to immediately disclose the information sought by Mr. Johnson's subpoena duces tecum to defense counsel. Counsel for Mr. Johnson does not oppose the entry of a protective

1

order according to the terms proposed by EDD. *Id*. at 9. At a minimum, however, the Court should order the EDD to produce the information to the Court for an in camera review.

## MEMORANDUM OF POINTS AND AUTHORITIES

## RELEVANT FACTUAL AND BACKGROUND

Mr. Johnson is charged in a multi-defendant indictment with, *inter alia*, conspiracy to participate in a racketeering enterprise in count one, and two counts of murder in aid of racketeering in counts two and three. *See* Superseding Indictment [Doc. 392]. He faces a statutory minimum sentence of life imprisonment if convicted of count two or three. *See* 18 U.S.C. § 1959(a)(1); *see also United States v. Rollness*, 561 F.3d 996, 997 (9th Cir. 2009).

Counsel for Mr. Johnson served a subpoena duces tecum on EDD seeking records for individuals utilizing a specific Lomita, California address between June 2017 and June 2021. *See* Declaration to Motion to Quash [Doc. 1414-1] at 1-2. The government has alleged that EDD fraud has played an important role in the racketeering enterprise and murder conspiracies. *See* Superseding Indictment [Doc. 392] at 7.

On November 20, 2024, EDD filed a Motion Quash claiming Mr. Johnson lacks good cause to compel the information from EDD and that the information being sought by Mr. Johnson is privileged and confidential. *See generally* Motion to Quash [Doc. 1414]. These arguments must fail because the threshold question is not whether there is "good cause" or whether the information is "privileged or confidential." Instead, under Rule 17 of Federal Rules of Criminal Procedure, the relevant question is whether "compliance would be unreasonable or oppressive." Fed. R. Crim. P 17(c)(2).

**LAW AND ARGUMENT**

"A criminal defendant has a constitutional right to compulsory process in building a defense." *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) (holding that "criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt")). "Rule 17(c) allows parties to a criminal trial to use the district court's subpoena power to request materials or testimony from witnesses." *Sleugh*, 896 F.3d at 1012 (citing Fed. R. Crim. P. 17(c)(1)). The United States Supreme Court has made it clear that a party seeking production of materials under a Rule 17(c) subpoena must demonstrate to the district court "(1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). The Ninth Circuit Court of Appeals has recognized that "[i]f the grounds articulated in support of the subpoena request were made part of the public record, such a showing could reveal counsel's trial strategies or defense theories to" the government or "to co-defendants, who may have adverse interests." *Sleugh*, 896 F.3d at 1012. Considering these risks, a district court may allow a defendant to make such a showing ex parte or under seal. *Id*.

While a motion to quash under Rule 17 must demonstrate that "compliance would be unreasonable or oppressive," Fed. R. Crim. P 17(c)(2), here, EDD admits that its motion to quash is neither premised on the unreasonableness nor oppressiveness of compliance. *See generally* Motion to Quash [Doc. 1414]. Instead, EDD argues that this Court should grant its Motion to Quash because state and federal regulations result in the records being privileged and confidential. *Id*. However, this Court has the authority to review these records in camera and craft a protective order that prevents or limits the disclosure of any privileged and confidential information. See Fed.

R. Crim. P 17(c)(2) ("the court may quash or *modify* the subpoena if compliance would be unreasonable or oppressive") (emphasis added).

For these reasons, the Court should deny the Motion to Quash and enter an order compelling the California Employment Development Department (EDD) to immediately disclose the information sought by Mr. Johnson's subpoena duces tecum to defense counsel. At a minimum, the Court should order the EDD to produce the information to the Court for in camera review and allow defense counsel to respond to any questions regarding the relevancy, admissibility, and specificity of the information sought from EDD ex parte. *See Sleugh*, 896 F.3d at 1012.

## CONCLUSION

For the reasons discussed in this response, the Court should deny the EDD's Motion to Quash.

Respectfully submitted,

*/s/ Andrea Lee Luem*
Andrea Lee Luem
400 South Fourth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I served a true and correct copy of the foregoing via ECF to:

All counsel of record

*/s/ Andrea Luem*
Andrea Luem