PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
JARED ENGELKING
Trial Attorney, U.S. Department of Justice
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>KENNETH JOHNSON, et al,<br><br>                    Defendants. | CASE NO. 1:20-CR-00238-JLT<br><br>UNITED STATES' OPPOSITION TO MOTION FOR ADDITIONAL DEFENSE PEREMPTORY CHALLENGES<br><br>[ECF 1309]<br><br>DATE: January 6, 2025<br>TIME: 1:30 p.m.<br>COURT: Hon. Jennifer L. Thurston |

Defendant Johnson moves for an order increasing the number of defense peremptory challenges from 10 to 30[1]. ECF 1309. The Court should deny the motion and allow each side the default number of peremptory challenges—6 for the government and 10 for the defendants jointly—because there is no reason to believe more peremptory challenges are needed in order to seat a fair and impartial jury.

In a felony case, "[t]he government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges." Fed. R. Crim. P. 24(b)(2). The court "may allow additional

---

[1] Defendant requests 4 additional challenges per defendant. Although, at the time of this filing, six defendants remain set for trial, the government anticipates that defendant Collins will not be prepared to proceed to trial in January 2025 due to the recent appointment of new counsel, and so, the additional challenges for the five remaining defendants set for trial would total 20, in addition to the statutory 10.

USA Opposition to Motion for Additional
Defense Peremptory Challenges

1

peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b). The committee notes add: "If the court does so [grant defendants additional challenges], the prosecution may request additional challenges in a multi-defendant case, not to exceed the total number available to the defendants jointly." Fed. R. Crim. P. 24 (committee notes on rules—2002 amendment).

The Court has the ability to adopted procedures to ensure a robust and thorough voir dire process in this case. Whether a questionnaire is used in this case or not, the Court has the ability to extract information about each prospective juror during voir dire. As in all voir dire, that information would be relevant to potential hardships, but also relevant to ensuring a fair and impartial jury, and to potential challenges for cause or peremptory strikes. The Court has also not limited the amount of court days for voir dire, ensuring the Court's and counsel's ability to thoroughly conduct the voir dire process.

Defendants do not suggest any compelling reason to believe that this robust process will be insufficient to seat a fair and impartial jury. They claim some prospective jurors may be biased (ECF 1309, at 5), but that is true in every case and such jurors are identified and excused for cause during the voir dire process. Defendants also claim the case is unusually complex (*id.*), but their concerns are overstated. The evidence in this case is actually quite easy for a jury to understand. White collar cases involving complex financial schemes, to name just one example, are far more difficult for a layperson to understand. Regardless, defendants do not explain why the remedy for either of these claims about the case is to grant the defense more peremptory challenges. If the case is complex at trial, the striking of jurors before trial has no bearing on the complexity. Furthermore, defendant's reference to potential prejudice because of articles written about this case (ECF 1309, at 6) stems from news sources that are not within the Eastern District of California, or within the area from which the jury pool is taken.

Defendant also claims that additional peremptory challenges are necessary because of the differing roles and culpability among defendants. Motion, at 5. Defendant does not explain how this impacts the selection of a fair and impartial jury. And even if it somehow did, defendants could divide the allotted peremptory challenges between themselves. In a five-defendant case, the Ninth Circuit affirmed a trial court's order limiting the number of peremptory challenges to two per defendant (for a

total of 10 for all defendants as required by Rule 24(b)). *See United States v. Estrada*, 441 F.2d 873, 878–79 (9th Cir. 1971).

In the cases where courts have allowed additional peremptory challenges in multi-defendant cases, including the cases cited by the defendants, the number of additional peremptory challenges per defendant has been modest—typically just one additional challenge per defendant. Defendants' request to triple their peremptory challenges from 10 to 30, in a five-defendant case, is extraordinary and unsupported by any precedent.

Courts have expressed concern, moreover, about increasing the number of defense peremptory challenges without increasing the number of government challenges in order to maintain a level playing field. In a five-defendant case arising out of the Watergate cover-up, the district court gave each defendant one additional peremptory challenge each (in addition to the ten to be exercised jointly, for a total of 15 challenges) because of the extraordinary pretrial publicity. *See United States v. Haldeman*, 559 F.2d 31, 79 (D.C. Cir. 1976). The court refused to grant more challenges to the defense, however, "because of the imbalance it would create between prosecution and defense." *Id.* In affirming this decision, the D.C. Circuit recognized that it "reflect[ed] a legitimate concern with the wisdom of providing one side with a far greater number of challenges than the other." *Id.*

//

//

//

//

//

//

USA Opposition to Motion for Additional Defense Peremptory Challenges

3

Defendants do not request any additional peremptory challenges for the government to level the playing field. If the Court is inclined to grant any additional peremptory challenges to the defense, it should grant the same additional number to the government—i.e., the government should also get an extra 20 peremptory challenges for a total of 26. The better course, however, would be to stick to the default—six for the government and ten for the defense.[2]

Dated: December 3, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
JARED ENGELKING
Trial Attorney, U.S. Department of Justice

---

[2] Before the 2002 committee notes, which state that the court may also increase the number of government peremptory challenges in multi-defendant cases, some courts expressed the view that they lacked such authority. *See Haldeman*, 559 F.2d at 79–80; *United States v. Tucker*, 526 F.2d 279, 283 (5th Cir. 1976) (affirming district court's decision to refuse to grant additional peremptory challenges to defendants where they would not stipulate to grant additional challenges to the government as well). Since only the committee notes, and not Rule 24(b) itself, now recognizes this authority, the same argument could still be made, though it would be weaker.