PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
JARED ENGELKING
Trial Attorney, U.S. Department of Justice
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH JOHNSON, <br> FRANCIS CLEMENT, <br> BRANDON BANNICK, <br> EVAN PERKINS, and <br> JOHN STINSON, <br><br> Defendants. | CASE NO. 1:20-CR-00238 JLT <br><br> GOVERNMENT'S OPPOSITION TO DEFENDANT EVAN PERKINS' MOTION FOR A BILL OF PARTICULARS [ECF 1533] |

## I. INTRODUCTION

The United States, by and through undersigned counsel, respectfully submits its opposition to Defendant Evan Perkins' Motion for Bill of Particulars. ECF 1533. Perkins' motion should be denied because the Third Superseding Indictment contains much more than the minimum amount of information required by law to satisfy Rule 7(c), and because the motion impermissibly seeks further discovery regarding an overt act the government is not legally required to disclose or prove to convict Perkins of Count One, RICO conspiracy.

## II. LEGAL STANDARDS

### A. Standard for Indictment Allegations under Rule 7(c)

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It is well settled that an indictment is sufficient if "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1997). The Ninth Circuit has frequently held that an indictment tracking the charged offenses' statutory language is generally sufficient. *See United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (finding an indictment tracking statutory language is generally sufficient); *United States v. Parga-Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001) (explaining there was no reason to invalidate the indictment because it did not go further than charging the statutory elements of the offense.); *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (finding a "bare bones" information that tracked statutory language generally sufficient).

### B. Standard for Bill of Particulars under Rule 7(f)

Defendants move for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). ECF 1533 at 1. A defendant has no right to a bill of particulars—it is a matter within the court's discretion. *See* Fed. R. Crim. P. 7(f) ("The court *may* direct the government to file a bill of particulars.") (emphasis added); *see also Will v. United States*, 389 U.S. 90, 98 (1967); *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999); *United States v. Calabrese*, 825 F.2d 1342, 1347 (9th Cir. 1987) (abuse of discretion standard on appeal). The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to protect against double jeopardy

should the defendant be prosecuted a second time for the same offense. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

A bill of particulars is not a tool for the defense to obtain discovery or allow the defense to preview the government's evidence before trial. *United States v. Fletcher*, 74 F.3d 49, 52 (4th Cir. 1996); *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *United States v. Santiago*, 174 F. Supp. 2d 16, 34 (S.D.N.Y. 2001). "A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Giese*, 597 F.2d at 1181; *see also United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). As a result, requests for specifics regarding overt acts within a conspiracy are not proper grounds for a bill of particulars. *Giese*, 597 F.2d at 1181 ("Appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars."); *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985) (finding defendants' request for a bill of particulars "to delineate all other overt acts that comprised the charged activity" was improper); *United States v. Mannino*, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979) ("A bill of particulars should not be used to . . . force detailed disclosure of acts underlying a charge, or to restrict the Government's proof at trial."). Accordingly, in determining whether to grant a motion for a bill of particulars, courts consider whether the defendant has been adequately advised of the charges "through the indictment and all of the disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1963).

### III.   ANALYSIS

**A. The indictment sufficiently informs Perkins of the nature of the charges against him**

In this case, a bill of particulars is not warranted because the Third Superseding Indictment is sufficiently detailed to permit the defendant to prepare for trial, prevent undue surprise, and preclude a

claim of double jeopardy. The Third Superseding Indictment charges all the offenses substantially in the language of the applicable statutes and contains all the essential elements of the offenses. *See Wong Tai*, 47 S. Ct. at 301-02. More specifically, the Third Superseding Indictment satisfies Rule 7(c) because it sets forth the government's theory of the case and alleges that Perkins "did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the AB [Aryan Brotherhood] through a pattern of racketeering activity." ECF 1098 at 6. Nothing more is required.

