PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
JARED ENGELKING
Trial Attorney, U.S. Department of Justice
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH JOHNSON, et al.<br><br>Defendants. | CASE NO. 1:20-CR-00238-JLT-SKO<br><br>UNITED STATES' REPLY IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE ANY REFERENCES TO PREDICATE ACTS REFERENCED IN THE INDICTMENT<br><br>DATE: January 14, 2025<br>TIME: 8:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

### I. DISCUSSION

The United States, by and through Assistant United States Attorneys Stephanie M. Stokman and James R. Conolly, and Trial Attorney Jared Engelking, submits this reply in support of its motion in limine to preclude any references to predicate acts referred to in the indictment for which acts the government does not offer proof at trial.

Fundamentally, the government seeks to exclude discussion or arguments related to predicate acts alleged in the Third Superseding Indictment that do not involve the defendants who will be on trial beginning on January 14, 2025 (the "January 2025 trial"), and acts for which the government does not offer proof at trial. To convict the defendants set for the January 2025 trial for the RICO conspiracy charged in Count One, the government need only prove that each defendant agreed that other members of the conspiracy committed—or would commit—at least two predicate acts. *Salinas v. United States*,

522 U.S. 52, 63, 65–66 (1997) (holding the government must prove only that a defendant agreed a member of the conspiracy would commit two predicate racketeering acts and that a RICO conspiracy does not require proof that any racketeering acts were actually carried out).  The government seeks to avoid the defense's alluding to or describing predicate acts that the government does not discuss in its case in chief, only to then argue ultimately that those acts were not proven.  If the defense were to discuss or argue evidence specific to those acts, it could confuse the jury as to which acts are at issue before the Court.  While the rules of evidence would likely bar the defendants' use of such evidence as irrelevant, the government seeks the clarity of an order indicating that such evidence may not be referenced, discussed, or argued by the defense, without a proper purpose.

For example, Defendant Johnson includes in his opposition that he would object to the government's raising evidence of predicates not at issue in the January 2025 trial but adds that he would want to use such evidence to impeach cooperating witnesses.  In other words, he wants to prevent the government from using evidence related to these predicate acts but wants to reserve the right to use it himself.  But if the evidence of the predicate acts is not properly before the jury, there should be no avenue to raise it simply by calling it impeachment evidence.  And if there is evidence of those predicate acts that is proper impeachment material, the defense can apply to the Court to revisit any advance ruling limiting use of that evidence.  This would allow the Court, which has the discretion to modify or reverse its in limine rulings mid-trial, to determine whether, during the course of trial, the evidence has become proper material for impeachment, or whether its possible confusing effects continue to outweigh its benefit.  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (trial judges are not bound by their own in limine rulings and may change their minds during the course of trial).  It is also within the Court's discretion to defer ruling on this issue until one of the parties indicates its intent to discuss such evidence.  *See, e.g., United States v. Scott*, 2020 WL 3047604, at *1–2 (D. Mont. June 8, 2020) (deferring ruling on a motion in limine to exclude potential impeachment evidence until it was known whether the party to be subject to that impeachment evidence would testify); *United States v. Richardson*, 2023 WL 5163934, at *1 (D. Mont. Aug. 11, 2023) (finding it "premature to determine what evidence may be permissible to use as impeachment evidence" against a witness, because that witness had not yet testified).

Therefore, if the defense has a proper impeachment basis to use evidence of the predicate acts here at issue, it may apply to the Court for leave to use it when it becomes so. But the defense is not entitled at the outset to discuss, raise, or argue evidence on predicate acts the government does not discuss in its case in chief, and the defense should not be permitted to bring in that evidence simply by calling it impeachment evidence when it is not. Once again, if the defense were permitted to argue or elicit evidence about predicate acts that the government has chosen not to include in its case in chief, there is considerable danger such discussion could confuse the jury about what acts it should consider in its deliberations.

## II. CONCLUSION

For the reasons stated above, the government requests respectfully an in limine ruling barring questions, comments, or argument related specifically to the predicate acts in the Third Superseding Indictment for which the government does not offer proof in its case in chief at trial.

Dated: December 20, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ *James R. Conolly*
JAMES R. CONOLLY
Assistant United States Attorney