JANE FISHER-BYRIALSEN
Fisher & Byrialsen, PC
4600 S. Syracuse Street
Denver, CO 80137
jane@fblaw.org

JEAN D. BARRETT
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042
jeanbarrett@ruhnkeandbarrett.com

Attorneys for:
FRANCIS CLEMENT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **FRANCIS CLEMENT,** <br><br> Defendant. | Criminal case No. 20-CR-238-JLT-SKO <br><br> **FRANCIS CLEMENT'S OBJECTION TO MOTION TO QUASH FILED BY THIRD PARTY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION** <br><br> Date: Jan. 31, 2025 <br> Time: 9:00 a.m. <br> Place: Honorable Judge Jennifer Thurston <br> Courtroom: 4 |

    Defendant Francis Clement, through his counsel, Jane Fisher-Byrialsen and Jean Barrett, hereby objects to the Motion to Quash Subpoena, filed by the California Department of Corrections and Rehabilitation ("CDCR"). Mr. Clement requests that this Court accelerate the hearing on this motion because it is likely that the CDCR witness(es) will testify this week.

    The CDCR alleges (1) the subpoena lacks specificity, (2) the information sought is not relevant or admissible, and (3) because the files contain "highly confidential and sensitive information" that would allegedly "jeopardize the safety of inmates, prison staff, and third

parties as well as institutional safety and security," CDCR asserts the "official information privilege."

Mr. Clement has the right to the production of exculpatory evidence in the governmnet's possession. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). That right requires the government to turn over any information about its witnesses that would cast doubt upon their credibility. *See Giglio v. United States*, 405 U.S. 150, 154 (1972). Material information includes "evidence that might tend to impeach a government witness," *United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009), and information that "could cast doubt upon their credibility," *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992). *See also Milke v. Ryan*, 711 F.3d 998, 1006 (requiring disclosure of a testifying officer's personnel file that documented a five-day suspension for dishonest conduct). "If the prosecution is uncertain about the materiality of the information within its possession, it may submit the information to the trial court for an in-camera inspection and evaluation." *United States v. Cadet*, 727 F.2d 1453, 1467–68 (9th Cir. 1984).

Mr. Clement asserts his fundamental Sixth Amendment rights to assert defenses, to confront and cross-examine witnesses and to compulsory process to present his defense. *See United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997) ("A criminal defendant has both a constitutional right to obtain evidence which bears upon the determination of either guilt or punishment, and a Sixth Amendment right to process. Rule 17(c) implements both the right to obtain the evidence and to require its production.") (citations and footnote omitted).

### I. Mr. Clement's Request is Specific, the requested information is relevant, and the requested information is admissible.

Mr. Clement's subpoena satisfies all of the requirements under Rule 17(c) and the standards articulated in *United States v. Nixon*, 418 U.S. 683 (1974) standard. Debriefing and autobiography information constitutes prior statements of the witnesses under the Court's *in camera* review of those materials to determine whether any need to be disclosed pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). The information is probative of the informants'

characters for truthfulness or untruthfulness, as would be required to impeach them with extrinsic evidence under Federal Rule of Evidence 608(b). See *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984) (motion to quash subpoena was denied because the information sought "clearly possessed evidentiary potential for impeachment purposes."). In *United States v. Tucker*, the court denied a motion to quash a subpoena issued to the Bureau of Prisons, stating: "There is no doubt that Tucker intends to use information gleaned from these recordings solely to impeach the cooperators. Impeachment of the cooperators is clearly material to Tucker's defense." *United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008). Under these circumstances, it would be constitutional error to quash Mr. Clement's subpoena:

> The Constitution guarantees criminal defendants the right to confront their accusers, and 'the right to cross-examination has been held to be an essential purpose of the Confrontation Clause.' This right is meaningless if a defendant is denied the reasonable opportunity to obtain material evidence that could be crucial to that cross-examination. Where a criminal defendant has reasonable cause to believe that a cooperating witness may have been improperly induced to give inculpatory testimony, the defendant should be permitted to gather potentially material evidence.

*Tucker, supra*, at 67 (internal quotation marks and citations omitted). See also *Davis v. Alaska*, 415 U.S. 308, 315 (1974).

Coming as it does on the eve of trial, Mr. Clement's subpoena cannot be viewed as a "fishing expedition." *Nixon,* at 700. *Cf. Tucker, supra,* at 66: "Were [the defendant's] request made six months before trial, the government's argument that it would be a "fishing expedition" would be much stronger. But Tucker asked this Court to issue the subpoena one business day before trial was scheduled to begin." As in *Tucker,* if this had been a fishing expedition, Mr. Clement would not have waited to cast his line into the water until the eve of trial.

