MICHELE BECKWITH
Acting United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
JARED ENGELKING
Trial Attorney, U.S. Department of Justice
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>KENNETH JOHNSON,<br>FRANCIS CLEMENT, and<br>JOHN STINSON,<br><br>             Defendants. | CASE NO. 1:20-CR-00238 JLT<br><br>GOVERNMENT'S RESPONSE TO CLEMENT'S PROPOSED SPECIAL INTERROGATORIES REGARDING RACKETEERING ACTS (ECF 1805) |

The United States, by and through undersigned counsel, respectfully submits this opposition to Defendant Francis Clement's Proposed Special Interrogatories Regarding Racketeering Acts. ECF 1805. The Court has already denied Clement's motion but permitted the interrogatories to be filed for the record. The United States files this opposition for the record. For Count One, RICO conspiracy, Clement proposed special interrogatories requiring the jury to make a finding on each racketeering act, or predicate act, listed in the Third Superseding Indictment (ECF 1098) that names Clement. ECF 1805. As discussed below, the Court was correct to refuse to use Clement's proposed special interrogatories on the verdict form.

First, Clement's proposal misstates the law. A jury may convict Clement of RICO conspiracy, in

violation of 18 U.S.C § 1962(d), without finding he committed any of the predicate acts listed on his proposed verdict form. RICO conspiracy is an inchoate offense. It is well settled that the United States is not required to prove any defendant committed any racketeering act or any overt act. *See, e.g.*, *Salinas v. United States*, 522 U.S. 52, 63 (1997) (holding that to establish a RICO conspiracy offense under Section 1962(d), there is no requirement that the defendant "himself committed or agreed to commit the two predicate acts requisite for a substantive RICO offense under § 1962(c)"); *United States v. Randall*, 661 F.3d 1291, 1297 (10th Cir. 2011); *United States v. Applins*, 637 F.3d 59, 80-82 (2d Cir. 2011); *United States v. Hein*, 2010 WL 3549952 (11th Cir. 2010); *United States v. Browne*, 505 F.3d 1229, 1263-64 (11th Cir. 2007); *United States v. Smith*, 413 F.3d 1253,1265 (10th Cir. 2005); *United States v. Ciccone*, 312 F.3d 535, 542 (2d Cir. 2002); *United States v. Zauber*, 857 F.2d 137, 148 (3d Cir. 1988). All the jury must find is that the defendant agreed a conspirator would commit at least two acts of racketeering in furtherance of the conspiracy.

As the Court correctly stated in Jury Instruction 24: "No racketeering act need to have been committed or even attempted by anyone. Rather, it is sufficient that you find that the defendant knew or contemplated that one or more members of the conspiracy, not necessarily the defendant, would commit at least two acts of racketeering in furtherance of the conspiracy." *See also United States v. Abbell*, 271 F.3d 1286, 1299 (11th Cir. 2001) ("If the government can prove an agreement on an overall objective, it need not prove a defendant personally agreed to commit two predicate acts."); *United States v. Starrett*, 55 F.3d 1525, 1543-44 (11th Cir. 1995) ("[t]he focus is on the agreement to participate in the enterprise through the pattern of racketeering activity, not on the agreement to commit the individual predicate acts."). Consequently, only listing the racketeering acts in which Clement was personally involved, and then requiring the jury to make a finding on each of those racketeering acts should they convict on Count One, would be inconsistent with both the jury instructions and RICO conspiracy law.

Second, the case law that Clement cites in support of his proposed verdict form does not support his request. The *Ruggiero* case cited by Clement predates the U.S. Supreme Cout case in *Salinas* where the court found that in a RICO conspiracy there is no requirement that the defendant committed or agreed to commit two predicate acts. *Ruggiero* was abrogated by *Salinas*. *See United States v. Ruggiero*, 726 F.2d 913, 922 (2d Cir. 1984), abrogated by *Salinas v. United States*, 522 U.S. 52, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997). Additionally, the *Ruggiero* court's statement that "it can be extremely useful for a trial judge to request the jury to record their specific dispositions of the separate predicate acts charged" was made in dicta in the context of what the court found to be a legally insufficient predicate act, "conspiracy to conduct an illegal gambling operation." *Ruggiero*, 726 F.2d at 922-23. There is no such issue in this case. The other two cases cited by Clement fair no better. The *Sims* case only involved a substantive RICO charge under Section 1962(c). *See United States of America v. Sims et al.*, criminal docket 1:92-cr-00166. It did not involve a Section 1962(d) RICO conspiracy charge. Similarly, the *Cianci* case, while charging both Section 1962(c) and 1962(d) violations, only listed predicate acts on the verdict form for the 1962(c) charge. *See United States v. Cianci et al.*, docket 1:00-CR-00083-T at ECF 490. There were no special sentencing factors for the 1962(d) violation. *Id*. Accordingly, Clement's citation to these cases is inapposite.

Third, special interrogates are simply not required for a RICO conspiracy charge. *See, e.g.*, *United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996) (finding the district court acted within its discretion in denying defendant's request for a special verdict form on the RICO conspiracy count because the jury instructions properly instructed the jury on the elements of RICO conspiracy); *Applins*, 637 F.3d at 82 ("We also reject appellants' argument that their convictions must be reversed because the jury was not required to answer special interrogatories as to which specific predicate acts each defendant agreed would be committed."). Under *Apprendi v. New Jersey*, special interrogatories are only required for findings of fact that increase the penalty for a crime beyond the prescribed statutory maximum. *Apprendi*,

RESPONSE TO CLEMENT'S PROPOSED SPECIAL
INTERROGATORIES REGARDING RACKETEERING ACTS

3

530 U.S. 466, 490 (2000). Consequently, the verdict form in this case lists special interrogatories for the murders alleged in the indictment in the "Notice of Special Sentencing Factors" section for Count One, the RICO conspiracy charge, because they extend the statutory maximum to life. Nothing more is required.

In conclusion, the special interrogatories proposed by Clement misstate the law and are contrary to the jury instructions. Furthermore, the case law cited by Clement does not support his proposed special interrogatories. The verdict form used by the Court is legally sufficient and is all that is required under *Apprendi*. Consequently, the court correctly refused to use Clement's proposed verdict form.

Dated: February 12, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant U.S. Attorneys
JARED ENGELKING
Trial Attorney, U.S. Department of Justice