MICHELE BECKWITH
Acting United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
JARED ENGELKING
Trial Attorney, U.S. Department of Justice
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>KENNETH JOHNSON, et al.,<br><br>                    Defendants. | CASE NO. 1:20-CR-00238-JLT<br><br>UNITED STATES' BRIEF REGARDING PROVISION OF TRIAL TRANSCRIPTS TO THE JURY<br><br>DATE: February 12, 2025<br>TIME: 8:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

## I.    INTRODUCTION

After further review of Ninth Circuit authority, the government requests that, if the Court is inclined to provide certain trial testimony to the jury, that it reread the transcripts in open court. The United States is concerned that putting a transcript into the jury room may influence jury deliberation and create undue emphasis on certain parts of the evidence, which the Ninth Circuit has found to be error. The Court's preliminary jury instructions were clear that the jury would not have a copy of the transcript at the end of trial, and the jury therefore has no proper expectation of it.

Ninth Circuit precedent holds that the preferred method of revisiting witness testimony is to have the transcript read in open court, with all parties present. The reading should be accompanied by the admonitions the Ninth Circuit has provided to help trial courts avoid inadvertently emphasizing only

certain parts of the evidence. This method also ensures that the jury hears the entirety of a witness' testimony, which cannot be guaranteed in a jury deliberation room.

If the Court is inclined to release parts of the written transcript to the jury, however, the United States requests that it do so accompanied by additional protective measures. Handing the jury any part of the transcript risks placing undue emphasis on certain parts of the trial record and so, at a minimum, the Ninth Circuit requires protective instructions to avoid reversible error. As the Ninth Circuit has made clear, any written transcript placed into the jurors' hands should be reviewed for errors or inaccuracies, and the jurors should be given additional instructions regarding their consideration and use of the transcripts, to maintain the integrity of the deliberation process.

## II.    DISCUSSION

### A.    The Court Informed the Jury That It Would Not Provide Transcripts

As an initial matter, the Court's preliminary instruction to the jury regarding transcripts was clear: "At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given." This instruction matches Ninth Circuit Model Criminal Jury Instruction 1.9: "At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given."[1] Part of the purpose of this instruction is to alert the jurors to their duty to listen to the evidence, as their own recall will later be their main reference for it.

Here, the Court was clear with the jurors from the beginning about their obligation to listen to the testimony. Having so instructed the jury, it would be well within the Court's discretion to deny the jurors' request for transcripts. The jurors were aware from the beginning that they would not have access to any written transcript. The government is therefore not aware of any circumstances here that would lessen the Court's ability to respond to the jury—consistent with its own instructions—that they are to rely on their own recall, without reference to a transcript. As made clear in the Ninth Circuit

---

[1] This instruction is also consistent with its civil law parallel, Ninth Circuit Model Civil Jury Instruction 1.17: "I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony."

UNITED STATES' BRIEF REGARDING PROVISION OF TRIAL
TRANSCRIPTS TO THE JURY                    2

authority discussed herein, the jurors' use of their own recall to evaluate the witnesses' testimony removes the need for the Court's later having to provide transcripts, which creates a danger of emphasizing some witnesses' testimony above others.[2]

### B.    Ninth Circuit Precedent Prefers the Transcript be Read to the Jury.

Ninth Circuit authority holds that the district court has wide discretion to determine whether testimony should be replayed (or reread) in a particular case. *United States v. Sacco,* 869 F.2d 499, 501 (9th Cir. 1989). Whether to allow such review should be based on the particular facts and circumstances of the case, with a careful eye toward inadvertently placing undue emphasis on particular testimony. *United States v. Binder*, 769 F.2d 595, 600 (9th Cir.1985). The Ninth Circuit has stated consistently that, if a trial court allows the jury to revisit trial testimony, it is preferable to have the testimony reheard (or reread) in open court with all parties present. *United States v. Richard*, 504 F.3d 1109, 1114 (9th Cir. 2007) (citing *United States v. Hernandez*, 27 F.3d 1403, 1408 (9th Cir. 1994), as amended (Sept. 21, 1994)) ("[T]he preferred method of rehearing testimony is in open court, under the supervision of the court, with the defendant and attorneys present."); *see also Binder*, 769 F.2d at 601 n. 1 ("If it is appropriate to let the jury hear the testimony of a witness a second time at all, the preferred procedure would require the preparation of a transcript ... and a rereading of that testimony to the jury in the courtroom with all parties present.").

