CRISTINA BORDÉ
Admitted *Pro Hac Vice*
Law Office of Cristina Bordé
33 E. Main Street, Suite 400
Madison, WI 53703
608-620-3307
cristinaborde@gmail.com

THERESA M. DUNCAN
Admitted *Pro Hac Vice*
Law Office of Theresa M. Duncan LLC
P.O. Box 2769
Santa Fe, NM 87504
(505) 710-6586
teri@duncanearnest.com

Attorneys for Defendant
EVAN PERKINS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 1:20-cr-0238 JLT SKO |
| Plaintiff, | |
| v. | **DEFENDANT EVAN PERKINS' MEMORANDUM IN SUPPORT OF REQUEST FOR SEPARATE TRIAL OR FOR SEPTEMBER 2025 TRIAL SETTING** |
| **EVAN PERKINS, et al.,** | |
| Defendant. | |

On December 27, 2024, the Court ordered counsel for Evan Perkins, Justin Gray, and the government to file a joint statement indicating whether Mr. Perkins' case should go to trial on September 23, 2025, with Mr. Gray or April 21, 2026, with Jayson Weaver, Waylon Pitchford, and Andrew Collins. (Doc. 1626.) The parties filed their statement on March 7, 2025, with Mr. Perkins requesting that he be tried separately from all remaining defendants or, if the

Court decides he must be added to one of the previously scheduled trials, that his case be scheduled for trial on September 23, 2025, with Mr. Gray. Mr. Gray opposes that request, and the government asks that Mr. Perkins' trial be scheduled for April 2026 with the remaining defendants.[1] (Doc. ___.) For the reasons stated below and in previously filed pleadings (Docs. 1416 and 1534), Mr. Perkins should be tried alone in August/September 2025 or, if he must be joined with other defendants, with Mr. Gray on September 23, 2025.

## I.    PROCEDURAL HISTORY

On May 29, 2024, the government filed a Third Superseding Indictment charging eleven defendants with thirteen offenses. (Doc. 1098.) Mr. Perkins is charged with one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d) (Count 1), and two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) (Counts 5 and 6). The murder counts stem from the shooting deaths of Ronald Ennis and James Yagle on March 8, 2022, in Pomona, California. Mr. Perkins is alleged to have committed these murders with former co-defendants Francis Clement, Brandon Bannick, and James Field. The government alleges in Count 1 (RICO conspiracy) that Mr. Perkins and the others committed these homicides in furtherance of a racketeering enterprise (the Aryan Brotherhood or "AB"), and that Mr. Perkins committed fraud between February 1, 2022, and May 20, 2022, also in furtherance of the enterprise. Mr. Perkins denies these allegations.

Of the eleven defendants charged in the third superseding indictment, three have entered pleas, three have been convicted in a trial, and five (including Mr. Perkins) are awaiting trial.

---

[1] It is unclear why the government, which previously opposed Mr. Gray's motion to sever because it asserted Mr. Gray would not be unduly prejudiced by being tried jointly with six other defendants tried in Count 1 (Doc. 1296), now opposes a joint trial of Mr. Gray and Mr. Perkins where the danger of prejudice is substantially less.

Defendants Bash, Smith, and Bannick have entered pleas and are pending sentencing. (Doc. 1261, 1276, 1680.) Defendants Clement, Johnson, and Stinson were tried earlier this year and convicted on February 14, 2025. (Doc. 1823, 1824, 1825.)

Defendant Gray's trial is scheduled for September 23, 2025. This Court granted Mr. Gray's motion to sever his trial from the other defendants on October 29, 2024. (Doc. 1340.) This Court found that because Mr. Gray was not charged in the RICO conspiracy charge (Count 1), he would "suffer a high risk of prejudice if he were tried with the other six defendants"[2] who were charged in Count 1. (*Id.* at 6.) This Court found that "the volume of evidence that [would] be admissible and necessary at the joint trial and the likelihood that the evidence presented [would] be graphic and emotionally jarring," created a risk of undue prejudice that warranted severing Mr. Gray. (*Id.*)

