JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN GRAY, ET AL.<br><br>    Defendants.<br>_____ | **Case No. 1:20-cr-00238-JLT-SKO**<br><br>**JUSTIN GRAY'S MEMORANDUM RE TRIAL SETTING (Doc. ## 1842 & 1843)** |

Justin Gray, through counsel, submits this Memorandum in response to Defendant Evan Perkins' Memorandum in Support of Request for Separate Trial or for September 2025 Trial Setting. Doc. # 1843.

The Court's partially-redacted and partially-sealed order of December 27, 2024 (Doc. # 1626), which granted Mr. Perkins' request to sever and continue his trial, separating his case from the trial that went forward in January, requested a joint statement indicating the positions of Mr. Perkins, Mr. Gray, and the government regarding "whether Mr. Perkins' case should go to trial with Mr. Gray [set for September 23, 2024], or should go to trial with Mr. Weaver & Mr. Pitchford [set for April 21, 2026]." The Joint Statement was filed on March 7, 2025. Doc. # 1842. The positions of the parties are (1)

1  Mr. Gray opposes the joinder of his trial with Mr. Perkins; (2) The government maintains
2  that Mr. Perkins should join the defendants going to trial in April 2026, rather than Mr.
3  Gray's trial in September 2025: and (3) Mr. Perkins submits that "he be tried separately
4  from all remaining defendants or, if the Court decides he must be added to one of the
5  previously scheduled trials, that his case be scheduled for trial on September 23, 2025,
6  with Mr. Gray" and filed a Memorandum explaining this position. Doc. # 1843.[1]

7       Mr. Gray's motion for severance was granted by the Court in October, 2024. Doc.
8  # 1340. In the motion, Mr. Gray emphasized that he was the only defendant who was not
9  charged in the RICO conspiracy count (Count 1). See Doc. ## 1283, 1304. Mr. Gray is
10 charged only with the Lomita homicides (Counts 2 and 3) that occurred on a single day in
11 2020. Nor was Mr. Gray alleged to be a member or even an associate of the Aryan
12 Brotherhood. Doc. # 1098, at 2, para. 3. To include him in a trial that presented evidence
13 of a RICO conspiracy lasting eight years and involving the introduction of four additional
14 murders, along with attempted murders, stabbings, robberies, drug distribution, and a host
15 of other criminal acts having no connection to him would have been acutely, and unfairly,
16 prejudicial. See *United States v. Gallo*, 668 F.Supp. 736, 750 (E.D.N.Y. 1987).

17      In its Order granting the severance motion, the Court agreed, noting that "[u]nlike
18 the defendants who *are* charged under Count 1– as to whom much more extensive
19 evidence related to the AB may be introduced without getting into the realm of undue or
20 manifest prejudice–Mr. Gray's role in this case as alleged, though extraordinarily serious,
21 is relatively limited." Doc. # 1340 at 6. The Court concluded:

> Due to the volume of evidence that will be admissible and necessary at
> the joint trial and the likelihood that the evidence presented will be
> graphic and emotionally jarring, the Court concludes that Mr. Gray
> would suffer a high risk of prejudice if he were tried with the other six

---

[1] Of the eleven defendants named in the Third Superseding Indictment (Doc. # 1098), three (Stinson, Johnson, and Clement) have been convicted and three (Bash, Smith, and Bannick) have pled guilty. Two trials are currently set: Gray in September, 2025, and Weaver, Pitchford and Collins in April, 2026. Mr. Perkins' trial date has not been set.

> defendants. Though Mr. Gray's alleged conduct, if proved, demonstrates the highest level of culpability as to Counts 2 and 3, nothing in the indictment suggests culpability in the operation of the enterprise otherwise.

*Id.*

To now join one of the defendants charged with the RICO conspiracy count with Mr. Gray would effectively be a reversal of this Court's previous ruling. The very prejudice discussed in the Court's order would be injected into Mr. Gray's trial.

Unlike Mr. Gray, Mr. Perkins is charged in Count 1 as a RICO conspirator. Thus, extensive evidence about the Aryan Brotherhood, its workings and its criminal activities, will be introduced in his trial. Mr. Perkins is charged with the 2022 Pomona murders (Counts 5 and 6), crimes that occurred seventeen months after the Lomita shootings in a different city under completely different circumstances and do not involve Mr. Gray. Mr. Perkins is alleged to be "a member or an associate of the AB " (Doc. # 1098, at 2, para. 3) whereas Mr. Gray is not.

The Memorandum filed by Mr. Perkins states that there is "an overlap of evidence against Mr. Gray and Mr. Perkins." Doc. # 1843, at 4. It is difficult to identify such an "overlap"; if one exists it is minimal. Mr. Perkins is charged in Count 1, Count 5 and Count 6; Mr. Gray is charged in Count 2 and Count 3. There is no "overlap" in the charges whatsoever.

Mr. Gray remains in a unique posture in this case: of the defendants indicted in the Third Superseding Indictment, he is the only individual not charged with the RICO conspiracy. This fact, coupled with the extensive predicate acts and the factual circumstances underlying the case, provided the basis for the need to separate him from the other defendants. Mr. Gray objects to any joinder of his case with any of the remaining codefendants. Such a joinder would be unduly prejudicial and violate his constitutional right to a fair trial.

| | | |
|---|---|---|
| 1 | DATED: March 10, 2025 | Respectfully submitted, |
| 2 | | */s/ James S. Thomson* |
| 3 | | */s/ Timothy J. Foley* |
| 4 | | JAMES S. THOMSON |
| | | TIMOTHY J. FOLEY |
| 5 | | Attorneys for JUSTIN GRAY |