MICHELE BECKWITH
Acting United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           v.<br><br>JOHN STINSON,<br><br>                    Defendant. | CASE NO. 1:20-CR-00238-JLT-SKO<br><br>UNITED STATES' OPPOSITION TO MOTION TO TERMINATE WRIT AND RETURN DEFENDANT TO CDCR [Docket No. 1847]<br><br>DATE: March 31, 2025<br>TIME: 10:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

### I.    INTRODUCTION

The United States, by and through Assistant United States Attorney Stephanie M. Stokman, submits its opposition to the motion to terminate defendant's writ and return defendant to CDCR ("the Motion"), filed by defendant John Stinson ("defendant"). ECF 1847.

Similar to the motion filed by defendants Johnson and Clement, ECF 1831, here, defendant does not argue that his writ was improper to secure their appearance and maintain his presence in federal custody for this prosecution. Defendant, also similarly, wants to return to state custody, where he committed the crimes that led to this case. The law is clear, however: where an individual is subject to both federal and state prison sentences, it is left to the discretion of executives within the separate federal and state sovereigns to decide which sentence will be served first. The prisoner has no legal right to be heard on the issue.

## II.  ARGUMENT

### A. The Court Lacks Jurisdiction in this Criminal Case over any of Defendant's Conditions of Confinement.

Federal courts in a criminal case generally lack jurisdiction over a defendant's conditions of pretrial confinement. "As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case." *United States v. Luong*, No. 99-cr-433, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) (Shubb, J.). This general rule against challenging conditions of confinement in a federal criminal case serves at least two important policy interests. First, it ensures that defendants exhaust administrative remedies, as required by the Prison Litigation Reform Act, before bringing their claims to court. *Id.* at *2. Second, it ensures that the proper parties are brought before the court – *i.e.*, the custodians responsible for the custody and care of the defendants and safety of the jail. *Id.*

In fact, this Court properly denied co-defendants' previous request to return to CDCR. ECF 1144, 1028.

### B. Defendant has no legal right to challenge the writ and provides no basis to terminate it.

Defendant does not argue any impropriety in the issuance of the *ad prosequendum* writ to transfer him to and keep him in federal custody for the duration of this prosecution. As the government has pointed out previously, the courts have no role in the decision of which sovereign, federal or state, takes custody of a prisoner subject to prison sentences with both.

"Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns." *United States v. Warren*, 610 F.2d 680, 684 (9th Cir. 1980). Although priority of jurisdiction typically rests with the sovereign who first arrests an individual, "the sovereign with priority of jurisdiction … may elect under the doctrine of comity to relinquish it to another sovereign." *Id.* at 684–85. "This discretionary election is an executive, and not a judicial, function." *Id.* at 685 (citing *Ponzi v. Fessenden*, 258 U.S. 254, 261–62 (1922)).

Accordingly, it is settled law that a prisoner has no right to complain, and courts have no right to interfere, with executive decisions regarding which sovereign exercises priority of jurisdiction. "It is well recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Government may not complain of the order in which he is tried or punished for such offenses." *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950); *see also Ponzi*, 258 U.S. at 260 ("He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. … Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it."); *Stamphill v. Johnston*, 136 F.2d 291, 292 (9th Cir. 1943) ("the arrangement made between the two sovereigns, the state and federal governments, does not concern the defendant who has violated the laws of each sovereignty and he cannot in his own right demand priority for the judgment of either").

Applying these principles, the Ninth Circuit has held that an Arizona death row inmate, Michael Poland, could not challenge the federal government's transfer of him from federal prison to the custody of the State of Arizona so that Arizona could execute its death sentence. *See Poland v. Stewart*, 117 F.3d 1094, 1097–98 (9th Cir. 1997). Poland argued that Arizona could not execute him until his federal sentence had "expired." *Id.* at 1097. Relying on *Ponzi*, *Warren*, *Gunton*, and *Stamphill*, the Ninth Circuit held that the federal government's decision to relinquish Poland to Arizona authorities was an unreviewable executive decision and that "neither Poland nor this court is in a position" to question it. *Id.* at 1098.

Defendant accurately acknowledges that this Court granted the similar motion made by co-defendants Johnson and Clement, as referenced above. However, in light of the Department of Justice's recent edict that the defendants convicted in *United States v. Yandell* will serve their sentences in the Federal Bureau of Prisons, the Court should reverse its decision to return Johnson and Clement to state custody, and at the very least deny this most recent request made by defendant Stinson.

Since the Court issued its ruling on Johnson's and Clement's motion to withdraw the writ of habeas corpus *ad prosequendam*, the Deputy Attorney General ordered that AB member defendants Ronald Yandell, Billy Sylvester, Danny Troxell, and three others, will serve their sentences at BOP institutions. The Department of Justice's order will almost certainly extend to Johnson, Clement, and

Stinson once they are sentenced, which negates the defendants' argument to this Court that they are likely to serve their sentences in CDCR facilities. If the defendant is moved back to state custody now, it will create an additional cost on both the state and federal government to move the defendant from one prison system to another two more times unnecessarily, as now will be true with regard to Johnson and Clement (which also answers Johnson's counsel's disingenuous statements of concern for costs to the taxpayer of keeping them in federal custody now).

Moreover, even if this Court had the authority to return Johnson and Clement, and now Stinson, to state custody at this stage—and the government has not identified any such authority—it should not have done so, and should deny Stinson's request, for two additional reasons. First, the defendants have been convicted of ordering murders from within CDCR facilities, so returning them to that system would serve to allow yet more murders. The Court has identified no reason to believe that defendants will not try to order yet more violence and all past evidence shows it is highly likely. Second, whether or not the defendants want to be present at sentencing for their crimes, this prosecution is not finished until after sentencing. The writs in question placed the defendants in the United States' custody, to be "retained in federal custody until final disposition of federal charges," which has not yet occurred. There is therefore no basis for the defendants to be released to state custody at this time.

More concretely, because the Department of Justice will in all likelihood order all three defendants who have already been convicted in this case to BOP to serve their sentences, there will be no basis for this Court to release them to state custody at any time in the future.

//

//

//

//

UNITED STATES' OPPOSITION TO MOTION TO
TERMINATE WRIT [DOCKET NO. 1847]

4

### III. CONCLUSION

The defendant has now been convicted of a federal crime carrying a maximum life sentence. The decision on where the defendant ultimately serves that time is an executive function, to be determined after this Court pronounces judgment, as only once defendant is sentenced federally can a transfer of primary jurisdiction begin. Thus, defendant's Motion should be denied.

Dated: March 27, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ *Stephanie M. Stokman*
STEPHANIE M. STOKMAN
Assistant United States Attorney