**Kenneth A. Reed**
**Law Offices of Kenneth A Reed**
**406 West Fourth Street**
**Santa Ana, CA 92701**
**(714) 953-7400**
**Fax: (714) 953-7412**
**Kenneth@kennethreedlaw.net**

Attorney for: John Stinson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> JOHN STINSON, <br> Defendant. | Case No.: 20-cr-00238-JLT-20 <br><br> **DEFENDANT STINSON'S POSITION WITH REGARD TO SENTENCING** |

I.
**INTRODUCTION**

Defendant, John Stinson, by and through, Kenneth A. Reed, his attorney of record, hereby files his final sentencing position in this matter.

Counsel has reviewed the probation and sentencing report and he has sent a copy of the report to Mr. Stinson at the Calfornia State prison where he is currently being housed. The defense has no outcome determinative objection to the guideline calculation, or the criminal history calculation in the PSR.

**The Offense**

On February 14, 2025, Mr. Stinson was found guilty by a jury verdict to one count of the 13-count Third Superseding Indictment. Count 1 charged a Conspiracy to Participate in Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d).

The jury verdict found:

"As to COUNT ONE-Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962( d), we, the jury in this matter, unanimously find defendant JOHN STINSON. Also as to Count One-the jury found it to be true On or about October 1, 2022, continuing to on or about May 1, 2023, unlawfully, willfully, and intentionally conspired with others to kill Andrew Collins with malice aforethought."

**Guideline Calculation**

Base Offense Level . . . . . . . . . . . . . . . . . . . . .33

The guideline for a violation of 18 U.S.C. § 1962(d) is USSG §2E1.1. Pursuant to §2E1.1(a)(2), the guideline referenced when determining the offense level is that of the underlying racketeering activity. Mr. Stinson was found to have conspired with AB members to murder AB Member Andrew Collins. The object of the offense would have constituted first-degree murder; however, Mr. Collins was not killed. Therefore, the guideline

for Attempted First Degree Murder pursuant to USSG §2A2.1 is used, and the base offense level is 33. (USSG §§2E1.1(a)(2) and 2A1.5(a)).

**Adjusted Offense calculation**

None of the specific offense characteristics associated with this count are present in this case as to Mr. Stinson, therefore the offense level remains at **Level 33**.

Defendant has no objection and would join the PSR in the conclusion that Overt Acts D and E are outside of the relevant conduct as to Mr. Stinson. Acts of others that were not within the scope of the the defendant's agreement, even if those acts were known or reasonably foreseeable, are not relevant conduct under subsection (a)(1)(B). See United States v. Hunter, 323 F.3d 1314, 1319-20 (11th Cir. 2003) (reasonable foreseeability is irrelevant to relevant conduct if the acts in question are not also within the scope of the criminal activity). Nor can criminal activity of which a defendant had no notice be within the scope of his or her agreement, even if that activity was part of the same overall conspiracy and substantially similar to the defendant's own activity. See, e.g., United States v. Presendieu, 880 F.3d 1228, 1246 (11th Cir. 2018) (a defendant's "mere awareness" of being part of a larger scheme did not mean that losses independently caused by an actor of whom she was unaware were within the scope of her agreement).

**Criminal History**

There is no argument with the fact that John Stinson has been in and out of prison for most of his life. Nor would the defense take issue with the conclusion that most of Mr. Stinson's adult life has been in prison.

Mr. Stinson also does not take issue with a total criminal history calculation score of 9. The defense also agrees that that a criminal history calculation of level IV and offense level 33 results in a guideline range of 188 to range35 months.

**18 USC 3553 Factors**

It is clear that a sentencing court must give respectful consideration to the U.S. Sentencing Guidelines, Booker permits the court to tailor the sentence in light of other statutory concerns as well.

In light of the forgoing the post Booker sentencing scheme has been to have the Guidelines as the starting point and the initial benchmark, district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in 18 U.S.C.S. § 3553(a)[1] , subject to appellate review for "reasonableness."

---

[1] Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider:
1. The nature and circumstances of the offense and the history and

US v. Stinson
**Defendant's Sentencing Position.**
Case No: 20-cr-0238-JLT-20

The court can review the relevant § 3553(a) and factors for Mr. Stinson and find that a life sentence was "not necessary" to promote respect for law, to deter others, or to protect the public; in fact it would be "simply excessive".

Mr. Stinson has a led a rule abiding life since he returned to the California State Prison system after the first Aryan Brotherhood RICO case conviction back in 2002.

This assertion is based on the fact that since Mr. Stinson returned to the CDCR he programed his way down to Solano State Prison, a level two yard, as has been so designated since 2018. In the CDCR, a level II prison is considered a medium security facility.  It's designed to house inmates who pose a moderate security risk, typically having a history of violence or escape attempts, but not deemed high risk.  These prisons often have more restrictions than level I facilities[2], with limited privileges like visitation and recreation time, and closer

---

characteristics ofthe defendant;
2. The need for the sentence imposed--
a. To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;
b. To afford adequate deterrence to criminal conduct;
c. To protect the public from further crimes of the defendant; and
d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
3. The kinds of sentences available;

[2] Mr. Stinsons has the points for a level one yard, but his previous State prison sentence of Life Without Possibility of Parol administratively prevents him from progressing to a Level 1 prison.

US v. Stinson
**Defendant's Sentencing Position.**
Case No: 20-cr-0238-JLT-20

monitoring by correctional officers.  Mr. Stinson's criminal history means that he cannot be designated to a level one yard, but he can earn the classification down to a level two yard, which he has done.

The defense would ask the Court to consider a sentence for Mr. Stinson at the low end of the (Offense level 33, Criminal History IV) guidelines or below.  Counsel is not ignoring the that fact that the allegation in the third Superceding Indictment covers the period of time that partially occurred during the time that Mr. Stinson was a Solano state prison inmate, but the defense would still ask the Court to consider the foregoing request.  A low end of the guideline or below, sentence would still reflect that this is a serious matter, would still promote respect for the law and provide just punishment, and it still would afford adequate deterrence to others. Accordingly, we are asking the Court to  "exercise its discretion to depart from the Guidelines or to deviate from the Guidelines based upon its consideration of the factors set forth in 18 U.S.Code Section 3553(a)" by imposing a term below 188 months imprisonment.

                                        Respectfully Submitted,

Dated: April 30, 2025        *Kenneth Reed*
                                     Kenneth Reed
                                     Counsel for John Stinson