Ryan J. Villa, PHV
5501 Eagle Rock Ave NE, Ste C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

Andrea Lee Luem, PHV
400 South Fourth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

Attorneys for:
KENNETH JOHNSON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> **Plaintiff,** <br><br><br> **KENNETH JOHNSON,** <br><br> **Defendant.** | Criminal case No. 20-CR-238-JLT-SKO <br><br> **DEFENDANT JOHNSON AND CLEMENT'S JOINT MOTION TO COMPEL PRODUCTION** <br><br> Date: June 11, 2025 <br> Time: 1:00 p.m. <br> Place: Judge Oberto's Courtroom 7 |

Defendants Kenneth Johnson and Frank Clement, by counsel, respectfully move the Court pursuant to Fed. R. Crim. P. 16 and 33, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153 (1972), and *United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009), to Compel Production of all information concerning the alleged threat to Messrs. Johnson and Clement relayed by case agent Anthony Gonzalez of the ATF to employees, agents or officials of the California Department of Corrections (CDCR) or Kern Valley State Prison

(KVSP) on March 10, 2025. This information could constitute evidence that would support a motion for new trial.

## BACKGROUND

Messrs. Johnson and Clement were convicted at trial on February 14, 2025. The evidence presented at trial was that Johnson and Clement were Aryan Brotherhood members who alleged ordered others to kill the victims. On April 30, 2025, it came to the attention of counsel for Mr. Clement and Johnson that an alleged threat or threats have been made to the lives of Mr. Clement and Johnson. Specifically, ATF Agent Gonzalez informed CDCR on March 10, 2025 that Mr. Clement and Johnson were "targeted for assault and/or murder." (See Exhibit One and Two filed under seal pursuant to Doc. 1878). In order to determine if this information was new evidence that could be the subject of a Motion for New Trial, on May 1, 2025, Counsel requested from the government: all information it has regarding (1) the source of the threat, (2) when it was made, (3) to whom it was made, (3) when Agent Gonzalez was made aware of it, (4) what investigation Agent Gonzalez or any law enforcement has done in regards to this alleged threat, and (5) what the findings of any such investigation were. Counsel requested any documents, reports, recordings or other evidence related to this alleged threat against Mr. Johnson and Mr. Clement. The government declined to provide this information. Because the government has not turned over this information, this Court should compel it to do so.

If the information came into the government's knowledge before February 14, 2025, it should have disclosed it. This information could have been used at trial to argue, for instance, that if Messrs. Johnson and Clement were targeted for murder, they would not be in good standing in the AB and could not have ordered the killings they were accused of ordering. This information, depending on the specifics of it, could also have been used to impeach the cooperating witnesses

who testified for the government. However, the government will not provide any information for counsel to be able to determine the nature of the threat.

## LAW AND ARGUMENT

A motion for a new trial based on newly discovered evidence "must be filed within 3 years after the verdict or finding guilty." Fed. R. Crim. P 33(b)(1). In the Ninth Circuit, "the *Harrington* test requires a party seeking a new trial to prove each of the following: (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial. *United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009). The information sought herein should be considered new evidence that may be relevant to establishing that Messrs. Johnson and Clement are entitled to a new trial.

Furthermore, the Fifth Amendment's Due Process Clause provides the defendant has a right to a fair trial, and essential to a fair trial is the right to present a defense. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 875 (1982). The Sixth Amendment Compulsory Process Clause "establishes, at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury, evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S. Ct. 989 (1987). The United States Constitution also "guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142 (1986). The Due Process Clause of the Constitution requires the United States to disclose information favorable to the accused that is material to either guilt or to punishment. This includes information about the alleged threats at issue here.

Rule 16 of the Federal Rules of Criminal Procedure imposes a duty on the United States to produce the requested documents and records, as they are material to Messrs. Johnson and Clement's defense. Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides:

(E) Documents and Objects.

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

    (i)    the item is material to preparing the defense;
    (ii)   the government intends to use the item it its case-in-chief at trial; or
    (iii)  the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

As previously noted, evidence is "material" under rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (internal quotation marks omitted) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)) (internal quotation marks omitted). Rule 16 "grants criminal defendants a broad right to discovery," requiring disclosure of all documents "material to preparing the defense." *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) (emphasis added) (citing Fed. R. Crim. P. 16(a)(1)(E)(i)).[1] Rule 16 is "broader than *Brady*," and mandates disclosure of any material information—whether exculpatory or inculpatory—that may "be relevant to developing a possible defense." *Id.* (emphasis added). Courts find evidence material "[e]ven if the documents" merely "cause[] [defendant] to completely abandon" a defense and "take an entirely different path."

---

[1] *See also United States v. Johnson*, 2015 WL 2125132 at *1 (N.D. Cal. May 6, 2015) ("The Advisory Committee's Notes explain that this rule was adopted 'in the view that broad discovery contributes to the fair and efficient administration of criminal justice.'" Fed. R. Crim. P. 16, Adv. Comm. Notes (1974 Amend.)).

*United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013) (noting the question "is not whether the information would ultimately prove" a defense, but only "whether the information would have helped" in determining whether to assert a defense or not); *see also Muniz-Jaquez,* 718 F.3d at 1183 (information is material even if it "renders his planned defense useless").

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." In *Giglio v. United States*, 405 U.S. 150, 153 (1972), the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. Finally, the Supreme Court refined *Brady* and clarified that it is not necessary that a defendant request exculpatory evidence; "regardless of request, favorable evidence is material, and constitutional error results from its suppression by the government "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Kyles v. Whitley*, 514 U.S. 419, 433 (1995).

Evidence favorable to the accused includes exculpatory evidence, other information that provides important investigative leads, and impeachment evidence. *See Banks v. Reynolds*, 54 F.3d 1508, 1517, n. 18 (10th Cir. 1995); *Smith v. Secretary of New Mexico Dept. of Corrections*, 50 F.3d 801, 829 (10th Cir. 1995) (information providing investigative leads); *United States v. Bagley*, 473 U.S. 667, 676 (1985) (impeachment evidence). Failure to disclose impeachment evidence violates Brady when a witness's credibility is material to the question of guilt. *United States v. Buchanan*, 891 F.2d 1436, 1443 (10th Cir. 1989). Ultimately, the policy animating *Brady* is the desire to ensure a fair trial and a verdict worthy of confidence. *Kyles*, 514 U.S. at 434. The

Ninth Circuit has held "where the prosecution fails to disclose evidence such as the existence of a leniency deal or promise that would be valuable in impeaching a witness whose testimony is central to the prosecution's case, it violates the due process rights of the accused and undermines confidence in the outcome of the trial." *Horton v. Mayle*, 408 F.3d 570, 581 (9th Cir. 2005) (citing *Napue v. People of State of Ill.*, 360 U.S. 264, 270 (1959); *Giglio*, 405 U.S. at 154; *Kyles*, 514 U.S. at 444). In the instant case, by not disclosing the requested information concerning threats, which may reveal new evidence in support of a motion for new trial, the government simply has not met its obligation for full disclosure.

## CONCLUSION

For the reasons discussed above, Messrs. Johnson and Clement respectfully requests the Court compel the government to immediately produce the requested information.

Respectfully submitted,

*/s/ Ryan J. Villa*
Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Andrea Lee Luem*
Andrea Lee Luem, PHV
400 South Fourth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025, I served a true and correct copy of the foregoing via ECF to:

All counsel of record

*/s/ Ryan J. Villa*
Ryan J. Villa