MICHELE BECKWITH
Acting United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| JOHN STINSON, | |
| Defendant. | |

## I.     INTRODUCTION

Defendant John Stinson is scheduled for sentencing on May 19, 2025, following a conviction after jury trial of Conspiracy to Participate in a Racketeering Enterprise. In the Presentence Investigation Report (PSR), the U.S. Probation Office recommends a 240-month term of imprisonment, a $100 special assessment, and no fine.

The government filed formal objections and disagrees with the PSR's total offense level calculation of 35. Defendant should have a four-level increase in offense level due to his leadership role within the Aryan Brotherhood.

If the Court agrees with this assessment, the total offense level would be 37, with a criminal history category of IV, and a guidelines range of 292-365. Statutorily, the maximum sentence the Court can impose is not 20 years, as referenced in the PSR, but is life. Therefore, Probation's recommendation is also inaccurate even if the Court found the total offense level to be 35. Given this, the government

recommends a term of imprisonment of 365 months.

## II. STATEMENT OF FACTS

### A. Defendant's Conduct

As stated in the government's filed formal objections, the PSR, and evidence presented at trial, Stinson was convicted of RICO Conspiracy. To be convicted of Count One no overt act/predicate offense is required to have been committed by the defendant. Yet, proof at trial indicated that not only did defendant commit multiple predicate acts under the RICO statute, but he was a leader within the enterprise.

The government proved at trial that defendant was a member of the Aryan Brotherhood, the racketeering enterprise comprising Count One. Testimony at trial laid out Stinson's role within the enterprise: that he is a high-ranking made member who also sat on the three-man council, the highest role within the AB, and a position that gave Stinson more authority than other AB members. As a member of the council, Stinson had authority over other AB members and associates, as well as the power to order the murder of an AB member.

The jury heard and convicted on evidence that one of the AB members Stinson gave orders to kill was Andrew Collins. They also heard that Stinson was engaged in drug trafficking and EDD fraud. Cooperators testified that Stinson was personally involved in drug trafficking ventures to other states, and received profits from other AB associates from the drug sales they were engaged in both in the prison system and on the street. Testimony also proved that Stinson was receiving money from the EDD fraud that Andrew Collins was committing, as well as from EDD fraud that AB associates were committing, and that Stinson ordered a cooperator to obtain funds through EDD fraud in Stinson's own name. Further evidence at trial proved that Stinson ordered the murder of other individuals, including other AB members. Stinson was aware of the racketeering activity of the AB, was facilitating some of that activity himself, and was furthering the AB enterprise through his actions.

As it pertains to a four-level enhancement for an aggravating role, Stinson's role in the offense was that of a leader. When looking at that role, the Court does not just look at the special sentencing factor that was listed on his verdict form, as Probation suggests. The PSR's label of "overt act" for that special sentencing factor is misplaced. The verdict form listed the conspiracy to murder Andrew Collins

because it was a special sentencing factor, not because overt acts were required for the jury to find on the verdict forms, as this Court ruled during the discussion of the verdict forms. Pursuant to U.S.S.G. § 3B1.1, an adjustment should be made for defendant's aggravating role as an organizer and leader for the offense for which he was convicted. That offense is Count One- Conspiracy to Engage in Racketeering Activity. Stinson's role as a leader of the enterprise, which testimony at trial included more than five members, warrants a four-level increase under § 3B1.1 (a).

Stinson sponsored for membership multiple individuals, including Andrew Collins, D.R., and T.C. Thus, Stinson received portions of the profits of their illegal activity, often jointly planned illegal ventures, and exercised control and authority over the sponsored individuals. This status furthered his role as leader and organizer. Additionally, R.E. testified that Stinson was part of the three-man council that directed the way that R.E.'s issues with another associate were to be handled. This information alone, includes five individuals, but as this Court heard during trial, the AB was made up of more than five members, and far more than five associates, including witness B.R. who ran EDD fraud for Stinson as his direction.

### III.   ANALYSIS OF THE SECTION 3553(A) FACTORS

In sentencing a defendant, 18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant. 18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from Defendant's further crimes.

Defendant is an Aryan Brotherhood (AB) member, who has been serving a lengthy prison sentence in the California state prison system. During the course of the investigation, leading to and during the offense for which the defendant was convicted, defendant was using a contraband phone within his prison cell to conduct business on behalf of the Aryan Brotherhood. Some of that business was heard during trial from Stinson's own mouth over wiretapped conversations between himself and other AB members. Through the coordination of AB associates under the "sponsorship" of the defendant, criminal activity was conducted on the streets, and within the prison walls, for the benefit of the defendant and other AB members. The criminal ventures that testifying AB associates coordinated

ultimately ran up the chain to the defendant, and the defendant held a leadership role when it came to that conduct.

The Government agrees with the assessment and analysis of the above-mentioned factors as listed in the PSR. The government believes the weight of these factors has been reflected in the recommendation by the government within the sentencing guidelines, with an enhancement for defendant's role as a leader. Given these facts, the government recommends a sentence of 365 months' imprisonment.

Dated: May 13, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney