MICHELE BECKWITH
Acting United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| KENNETH JOHNSON, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Kenneth Johnson is scheduled for sentencing on May 19, 2025, following a conviction after jury trial of Conspiracy to Participate in a Racketeering Enterprise, and two counts of Murder in Aid of Racketeering. In the Presentence Investigation Report (PSR), the U.S. Probation Office recommends a lifetime term of imprisonment, a $300 special assessment, and no fine.

The government also recommends a sentence of life, but recommends two consecutive life sentences: one for the RICO Conspiracy, and one for the murders of Allan Roshanksi and Ruslan Magomedghadziev (as one incident- the Lomita murders).

## II. STATEMENT OF FACTS

**A. Defendant's Conduct**

As stated in the PSR and evidence presented at trial, Johnson was convicted of RICO Conspiracy and two Counts of Murder in Aid of Racketeering, related to the two victims killed in the Lomita

murders- Allan Roshanski and Ruslan Magomedghadziev. To be convicted of Count One no overt act/predicate offense is required to have been committed by the defendant. Yet, proof at trial indicated that not only did defendant commit multiple predicate acts under the RICO statute, but he was a leader within the enterprise.

The government proved at trial that defendant was a member of the Aryan Brotherhood, the racketeering enterprise comprising Count One. Testimony at trial laid out Johnson's role within the enterprise: that he is a long-standing made member who sponsored numerous AB associates for membership.

The jury heard and convicted on evidence that defendant was engaged in or aware of racketeering activities committed by AB members and associates including murder, drug trafficking, and fraud, among other offenses. The jury also heard evidence that Johnson ordered the murder of Allan Roshanski on October 4, 2020, and that Ruslan Magomedghadziev was also killed during that murder. Cooperators testified that Johnson was involved in drug trafficking, and received profits from other AB associates from the drug sales they were engaged in both in the prison system and on the street. Testimony also proved that Johnson was receiving money from the EDD fraud that Evan Perkins was committing, as well as from EDD fraud that AB associates were committing. Further evidence at trial proved that Johnson ordered the murder of other individuals, including Brandon Lowery. Johnson was aware of the racketeering activity of the AB, was facilitating some of that activity himself, and was furthering the AB enterprise through his actions.

### III.    ANALYSIS OF THE SECTION 3553(A) FACTORS

In sentencing a defendant, 18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant.  18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from Defendant's further crimes.

Defendant is an Aryan Brotherhood (AB) member, who has been serving a lengthy prison sentence in the California state prison system.  During the course of the investigation, leading to and during the offense for which the defendant was convicted, defendant was using a contraband phone

within his prison cell to conduct business on behalf of the Aryan Brotherhood. Through the coordination of AB associates under the "sponsorship" of the defendant, criminal activity was conducted on the streets, and within the prison walls, for the benefit of the defendant and other AB members. The criminal ventures that testifying AB associates coordinated ultimately ran up the chain to the defendant, and the defendant held a leadership role when it came to that conduct.

The Government agrees with the assessment and analysis of the above-mentioned factors as listed in the PSR. The government believes the weight of these factors has been reflected in the recommendation of the mandatory life sentence on Counts Two and Three, and the maximum sentence of life on Count One. Furthermore, the testimony at trial along with defendant's behavior throughout the entirety of the proceedings, including his behavior both in court and within the Fresno County Jail, the role defendant had within the AB, and the murders and violence defendant was responsible for ordering warrants an upward departure. Defendant, as testified to by AB associates, showed a complete disregard for human life, as indicated in part by his statement that all whites were to be used as tools for the benefit of AB members.

The upward departure warranted here would be consecutive life sentences. The government believes a sentence of life on Count One with a consecutive sentence of life on Count Two, and for Count Three's life term of imprisonment to run concurrent to those, is appropriate, reflects the seriousness of the offense, provides just punishment for the offense, and protects the public from Defendant's further crimes.

Dated: May 13, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney