MICHELE BECKWITH
Acting United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| KENNETH BASH, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Kenneth Bash is scheduled for sentencing on June 2, 2025, following his guilty plea to Conspiracy to Participate in a Racketeering Enterprise (Count 1) and Conspiracy to Possess and Possession with Intent to Distribute Methamphetamine and Heroin (Count 9). In the Presentence Investigation Report (PSR), the U.S. Probation Office recommends a 240-month term of imprisonment on Count 1 with a concurrent lifetime term of imprisonment on Count 9, 5 years supervised release, a $100 special assessment, and no fine.

The government agrees with the PSR's total offense level calculation of 43 and criminal history category of III. Pursuant to the plea agreement between the parties, the government recommends a term of 324 months incarceration.

## II. STATEMENT OF FACTS

### A. Defendant's Conduct

As discussed in the PSR and plea agreement, defendant's conduct is as follows.

Between September 1, 2020 and November 19, 2020, Kenneth Bash arranged for the transportation and distribution of drugs and collected drug money, as well as money from theft including fraud, for Aryan Brotherhood (AB) members, including AB members who were incarcerated.

The AB is a criminal enterprise regularly engaging in a pattern of racketeering activity including murder, assault, conspiracy to commit murder, burglary, extortion, and drug trafficking. Bash agreed to participate in the conduct of the affairs of the AB by conspiring to acquire and distribute methamphetamine and heroin on behalf of the AB and delivering the proceeds from this drug trafficking to the AB and its members, conspiring to commit and committing violent acts on behalf of the AB and to gain status with the AB, and conspiring to commit and committing theft related offenses on behalf of the AB.

Beginning no later than on or about October 1, 2020 and continuing to October 4, 2020, Bash knowingly agreed with others to provide a firearm to a co-conspirator at the direction of other AB members in order for the firearm to be used against an individual who disrespected the AB by harming a member of an AB member's family.

Beginning no later than on or about May 2020 and continuing to June 2020, Bash agreed with others to arrange and commit a robbery of a residence in Alabama in order to obtain money, firearms, and/or others items of value.

Beginning no later than on or about September 1, 2020 and September 20, 2020, Bash agreed with others to arrange and commit an arson of a vehicle of an individual who owed debts to Bash.

Beginning no later than on or about January 2020, and continuing to January 6, 2020, Bash agreed with others to arrange and commit the stabbing of an individual as punishment for breaking the rules of the enterprise.

Beginning no later than on or about September 1, 2020 and continuing to November 19, 2020, Bash agreed with others to arrange and distribute methamphetamine and heroin to individuals in various parts of California and elsewhere. Bash arranged the trafficking of methamphetamine and heroin

through the Eastern District of California. Between September 2020 and November 2020, Bash communicated with AB member co-conspirators and committed drug trafficking crimes to benefit and enrich the co-conspirators and other AB members.

The drugs stored, transported, and distributed at the direction of Bash were purchased with resources provided by AB members and their associates, including Bash. Because Bash was incarcerated, he depended upon others to distribute, transport, and store the AB's drugs outside of prison. Bash was also critical to the AB's drug operations because he arranged the purchase of large quantities of drugs, the transportation and storage of those drugs in various locations throughout California and elsewhere, and set up the distribution of those drugs along with directing others to distribute. Bash understood he was an important cog in the larger AB criminal enterprise.

Bash agreed with co-conspirators and other associates to distribute methamphetamine and heroin in Fresno County, to Salinas Valley State Prison, in Southern California, and to Montana. As part of that drug trafficking agreement, BASH admits that he committed the following criminal acts:

(1) Between September 1 and September 22, 2020, BASH arranged for approximately 7 pounds of methamphetamine to be brough to Fresno, California for further distribution.

(2) Between September 1 and September 24, 2020, BASH arranged for one pound of methamphetamine and 114 grams of heroin to be brought into Salinas Valley State Prison through co-conspirators.

(3) Between September 1 and November 9, 2020, BASH arranged for approximately 21 pounds of methamphetamine to be distributed to Montana.

### III.     ANALYSIS OF THE SECTION 3553(A) FACTORS

In sentencing a defendant, 18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant. 18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from Defendant's further crimes.

Defendant is an Aryan Brotherhood (AB) associate, who had been serving a lengthy prison sentence in the California state prison system. During the course of the investigation, leading to and

during the offense for which the defendant has pled guilty, defendant was using a contraband phone within his prison cell to conduct business on behalf of the Aryan Brotherhood. Defendant coordinated criminal activity conducted on the streets, outside of the prison walls, for the benefit of AB members, and used an extensive network of individuals in the Fresno County area, Montana, Los Angeles County, and elsewhere.

The government believes that the weight of the aforementioned factors has been reflected in the government's recommendation of 324 months in prison. Defendant's plea of guilty to the agreed upon sentence between the parties vacated his trial date. The government, thus, was able to avoid calling multiple cooperating witnesses to testify at trial about defendant's conduct as discussed above, further protecting the witnesses' identities from the AB. Defendant's sentencing guidelines range is essentially life imprisonment. However, the 324 months sentence is an appropriate sentence for defendant's conduct. Although defendant was a leader in the drug trafficking he was conducting from prison, he was not a made AB member. Defendant was up to become an AB member, and, so, was subject to the rules and orders of AB members he worked under. In looking at the sentences imposed on co-conspirators in this case, the 324-month agreement of the parties is sufficient to allow the Court to consider the factors under 3553. The government recommends a sentence of 324 months' imprisonment.

Dated: May 27, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney