Ryan J. Villa, PHV
5501 Eagle Rock Ave NE, Ste C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

Andrea Lee Luem, PHV
400 South Fourth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

Attorneys for Defendant,
KENNETH JOHNSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> **Plaintiff,** <br><br><br><br> **KENNETH JOHNSON,** <br> **FRANCIS CLEMENT,** <br><br> **Defendant.** | Criminal case No. 20-CR-238-JLT-SKO <br><br> **JOINT REPLY TO UNITED STATES' RESPONSE TO JOHNSON AND CLEMENT'S JOINT MOTION TO COMPEL PRODUCTION** |

    Defendant Mr. Kenneth Johnson, through counsel and Francis Clement, through counsel, submits this Response to the United States' Response to Defendant's Motion to Compel Production [Doc. 1926]. The United States vaguely suggests in its Response that Agent Gonzalez informed CDCR that Johnson and Clement were targeted because of "evidence that came out at trial." Response at 2. However, as they have throughout this litigation, the United States refuses to actually commit to whether that was in fact the reason. Indeed, there was no evidence presented at

trial whatsoever from any witness that either Mr. Johnson or Mr. Clement would or could be targets upon their return to Kern. In fact, quite the contrary, all of the witnesses who testified suggested that both enjoyed high status at the prison and were untouchable. And while the United States deemed it important to expend Agent Gonzalez's time and resources investigating the defense subpoena and submit a declaration, it notably did not ask him to state in the declaration why he called CDCR and what basis he had to believe there was a threat. Even now, in its Response, the government refuses to commit to the actual basis for which Agent Gonzalez believed there was a threat. The questions defense have asked are simple: what was the nature of the threat against Mr. Johnson and Mr. Clement, and when did Agent Gonzalez learn of the threats. The government has steadfastly refused to directly answer this question.

As argued in the Motion to Reconsider [Doc. 1901], the subpoena issue is a red herring. Counsel did not alter a subpoena, but instead used the subpoenas, which this Court authorized in a pretrial Ex Parte Order. In that Order the Court authorized the use of blank subpoenas for investigative purposes. Thus, counsel were permitted to fill in the blanks to issue subpoenas. The issuance of this subpoena was not for sentencing evidence, but to investigate evidence relevant to trial, which was in line with the spirit of the Court's original Ex Parte Order permitting the clerk to issue blank subpoenas for defense counsel to fill in. Nor did counsel misrepresent this to CDCR. When counsel for CDCR contacted defense counsel about this subpoena, counsel never misrepresented anything about how the subpoena was issued.

Notably, the government cites no case or law that would support denying a motion to compel because the evidence to support the motion may have been improperly obtained. This is because no such law exists. The test for whether new evidence warrants the grant of a new trial has nothing to do with how the new evidence was discovered. The Court should question why the

government has spent so much time attacking the way the evidence was obtained but absolutely no time explaining how Agent Gonzalez obtained this information, what he actually said to CDCR, and when he learned about it.

Because the government refuses to provide a straight answer about why Agent Gonzalez believed there was a threat, the Court should compel it to provide such information via testimony or affidavit. If Agent Gonzalez can provide an affidavit about how the subpoena was served, he can certainly provide one about whether the information he relied on existed at the time of the offenses in this case.

Respectfully submitted,

*/s/ Ryan J. Villa*
Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Andrea Lee Luem*
Andrea Lee Luem, PHV
400 South Forth Street, Ste 500
Las Vegas, NV 89101
(702) 575-0481
andrea@luemlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June 2025, I served a true and correct copy of the foregoing via ECF to:

All counsel of record

*/s/ Ryan J. Villa*
Ryan J. Villa

3