JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>JUSTIN GRAY, et al<br><br>　　Defendants.<br>_____ | Case No. 1:20-cr-00238-JLT-SKO<br><br>**JUSTIN GRAY'S REPLY TO OPPOSITION AND RESPONSE TO MOTION FOR RELEASE, INSPECTION, AND COPYING OF JURY SELECTION RECORDS (MOTION, Doc. # 1945)** |

Defendant Justin Gray, through counsel, has filed a motion for an order from the Chief Judge allowing release, copying and inspection of jury selection records, consistent with the Jury Selection and Service Act, 28 U.S.C. § 1861 et.seq., and the Court's own Juror Management Plan.  Doc. # 1945; Juror Management Plan, sections 6.02, 6.04.  The government has filed an opposition and response, objecting to some of the requests.  Doc. # 1959. Mr. Gray files this reply to the government's response, addressing the specific requests in order.

**1.    Administrative Forms**.

The government does not object to the disclosure of the AO-12 forms relating to the 2025 wheel.

**2.    Data**.

The request for additional statistical or demographic analyses produced to ensure that the Master Jury Wheel and the Qualified Jury Wheel are in compliance with the Juror Management Plan and the JSSA is a request for "records or papers used . . . in connection with the jury selection process" under 28 U.S.C. § 1867(f). The government nonetheless objects.

The objection is groundless: the request does not ask the clerk to "prepare" any documents, only to disclose those that already exist and were used in the selection process. "If any additional statistical or demographic analyses were performed, they could be necessary to support a motion under § 1861(f)." *United States v. Yandell*, 2023 WL 2918803, at *2 (E.D. Cal., April 12, 2023); see *United States v. Holmes*, 2020 WL 5408163, at *6 (N.D. Cal., Sept. 9, 2020). Previously, former Chief Judge Mueller granted a similar request in this case. Doc. # 1290, at 5.

**3.    Purge Procedures**.

Mr. Gray has requested "[a]ny existing materials containing descriptions of the procedures used to purge duplicate records and any report or analysis of the procedures in addition to those provided in Jury Plan Section 2.02." The government objects, stating incorrectly that the request "demands" that the Clerk of the Court "prepare a declaration" describing the purging procedures. Doc. # 1959, 5.

The objection is meritless. The request is for "existing materials." It would be reasonable for Clerk staff to conduct any purging pursuant to a description of the purging procedure. Such a description is well within the definition of records and papers used in the jury selection process. Indeed, the purging process cannot be evaluated without such documents. A similar request was granted previously in this case, Doc. # 1290, at 5, and in the *Yandell* case, 2023 WL 2918803, at *3.

**4.    Calculation Procedures**.

As with the purge procedures, the government's objection to the production of calculation procedures appears to be based on the incorrect assumption that the disclosure

Reply to Opposition to Motion for Jury Records

of existing records triggers some duty to prepare a declaration or answer interrogatories. Rather, the request is for "existing" additional records. A similar request was granted previously in this case, Doc. # 1290, at 5, and in the *Yandell* case, 2023 WL 2918803, at *3.

### 5. General Notice.

The government does not object to the request for general notices issued in 2025 explaining the jury selection process.

### 6. Procedures for Non-Responses.

The government objects to this request. Again, the government asserts incorrectly that the request requires the Clerk to "generate evidence." Doc. # 1959, 6. Rather, this request is directed at existing documented procedures.

In *Yandell*, the Court noted: "If the Clerk's Office has a procedure, that procedure could potentially illustrate whether a particular group tends not to respond or not to have an accurate address, and that information could be necessary to support a motion under § 1861(a)." *United States v. Yandell*, 2023 WL 2918803, at *3-4. The request should be granted.

### 7. Information on Failure to Submit.

The government objects to this request, though it acknowledges the Court's ruling in *Yandell* granting an identical request. As the Court noted, "Data about trends like these could help an expert form opinions about systematic underrepresentation and could be necessary to support a motion under § 1861(a)." *United States v. Yandell*, 2023 WL 2918803, at *4. Former Chief Judge Mueller previously granted a similar request in this case. Doc. # 1290, at 6.

### 8. Failure-to-Appear or Submit.

The government objects to this request, arguing that a fair cross section challenge focuses on the pool from which the jury is drawn, not "the people who failed to appear." Doc. # 1959, 6. However, the non-responders, and the Clerk's reaction to non-responders, could have an important impact on the formation of the jury pool, especially

if a pattern, or trend, of non-responders exists. In *Yandell*, the Court granted a similar request. *United States v. Yandell*, 2023 WL 2918803, at *4, and former Chief Judge Mueller granted this request in response to the earlier motion. Doc. # 1290, at 7.

**9.     Proportionality Calculations**.

The government does not object to this request. The government requests that the request be limited to the Fresno division in 2025. Mr. Gray accepts this limitation.

**10.    Master Jury Wheel Data**.

The government does not object to this request. As noted in the motion, this data should be produced in native form (excel spread sheet). In light of the need to share this data with an expert witness, however, the suggested limitation that the data be produced only for viewing in the clerk's office is impractical. However, Mr. Gray does not object to an appropriate protective order. See pages 10-11 of former Chief Judge Mueller's previous order in this case, Doc. # 1290.

**11.    Status Codes**.

The government objects to this request. Doc. # 1959, 7. As the Court in *Yandell* recognized, however, this information is potentially relevant to the analysis of systemic factors and will help verify the information received in response to the other requests. *Yandell*, 2023 WL 2918803, at * 4. Previously, former Chief Judge Mueller granted a similar request in this case. Doc. # 1290, at 8.

**12.    Sources of Data**.

The government does not object to this request. Doc. # 1959, 8.

Mr. Gray concurs with the government (Doc. # 1959, 8) that juror and prospective juror personal information (social security numbers, dates of birth, addresses) should not be disclosed if possible. However, a massive redaction may be impractical. Mr. Gray does not object to an appropriate protective order. See pages 10-11 of former Chief Judge Mueller's previous order, Doc. # 1290.

| | | |
|---|---|---|
| 1 | Dated: July 10, 2025 | Respectfully submitted, |
| 2 | | /s/ James S. Thomson |
| 3 | | /s/ Timothy J. Foley |
| 4 | | JAMES J. THOMSON |
| | | TIMOTHY J. FOLEY |
| 5 | | Attorneys for JUSTIN GRAY |

Reply to Opposition to Motion for Jury Records

5