ERIC GRANT
United States Attorney
STEPHANIE M. STOKMAN
JAMES R. CONOLLY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT-SKO |
| Plaintiff, | UNITED STATES' OPPOSITION TO MOTION FOR DISCOVERY AND DISCLOSURE OF EVIDENCE [Docket No. 2017] |
| v. | |
| JUSTIN GRAY, | DATE: October 29, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |
| Defendant. | |

## I.    INTRODUCTION

The United States, by and through Assistant United States Attorneys Stephanie M. Stokman and James R. Conolly, submits its opposition to the motion for discovery, filed by defendant Justin Gray ("defendant"). ECF 2017. Defendant's request is not authorized by any rule of criminal discovery and should be denied in its entirety. He fails to make the legally–required showings to obtain discovery under either Rule 16 or *Brady v. Maryland*, 373 U.S. 83 (1963). Rule 16(a)(1)(E) requires a particularized "factual showing" that the items requested are in the possession of the government and "material to the defense." Materiality, as the case law makes clear, means more than "relevant." At most, defendant's Motion contains his conclusory allegations of materiality, which the case law flatly forbids as insufficient to obtain discovery under Rule 16(a)(1)(E). Rule 16 "is *not* the equivalent of a 'request for production' in a civil suit, in that the defendant is not entitled to issue a generally worded request for production of documents or things of which their existence is only generally surmised, and

might lead the defendant to relevant evidence." *United States v. Hopkins*, 2008 WL 4453583, at *2 (E.D. Cal. Oct. 3, 2008) (emphasis in original).

## II.     FACTUAL BACKGROUND

### A.     **Defendant is charged in a Fourth Superseding Indictment with Murder in Aid of Racketeering**

On July 10, 2025, a grand jury returned a detailed Fourth Superseding Indictment against the defendant charging him with two counts of Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959. ECF 1970. The Fourth Superseding Indictment contains a detailed description of the government's theory and evidence of the Aryan Brotherhood as a criminal enterprise, including facts about its formation, membership, command structure, codes of conduct, purposes, symbols, and method and means of operation. ECF 1970, at 2–5. The Fourth Superseding Indictment additionally contains information regarding the murder of two individuals in relation to the racketeering activity of the AB, as contained in Counts Two through Three. ECF 1970, at 11.

### B.     **The Government Has Produced Tens of Thousands of Items of Discovery**

The government has produced extensive discovery relating to all aspects of the government's case against defendant. As of the filing of this brief, the United States has produced items of discovery which include written reports, autopsy reports, a large volume of audio recordings, photographs, video, and other data and documents. Given the complex nature of the case, and the allegations of the existence of a racketeering enterprise in particular, a large amount of the discovery pertains to evidence of the Aryan Brotherhood as a criminal enterprise and discovery production has and continues to be ongoing.

## III.     LEGAL STANDARDS

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, discovery is limited by statute, rules of criminal procedure, and case law to four categories: (1) materials discoverable under Rule 16 of the Federal Rules of Criminal Procedure; (2) material exculpatory information discoverable under *Brady*; (3) evidence relating to a witness's credibility or bias that is discoverable under *Giglio*; and (4) witness statements related to the subject matter of the witness's testimony, discoverable under the Jencks Act. *See* Fed. R. Crim. P. 16;

*Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500 and Fed R. Crim. P. 26.2 (Jencks Act).

Under Rule 16(a)(1)(E), a criminal defendant is entitled to discovery of materials "within the possession, custody, or control of the government," which are "material to preparing the [defendants'] defense." Fed. R. Crim. P. 16(a)(1)(E). Defendants are entitled to discover only those materials that are helpful to the defendants' response to the government's case–in–chief. *United States v. Armstrong*, 517 U.S. 456, 462 (1996) ("[W]e conclude that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief."); *accord United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) (quoting *Armstrong*, 517 U.S. at 462).[1] Under Rule 16(a)(1)(B), a criminal defendant is entitled to discovery of recorded statements of defendant "within the possession, custody, or control of the government," which are "relevant." Fed. R. Crim. P. 16(a)(1)(B).

