JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 1:20-cr-00238-JLT-SKO** |
| Plaintiff, | **JUSTIN GRAY'S REPLY TO UNITED STATES' OPPOSITION TO MOTION FOR DISCOVERY [Doc. # 2017]** |
| vs. | |
| JUSTIN GRAY, et al. | Date: October 29, 2025 |
| Defendants. | Time: 1:00 pm |
| | Courtroom 7, Hon. Shiela Oberto |

Defendant Justin Gray, through counsel, has filed a Supplemental Motion for Discovery and Disclosure of Evidence. Doc. # 2017. The motion requests (1) the disclosure of materials relating to the criminal histories of the victims in the Lomita homicides and (2) information regarding two criminal acts admitted by a government witness. The government has filed an opposition. Doc. # 2021. Mr. Gray files this reply to the government's response.

The government concedes, recognizing the language of Federal Rule of Criminal Procedure 16(a)(1)(E), that the defendant in a criminal case "is entitled to discovery of materials 'within the possession, custody, or control of the government,' which are 'material to preparing the [defendants'] defense.'" Doc. # 2021 at 3. However, the

government appears to challenge the showing of both of these prerequisites in this instance. The government's positions lack merit.

## I. THE MATERIALS REQUESTED ARE IN THE CONSTRUCTIVE POSSESSION OF THE GOVERNMENT.

The government's opposition is somewhat vague regarding whether the items are in its possession, not taking a position either way. Doc. # 2021 at 5. Rather, the government asserts that "the existence of these materials is purely speculative."

It is important to note that, as explained in the motion, Mr. Gray is requesting disclosure of the materials both in the actual possession and the constructive possession of the prosecution. The "possession, custody, or control" concept in Rule 16(a)(1)(E) "includes materials in the hands of a governmental investigatory agency closely connected to the prosecutor." *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003); see *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir.1989) ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant."); *United States v. Upton*, 856 F. Supp. 727, 749-50 (E.D.N.Y. 1994) ("The inquiry is not whether the United States Attorney's Office physically possesses the discovery material; the inquiry is the extent to which there was a 'joint investigation' with another agency.")

The Los Angeles Sheriff's Department was the initial investigating agency regarding the Lomita shootings and was responsible for collecting the evidence and information related to the incident. Two homicide detectives, Detective Maciel and Detective Aguilera, worked closely with the federal agents in this case when the federal agents became involved. Detective Maciel testified for the government at the previous trial; Detective Aguilera has been present at witness interviews, sharing time and questions with federal agents. In this case, the LASD is "a governmental agency closely connected to the prosecutor." The "knowledge and access" standard for constructive possession is met when, as here, "an agency participates in the investigation of the

Reply to Opposition to Motion for Discovery

defendant. *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019)". *United States v. Corbett*, 2023 WL 1930642, at *4 (E.D.Cal Feb. 10. 2023).

With regard to the first request, the inquiry then becomes whether the LASD or the federal agents have materials relating to the criminal histories and endeavors of Allan Roshanski and Ruslan Magomedgadzhiev. Here are some salient facts: (1) both Messrs. Roshanski and Magomedgadzhiev had criminal records, including California arrests and convictions; (2) the shooting occurred at 1:00 am on a dark residential street, implying that the two were involved in illicit activity; (3) Mr. Magomedgadzhiev was armed with a handgun at the time; (4) the two men possessed, in the car, EDD fraud material, credit cards and a checkbook belonging to other people, and methamphetamine. It is inconceivable that, under these circumstances, a law enforcement agency would not collect information regarding their criminal histories and prior crimes.

With regard to the second request, the inquiry becomes whether the prosecution, in agreeing to a beneficial plea bargain with Mr. Bannick in exchange for his information and testimony, would ignore his admissions of the Redondo Beach shooting and the prison stabbing, criminal acts that he admitted during his testimony at the first trial (RT 2541). This scenario would, again, appear to be inconceivable.

## II. THE ITEMS REQUESTED ARE MATERIAL.

Materiality, in this context, is not a "heavy burden"; rather, the requested items are material as long as there is an indication that the items could "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Jackson*, 850 F.Supp. 1481, 1503 (D. Kan. 1994) (internal quotations and citations omitted); see *United States v. Liquid Sugars, Inc*, 158 F.R.D. 466, 471 (E.D. Cal. 1994); *Corbett*, 2023 WL 1930642, at *1. An assessment of materiality must be made in light of the reality that a defendant cannot be expected to "know in most cases the precise nature of all the documents held by the government." *Liquid Sugars*, 850 F.R.D. at 471.

