DAVID M. PORTER, Bar #127024
Attorney at law
Counsel Designated for Service
P.O. Box 11008
Takoma Park, MD  20913
Telephone:  (916) 893-4217
Email:  porterlaw2025@gmail.com


Attorneys for Defendant
STEPHANIE MADSEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE MADSEN,<br><br>Defendant. | No. Cr. F 20-238 JLT 2<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821**<br><br>Judge:  The Honorable JENNIFER L. THURSTON |

**INTRODUCTION**

The government acknowledges Ms. Madsen is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, and confirms her original guideline range of 168-to-210 months is thereby reduced to 135-to-168 months.  *See* Dkt. No. 2076 at 2:13, 4:24; 6:3.  It nevertheless urges the Court to deny the motion on the ground she was charged in state court with grand theft before her sentencing in this case, "but [she] did not sustain a conviction until after she was sentenced in this case," and therefore, "[b]ut for the fortuitous timing of this conviction," she *would* have received criminal history points "and have been rendered ineligible for the zero-point offender reduction."  *Id*. at 6:6-9.  Pointing to the presentence report, the government also claims Ms. Madsen "likely possessed firearms in connection her with offense," which *could* have led to a firearm enhancement (which enhancement the government, in fact, neither

Reply to Government's Opposition to Defendant's Motion to
Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)          1          *United States v. Stephanie Madsen*,
Cr. F 20-238 JLT 2

sought nor secured), "which would render her ineligible as a zero-point offender." *Id*. at 6:10-11. Finally, the government discounts Ms. Madsen's remarkable academic achievements in its wan effort to contend the Section 3553(a) factors weigh against granting the motion. *Id*. at 6:2-12.[*] The government's hypothetical and conjectural arguments notwithstanding, Ms. Madsen is eligible for, and deserving of, a sentence reduction because she has demonstrated substantial growth, maturity, and independence while incarcerated that bodes well for her successful reintegration into civil society. When her overall record of rehabilitation is fairly examined, it warrants a reduction to her lengthy sentence.

## ARGUMENT

The government's first argument, while novel, is unconvincing. It notes that Ms. Madsen was charged in 2021 in state court with grand theft from her employer, but she did not sustain a conviction in that case until after her sentencing in this case. Dkt. No. 2076 at 6:6-7 (citing Dkt. No. 2076-2). "But for the fortuitous timing of this [state] conviction," the government contends, Ms. Madsen *would* have received criminal history points in this case that *would* have rendered her ineligible for the zero-point reduction. *Ibid*. In a similar vein, the government's second argument is built on a hypothetical: had the government sought and sustained a firearm sentencing enhancement (which, in fact, it did not), Ms. Madsen *would* be categorically ineligible for the zero-point reduction. *Id*. at 6:10-17.

But as the government correctly notes, "[w]hile determining that a reduction is appropriate for some offenders with zero criminal history points, the Commission

---

[*] In addition to minimizing Ms. Madsen's substantial rehabilitation record, the government misstates her prison disciplinary record. The government claimed the two disciplinary incidents sustained by Ms. Madsen were "(1) tattooing or self-mutilation on May 17, 2021, and (2) telephone abuse on April 5, 2021." Dkt. No. 2076 at 2:24 (citing Dkt. No. 2076-1 [Ex. 1] at 5). Ms. Madsen never sustained those incidents; in fact, she sustained the incidents described on page 5 of the government's first exhibit -- the first incident (dated 04-30-2025) involving misuse of a texting app, and the second incident (dated 02/21/2025) when she congratulated the brother of another inmate on the latter's video call, a practice she did not know was prohibited at FCI Danbury.

identified [ten] circumstances that excluded eligibility in light of the seriousness of the instant offense or existence of aggravating factors." *Id*. at 6:23-26.  The fact the Commission carefully crafted ten, detailed exclusions from eligibility for the zero-point reduction, *see* USSG § 4C1.1(a)(1)-(10), is a powerful reason for the court to *reject* the government's invitation to write two more exclusions into the text.  Even if the court considers the factual basis of the government's arguments in exercising its discretion, the government's invitation should still be rejected.  The government writes, "Madsen has taken steps in prison to better herself, [but] that is expected of prisoners," and does not warrant a sentence reduction.  *Id*. at 7:7-8.  As a factual matter, Ms. Madsen's remarkable progress in prison -- from participating in the Yale Prison Education Initiative program to assisting in securing the fair and just resolution of charges against a BOP prison guard -- is far more than what "is expected of prisoners."  As a legal matter, the critical question for the court is what term is "sufficient, but not greater than necessary" to achieve the traditional goals of sentencing.  18 U.S.C. § 3553(a).  In light of Ms. Madsen's remarkable growth and achievements in prison and the BOP's classification of her as a "MINIMUM RISK RECIDIVISM LEVEL" -- the lowest level possible -- we respectfully suggest a term of 122 months fulfills the statutory mandate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Reply to Government's Opposition to Defendant's Motion to
Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)          3          *United States v. Stephanie Madsen*,
Cr. F 20-238 JLT 2

### III.  CONCLUSION

Ms. Madsen's crime is undoubtedly serious; she is not disputing that, and she cannot change what she did in the past.  But she is not asking for a windfall.  Rather, her proposed sentence reduction reflects the seriousness of her conduct and is calibrated to excise only that portion of her sentence that the Sentencing Commission has determined to be unnecessarily punitive.  Rehabilitation is perhaps the most laudable goal of sentencing, yet the hardest to achieve.  By all accounts, Ms. Madsen has done so.  This Court should grant her request for sentence reduction.

Dated:   April 16, 2026

                                             Respectfully submitted,

                                             /s/ *David M. Porter*
                                             DAVID M. PORTER
                                             Attorney at Law

                                             Attorney for Defendant
                                             STEPHANIE MADSEN