JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 1:20-cr-00238-JLT-SKO** |
| Plaintiff, | ) ) ) | **JUSTIN GRAY'S MEMORANDUM REGARDING LANGUAGE OF JURY QUESTIONNAIRE AND JURY SELECTION** |
| vs. | ) ) ) | |
| JUSTIN GRAY, et al. | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

As part of the pretrial scheduling order, the Court has directed the parties to submit a jointly proposed juror questionnaire. Doc. No. 2035, item H. The parties have largely agreed on the scope, items, and language in a proposed questionnaire. However, there is disagreement with regard to the language regarding the Aryan Brotherhood, the racketeering organization alleged in the charging documents.

Mr. Gray submits these points and authorities to aid the Court in finalizing the language in the juror questionnaire and conducting voir dire during jury selection. Mr. Gray objects to the inclusion of the government's proposed questions 36 through 40 because they are improper, biased, and violate Mr. Gray's constitutional rights to due process, a fair trial, and a fair jury selection process.

Justin Gray's Memorandum re
Jury Questionnaire Language

1

Referring to an organization associated with a defendant as a "gang" or a "criminal gang" or a "criminal street gang" is intensely prejudicial. Decades of media exploitation and fearmongering have created a uniquely negative stigma associated with "gangs." As one commentary has noted: "Gangs are a social phenomenon, in which an individual's identity is linked (often brutally) to the group. At least in theory criminal trials focus on individual culpability. . . . [But] . . . individual guilt or innocence [become] hazy and faded behind the wall of group identity and group guilt." *Representing Black Male Innocence*, Joan W. Howarth, 1 J. Gender Race & Just. 97, 139 (1997), quoted with approval in *People v. Albarran*, 149 Cal.App.4th 214, 231 n 17 (2007).

"Legions of cases and other legal authorities have recognized the prejudicial effect of gang evidence upon jurors." *Albarran*, 149 Cal.App.4th at 231 n. 17. The "gang" reference both improperly substitutes group guilt for individual guilt and creates a pervasive bias against a defendant. Evidence suggesting an individual is associated with a "gang" presents a real danger that the jury will infer guilt on that basis alone. *People v. Cardenas*, 31 Cal.3d 897, 904-905 (1982). A "gang" association, introduced to a jury, also creates the situation where a defendant will be viewed as a danger to society in general and thus should be punished regardless of the proof of the charge. *Vasquez v. Cate,* 2012 WL 7159860, at *14 (S.D.Cal. 2012).

Jury questionnaires should be neutral. They should not introduce bias or fear into the juror's thoughts or considerations. Consequently, Mr. Gray favors a process that does not use the inflammatory and unfairly prejudicial term "gang" during jury selection or in the questionnaire.

Dated: June 5, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Memorandum re
Jury Questionnaire Language