**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:20-cr-00238-JLT-SAB-17 |
| Plaintiff, | |
| v. | **PRETRIAL ORDER** |
| JUSTIN GRAY, | |
| Defendant. | |

The trial of this matter is scheduled to commence at **8:30 a.m. on August 18, 2026**.

Counsel are advised that the Court's trial schedule, absent other court conflicts, is as follows: On the first day of trial and until jury selection is completed, the trial day will begin at 8:30 a.m. and complete around 4:30 p.m. with an hour-long lunch break. Afterward, and until the jury begins deliberating, the trial day will begin at 8:00 a.m. and complete at 1:30 p.m. with two extended rest breaks and no lunch break. Once the jury begins deliberating, the jury will set their own schedule. **Counsel shall schedule their witnesses to avoid waste of the jury's time.** In addition, the Court **ORDERS**:

**I.     TRIAL BRIEFS AND STATEMENT OF THE CASE**

No later than **4:00 p.m. on August 3, 2026** the parties *may* file trial briefs and the government **SHALL** file a statement of the case. If any party opts to file a trial brief, it **SHALL** address reasonably anticipated disputes concerning the admissibility of evidence, legal

1

arguments, any other information the parties believe is relevant to the trial of the matter, with citations to legal authority where appropriate but **SHALL NOT** set forth a factual statement except as necessary to clarify the legal questions.

In lieu of a government's statement of the case, the parties may file a joint proposed statement that the Court will read to the jury in advance of voir dire to explain the nature of the case to be tried.

## II.      PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The Court has prepared a set of standard jury instructions for criminal cases. In general, those standard instructions cover all aspects of the trial **except those relating to the charges contained in the charging document**. *See* 9th Cir. Manual of Model Crim. Jury Instrs. 1.1–1.10; 6.1–6.10, **but not 1.2** (2022 ed., rev. March 2022). Accordingly, counsel need not propose instructions concerning matters within the scope of the Court's standard instructions unless they intend to object to one of those standard instructions. **Counsel SHALL provide the instruction "The Charge: Presumption of Innocence" (9th Cir. Manual of Model Crim. Jury Instr. 1.2) with modifications to address the elements in this case.**

The parties shall attempt to reach agreement and file the agreed upon jury instructions and verdict forms with the Court, designating them as such. If the parties cannot agree upon specific instructions or verdict forms after a good faith effort, they shall file and serve their respective proposed disputed instructions and/or verdict forms, designating them as such. Proposed jury instructions and verdict forms, both agreed and disputed, shall be filed no later than **4:00 p.m. on August 3, 2026.** As to any jury instructions and verdict form offered, the proposing party shall also submit a clean copy in Microsoft Word format via email to: jltorders@caed.uscourts.gov.

## III.      PROPOSED VOIR DIRE QUESTIONS

The parties **SHALL** file proposed voir dire questions no later than **4:00 p.m. on August 3, 2026.** Any proposed voir dire questions shall also be submitted in Microsoft Word format via email to: jltorders@caed.uscourts.gov.

## IV.      MOTIONS IN LIMINE

The Court has previously set dates for motions. (Doc. 1373.)

2

## V.    EXHIBIT LIST AND WITNESS LIST

A.    The Court has previously set dates for motions. (Doc. 1373.) Exhibit lists shall also be submitted in Microsoft Word format via email to: jltorders@caed.uscourts.gov.

B.    All exhibits **SHALL** be pre-marked.[1] The parties **SHALL confer no later than August 3, 2026** to pre-mark the exhibits. Exhibit markings **SHALL** conform to the following guidelines:

1.    The government's exhibits shall be numbered 1-100. Should the defendant elect to introduce exhibits at trial, such exhibits shall be numbered 101-200. All joint exhibits shall be numbered 201-300.[2]

2.    **The parties SHALL number each page of any exhibit exceeding one page in length (e.g., Exhibit 105.1).**

3.    **No exhibit shall be marked with, or entered into evidence, under multiple exhibit numbers.**

C.    Counsel **SHALL** also confer about each proposed exhibit to be introduced into evidence, to attempt to resolve disputes over the exhibits, and to prepare separate indices for each set of binders, as follows:

### INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

D.    At the exhibit conference, counsel **SHALL** identify any duplicate exhibits. Exhibits that all parties desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above. Joint exhibits shall be listed on a separate index and shall be admitted into evidence on the motion of any party, without further foundation. Each joint exhibit binder shall contain an index, which is placed in the binder before the exhibits, as follows:

---

[1] The parties may obtain exhibit stickers at the Clerk's Office, Suite 1501, located on the first floor of the courthouse, if they will not mark their exhibits electronically.

[2] Should circumstances warrant different numerical exhibit ranges, the parties may agree to an alternate numbering schemes at the exhibit marking conference but exhibit markings should not begin with alphabetical characters (i.e., "Exhibit A" is not acceptable but "Exhibit 101-A" is acceptable).

**INDEX OF JOINT EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED |
|---|---|---|
|  |  |  |

E.      Exhibits that are not jointly offered but to which there is no objection to introduction, will be appropriately marked, e.g., Exhibit 1, and **SHALL** be so designated in the offering party's index in a column entitled "Admitted In Evidence." Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

F.      Those exhibits, as to which the only objection is a lack of foundation, **SHALL** be marked appropriately, e.g., Exhibit 2 - For Identification, and indexed in a column entitled "Objection Foundation."

G.      Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall be marked appropriately, e.g., Exhibit 3 – For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

H.      The government, and any defendant who identifies exhibits, **SHALL** deliver to the office of the Clerk of the Court three sets of binders containing their pre-marked exhibits by **4:00 p.m. on August 13, 2026** and one set to each of the other parties.[3] Electronic copies of proposed exhibits **SHALL** also be submitted to the Courtroom Deputy by this deadline.

I.      To assist trial witnesses in locating exhibits when testifying, counsel **SHALL** endeavor to provide a set of binders for their client's exhibits which are different in color from those of the opposing party.

## VI.    USE OF TECHNOLOGY IN THE COURTROOM

Any party intending to use a videotape or CD for any purpose during trial shall lodge a copy with the Courtroom Deputy by **4:00 p.m. on August 3, 2026**. If a written transcript of audible words appearing on the videotape or CD is available, it **SHALL** be lodged with the Court, solely for the aid of the Court.

---

[3] To the extent defense counsel can disclose exhibits prior to trial, they shall be subject to the joint determination procedure set forth above and any defense exhibit binder shall be lodged with the Courtroom Deputy and served on the government in keeping with this deadline.

If counsel intends to use a laptop computer or other technology for presentation of evidence at trial, they shall contact the Courtroom Deputy at least one week prior to trial. The Courtroom Deputy will then arrange a time for counsel to bring the laptop to the courtroom, meet with a representative of the Information and Technology Department, and receive a brief training session on how counsel's equipment interacts with the Court's audio/visual equipment.

## VII.    OBJECTIONS TO PRETRIAL ORDER

A party objecting to any aspect of this Pretrial Order may file objections within seven days of the issuance of this order. Objections shall specify a requested correction, addition, or deletion. Any responses thereto SHALL be filed within seven court days thereafter.

IT IS SO ORDERED.

Dated:   **June 21, 2026**

UNITED STATES DISTRICT JUDGE