JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 1:20-cr-00238-JLT-SKO** |
| Plaintiff, | **JUSTIN GRAY'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO DESIGNATE RULE 801(d)(2)(E) STATEMENTS OR TO EXCLUDE CO-CONSPIRATOR STATEMENTS** |
| vs. | |
| JUSTIN GRAY, et al. | **(Trial Motion 15)** |
| Defendants. | Date: July 27, 2026 |
| | Time: 9:00 am |
| | Hon. Jennifer L. Thurston |

Justin Gray contends that the government has failed to comply with the Court's order directing that the "[s]tatements the government intends to offer under Fed.R.Evid. 801(d)(2)(E)" be identified and given to the defense 70 days before trial.  See Doc. 2035, at 2.  The government and counsel for Mr. Gray disagree on the government's obligations.  After several communications, the parties have not been able to resolve this dispute.

Justin Gray's Motion for Designation
of Rule 801(d)(2)(E) Evidence

1

Consequently, Mr. Gray moves for an order compelling the government to designate, with reasonable specificity, the actual statements the government intends to offer under Fed.R.Evid. 801(d)(2)(E) or, alternatively, to exclude the admission of the statements of co-conspirators.

This motion is based upon the accompanying Memorandum in Support of Justin Gray's Motion for Order Requiring the Government to Designate Rule 801(d)(2)(E) Statements or to Exclude Co-conspirator Statements, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

Dated: July 1, 2026

Respectfully submitted,

*/s/ James S. Thomson*

*/s/ Timothy J. Foley*

_____
JAMES S. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY

Justin Gray's Motion for Designation
of Rule 801(d)(2)(E) Evidence

2

**MEMORANDUM IN SUPPORT OF JUSTIN GRAY'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO DESIGNATE RULE 801(d)(2)(E) STATEMENTS OR TO EXCLUDE CO-CONSPIRATOR STATEMENTS**

## I.   INTRODUCTION

The Fourth Superseding Indictment charges Justin Gray with two counts of Murder in Aid of Racketeering under 18 U.S.C. § 1959(a)(1), Count Two and Count Three.  Doc. No. 1970, at 11-12.  Mr. Gray is not charged with any of the other seven counts of this multi-defendant, multi-count prosecution, and not charged in the RICO conspiracy count.

The Court's scheduling order directed the government to provide Mr. Gray with the statements the government plans to introduce as non-hearsay co-conspirator statements admissible under Federal Rule of Evidence 801(d)(2)(E) 70 days before trial. Doc. No. 2035, at 2.  The government provided the defense with a list of nineteen discovery items.  These items include interview transcripts, ATF interview reports, grand jury transcripts, interview notes, trial transcripts, and other documents.  A rough review reveals the items total over 500 pages.  Some items are audio and video recordings.[1] Particular statements have not been listed or identified.

The parties have conferred.  The government has advised that it believes that this production complies with the Court's scheduling order.  The government's position is that it has identified the possible sources of co-conspirator statements that may come out through witness testimony at trial by the Bates numbers of the relevant documents and has also identified the potential witness to whom they relate, "which complies with our disclosure obligation."  The defense disagrees.

In order to prepare for trial, evaluate the government's evidence, and construct appropriate pretrial motions, counsel for Mr. Gray need notice of the actual statements that the government intends to present under Rule 801(d)(2)(E).  Counsel for Mr. Gray

---

[1] The government presented a list to counsel on June 9, 2026.  A second, more complete, list was presented on June 10.  Because many of the items are from the discovery produced under the Protective Order, the government has indicated that the list itself should be considered protected material.

Justin Gray's Motion for Designation
of Rule 801(d)(2)(E) Evidence

believes that the Court's order contemplated such disclosure, both to help the parties prepare for trial and to give the Court an opportunity to resolve objections prior to trial. No disclosure other than the unhelpful, unspecific list has been forthcoming.  Mr. Gray requests that the Court issue an order compelling the government to designate the statements it intends to introduce at trial that comply with the requirements of Rule 801(s)(2)(E). Alternatively, the statements should be excluded.

## II.    THE LEGAL BACKGROUND AND NEED FOR DISCLOSURE

Rule of Evidence 801(d)(2)(E) allows the admission of statements made by a defendant's co-conspirator if those statements are made during and in furtherance of a conspiracy.  *United States v. Bridgeforth*, 441 F.3d 864, 869 (9th Cir. 2006).  The application of this rule can be complicated.  The proponent must show: "(1) there was a conspiracy, (2) the defendant and the declarant were participants in the conspiracy, and (3) the statement was made by the declarant during and in furtherance of the conspiracy." *Id*.  These prerequisites must be established prior to the admission of the statement and be shown by evidence other than the statement.  *United States v. Gil*, 58 F.3d 1414, 1420 (9th Cir. 1995); *United States v. Liera*, 585 F.3d 1237, 1245 (9th Cir. 2009).  "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule."  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

The government has designated hundreds of pages of reports, transcripts, and notes.  Audio and video tapes are added to the pile.  Individuals make statements, individuals quote others.  Nested hearsay abounds.  Not only is there no designation of the statement, there is no designation of the declarant.  Nor is there a designation of what conspiracy is being asserted to exist.[2]

---

[2] Mr. Gray is not charged with the RICO conspiracy.  In order to support the admission of statements under 801(d)(2)(E), the proponent must identify a conspiracy that the defendant and the declarant were both members.

Justin Gray's Motion for Designation
of Rule 801(d)(2)(E) Evidence

It is simply impossible to identify the statements the government actually intends to introduce. Consequently, there is no way to assess the admissibility of the statements. The government has produced the proverbial haystack, and seems to believe that the defendant must find the needle.

## III.   CONCLUSION

Mr. Gray requests that the Court order the government to designate and compile the statements it intends to offer under Rule 801(d)(2)(E). The government should be required to reveal: 1) the particular statement; 2) the declarant; and 3) the nature of the conspiracy involved. Only then can the admissibility of the statement be evaluated.

In the alternative, the Court should order exclusion of the statements.


Dated: July 1, 2026                                Respectfully submitted,

/s/ James S. Thomson

/s/ Timothy J. Foley

JAMES J. THOMSON
TIMOTHY J. FOLEY
Attorneys for JUSTIN GRAY