ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>JUSTIN GRAY,<br>a.k.a. "Sidetrack"<br><br>      Defendant. | CASE NO.  1:20-CR-00238 JLT-SAB<br><br>UNITED STATES' MOTION IN LIMINE TO EXCLUDE REFERENCE TO POTENTIAL PUNISHMENT OF DEFENDANT<br><br>DATE: JULY 27, 2026<br>TIME: 9:00 A.M.<br>COURT: Hon. Jennifer L. Thurston |

The United States respectfully moves the Court *in limine* for an order prohibiting the defendant from making any reference to the defendant's potential sentence, including any mention that the defendant was charged with a death penalty eligible offense, in front of the jury during all phases of the trial (including jury selection, opening statements, examination of witnesses, during a defendant's testimony if a defendant testifies, and summation).  Such statements would be highly improper, pursuant to long standing case law, the Ninth Circuit Model Criminal Jury Instructions, and the Federal Rules of Evidence 401, 402, and 403.

## I.    __INTRODUCTION__

Improper references to penalties could be as overt as "you understand the defendant is facing life in prison if convicted," or as subtle as "the defendant is facing a lot of time," "the defendant's liberty is at stake in this trial," or "your decision will have consequences for a long time to come." Once the jury hears anything about punishment, the bell cannot be un-rung, not even by a curative instruction. Additionally, notice was given to all defendants, including the defendant Justin Gray, on February 21, 2024, that the United States would not seek the death penalty. ECF No. 950. Any statements about the defendant's liberty, potential incarceration, or initial death penalty eligibility are irrelevant and prejudicial.

## II.    __ANALYSIS__

The government moves pursuant to Federal Rules of Evidence 401, 402, and 403 to preclude reference to the possible consequences of conviction—either direct or collateral—for the defendant. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Evidence that is not relevant is inadmissible pursuant to Rule 402. Fed. R. Evid. 402.  A district court has "broad discretion" to exclude irrelevant evidence or evidence of "slight probative value." *United States v. Ortiz*, 15 F.3d 1093 (9th Cir. 1993). Rule 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992); *see also Rogers v. United State*s, 422 U.S. 35, 40 (1975) (jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"); *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984) (trial judge properly instructed jury that the "punishment provided by law for the offenses charged in the indictment are matters exclusively within the province of the court. It should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused").

UNITED STATES' MOTION IN LIMINE TO EXCLUDE REFERENCE
TO POTENTIAL PUNISHMENT OF DEFENDANT

Information about penalties draws the attention of the jury away from its chief function as the trier-of-fact. *See United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995). Evidence about punishment opens the door to compromised verdicts and confuses the issues to be decided. *Id*. The Ninth Circuit has recognized this by prohibiting the jury from considering punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt. 9th Cir. Model Crim. Jury Instr. § 6.22 (2026) ("The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.")

It is "well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle reflects a "basic division of labor in our legal system between judge and jury." *Id*. "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Id*. "The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id*. Thus, information regarding potential penalties, statutory maximums or minimums, or sentencing ranges is "irrelevant to the jury's task." *Id*. "Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id*.

Even if the defendant could articulate some relevance, the Court should exclude any mention of the consequences of conviction pursuant to Rule 403 because any slight probative value would be substantially outweighed by the danger of unfair prejudice to the government.

### III.    CONCLUSION

For the foregoing reasons, the Court should issue an order prohibiting the defendant from making any reference to potential incarceration or a potential sentence up to and including his prior death penalty eligibility.

Respectfully submitted,

ERIC GRANT
United States Attorney

Dated:  July 2, 2026                          By:   /s/ Amanda Kotula
                                                    AMANDA J. KOTULA
                                                    Trial Attorney, U.S. Department of Justice
                                                    JAMES CONOLLY
                                                    Assistant United States Attorney