RANDY SUE POLLOCK
Attorney at Law (CSBN 64493)
286 Santa Clara Avenue
Oakland, CA 94610
Telephone:  510-763-9967
Facsimile:  510-380-6551
rsp@rspollocklaw.com

TAMARA A. CREPET, Bar No. 277408
Pier 9, Suite 100
San Francisco, CA 94111
Telephone:     415-517-3496
Email:         Tamara@taclaw.org

Counsel for Defendant JAYSON WEAVER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>        v.<br><br>JAYSON WEAVER,<br><br>                 Defendant. | **No. 20-CR-238-JLT-13**<br><br><br>**OPPOSITION TO MOTION TO INTERVENE AND MODIFY THE WEAVER PROTECTIVE ORDER**<br><br>―――――――――――――――――<br><br>**Hearing Date: August 5, 2026**<br>**Hearing Time: 1 p.m**<br><br>**HONORABLE STANLEY A. BOONE** |

**STATUS OF PROCEEDINGS**

On July 6, 2026, a Motion to Intervene and Modify the Weaver Protective Order (hereafter referred to as P.O.) was filed by counsel for the *Brown* class action, a civil case pending in the Northern District of California before the Honorable Jon S. Tigar (*Brown vs. the California Department of Corrections, Case No. 25-cv-4741-JST*).  Counsel for that class served

OPPOSITION TO MOTION TO INTERVENE AND MODIFY WEAVER PROTECTIVE ORDER
*United States vs. Weaver, CR. 20-238-JLT-SKO*

defendant's counsel with a subpoena requesting the production of discovery documents provided by the government in this pending criminal prosecution. Defense counsel refused to comply with the subpoena because the terms of the P.O prevent her from disseminating discovery to third parties.

### BASIS FOR REFUSAL TO COMPLY WITH SUBPOENA

**1. Counsel in *Brown* lacks standing to intervene in a criminal case**

The basis for the *Brown* subpoena is Fed. R. Civ.P. 24(a)(2).  That Federal Code of Civil Procedure lays out the requirements for parties to intervene in civil cases.  It authorizes the right to third parties to intervene in civil cases, not in criminal cases. Additionally, the two cases cited in the motion to intervene  (Dkt 2148-1, pg. 7, fn. 25) are civil cases that have no bearing on criminal cases which are governed by the Federal Rules of Criminal Procedure.

**2. The Protective Orders prevent counsel from providing discovery to third parties**

The P.O in this case, Dkt. 1029, filed April 5, 2024, allows the government, pursuant to FRCP 16, to provide discovery to defense counsel with the understanding that it will not be disclosed to anyone other than the Defense Team.  Criminal discovery is on loan to the defense with the understanding that upon final disposition of the case, defense counsel shall return the Protected Materials to the government or certify in writing that the Protected Materials have been destroyed.

The same terms apply to another P.O. filed in this case on November 14, 2024, Dkt. 1389, that specifically governs the use and dissemination of discovery materials from the CDCR.  Under this P.O. the Defense Team shall not permit anyone other than the Defense Team to have possession of these Protected Materials, including the defendants.

### CONCLUSION

The motion to intervene and modify the Protective Orders in this case should be denied since there is no authority to permit civil litigants the right to obtain discovery in an ongoing criminal case.  Counsel for the class should seek to subpoena the CDCR documents in the civil class action case.

Date: July 13, 2026

*/s/ Randy Sue Pollock*

Randy Sue Pollock

Tamara Crepet

Counsel for Defendant Weaver

OPPOSITION TO MOTION TO INTERVENE AND MODIFY WEAVER PROTECTIVE ORDER
*United States vs. Weaver, CR. 20-238-JLT-SKO*