JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | **Case No. 1:20-cr-00238-JLT-SAB** |
|---|---|---|
| Plaintiff, | ) ) | **JUSTIN GRAY'S OPPOSITION TO** |
| vs. | ) ) ) | **UNITED STATES' MOTION IN LIMINE TO EXCLUDE REFERENCE TO DEATH PENALTY ELIGIBILITY OF** |
| | ) ) | **COOPERATOR'S OFFENSES** |
| JUSTIN GRAY, et al. | ) | **(Doc. No. 2143)** |
| Defendants. | ) ) |  |
| _____ | ) |  |

The government has filed a motion in limine requesting that the Court issue an order "prohibiting the defendant from stating, implying, or making references that suggest that any cooperator faced the death penalty at the time or their cooperation."  Doc. No. 2143.  Justin Gray opposes this motion on the grounds that such an order is improper and unfairly restricts his constitutional right to confrontation and cross-examination.

A Confrontation Clause violation occurs when a trial judge prohibits inquiry into the reasons why a witness might be biased because "exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 318 (1974); see *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).  The defense must be able to cross-examine on a

witness' motive to lie or exaggerate, because "[a] reasonable jury might . . . receive[ ] a significantly different impression of [the witness'] credibility" than it would if it had no basis for understanding why a witness may be biased. *Van Arsdall*, 475 U.S. at 680.

A cooperating witness's understanding of the potential sentences he or she might receive is an important area of cross-examination. As the Fourth Circuit has explained:

> A witness's understanding of the potential penalties faced prior to entering into a plea agreement may demonstrate bias and prejudice, as well as the motive of the witness for testifying against the defendant and for the prosecution. As such, this inquiry is, as a general proposition, highly relevant to testing the witness's credibility.

*United States v. Turner*, 198 F.3d 425, 430 (4th Cir. 1999). Numerous opinions have held that restrictions on cross-examination of a cooperating witness regarding the potential sentence, or the government's opportunity to reduce that sentence, are error. See, e.g., *United States v. Larson*, 495 F.3d 1094, 1104-05 (9th Cir. 2007) (en banc); *United States v. Chandler*, 326 F.3d 210, 218-19 (3d Cir. 2003); *Hoover v. State of Md.*, 714 F.2d 301, 305-06 (4th Cir. 1983). Importantly, it is the witness's expectations and understanding of the potential sentence that are the cause of the bias, not the actual potential sentence. *Turner*, 198 F.3d at 430; *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir.1997).

As the government points out, multiple individuals in this case were charged with death penalty eligible offenses. The government argues that cross-examination of a witness regarding death eligibility should be prohibited because "any implication that a witness's testimony may be motivated by the potential imposition of the death penalty . . . would be contrary to the facts, and well beyond any maximum potential penalty a cooperator may have faced when agreeing to cooperate and testify." Motion at 3.

There are two major flaws with the government's assertion.

First, as noted, it is the witness's state of mind, his fears and beliefs, that matter. The early prosecution of this case was dominated by the possibility of the death sentence. The death penalty cast its dark shadow over all the early proceedings. Cross-examination on how the threat of the death penalty effected the witness's understanding and motivation is a fair inquiry.

Justin Gray's Opposition to
Motion re Reference to Death Penalty

2

Second, the government's assertions misconstrue the reality and the atmosphere during late 2024 and early 2025.  Although the government indeed gave notice that the death penalty would not be sought against the defendants in this case in February of 2024, the election of November, 2024 significantly changed the situation.[1]  Any witness negotiating a plea agreement in January of 2025 might well have feared the threat of, and renewed implementation of, the death penalty.

The government's request to restrict cross-examination should be denied.

Dated: July 13, 2026                                    Respectfully submitted,

                                                        */s/ James S. Thomson*

                                                        */s/ Timothy J. Foley*

                                                        JAMES J. THOMSON
                                                        TIMOTHY J. FOLEY
                                                        Attorneys for JUSTIN GRAY

[1] At the time, it was far from clear that the prior "no-seek" decision in this case and others would be respected given the change in administration.  Fears that the "no-seek" decisions rendered in 2024 would be undermined turned out to be prescient.  On January 20, 2025, the new president issued Executive Order 14164, which directed the Attorney General to aggressively pursue the death penalty "where possible."  EO 14164.  On February 5, 2025, the new Attorney General issued a Memorandum requiring the Attorney General's Capital Review Committee to review decisions in pending capital-eligible cases charged between January 20, 2021 and January 19, 2025.  See *United States v. Suarez*, 791 F. Supp. 3d 1096, 1098 (N.D. Cal. 2025).  Regardless of whether the Department of Justice had the power to revoke and reassess the "no-seek" decisions, there was certainly a great deal of uncertainty at the time.

Justin Gray's Opposition to
Motion re Reference to Death Penalty

3