JAMES S. THOMSON
California SBN 79658
Attorney and Counselor at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net

TIMOTHY J. FOLEY
California SBN 111558
Attorney at Law
1017 L Street, Number 348
Sacramento, California 95814
Telephone: (916) 599-3501
Email: tfoley9@earthlink.net

Attorneys for Defendant
JUSTIN GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | **Case No. 1:20-cr-00238-JLT-SAB** |
|---|---|---|
| Plaintiff, | ) ) | **JUSTIN GRAY'S OPPOSITION TO** |
| vs. | ) ) ) | **UNITED STATES' MOTION IN LIMINE TO EXCLUDE EXTRINSIC EVIDENCE TO IMPEACH GOVERNMENT** |
| | ) ) | **WITNESSES (Doc. No. 2144)** |
| JUSTIN GRAY, et al. | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

The government has filed a motion in limine requesting that the Court issue an order (1) "prohibiting the defendant from calling witnesses or otherwise offering extrinsic evidence to impeach government witnesses with their prior bad acts" and (2) "limiting cross examination of those witnesses regarding prior convictions."  Doc. No. 2144.  Justin Gray opposes this motion on the grounds that such an order is unnecessary and potentially confusing.

Initially, the government's motion appears to be a request for the Court to follow Federal Rule of Evidence 608(b).  The rule disallows extrinsic evidence of instances of conduct to attack a witness's credibility, except for certain criminal convictions.  See

Justin Gray's Opposition to
Motion re Extrinsic Acts

1

*United States v. Jackson*, 882 F.2d 1444, 1446 (9th Cir. 1989); *United States v. Leake*, 642 F.2d 715, 719 (4th Cir.1981).  However, the motion goes further, requesting a vague and unsupported restriction on cross-examination.

Rule 608(b) authorizes cross-examination of a witness using instances of misconduct such as perjury, fraud, swindling, forgery, bribery, and embezzlement.  *Leake*, 642 F.2d at 718.  The witness can also be asked about prior felony convictions and any crime involving a dishonest act or false statement.  Prior acts are also admissible to show motive, intent, identity, and knowledge.  Fed. R. of Evid. 404(b)(2).

Excessive restriction on cross-examination offends a defendant's fundamental constitutional rights.  "[A]rbitrary or disproportionate restriction on a defendant's ability to cross-examine adverse witnesses as to their biases or motives for testifying violates the Sixth Amendment." *Ortiz v. Yates*, 704 F.3d 1026, 1035 (9th Cir. 2012); see *Davis v. Alaska*, 415 U.S. 308, 318 (1974)).

Context is, of course, crucial.  Without specification of the witness involved and the particular bad act or conviction involved, the government's inexact, vague request to restrict cross-examination should be denied.

Dated: July 13, 2026                                   Respectfully submitted,

                                                               */s/ James S. Thomson*

                                                               */s/ Timothy J. Foley*
                                                               _____
                                                               JAMES J. THOMSON
                                                               TIMOTHY J. FOLEY
                                                               Attorneys for JUSTIN GRAY

Justin Gray's Opposition to
Motion re Extrinsic Acts