ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN GRAY,<br>a.k.a. "Sidetrack"<br><br>Defendant. | CASE NO.  1:20-CR-00238 JLT<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT GRAY'S MOTION IN LIMINE TO EXCLUDE HEARSAY EVIDENCE [ECF 2125]<br><br><br>DATE: July 27, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

I.    **INTRODUCTION**

The United States, by and through undersigned counsel, respectfully submits its opposition to Defendant Justin Gray's motion *in limine* to preclude admission of a statement by a confidential informant to a member of the Los Angeles Police Department and utilized by Detective Louie Aguilera in a search warrant application in November 2020. ECF No. 2125. The government does not intend to elicit the

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE HEARSAY
EVIDENCE [ECF 2125]

1

contents of statements on direct examination at this stage. Depending on the evidence that comes in at trial, however, including during cross examination or the defendant testifying, the statements themselves may become more relevant and probative.  There may also be additional bases at that time to overcome the hearsay restrictions.  Therefore, the government requests that a ruling on the defendant's Motion be held until trial.

## II.    ANALYSIS

### 1.  Motion in Limine on admission or exclusion of evidence is an evidentiary ruling that can be changed up to and during trial at the discretion of the court.

Motions in limine provide a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009); *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (motions in limine, as pretrial motions, are "useful tools to resolve issues which would otherwise clutter up the trial.").  Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 492 (9th Cir. 1989), a district court has broad discretion in ruling on a motion in limine. *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991); *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials").

To avoid premature determination of whether certain evidence should be included or excluded at trial, rulings on motions in limine "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co. ("PG&E")*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016); *Bratton v. Shinette*, 2018 WL 4929736, at *5 (E.D. Cal. Oct. 11, 2018) (generally, ruling on motions in limine "should be deferred until shortly before trial to ensure that the evidence may be weighed in proper context.")  For example, to exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014); *United States v. Kramer*, 2017 WL 1398818, at *1 (D. Mont.

Apr. 11, 2017).   If a district court does rule in limine, either to admit or exclude evidence, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070; *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

### III.    CONCLUSION

At this time, the government does not intend to introduce the statements at issue in its case-in-chief. However, as the relevance and probative value of the statements may change depending on factors outside of the government's control (*e.g.*, cross-examination, the defendant testifying), as well as the bases for reliability, the government asks this court to hold on its ruling as to this specific motion in limine until trial. If the statement at issue becomes more relevant, prior to any reference to or the content of the statement is elicited in front of a jury, the government would seek to admit the statement.

ERIC GRANT
United States Attorney

Dated:  July 17, 2026                                    By:  */s/ Amanda Kotula*
                                                                    AMANDA J. KOTULA
                                                                    Trial Attorney, U.S. Department of Justice
                                                                    JAMES CONOLLY
                                                                    Assistant United States Attorney

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE HEARSAY          3
EVIDENCE [ECF 2125]