ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUSTIN GRAY, <br> a.k.a. "Sidetrack" <br><br> Defendant. | CASE NO.  1:20-CR-00238 JLT-SKO <br><br> UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE DUAL CAPACITY WITNESSES AND PRECLUDE EXPERT TESTIMONY BY LAY WINTESSES [ECF 2127] |

## I.    INTRODUCTION

The United States, by and through undersigned counsel, respectfully submits its opposition to Defendant Justin Gray's motion *in limine* to preclude dual capacity witnesses and preclude expert testimony by lay witnesses. ECF No. 2127. The defendant specifically seeks to deny cooperating witnesses "from offering opinion testimony regarding the Aryan Brotherhood's organizational structure, hierarchy, rules, operation, codes of conduct, disciplinary practices, distinctive use of violence, fear or intimidation,

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE DUAL CAPACITY WITNESSES
AND PRECLUDE EXPERT TESTIMONY BY LAY WINTESSES
[ECF 2127]

1

or the meaning of related symbols, gestures, or coded language." *Id*. at 1. The defendant does not argue that testimony regarding these topics is irrelevant, but instead simply contends that any testimony on those topics may only be introduced by expert testimony that fulfills the requirement of Rule 702. A lay witness is permitted to testify both to fact and a lay opinion. *See* Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.15, Dual Role Testimony (2022). Moreover, the government does not anticipate calling any witness who will testify in a dual role of fact witness and expert witness on these topics. Accordingly, the Court should deny defendant's motion.

## II.    ANALYSIS

### A.    A cooperator or lay witness may testify as to that which is in their personal knowledge – including topics such as gang structure, tactics, and coded language.

Contrary to defendant's contention, lay witnesses and may in fact offer opinion testimony of the kind objected to by defendant when that testimony is "rationally based" on the witness's perception and not on "scientific, technical, or other specialized knowledge." Fed R. Evid. 602, 701. Testimony from an individual, such as a cooperator, providing information based on their own knowledge about how their organization operates, is not testimony that falls within Rule 702. *See United States v. Garcia*, 2025 WL 314126, at *5 (9th Cir. Jan. 28, 2025), *cert. denied*, 146 S. Ct. 1459 (2026) (Cooperators' testimony on "gang structure and tactics" was not specialized knowledge under Rule 702, but was based on the witnesses' personal experiences.")

Similarly, a cooperator testifying as to coded language used within the organization, is not specialized knowledge under Rule 702. *See United States v. Martinez*, 657 F.3d 811, 818–19 (9th Cir.2011) (upholding admission of lay testimony on the meaning of coded communications by a former member of the Mexican Mafia after establishing the member's "long experience in writing notes for the organization"); *see also United States v. Yannotti*, 541 F.3d 112, 126 (2d Cir. 2008) (Member of Gambino crime family was allowed to testify about coded language used within intercepted phone conversations and offer his opinion on grounds that  the testimony "[derived] solely from insider perceptions of a conspiracy of which he was a member" and that  the cooperator was simply "shar[ing] his perspective as to aspects of the scheme about which he has gained knowledge as a lay witness subject to Rule 701, not as an expert subject to Rule 702.") .

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE DUAL CAPACITY WITNESSES
AND PRECLUDE EXPERT TESTIMONY BY LAY WINTESSES
[ECF 2127]

2

Pursuant to Rule 701, lay witness opinions are appropriate under the aforementioned limitations. "In presenting lay opinions, the personal knowledge requirement may be met if the witness can demonstrate firsthand knowledge or observation." *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014). Thus, the type of testimony to which defendant objects is admissible, even were it offered by a wholly lay witness. Accordingly, the court should deny defendant's motion.

**B.    Dual role testimony is allowed under certain circumstances**

Even were the court to view testimony regarding the structure and operation of the gang as expert testimony, which it is not, such testimony would still be admissible by the same insider evidence in a dual witness capacity. It is clear that, even were the government to call such a witness, the Court may allow testimony with the proper jury instruction and delineation of the testimony under each role. *United States v. Man Nei Lui*, 402 Fed Appx. 235 (9th Cir. 2010) (special agent testified as expert and lay witness with a clear delineation during testimony and an instruction to the jury about the dual roles); *see also United States v. Freeman,* 498 F.3d 893, 904 (9th Cir.2007) (holding that the risk of error in allowing a case agent to testify as both a lay and expert witness is sufficiently reduced if jurors are made aware of the circumstances); *see also United States v. Reed*, 575 F.3d 900, 922 n. 16 (9th Cir.2009) (noting that there was little risk of prejudicial juror confusion when defendants were able to conduct a full cross-examination of a detective testifying as both a lay and expert witness).

In *United States v. Rodriguez*, 971 F.3d 1005 (9th Cir. 2020), the court identified "with respect to dual role witnesses: (i) that the facts on which an expert opinion is premised 'should not be considered for their truth but only to assess the strength of his opinions'; and (ii) that the jury should not give undue deference to the testimony of an opinion witness, just because he has been permitted to testify in that capacity. *Id.* at 1017-1018, *citing United States v. Vera*, 770 F.3d 1232, 1246 (9th Cir. 2014). In *Rodriguez*, the district court gave the jury dual role instructions, "including the distinction between fact testimony, on the one hand, and opinion testimony, on the other" that "closely tracked the corresponding Ninth Circuit model instruction." *Id.* at 1017; *see* Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.15, Dual Role Testimony (2022). "Trial courts should endeavor to explain clearly the differences between lay percipient testimony, lay opinion testimony (as governed by Rule 701), and expert opinion testimony (as governed by Rule 702) in settings where all three arise." *Id.* at 1018.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE DUAL CAPACITY WITNESSES
AND PRECLUDE EXPERT TESTIMONY BY LAY WINTESSES
[ECF 2127]

3

Thus, even were the disputed anticipated testimony to constitute expert testimony, it would still be admissible with guardrails to delineate that testimony.

### III.    <u>CONCLUSION</u>

Given the acceptance by courts of cooperators and lay witnesses testifying from personal knowledge, any anticipated testimony from those witnesses as to the areas of "organizational structure, hierarchy, rules, operation, codes of conduct, disciplinary practices, distinctive use of violence, fear or intimidation, or the meaning of related symbols, gestures, or coded language" would be considered lay testimony. Therefore, the court should deny the defendant's Motion.

ERIC GRANT
United States Attorney

Dated:  July 17, 2026                          By:    */s/ Amanda Kotula*
                                                      AMANDA J. KOTULA
                                                      Trial Attorney, U.S. Department of Justice
                                                      JAMES CONOLLY
                                                      Assistant United States Attorney

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE DUAL CAPACITY WITNESSES
AND PRECLUDE EXPERT TESTIMONY BY LAY WINTESSES
[ECF 2127]

4