ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                 v.<br><br>JUSTIN GRAY,<br>a.k.a. "Sidetrack"<br><br>                              Defendant. | CASE NO.  1:20-CR-00238 JLT-SKO<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ELICITING TESTIMONY THAT THE ARYAN BROTHERHOOD IS RACIST AS IRRELEVANT AND UNDULY PREJUDICIAL [ECF 2128]<br><br>DATE: July 27, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

## I.    INTRODUCTION

The United States, by and through undersigned counsel, respectfully submits its opposition to defendant Justin Gray's motion *in limine* to preclude the government from eliciting testimony that the Aryan Brotherhood ("AB") is racist as irrelevant and unduly prejudicial. ECF No. 2128. The racist ideology behind the AB is part and parcel with why the victims were targeted in the first place.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE THE GOVERNMENT FROM
ELICITING TESTIMONY THAT THE ARYAN
BROTHERHOOD IS RACIST [ECF2128]

1

Additionally, being a white-only prison gang provided a consistent membership framework and founding principle for the enterprise. The motion should be denied. The racist, white-superiority beliefs are probative in a Violent Crimes in Aid of Racketeering ("VICAR") murder prosecution involving white supremacist enterprise, the Aryan Brotherhood ("AB" or the "Enterprise"), and should not be excluded under Rule 401, 402, or 403.

## II.    ANALYSIS

### A. Racism and the mistaken belief in white superiority is a foundational aspect of the Aryan Brotherhood, and thus relevant to proving its status as an enterprise.

The defendant fails to understand the charges against him, and what the Government must establish to prove his guilt. To prove the two charged VICAR offenses, the Government must prove the following elements: 1. an enterprise affecting interstate commerce existed; 2. the enterprise engaged in racketeering activity; 3. the defendant committed the charged violent crime; and 4. the defendant acted for the purpose of gaining entrance to, or maintaining or increasing his position in, the enterprise engaged in racketeering activity. *See United States v. Banks*, 514 F.3d 959 (9th Cir. 2008). The enterprise alleged is the Aryan Brotherhood ("AB") and the violent crime alleged is murder.

The Fourth Superseding Indictment (the "Indictment") refers to the AB as "a white, race-based gang" formed by "white inmates who wanted to gain power and authority in prison." ECF No. 1970, paragraph 4. There are specific rules about accruing debts to inmates of another race. *Id*. at Paragraph 10.  The AB specifically act in such a violent manner in order to project a position of power within the prison – as "white inmates are a minority in every California prison." *Id*. at Paragraph 12.

The AB rules and beliefs in regard to race are equally admissible as any of the other tenets, rules, and practices of the enterprise to prove the enterprise itself.  These are probative and relevant to prove the existence, scope, and illegal nature of the enterprise. *United States v. Beasley*, 72 F.3d 1518, 1527-28 (11th Cir. 1996) (in this RICO prosecution against an African American racist enterprise, "evidence [of racist religious beliefs] admitted was highly relevant to the jury's understanding of the existence, motives, and objectives of the RICO conspiracy and the means by which it was conducted .... As previously discussed ... evidence of Yahweh's racist views not only demonstrated the context, motive, and setup of the crime, but was necessary to complete the story of the charged offenses"); *United States v.*

*Allen*, 341 F.3d 870, 885-86 (9th Cir. 2003) (upholding admission of skinhead and white supremacist evidence, including color photographs of their tattoos (e.g., swastikas and other symbols of white supremacy)). The defendant seeks to exclude similar evidence in an effort to provide a sanitized version of the AB to juror. *See* ECF No 2128, at 3 ("racist attitudes of AB members, or photographic evidence showing racist, Nazi, or white supremacist symbols.")

The defendant cites the decision of *Dawson v. Delaware,* 503 U.S. 159 (1992). In *Dawson,* the trial court was conducting a penalty hearing to determine if the defendant should be sentenced to death. *Id*. at 161. The prosecution stated it intended to introduce expert testimony regarding the background of the Aryan Brotherhood and the defendant's connection to AB, as well as swastika tattoos the defendant possessed. *Id*. This information related the "future dangerousness" aggravating factor, and the Court agreed "associational evidence might serve a legitimate purpose in showing that a defendant represents a future danger to society." *Id*. at 166. However, prior to the penalty phase beginning, the defense and government agreed to a stipulation that read:

> The Aryan Brotherhood refers to a white racist prison gang that began in the 1960's in California in response to other gangs of racial minorities. Separate gangs calling themselves the Aryan Brotherhood now exist in many state prisons including Delaware.

