ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>                    v.<br><br>JUSTIN GRAY,<br>a.k.a. "Sidetrack"<br><br>                         Defendant. | CASE NO.  1:20-CR-00238 JLT<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT GRAY'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO DESIGNATE RULE 801(D)(2)(E) OR TO EXCLUDE CO-CONSPIRATOR STATEMENTS [ECF 2138] |

## I.    INTRODUCTION

The defendant asks this Court to order the government to identify any potential co-conspirator statements that the government intends to introduce, pursuant to Federal Rule of Evidence 801(d)(2)(e), in advance of trial. ECF No. 2138.  With regard to disclosing these statements, the government has met the requirements of this Court's Scheduling Order, by providing the Bates numbers of the documents in which the statements appear, as was done in the January 2025 trial. The defendant's request is without

GOVERNMENT'S RESPONSE TO DEFENDANT GRAY'S
MOTION FOR ORDER REQUIRING THE GOVERNMENT TO
DESIGNATE RULE 801(D)(2)(E) OR TO EXCLUDE CO-
CONSPIRATOR STATEMENTS [ECF 2138]

1

legal support, and contrary to what the Court has already required regarding disclosure. The government has met the requirements of this Court's Scheduling Order. For the reasons that follow, the government respectfully requests that the Court deny defendant's motion.

## II.    ANALYSIS

### A.  The Defendant misstates Fed. R. Evid. 801(d)(2)(E) requirements

Under Federal Rule of Evidence 801(d)(2)(E), the statement of a co-conspirator is admissible against a defendant if the government shows by a preponderance of the evidence that: (1) "a conspiracy existed at the time the statement was made"; (2) "the defendant had knowledge of, and participated in, the conspiracy"; and (3) "the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir. 2000) (citing *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)).

**1.  The defendant does not need to be charged with conspiracy, nor do the members of the conspiracy need to be charged at all - let alone in the same count or indictment.**

It is well established among different jurisdictions that the "conspiracy" contemplated by Fed. R. Evid. 801(d)(2)(E) does not only encompass a conspiracy that is charged within an indictment.  For purposes of a co-conspirator statement, the question is merely whether "there was proof of a sufficient concert of action to show the individuals to have been engaged in a joint venture." *United States v. Manning*, 56 F.3d 1188, 1197 (9th Cir. 1995). *See United States v. Saimiento-Rozo*, 676 F.2d 146 (5th Cit. 1980)("It is not necessary that the conspiracy upon which admissibility of these statements is predicated be the conspiracy charged"); *See also United States v. Postal*, 589 F.2d 862, 886, n.41 (5th Cir. 1979) (Noting that there is no need the conspiracy or agreement be criminal in nature; it may be in the form of a joint venture); *United States v. Santiago*, 582 F.2d 1128, 1130 (7th Cir. 1978) ("The co-conspirator hearsay exception applies with equal force to joint ventures"); *United States v. Talbot*, 470 F.2d 158 (6th Cir. 1972) (Finding that even in absence of conspiracy count, extrajudicial declarations made by codefendant outside presence of defendant are admissible); *United States v. Adkins*, 842 F.2d 210 (8th Cir. 1988) (Holding that the testimony of coconspirator with regard to statements made by another conspirator, was admissible under coconspirator exception to the hearsay rule, even though testifying coconspirator was not indicted); *United States v. Pimentel-Tafolla,* 60 Fed.Appx. 656, 2003 WL 42274 (9th Cir. 2003)

GOVERNMENT'S RESPONSE TO DEFENDANT GRAY'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO DESIGNATE RULE 801(D)(2)(E) OR TO EXCLUDE CO-CONSPIRATOR STATEMENTS [ECF 2138]

2

(Statements made by unindicted co-conspirators in course and in furtherance of conspiracy were admissible against defendant); *United States v. Marino*, 277 F.3d 11, 25–26 (1st Cir. 2002) ("We have already ruled that another conspiracy, larger than the one charged at trial, may provide the basis for the admission of the coconspirator's statements."); *See S. Rep. No 93-1277*, at 7073 (1974))("While the rule refers to a coconspirator, it is this committee's understanding that the rule is meant to carry forward the universally accepted doctrine that a joint venturer is considered as a coconspirator for the purposes of this rule even though no conspiracy has been charged.").

**2. What the defense has requested is more than the Rule requires, and exceeds the Court's order.**

Co-conspirator statements are admissible because they are not hearsay if made by a co-conspirator during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E) ("A statement is not hearsay if—[it is a] statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."). Rule 801(d)(2)(E) does not require pretrial notice or that a detailed description of such statements be provided to the defendants. Similarly, the Sixth Amendment, Rule 16 of the Federal Rules of Criminal Procedure, and applicable Supreme Court precedent do not require compelled pretrial notice of co-conspirator statements.

**a. No Rule of evidence entitles the defendant to the information he seeks.**

Neither Rule 801(d)(2)(E) nor Rule 16 of the Federal Rules of Criminal Procedure support compelled pretrial disclosure of co-conspirator statements or detailed lists describing such statements. In *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), the Supreme Court explained why compelled pretrial disclosure of co-conspirator statements is not permissible as a discovery tool under the Sixth Amendment.

> The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. Normally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses. In short, the Confrontation Clause only guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

*Ritchie*, 480 U.S. at 53 (citation and quotations omitted).  Given that the Sixth Amendment does not require compelled pretrial disclosure of co-conspirator statements, it makes sense that no federal law, or rule of criminal procedure or rule of evidence requires it.

