ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>                 v.<br><br>JUSTIN GRAY,<br><br>                          Defendant. | CASE NO.  1:20-CR-00238 JLT-SKO<br><br><br>RESPONSE TO DEFENDANT'S MEMORANDUM REGARDING LANGUAGE OF JURY QUESTIONNAIRE AND JURY SELECTION [ECF 2116] |

## I.    INTRODUCTION

The United States, by and through Assistant United States Attorney James R. Conolly, and Trial Attorney Amanda J. Kotula, submits its response to defendant Justin Gray's Memorandum Regarding Language of Jury Questionnaire and Jury Selection, filed by the defendant. ECF 2116. The filing by the defendant was in response to the United States' Request for Review of Proposed Jury Questionnaire.  ECF 2115. The Court has since determined that a jury questionnaire is not necessary. ECF 2119.  However, the United States seeks to address the argument made by the defense as to the word "gang" being used during

UNITED STATES' RESPONSE TO
DEFENDANT'S MEMORANDUM REGARDING
USE OF "GANG" DURING VOIR DIRE

1

jury selection.  The United States believes that use of the word "gang" as well as specific inquiry of prospective jurors as to their knowledge, experience, and feelings towards gangs is important to preserving a fair trial to the defendant and the United States.

## II.    ANALYSIS

As stated in the Fourth Superseding Indictment, the Aryan Brotherhood ("AB") is a "white, race-based gang that was formed in the California prison system" (ECF 1970 at Pg 2, Paragraph 4). Defendant Justin Gray is alleged to have committed the acts in Counts Two and Three "for the purpose of gaining entrance to and maintaining and increasing position in the AB[.]" (ECF 1970 at Pg 11). Witnesses, including members and associates of AB, will testify that AB is a gang. A gang expert has been disclosed to testify about the makeup and structure of the gang and will testify that AB is a prison gang within California.

The Defense alleges that the mere use of the word "gang" will set off alarm bells in the ears of the jury and that, as a result, the defendant will be deprived of a fair trial.  The defense makes this claim only in response to the jury being questioned about their knowledge, experience, and feelings towards gang. Notably, they do not make this claim in regard to the evidence expected to be elicited at trial. To follow the position of the defense would disallow any mention of the word gang during voir dire, only to be followed by multiple references to AB as a gang by multiple witnesses during trial.  The word "gang" can invoke a variety of emotions and feelings in the general public. Some rare individuals may feel safety and community in the word, some individuals nothing at all, and some might feel fear. Without proper questioning, neither the United States nor the defense can be sure what a potential juror's bias may be.  To not ask specifically about gangs in voir dire would be to leave this potential well of bias untested until the moment a juror is told that AB is a gang during trial.

"The prime safeguard [against actual bias] is voir dire." *Fields v. Brown*, 503 F.3d 755, 772 (9th Cir. 2007).  This is not a case where the charges against the defendant have no relevance to the gang, or the enterprise, as was the case in the California state appellate case cited by the defense to support their argument. In *People v. Cardenas*, the California Supreme Court deemed that the charges that defendant faced had nothing to do with any gang affiliation, and the mention of his gang affiliation had minimal

probative value to any defense witness bias and was highly prejudicial. 647 P.2d 569, 572 (Cal. 1982).[1]

This is not that case.  Here, this defendant is charged with committing two murders with the *motive* and the *purpose* of "gaining entrance to and maintaining and increasing position in the [gang]." (ECF 1970 at Pg 11).  Indeed, the Indictment alleges that AB is "white, race-based *gang*." *Id*. at 2 (emphasis added). Testimony about gangs, in this instance the Aryan Brotherhood as the higher gang to the Defendant's subsidiary gang, the Baby Blue Wrecking Crew, is "'relevant to a fact of consequence.' (i.e., the motive of the defendant)." *Windham v. Merkle*, 163 F.3d 1092, 1104 (9th Cir. 1998).

### III.   <u>CONCLUSION</u>

To exclude even the word "gang" from jury selection would be to provide a sanitized version of reality that would deprive both the defendant and the United States of a fair trial.  As the testimony will show, the defendant was a member of the "Baby Blue Wrecking Crew" gang and was seeking admittance into, or increased or maintained status with the Aryan Brotherhood – all of which is expected to be established during trial as part of the motive for the two murders committed by this defendant.  To wait until a jury is selected and seated to use a word they may hear dozens of times over the course of the trial would be to invite an adverse reaction that could, and should, be explored before an individual is selected to be a juror. For those reasons discussed above, the court and counsel should be allowed to use the word "gang" when inquiring potential juror's bias as it relates to "gangs" and its permutations.

Respectfully submitted,

ERIC GRANT
United States Attorney

Dated:  July 17, 2026

By:  /s/ Amanda Kotula
AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
JAMES CONOLLY
Assistant United States Attorney

---

[1] As a matter of clarification, the third case cited by the defense is *Vasquez v. Cate*, 2012 WL 7159860 (S.D. Cal. July 27, 2012).  The defense quotes from page 14 of this opinion as if given by the court itself.  The language quoted on page 14 in fact comes from a defense filing the Southern District of California is quoting.  The defense filing in *Vazquez* is, in that section, quoting *People v. Albarran*, 149 Cal.App.4th 214, 230 (2007). So, as a clarification, this is a quote from the first case cited by the defense (*Albarran*) but was mistakenly cited to the court in *Vazquez* in the defense filing.

UNITED STATES' RESPONSE TO
DEFENDANT'S MEMORANDUM REGARDING
USE OF "GANG" DURING VOIR DIRE

3