Perkins claims that "the way predicate (n) is charged contributes to Mr. Perkins' confusion and his inability to prepare his defense to this allegation." ECF 1533 at 5. But Perkins is not charged with "predicate (n)." He is charged with RICO conspiracy in violation of 18 U.S.C. § 1962(d).

For a RICO conspiracy, there is no legal requirement that the indictment allege any "overt acts" or "specific predicate acts that the defendant agreed personally to commit." *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991) (citing *United States v. Torres Lopez*, 851 F.2d 520, 525 (1st Cir. 1988), and *United States v. Neopolitan*, 791 F.2d 489, 495-98 (7th Cir. 1986)). This is because it is not necessary to prove that a defendant committed a substantive RICO violation under Section 1962(d); instead, "[p]roof of an agreement the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d)." *United States v. Fiander*, 547 F.3d 1036, 1043 (9th Cir. 2008) (quoting *United States v. Tille*, 729 F.2d 615, 619 (9th Cir.1984)). Therefore, Perkins' motion must fail because all that an indictment for Section 1962(d) must allege is that the defendant knowingly joined a conspiracy, the objective of which was to operate an enterprise through an identified pattern of racketeering activity. *Tille*, 729 F.2d at 619. Perkins' demand for more is not legally cognizable.

**C. Perkins' attempt to use a bill of particulars to seek further discovery is impermissible.**

Perkins admits that he is using his motion for a bill of particulars as a mechanism to obtain further details about the evidence against him. ECF 1533 at 1. Specifically, he admits that "the government has disclosed evidence that Mr. Perkins arguably committed fraud with respect to identification documents and access devices," but he is now seeking additional evidence that his fraud was committed during "the period alleged in the indictment" and "in furtherance of the enterprise." *Id*. at 4-5. This is not permitted.

As detailed above, a bill of particulars is not a tool for the defense to obtain discovery or allow the defense to preview the government's evidence before trial. *Fletcher*, 74 F.3d at 52; *Ramirez*, 54 F. Supp. 2d at 29; *Santiago*, 174 F. Supp. 2d at 34; *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) ("Generalized discovery is not the proper function of a bill of particulars") (citing *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir.1981). "The Government is not required to (a) particularize all of its evidence; (b) disclose the precise manner in which the crimes charged in the indictment were committed; or (c) provide the defendant with a preview of the Government's case or legal theory." *United States v. Morgan,* 690 F. Supp. 2d 274, 285 (S.D.N.Y. 2010) (citations and quotations omitted).

Again, Mr. Perkins is charged with RICO conspiracy in Count One of the Third Superseding indictment, not overt act (n). The defendant has been provided voluminous discovery in this case regarding his participation in the RICO conspiracy, and the fraud which the defendant acknowledges. Perkins does not allege that the government has not produced discovery relating to his participation in the RICO conspiracy charged in Count One. In fact, Perkins has filed several motions acknowledging the extensive discovery produced by the government. RICO conspiracy "does not require proof that the defendant committed any predicate acts…[t]o the contrary, it merely requires proof that the defendant "intended to further 'an endeavor which, if completed, would satisfy all of the elements of a substantive [RICO] criminal offense [and] it suffices that he adopt the goal of furthering or facilitating the criminal

endeavor.'" *United States v. Fowler*, 535 F.3d 408, 421 (6th Cir. 2008) (quoting *Salinas v. United States*, 522 U.S. 52, 65, (1997)). The government need not "disclose even all the overt acts in furtherance of the conspiracy." *Giese*, 597 F.2d at 1180 (citing *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976)). Because a bill of particulars is not a tool for Perkins to obtain discovery, and the bill of particulars sought by Perkins seeks additional discovery of a particular over act the government is not required to allege, or prove, to convict Perkins of the crime with which he is charged, Perkins' motion should be denied.

## IV. CONCLUSION

For the reasons stated above, Perkins' motion for a bill of particulars should be denied.

Dated:  December 20, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant U.S. Attorneys
JARED ENGELKING
Trial Attorney, U.S. Department of Justice