## II.    The subpoena is not unduly oppressive

Mr. Clement's subpoena is reasonably targeted to ensure the production of material evidence and it is not unduly oppressive. This Court should reject the claimed "official information privilege." The official information privilege is trumped by the Sixth Amendment. The Supreme Court has held that courts must balance the withholding of privileged information

with a defendant's right to confront his accusers. *See Roviaro v. United States,* 353 U.S. 53, 62 (1957) (finding, in the context of anonymous informants, courts should consider "the particular circumstances of each case," including possible defenses, the significance of the withheld information, and any other relevant factors). In *Rovario*, the informant was described as a "special employee" who had been known to the federal agents for several years. On the night of the drug transaction, a police officer hid in the trunk of the informant's car, with the informant's knowledge, while the informant picked up the suspect and drove to a drug transaction. *Id*. at 56-57. The informant did not testify at trial. The Court explained: "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause, the privilege must give way. In these situations, the trial court may require disclosure and, if the Government withholds the information, dismiss the action." *Id.* at 60-61. The Court reversed the conviction. *Id.* at 63-64. It is well established that a criminal defendant has a Sixth Amendment right to present a defense. *Chambers v. Mississippi,* 410 U.S. 284, 294 (1973). That right is violated when critical defense evidence is excluded from trial. *DePetris v. Kuykendall,* 239 F.3d 1057, 1062 (9th Cir.2001).

CDCR relies upon civil cases where there was no issue about a defendant's constitutional rights to present a defense, to cross-examine, to counsel, and to due process and a fair trial. *E.g. Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1991)(lawsuit brought by Hispanic police officers against police department and City); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal. 1987)(excessive force civil rights action); *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192 (9th Cir. 1975)(civil rights action by California prisoners over parole consequences and sanctions for prison rule infractions). [all cited in Doc. 1702, p. 4].

CDCR cites only one criminal case – *United States v. Doe*, 434 F. Supp. 2d 377 (E.D. Va. 2006) [Doc. 1702, p. 4]. That case involved a Grand Jury's efforts to obtain the internal affairs files of officers suspected of illegal activities. The officers had an important Fifth Amendment interest in not having their internal affairs files subpoenaed. In the unique circumstance of that case, the court had to balance the competing law enforcement interests involved. Id., at 381

("The internal affairs office and the grand jury both serve significant law enforcement interests with respect to the 'policing' of the police force.") The Grand Jury had an easy alternative, because it could simply subpoena the officers themselves. It was in these specific competing law enforcement and Fifth Amendment concerns that the Court wrote the "police concerns" language the CDCR quotes (only in part) [Doc. 1702, p.4:6]. CDCR adds the Doe Court's citation to *Grand Jury Proceedings: Subpoenas Duces Tecum,* 827 F.2d 301, 306 (8th Cir.1987) [Doc. 1702, p. 4:8-9], without disclosing that there, the Eighth Circuit affirmed the District Court's denial of a motion to quash.

A redacted autobiography of a witness had already been obtained by the government and the court will be receiving the original to determine whether the redacted portions contain impeachment material. This Court's reasoning applies to the situation here: "The fact that some aspects of the autobiography as to W-71 have already been disclosed undermines the Government's suggestion that other concerns cannot overcome the confidentiality interest." [Order, Doc. 1643, p. 55:15-17 (1/8/2025)].

Similar subpoenas have issued in the past without crippling CDCR's ability to perform its functions. *E.g., United States v. Shabazz*, 995 F. Supp. 1109, 1116 (D. Or. 1998) (refusing to quash defendant's subpoenas to ten state agencies to obtain information similar to that sought here concerning three codefendants and eight unindicted co-conspirators). CDCR's conclusory claims of undue burden is conclusory, one that could be entered whenever prison records are sought. As one court stated in a civil case where CDCR made the same type of claim:

> These two declarations are woefully inadequate and are replete with inadmissible hearsay. CDCR offers no evidence that anyone has even looked at, let alone read the particular documents requested by Plaintiff. At best, these declarations only generally state that disclosure of identifying information of prison personnel and other inmates could threaten the safety and security of officers, inmates, and the facility.

*Herring v. Clark,* No. 1:05-CV-00079-LJO, 2011 WL 2433672, at *8 (E.D. Cal. June 14, 2011).

CDCR has not demonstrated that Mr. Clement's subpoena will interfere with its operations and has not articulated any meaningful inconvenience that could outweigh Mr. Clement's constitutional right to confront and cross-examine witnesses and present a complete and meaningful defense.

Respectfully submitted,

s/*Jane Fisher-Byrialsen*
JANE-FISHER-BYRIALSEN
JEAN D. BARRETT

*Attorneys for Francis Clement*

CERTIFICATE OF SERVICE

I certify that on this 21st day of January, 2025, I served a true and correct copy of the foregoing via ECF to:

All Counsel of Record

And a copy by US Mail addressed to:    Brandon Bannick
USMS #20784-510
Central Valley Annex
254 Taylor Avenue
McFarland, CA 93250

*s/ Abby Clement*
Paralegal