To minimize the danger of undue emphasis, the Ninth Circuit has also made clear that any testimony provided to the jury should be provided in whole. For a reread of the testimony of a given witness, the jury should hear the complete examination, including all direct, cross, and re-direct. *United States v. Richard*, 504 F.3d 1109, 1114 (9th Cir. 2007) ("[T]he jury should ordinarily be provided with the witness's entire testimony – i.e., direct and cross-examination, and should be admonished to weigh all the evidence and not focus on any portion of the trial.") (citing *Hernandez*, 27 F.3d at 1408–09 (9th Cir. 1994), as amended (Sept. 21, 1994)). Indeed, in *Sacco*, the Ninth Circuit expressed its concern that

---

[2] According to the Jury Instructions Committee of the Ninth Circuit, "[t]he trial court should probably never send a transcript of testimony into the jury room. If it decides to do so, great caution should be exercised." *A Manual on Jury Trial Procedures* (2013 ed.), § 5.1.D.1 (citing *United States v. Hernandez*, 27 F.3d 1403, 1404 (9th Cir. 1994) (reversing because court allowed witness transcript into jury room without adequate precautions).

UNITED STATES' BRIEF REGARDING PROVISION OF TRIAL
TRANSCRIPTS TO THE JURY                    3

"in the privacy of a jury room, a jury, unsupervised by the judge, might repeatedly replay crucial moments of testimony before reaching a guilty verdict." 869 F.2d at 502. To guard against the danger of such undue emphasis, the Ninth Circuit has held that "the preferred method of rehearing testimony is in open court, under the supervision of the court, with the defendant and attorneys present." *Hernandez*, 27 F.3d at 1408

If a court determines that a certain witness's testimony should be read to the jury, the Ninth Circuit has instructed that the jurors be given a protective admonition. *United States v. Newhoff*, 627 F.3d 1163, 1168 (9th Cir. 2010). In *Newhoff*, the Ninth Circuit found as sufficient instructions to the jury that: (1) The court is providing the readback because the jury has requested it and that "all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony"; (2) the jury will be required to hear all the witness's testimony, including all direct and cross-examination, to avoid the risk that they might skip or miss a portion bearing on their judgment or what testimony to accept as credible; (3) while the witness's testimony is evidence, the transcript itself is not evidence, but only a record of what the testimony was, and "since nothing is perfect and the transcript could possibly contain errors, their recollection and understanding of the testimony itself rather than the transcript is the evidence on which they must make their decision"; (4) the transcript does not capture "matters of demeanor, tone of voice, and other aspects of the live testimony the jurors heard, which may affect what they judge to be credible"; and (5) "the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented, both testimony and exhibits, in the jurors' exercise of their judgment." *Id*. The Ninth Circuit in *Newhoff* emphasized that among the benefits of providing a readback of the testimony, rather than a printed copy to read, are that "the court can assure that the jury heard the whole transcript and no one cuts off the reading by saying 'I've heard enough,' and counsel can correct errors.'" *Id*. at 1167.