Defendants Weaver, Pitchford, and Collins' trial is scheduled for April 21, 2026. (Doc. 1331, 1582.) This Court granted Mr. Weaver's motion to sever his trial from the defendants tried in January 2025 based on his counsel's assertion that she had insufficient time to prepare for a January 2025 trial as she was appointed in August 2024. (Doc. 1208.) Subsequently, the Court granted an unopposed motion to sever the trial of Mr. Pitchford and join him in Mr. Weaver's trial. (Doc. 1331.) Mr. Collins' counsel, who was appointed on December 3, 2024, filed an unopposed motion to continue trial, which was granted, and he is scheduled for trial in April 2026 with Mr. Weaver and Mr. Pitchford. (Doc. 1582.)

On December 27, 2024, this Court granted Mr. Perkins' request for severance from the defendants scheduled for trial in January 2025, concluding, in part, that his counsel needed more time to investigate issues raised by discovery produced between September and December 2024. (Doc. 1626.) In its Order, the Court found that good cause existed for the continuance of

---

[2] At the time of the severance order, Mr. Gray was scheduled for trial with Defendants Johnson, Clement, Stinson, Bannick, Collins, and Perkins.

Mr. Perkins' trial and that the interests of justice outweighed the interests of Mr. Perkins and the public in a speedy trial. (*Id.* at 3-4.) Based on that finding, the Court excluded time for speedy trial purposes "through September 23, 2025, which is when the next trial set to begin in this case." (*Id.* at 4.) As discussed above, the Court also directed counsel for Mr. Perkins, Mr. Gray, and the government to file a joint statement indicating whether Mr. Perkins should join Mr. Gray's trial in September 2025 or the trial of Messrs. Pitchford, Weaver, and Collins in April 2026. (*Id.*)

## II.     ARGUMENT

In Mr. Perkins' *Motion to Continue and Sever Trial*, his counsel estimated they would need six months to finish reviewing, processing, and investigating the discovery disclosed in the months before the January 2025 trial. (Doc. 1360.) Counsel stand by that estimate and they anticipate being prepared for trial by the end of July 2025. Scheduling Mr. Perkins' trial in August or September 2025 will honor his speedy trial rights, whether it is a separate trial or he is added to the previously scheduled September 23, 2025, trial date.  It will also reduce the danger of unfair prejudice to Mr. Perkins presented by being joined with the codefendants scheduled for trial in April 2026, as their cases involve allegations of multiple unrelated violent crimes.

The crimes charged against Mr. Gray and Mr. Perkins are comparable—double homicides committed during a single episode—but discrete as they were committed in different places, on different days, and allegedly for different reasons.  By contrast, Messrs. Weaver, Pitchford, and Collins are charged with three separate murders, conspiracy to murder, assault, extortion, kidnapping, robbery, and drug offenses. Trial with these three defendants would unduly prejudice Mr. Perkins given the higher number of unrelated violent crimes alleged against them.  Also, there is an overlap of evidence against Mr. Gray and Mr. Perkins, but little overlap of evidence between Mr. Perkins and the April 2026 defendants.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**A. Scheduling Mr. Perkins' Trial for August/September 2025 is Necessary to Protect His Right to a Speedy Trial.**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy … trial." U.S. Const. amend. VI. The right to a speedy trial for a criminal defendant is one of the most fundamental rights secured by the Sixth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). After all, it is "one of the most basic rights preserved by our Constitution." *United States v. Yandell*, 2023 WL 2620418, at *7 (E.D. Cal. Mar. 23, 2023).

In its Order granting Mr. Perkins' request for a severance, the Court found that "continuance of the trial is at the request of Mr. Perkins, … good cause exists, and the interests of justice outweigh the interests of the defendant and the public in a speedy trial. The Court will exclude time through September 23, 2025, which is when the next trial set to begin in this case." (Doc. 1626 at 3-4.) *See* 18 U.S.C. § 3161(h)(7)(A) (excluding from the computation of "the time within which the trial of [an] offense must commence … a continuance granted by any judge …, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial").