To obtain discovery under Rule 16, a defendant must make a *prima facie* showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984)). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219 (citing *Little*, 753 F.2d at 1445; *Cadet*, 727 F.2d at 1466–68). In fact, "[i]t is defendant's obligation . . . to provide specific facts that demonstrate the prima facie materiality of its specific requests to specific trial issues." *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2022 WL 1607923, at *8 (E.D. Cal. May 20, 2022), *citing United States v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010) (finding discovery appropriate where defendant made factual showing that evidence existed to support a specific affirmative defense).

Broadly worded document requests that "might be consistent with expansive civil discovery" are "not permitted under the more restrictive criminal discovery standards." *United States v. Dossman*, No. 2:05–cr–270–DFL, 2006 WL 2927484, at *2 (E.D. Cal. Oct. 12, 2006).

---

[1] At the time of *Armstrong* and *Chon*, that provision was numbered 16(a)(1)(C). Rule 16 was renumbered in 2002.

"Material" under Rule 16(a)(1)(E) is not synonymous with "relevant." For a document or other item to be "material to preparing the defense" it must "'significantly alter the quantum of proof in his favor,'" *id.*, at *2 (quoting *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975)), or "'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *Dossman*, 2006 WL 2927484, at *2 (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). "[R]equests which are designed to generally cast for impeachment material…are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 472 (E.D. Cal. 1994).

"Nonetheless, where the government has shown that complying with a criminal defendant's discovery request under Rule 16 would be unduly burdensome, 'it is incumbent on the district court to consider the government interests asserted in light of the materiality shown.'" *Yandell*, No. 2:19-CR-00107-KJM, 2022 WL 1607923, at *8, citing *Mandel*, 914 F.2d at 1219 (citing *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984)).

In addition, the government holds a qualified privilege to withhold from disclosure the identity or communications of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Id*.

A. **<u>Brady v. Maryland</u>**

*Brady* "requires disclosure only of evidence that is both favorable to the accused and material either to guilt or to punishment." *United States v. Bagley*, 473 U.S. 667, 674 (1985). Evidence is "material" when there is "a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469–70 (2009). Undisclosed evidence is material only if it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

Additionally, *Brady* does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant. *Smith v. Secretary, Dept. of Corrections*, 50 F.3d 801, 823-

24 (10th Cir. 1995) (citing *Moore v. Illinois*, 408 U.S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.")). The disclosure requirement in *Brady* extends to potential impeachment information regarding witness credibility or bias. *Giglio v. United States*, 405 U.S. 150 (1972). "*Brady* does not overcome the strictures of the Jencks Act. When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control." *United States v. Jones,* 612 F.2d 453, 455 (9th Cir. 1979).

## IV.     ARGUMENT

The Motion should be denied in its entirety because defendant has failed to make the required *prima facie* factual showing that the government possesses the requested items and that any such items are "material" to his defense.

### A.     Defendant Has Failed to Make a *Prima Facie* Showing that the Government Possesses Any of the Items He Requests

To obtain discovery under Rule 16(a)(1)(E), "a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219. Defendant requests "[a]ll documents, recordings, transcripts, photographs, video footage, and other items relating to the past criminal history of the victims of Counts Two and Three" as well as "[a]ll documents, recordings, transcripts, photographs, video footage, and other items" relating to criminal activity of a potential government witness, but does not present any "facts" that tend to show the government possesses any of the requested items. Instead, defendant makes the assertion that the requested items relating to the murder victims are in the government's possession because the government took over the investigation from the Los Angeles County Sheriff's Office. Motion at 6-7. Furthermore, the existence of these materials is purely speculative, and defendant provides no facts to show that such materials in fact exist. The government provided the criminal histories of the victims of the murders charged in Counts Two and Three. The government has not made any representations about possession of any of these materials or the materials related to a potential government witness.