A defendant is entitled to investigate, develop, and present evidence that tends to prove someone else committed the charged crime. *United States v. Crosby*, 75 F.3d 1343, 1347 (9th Cir. 1996); *United States v. Perkins*, 938 F.2d 1397, 1400 (9th Cir. 1991). The circumstances of the shootings, in combination with the criminal activities of the two victims, suggest that other individuals involved with the fraud and drug schemes that the victims were pursuing may have had a reason to encounter these two men, in the middle of the night, on a dark street in Lomita. Mr. Gray has the right to investigate the possibility that someone else was responsible for these homicides.

In this context, the opinion in *United States v. Stever*, 603 F.3d 747 (9th Cir. 2010) is particularly useful. In that case, the defendant was accused of the cultivation of marijuana and requested discovery of materials, in the possession of the government, related to the operations of Mexican drug trafficking organizations. The defense theory was that the documents were material to the preparation of the defense because they would help suggest that the drug trafficking organizations, rather than the owners of the property, were responsible for the cultivation. Nonetheless, the district court denied the request for disclosure. On appeal, the Ninth Circuit reversed:

> From well before the trial, the Government refused to turn over documents -- documents it does not deny it possesses and as to which it claims no privilege of any kind – relating to the Mexican drug growing operations in Eastern Oregon. The district court then compounded this error by concluding that the documents were irrelevant to the point of immateriality, without even reviewing the requested documents in camera. Having denied Stever the opportunity to explore this discovery avenue, the district court declared a range of defense theories off-limits, without considering in any detail the available evidence it was excluding. As we have explained, its reason for doing so – that any such evidence was necessarily irrelevant – was deeply flawed. Stever was not only prevented from putting on evidence important to his defense, . . . he was prevented from making his defense at all. We must conclude that Stever's Sixth Amendment rights were violated.

*Stever*, 603 F.3d at 757.

Similarly, information regarding Mr. Bannick's known criminal activities, including a separate shooting potentially similar to the Lomita shootings, could "play an important role in uncovering admissible evidence, aiding witness preparation,

corroborating testimony, or assisting impeachment or rebuttal." In his testimony at the January-February trial, Mr. Bannick admitted he was present, and admitted he was armed, at the scene of the Lomita homicides. Notably, also, Mr. Bannick has pled guilty to the murder of Allan Roshanski. Doc. # 1680.

### III.  THE COURT SHOULD EXERCISE ITS DISCRETION IN FAVOR OF DISCLOSURE.

Rule 16 was adopted "in the view that broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence." Fed.R.Crim.P. 16 advisory committee's note (1974 Amendment). This Court should grant discovery requests that advance these goals and avoid a technical, restrictive application of the criminal rules.

Rule 16 "'is intended to prescribe the minimum amount of discovery to which the parties are entitled,' and leaves intact a court's 'discretion' to grant or deny the 'broader' discovery requests of a criminal defendant." *Jordan*, 316 F.3d at 1249 n. 69 (quoting the Notes of Advisory Committee on 1974 Amendments to Federal Rules of Criminal Procedure); *United States v. Richards*, 659 F.3d 527, 543 (6th Cir. 2011). It appears that the courts have "inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires." *United States v. Presser*, 844 F.2d 1275, 1285 n 12 (6th Cir. 1988); *United States v. Spivak*, 639 F. Supp.3d 773, 778 (N.D. Ohio 2022); *United States v. McLeroy*, 2023 WL 5655521, at *2 (E.D. Tenn. Aug. 31, 2023) ("Yet, as an exercise of its inherent powers, the Court has discretion to order the Government to produce discovery not required by Rule 16.")

Under the circumstances and in context the requests made in this motion are specific, directed and reasonable. They further the essential intent of the criminal rules and the constitutional doctrines compelling fairness in criminal cases. Accordingly, the Court's discretion should be exercised in favor of production.

Reply to Opposition to Motion for Discovery

## IV. CONCLUSION

Under the provisions of Rule 16(a), under the Court's inherent powers to grant discovery in the interest of justice, and under constitutional rights guaranteed by the Fifth and Sixth Amendments, Mr. Gray requests that the Court order the prosecution to produce these items.

DATED: October 20, 2025                    Respectfully submitted,

/s/ James S. Thomson

/s/ Timothy J. Foley

JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Reply to Opposition to Motion for Discovery