*Id*. at 162. As a result of the stipulation, the prosecution did not call an expert witness to talk about the AB or their violent acts. *Id*. The United States Supreme Court determined that without any evidence presented beyond the stipulation, there was no evidence that the AB "had committed any unlawful or violent acts, or had even endorsed such acts." *Id*. at 166. Because the prosecution "failed to do more", the Supreme Court determined that all that was proven was the defendant's "abstract beliefs." *Id*. at 167. The Supreme Court recognized that, "[i]f credible and otherwise admissible evidence [such as that indicated] had been presented, we would have a much different case." 503 U.S. 165.  The case before this court is nothing like the situation in *Dawson. Dawson* was a capital murder case in which the government sought to introduce evidence of the defendant's AB membership during the sentencing phase as an aggravating factor and/or proving a future danger to society.  The *Dawson* case did not involve a RICO/VICAR prosecution in which membership in an enterprise such as the AB was a necessary element the government must prove.  Thus, *Dawson* does not provide any support for the defendant's arguments in this motion.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ELICITING TESTIMONY THAT THE ARYAN BROTHERHOOD IS RACIST [ECF2128]

3

**B. The victim's race is relevant to the enterprise, and thus relevant for a jury to know and understand why race matters to the AB**

The AB expected white criminals outside of prison to pay a tax back to the organization's leaders for money made from criminal activity. There are a few exceptions for individuals who are in organizations that AB would consider rival on equal or higher standing – such as the Russian Mafia.  Testimony at trial established that part of the reason that leaders of the enterprise targeted the victim, Roshanski, was because he was white, he was believed to be making money from EDD fraud, and it was unknown if he was a member of a gang or not.  If Roshanski was not a member of a gang in similar standing, it would be expected that Roshanksi would fall under the AB as a white individual, despite being on the outside – and he would have to pay some profits of any crimes he engaged in back to the enterprise.  ECF No. 1767, Trial Tr. 2127-31, January 30, 2025.

In *United States v. Mills,* the court admitted testimony relating to the organization and dealings of the Aryan Brotherhood prison gang, which, incidentally, the Court recognized as "a white supremacist prison gang" to show motive (revenge on behalf of a fellow member) for a prison inmate to murder a stranger, and to show how intricate preparation involving inmates in different prisons could occur. 704 F.2d 1553, 1559 (11th Cir.1983), *cert. denied,* 467 U.S. 1243 (1984).

**C. The probative nature of the AB's belief in white supremacy is not *substantially outweighed* by unfair prejudice.**

Relevant evidence is admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "The standard of relevance in the federal courts is quite liberal[.]" *United States v. Pimentel-Tafolla*, 60 Fed. Appx. 656, 664 (9th Cir. 2003) "Evidence need not be sufficient to prove the point being made; it simply needs to have the slightest probative value." *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009).  A court may exclude relevant evidence if its probative value is *substantially* outweighed by *unfair* prejudice.  Fed. R. Evid. 403 (emphasis added).  "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Further, "courts have routinely rejected the claim

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ELICITING TESTIMONY THAT THE ARYAN BROTHERHOOD IS RACIST [ECF2128]

4

that a party was unfairly prejudiced under Rule 403 because the challenged evidence was contrary to his view of the facts." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1998).  "[A]bsent a showing that the challenged evidence invites the jury to decide the case on an improper basis, unrelated to the probative value of the evidence, it is not unfairly prejudicial under Rule 403." *Id*.

"[R]acially exclusionary policies can be relevant even where no race-based crime is at issue if "it tend[s] to show the uniformity of the ... enterprise." *United States v. Dencklau*, 160 F.4th 1046, 1059 (9th Cir. 2025) (citing *United States v. Bowman*, 302 F.3d 1228, 1239–40 (11th Cir. 2002)). The defendant is charged with committing two acts of VICAR murder.  The government is required to prove that an enterprise existed that participated in acts of racketeering activity. *See* 18 U.S. Code § 1959.  Accordingly, even absent a race-based motivation, the race-based beliefs of the enterprise are highly probative and the probative nature is not substantially outweighed by the danger of unfair prejudice.

### III.    <u>CONCLUSION</u>

The defendant relies on the argument that the racist beliefs of the AB enterprise are prejudicial, but fails to account for how they are substantially more probative to the existence of the enterprise itself and how it is probative of motive in the case before this court.  Defense cites to no case law of similar situations and relies only on *Dawson* for why Rule 403 requires excluding racist beliefs. The situation in *Dawson*, however, has little to do with VICAR murder or what is required to prove an enterprise existed. Testimony about the white supremacist beliefs of the Aryan Brotherhood is highly relevant in a VICAR prosecution of a white supremacist enterprise, i.e. the Aryan Brotherhood, and should not be excluded under Rule 403. Consequently, the defendant's motion should be denied.

ERIC GRANT
United States Attorney

Dated:  July 17, 2026

By:  */s/ Amanda Kotula*
AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
JAMES CONOLLY
Assistant United States Attorney