In the defendant's motion, he seeks "1) the particular statement; 2) the declarant; and 3) the nature of the conspiracy involved." ECF No. 2138, at 5.  Under *Ritchie*, a defendant's desire to compel the government to provide more than required under the Rules and case law governing discovery is not a legal basis to compel pretrial disclosure of co-conspirator statements because "the ability to question adverse witnesses [] does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." *Ritchie*, 480 U.S. at 53.  That is why the Federal Rules, including Rule 16 of the Federal Rules of Criminal Procedure, and Rule 801(d)(2)(E) of the Federal Rules of Evidence do not require pre-trial notice of which co-conspirator statements will be offered at trial.

### b. The Court Addressed This Matter in Its Scheduling Order and Previous Hearings.

The parties submitted proposed scheduling orders prior to any defendant being severed.  The government filed their objections to defendant Johnson's scheduling order, noting the following as far as Jencks material (including co-conspirator statements):

> *Jencks* and *Giglio* material- The Court "cannot enter an order requiring early disclosure of Jencks Act material." *United States v. Fuentes*, 2010 WL 1659453, at *2 (E.D. Cal. Apr. 23, 2010) (citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control.")). The government recognizes that in a complex matter such as this case, the pre-trial disclosure of witness, cooperator, and informant statements and information is to promote judicial economy and trial efficiency. Given that the Court cannot order the production of this material, the government requests that only upon confirmation that the scheduled trial date is a firm date, the following schedule apply: **materials under protective order 70 days prior to trial and ongoing; further disclosure of materials (a lift of protective orders) 45 days prior to trial.**

ECF No. 1265, at 2.

The Court subsequently issued its first Scheduling Order on September 4, 2024, the Order was prior to severance of defendant Gray.  The language stated:

> "Statements the Government intends to offer under Fed. R. Evid. 801(d)(2)(E):
> **70 days before trial**

GOVERNMENT'S RESPONSE TO DEFENDANT GRAY'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO DESIGNATE RULE 801(D)(2)(E) OR TO EXCLUDE CO-CONSPIRATOR STATEMENTS [ECF 2138]

4

a. Under a protective order restricting access **only** to the attorneys/defense team: **70 days before trial.**

b. Access by the defendants: **45 days before trial.”**

ECF No. 1286.

Following severance, the Court issued another Scheduling Order for the Gray trial with the same guidelines regarding disclosure of co-conspirator statements for the defendant's trial:

"Statements the government intends to offer under Fed. R. Evid. 801(d)(2)(E):

1. Under a protective order restricting access **only** to the attorneys/defense team: **70 days before trial**.

2. Access by Mr. Gray: **45 days before trial.**”

ECF No. 2035.

The language in Gray's Scheduling Order is identical to that used for the first set of trial defendants. While Gray's trial was continued out farther, there was litigation pertaining to exactly what "Statements the Government intends to offer under Fed. R. Evid. 801(d)(2)(E)" means within the Scheduling Order.

On December 3, 2024, one of the remaining defendants filed a motion to compel the government to identify *Bruton* statements and alleged co-conspirator statements.  ECF No. 1476.  Counsel for that defendant makes many of the same arguments that counsel Gray makes in his motion. Using the same "needle in a haystack" analogy Gray uses in his motion, defense counsel stated:

"Clearly, the point of the Court's order was that the government identify which statements are Bruton statements and which are co-conspirator statements (under FRE 801(d)(2)(E)). The government did not do so. Instead, the government rolled all of it together with the massive amount of Jencks discovery. Since November 5th, the government has dumped over 21,000 pages of discovery. The defense need not search for a needle in a haystack."

*Id*. at 2.

The government filed an opposition, making many of the same arguments that appear in this brief.  ECF No. 1519.  On December 18, 2016, Magistrate Judge Sheila K. Oberto held a hearing on the matter and issued an order shortly after. *See* ECF Nos. 1584 and 1585. The court held that the only additional

GOVERNMENT'S RESPONSE TO DEFENDANT GRAY'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO DESIGNATE RULE 801(D)(2)(E) OR TO EXCLUDE CO-CONSPIRATOR STATEMENTS [ECF 2138]

5

information the government was to provide was "the Bates Stamp numbers of each 'Statement the Government intends to offer under Fed. R. Evid. 801(d)(2)(E)' that was previously produced to Defendants pursuant to paragraph 6 of the Scheduling Order." ECF No. 1585, at 3. The supplemental disclosure, pursuant to the court's order, contained the Bates where the statements could be found.

As a result, when complying with the obligations imposed by the Court in Gray's Scheduling Order, the government included the Bates number for the materials covered under Fed. R. Evid. 801(d)(2)(E). This disclosure to Gray defense counsel was done in the same manner as the disclosure sent to defense counsel for the first set of trial defendants, based upon the ruling by Judge Oberto.

The government has complied with the district court's scheduling order and subsequent discovery order. Neither order indicated that the government was to identify each and every statement that was intended to be offered at trial, but to provide those statements to counsel. The government has done so. By indicating the Bates numbers that contain 801(d)(2)(E) material, the government has, in great measure, gone beyond what is required by the Rules governing discovery and case law.

## III.   CONCLUSION

There is no legal basis for the defendant's demand to identify the statements of co-conspirators. However, in accordance with the Scheduling Order issued by this Court, the government has identified the Bates number for those documents where those statements may be found. The government has complied with both the law regarding disclosure and the Court's Order. The government respectfully asks the Court to deny the defendant's motion, as it exceeds both.

ERIC GRANT
United States Attorney

Dated:  July 17, 2026                              By:   */s/ Amanda Kotula*
                                                        AMANDA J. KOTULA
                                                        Trial Attorney, U.S. Department of Justice
                                                        JAMES CONOLLY
                                                        Assistant United States Attorney