C.   **Providing the Jury With a Copy of a Transcript Requires Protective Measures.**

Providing the jury with a written copy of the trial transcripts creates additional danger of improper emphasis on certain testimony and risks overriding the jurors' memory of the in-court testimony. Maintaining the position that handing written transcripts to the jury is disfavored, the Ninth Circuit has held that, if a trial court indeed does so, it should take additional precautions, in addition to

the admonitions discussed above. *United States v. Lujan*, 936 F.2d 406, 411–12 (9th Cir. 1991); *see also Hernandez,* 27 F.3d at 1408–09 (district court abused its discretion in permitting the jury to take a transcript into the jury room during deliberations when the court knew the jury intended to focus its verdict on a specific portion of a transcript and did not instruct the jury not to emphasize that transcript or otherwise provide protective instructions). In *Lujan*, the trial court provided the jury with a copy of the entire trial transcript during deliberation, in response to the jury's request. *Id*. at 411. It did so, however, only after allowing all counsel the opportunity to review the transcripts for inaccuracies. *Id*. In finding that the trial court had not abused its discretion by letting the jury have the trial's transcript in hand during deliberation, the Ninth Circuit also noted in that the trial court had (1) cautioned the jury that the transcript was not to serve as a substitute for memory or for assessment of credibility, but rather merely to be used as an aid to their memories; (2) admonished the jury to weigh all the evidence and not focus on any portion of the trial; and (3) instructed the jury that the transcript was not authoritative and should not prevail over the jurors' memories. *Id*. at 412. Emphasizing the number of precautions taken, the Ninth Circuit found that the trial court had not abused its discretion when it provided the entire trial transcript to the jury. *Id*. at 411.

Because the jury here has asked for only parts of the trial transcript—including all of Daniel Rubin's testimony and also the portions of other witnesses' testimony that mention Andrew Collins ("Misfit")—there is a danger of the jury's emphasizing that testimony for the simple fact that they will have it in the jury room and will not have the testimony of any other witness.[3] In addition, at the time of writing, government counsel are reviewing Mr. Rubin's testimony's transcript for accuracy, but they would need additional time first to identify and then to review all witness testimony that references Mr. Collins – an individual about whom multiple witnesses testified.[4] Moreover, in contrast to the

---

[3] If the jury requested the entire trial transcript, and the Court were inclined to produce it, it would require the parties to review the transcripts for inaccuracies and for the Court to redact all parts of the transcript recorded outside the presence of the jury—which are interspersed throughout the testimony of nearly every witness.

[4] The Ninth Circuit's direction to reread (or provide) the entirety of a witness' testimony makes the jury's request for testimony involving Mr. Collins particularly problematic and the Court should deny it. Multiple witnesses testified about Mr. Collins. Rereading the entirety of their collective testimony, or providing it to the jurors, would be to repeat much of the trial while also emphasizing the testimony of those witnesses above others.

jury's request in *Lujan* for the entire trial transcript, the jury's more targeted requests here suggest they are already focusing on certain testimonial evidence. Providing them with parts transcripts runs the risk of sharpening that focus further, when they have been instructed to consider all evidence. As a result, should the Court decide to provide any transcripts to the jury to read in the deliberation room, it should do so only after all parties have had the chance to review those transcripts for accuracy, and after the Court has provided the admonitions the Ninth Circuit set out in *Lujan*, at a minimum, along with the instruction that the jurors are to read the entirety of the witnesses' testimony if they read any at all.

The government maintains, however, that the Court's preliminary jury instructions informed the jury that they would not have the transcripts to reference during deliberation and the jury's request does not override those instructions. The fact that the jury has seen snippets of transcripts in a defendant's closing argument—despite the transcripts' not being in evidence and including statements read from yet other transcripts—does not compel the Court to give the jury larger portions of the transcript. Indeed, doing so creates additional risks that can be avoided by reading the transcripts in court.

### III.     CONCLUSION

For the foregoing reasons, the government submits respectfully that Court need not provide any part of the transcript to the jury, as they were instructed at the beginning of trial that they would not have it for deliberations. Should the Court decide to allow the jury a review of a particular witness's testimony, it should be done by a reading of the witness's transcript, in open court, after the Court has given the jurors all appropriate admonitions. If the Court decides to provide the jury with transcripts to read in the jury room, it should do so only after the parties have reviewed them for accuracy and after the Court has provided all admonitions appropriate to that situation.

Dated: February 12, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ JAMES R. CONOLLY
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorney
JARED ENGELKING
Trial Attorney, U.S. Department of Justice