Mr. Perkins' counsel will be ready for trial by the end of July 2025.  With respect to him, the ends of justice will not be served by continuing his trial for an additional seven to eight months, to April 2026. Indeed, it would be contrary to the ends of justice and the interests of judicial economy because the lapse of time would essentially require his counsel to prepare for trial twice.

**B. Trying Mr. Perkins Alone Would Protect His and His Co-Defendants' Rights to Fair Trials and Would Not Unduly Burden Witnesses or the Court.**

Federal Rule of Criminal Procedure 14 provides that if the consolidation of defendants for trial "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A district court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Under the first ground, to obtain a severance a defendant must show that a joint trial would violate one of his substantive trial rights, such as the "unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

Under the second prong, a defendant must show that joinder presents a serious risk of harm to his right to have the jury make a reliable judgment about his guilt or innocence, such as where evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. "For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Zafiro*, 506 U.S. at 539. In other words, spillover prejudice from the admission of evidence suggestive of a defendant's guilt but admissible only against a co-defendant can improperly prejudice a defendant, render a trial fundamentally unfair, and require severance. *Id*.

6

This Court severed Mr. Gray, who is not charged in Count 1 (RICO conspiracy), from a trial with the six other defendants charged in the conspiracy count based on a finding that he would be unduly prejudiced by the large volume of evidence that would be introduced at a joint trial in support of Count 1. (Doc. 1340 at 6.) This Court found that there was a "high likelihood that the jury will confuse the evidence or wrongly assume Mr. Gray is guilty based upon evidence presented as to Count 1." (*Id.*) Mr. Perkins does not challenge that holding and, as he has argued elsewhere, the same considerations support severing his trial from his co-defendants' trials.

While a separate trial for Mr. Perkins will entail some expenditure of judicial resources that would not otherwise be needed if he were joined with other defendants, Mr. Perkins anticipates that his trial would last less than two weeks and thus would not be a significant drain on judicial resources. Although trying him with Mr. Gray might reduce the number of times certain witnesses must testify,[3] a few witnesses at most would be impacted and none of them are civilians. And as discussed in greater detail below, there is little overlap between the allegations against Mr. Perkins and those against Messrs. Pitchford, Weaver, and Collins, other than the broadly alleged conspiracy in Count 1, and thus trying Mr. Perkins separately from those defendants would not require much duplication, if any.

---

[3] For example, Brandon Bannick is expected to testify that he was involved in both the Lomita murders for which Mr. Gray is charged (Counts 2 & 3) and the Pomona murders for which Mr. Perkins is charged (Counts 5 & 6), and thus he will testify against Mr. Gray and Mr. Perkins, whether their trials are joined or not. (Doc. 1098 at 8-9 (predicate acts for Count 1), and 14-17 (counts 2-3, 5-6).) Further, because of the overlap in defendants accused of participating in the Pomona and Lomita homicides, it is anticipated that the government's evidence of racketeering activity will focus on those common co-defendants. *See* Doc. 1340 at 5 (in arguing against severance of Mr. Gray, the government indicated that it "intended to present significant evidence about co-defendants charged in Counts 2 and 3 [Johnson, Clement, and Bannick] to make sense of why Mr. Gray would commit murder at the behest of people who were in prison and who may never leave prison.") (Doc. 1340 at 5.)

7

### C. Joining Mr. Perkins with the April 2026 Trial of Defendants Weaver, Pitchford, and Collins Would Be an Inefficient Use of Judicial Resources and Would Unduly Prejudice Mr. Perkins.

Joining Mr. Perkins with Defendants Weaver, Pitchford, and Collins for trial would be an inefficient use of judicial resources due to the limited overlap of the evidence that will be introduced against those defendants versus Mr. Perkins. Further, because the evidence against those defendants unrelated to Mr. Perkins is voluminous and emotionally charged, Mr. Perkins' joinder with those defendants would unduly prejudice him.