   B.   **Defendant Has Failed to Make a *Prima Facie* Showing of Materiality Under Rule 16(a)(1)(E)**

The Motion seeks the aforementioned materials relating to homicide victims and a potential government witness, but defendant does not provide a "factual showing" (*Mandel*, 914 F.2d at 1219) for how any of the materials defendant seeks are "material to preparing his defense." Fed. R. Crim. P. 16(a)(1)(E). Instead, he relies entirely on the generalized contention that criminal activity of homicide victims is essential to the prosecution of the case, and that details of a government witnesses prior criminal activity constitutes impeachment evidence. Motion at 6, 8. This generalized assertion fails to establish materiality warranting disclosure under Rule 16(a)(1)(E). As explained above, documents are "material" under Rule 16(a)(1)(E) only if they "significantly alter the quantum of proof in [defendant's] favor," or "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Dossman*, 2006 WL 2927484, at *2 (quotation marks and citations omitted). Defendant has not even attempted to carry his burden of showing that any of the documents he seeks are "material to preparing his defense" in either of these ways. At most, by asserting that what he seeks is "material" to his defense, defendant has established that his request bears some abstract logical relationship to issues in the case. However, "[i]t is not enough to show that the discovery has 'some abstract logical relationship to the issues in the case.'" *Dossman*, 2006 WL 2927484, at *2 (quoting *Ross*, 511 F.2d at 762).

Defendant makes no effort to carry his burden to "present facts" showing how the information sought in each of his 138 variegated requests is material to his defense. *Mandel*, 914 F.2d at 1219. Instead, he relies entirely on "conclusory allegations of materiality," which are insufficient under Rule 16. *Id.* Defendant cannot merely assert, without explanation or particularized factual showing, that every item in any way "relevant" to an assertion in the Second Superseding Indictment is "material." Rule 16 requires a "factual showing" of materiality. *Mandel*, 914 F.2d at 1219. If that "factual showing" is to be meaningful at all, it needs to be made on a request–by–request basis—particularly where, as here, defendant has made a broad request for materials related to a particular topic. As the Ninth Circuit has held, for a court to order production without requiring a "factual showing" of materiality is both "inconsistent with Rule 16" and an "abuse of discretion." *Id.*

UNITED STATES' OPPOSITION TO MOTION TO COMPEL
SPECIFIC DISCOVERY [DOCKET NO. 2017]

6

Defendant also fails to describe the items he seeks with sufficient clarity. He does not specify what items he considers to be "material" to the assertions from the charging document, but instead requests broadly "all" materials relating to prior criminal activities or prior investigations into the victims and a potential government witness. The government has already produced a significant amount of discovery. Rule 16 requires defendant to specify the documents and items he seeks and then make a factual showing that what he seeks is material. Otherwise, the government cannot meaningfully evaluate the request and respond appropriately, especially when it is unclear whether a broad assertion of types of evidence even exists, and the Court is left to guess both exactly the defendant is seeking and how it is claimed to be material to the defense. *See Mandel*, 914 F.2d at 1219 ("Without a factual showing [of materiality] there is no basis upon which the court may exercise its discretion").

Finally, defendant's request is improper because it is an overbroad, civil-style interrogatory that lacks any semblance of an attempt to make particularized, factual materiality showings. Burdensome discovery demands require a more robust showing of materiality. *See Mandel*, 914 F.2d at 1219. As discussed above, defendant has failed to meet this showing.

### C. Defendant's Requests Run Afoul of Other Discovery Limitations As Well

As discussed above, defendant has not met his burden to show that he is entitled to any of the discovery he requests, and therefore the Court should deny his motion in its entirety. In addition, many of defendant's requests are also barred or excluded by operation of other relevant discovery rules and caselaw.

To the extent these requests seek impeachment information for prospective government witnesses, such information need not be disclosed until witness testifies, if it is discoverable at all. *United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978); *United States v. Hopkins*, 2008 WL 4453583, at *2 (E.D. Cal. Oct. 3, 2008).