The trial of Defendants Weaver, Pitchford, and Collins will include evidence in support of the following charges in which Mr. Perkins was not involved:

1. Murder of victim 5, charged in Count 1, predicate act 20(a), and Count 7.

2. Murder of victim 10, charged in Count 1, predicate act 20(p), and Count 4.[4]

3. Conspiracy to murder and murder of victim 15, charged in Count 1, predicate act 20(e).

4. Conspiracy to murder victim 3, charged in Count 1, predicate act 20(k) and Count 8.

5. Conspiracy to assault and extort victim 17 and kidnap of victim 17, charged in Count 1, predicate act 20(m).

6. Conspiracy to commit robbery and assault of victim 14, charged in Count 1, predicate act 20(o).

7. Distribution of methamphetamine and heroin in Salinas Valley State Prison, Montana, and California, charged in Count 1, predicate act 20(h).

---

[4] Although Mr. Perkins was not involved in the murder of victim 10, the jurors in his trial may hear about that murder from former co-defendant Field, who has testified that he murdered James Yagle and aided and abetted the murder of Ronald Ennis. (1/29/25 Trial Trans. 1764-1765.) Nonetheless, because defendant Weaver is charged with murdering victim 10, the presentation of evidence regarding the murder at his trial will likely be far more extensive than it would be in Mr. Perkins's trial alone or with Mr. Gray, where it would only be elicited as background regarding Mr. Field.

8

8.  Conspiracy to possess with intent to distribute fentanyl, charged in Count 1, predicate act 20(q).

The evidence in support of these three separate murders, conspiracy to murder, assault, extortion, kidnapping, robbery, and drug charges will likely take several weeks to present at trial.  As the evidence is unrelated to Mr. Perkins, undersigned counsel anticipates having no or very few questions to ask during that portion of the trial.  Thus, it is waste of resources to have Mr. Perkins participate in a lengthy trial, much of which will be completely unrelated to him.

Moreover, the voluminous, graphic and emotionally jarring evidence that will be presented against Messrs. Weaver, Pitchford, and Collins will be unduly prejudicial to Mr. Perkins and thus weighs heavily against trying Mr. Perkins with these defendants.  Although the evidence in Count 1 unrelated to Mr. Perkins is admissible in his trial, the volume and extremely prejudicial nature of it heightens the risk that he will be unduly prejudiced and that the jury will be unable to compartmentalize the evidence solely against him.  In fact, if Mr. Perkins were tried alone or with Mr. Gray, it is likely that the government would not introduce any or most of the evidence of the charges against the April 2026 defendants as it would be unnecessary to prove Count 1 against Mr. Perkins, and likely excludable under Federal Rule of Evidence 403 as unduly prejudicial,  misleading, and a waste of time.

Although participants in a single conspiracy are typically tried jointly, in some circumstances the unfair prejudice to one defendant who is less culpable may be reason to sever the defendant. *See*, *e.g.*, *United States v. Gallo*, 668 F. Supp. 736, 753 (E.D.N.Y. 1987) (granting severance of defendants charged with RICO conspiracy; "Although the assumption has traditionally been strongly in favor of a joint trial on a well-pleaded indictment, particularly in a RICO conspiracy where all the defendants are implicated in the enterprise activities as a whole, 'there are limits to the risks a co-defendant must endure.'") (quoting *United States v. Figueroa*, 618 F.2d 934, 944 (2d Cir.1980)); *United States v. Kelly*, 349 F.2d 720, 759 (2d Cir. 1965) (holding trial court erred in denying severance to defendant charged with conspiracy to

defraud where "the slow but inexorable accumulation of evidence" against the defendant's co-defendants "inevitab[ly]" prejudiced the defendant). Such would be the case if Mr. Perkins were joined to the defendants slated for trial in April 2026. Accordingly, efficiency and fairness militate against joining Mr. Perkins with the defendants in the April 2026 trial.

**III.    CONCLUSION**

Accordingly, Mr. Perkins respectfully requests that he be tried separately from all remaining defendants in August or September 2025 or, if the Court decides he must be added to one of the previously scheduled trials, that his case be scheduled for trial on September 23, 2025, with Mr. Gray.

Respectfully Submitted,

*/s/ Cristina Bordé*
CRISTINA BORDÉ

*/s/ Theresa M. Duncan*
THERESA M. DUNCAN

Attorneys for Defendant Evan Perkins

10