Rule 608 of the Federal Rules of Evidence governs the use of specific instances of conduct for the purposes of impeaching a witness. The rule makes clear that extrinsic evidence is not admissible to prove specific instances of conduct unless that conduct is probative of truthfulness, such as acts involving dishonesty. *See* Fed. R. Evid. 608(b); *see also United States v. Seymour,* 472 F.3d 969, 970 (7th Cir. 2007) (excessive force claim against law enforcement witness do not normally involve

truthfulness and thus are not the proper subject of cross-examination under Rule 608(b), but officer's omission of use of excessive force in his report was proper to address in cross-examination under 608). Thus, defendant is not entitled to "all" discovery relating to investigations of prior instances of conduct of a witness. Additionally, if the proposed impeachment is on a collateral matter, extrinsic evidence of the impeaching event cannot be introduced. *See United States v. Williamson*, 202 F.3d 974, 977, 979-80 (7th Cir. 2000). A collateral matter is one where the evidence "'could not have been introduced ... for any purpose other than contradiction.'" *Id.* at 979; *United States v. Higa*, 55 F.3d 448, 452 (9th Cir. 1995). Here, there is no indication that any of the broadly described evidence requested by defendant would dispute a potential statement by a potential government witness. The speculatory nature as to the need for this material and what it might contain does not meet the standard required by the rules of evidence for production, certainly under the context of both Rule 16 and Rule 608.

Finally, the evidence defendant requests comprise of past investigations of criminal conduct of either victims of the charged murders or a potential government witness. Any agency responsible for the investigation of past crimes unrelated to the instant matter are not members of the prosecutorial team. Knowledge and information held by a state actor is not imputed to the government if the government's investigation is separate from the state investigation. *See, e.g., United States v. Naranjo*, 634 F.3d 1198, 1211-13 (11th Cir. 2011) (report prepared by state law-enforcement agent, but never shared with federal authorities, was not in government's possession, especially where federal investigation was separate from state investigation); *United States v. Walker*, 746 F.3d 300, 306 (7th Cir. 2014) (no discovery violation where there was no indication that local police department was involved in federal investigation led by Housing and Urban Development or that federal actors knew about or had knowledge of information known to local police); *United States v. Kern*, 12 F.3d 122, 126 (8th Cir. 1993) (declining to impute state's knowledge of a report to federal prosecutor); *United States v. Rodriguez-Marrero*, 390 F.3d 1, 30 (1st Cir. 2004) (where government was not involved in police department's investigation, the government's knowledge of a single page of a police department report did not create duty for government to contacts local police department to seek a copy of the department's entire investigative file). So long as the federal and state investigations are separately investigated and the investigative teams do not collaborate extensively, courts generally do not impute

knowledge of the state actors to the federal prosecution team. *See Naranjo*, 634 F.3d at 1212; *Kern*, 12 F.3d at 126. Moreover, the government is not tasked with "undertak[ing] a fishing expedition in other jurisdictions in an effort to find potentially impeaching evidence." *Naranjo*, 634 F.3d at 1212 (quoting *United States v. Meros*, 866 F.2d 1304, 1309 (11th Cir. 1989)).

Thus, defendant is not entitled to the material he requests and his motion should be denied.

**D.     *Brady* Does Not Entitle Defendant to Any of the Materials He Requests**

Given that defendant does not explain how any of the items requested in his Motion are even arguably exculpatory, *Brady* provides no support for his requests. *See Bagley*, 473 U.S. at 674 (explaining that *Brady* "requires disclosure *only* of evidence that is both *favorable* to the accused and material either to guilt or to punishment").

**V.     CONCLUSION**

For the foregoing reasons, defendant's motion for discovery should be denied in its entirety.

Dated:  October 9, 2025                                    ERIC GRANT
                                                           United States Attorney

                                                    By:    /s/ *Stephanie M. Stokman*
                                                           STEPHANIE M. STOKMAN
                                                           Assistant United States Attorney