ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN GRAY,<br>a.k.a. "Sidetrack"<br><br>Defendant. | CASE NO.  1:20-CR-00238 JLT-SKO<br><br>UNITED STATES' OPPOSITION TO DEFENDANT GRAY'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S EXHIBITS [ECF 2147]<br><br>DATE: July 27, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

## I.    INTRODUCTION

The United States, by and through undersigned counsel, respectfully submits its opposition to defendant Justin Gray's motion *in limine* to exclude government's exhibits. ECF No. 2147.  The defendant seeks to preclude the United States' introduction of various types of evidence during the United States' case-in-chief.  For the reasons stated herein, the Court should deny the defendant's motion.

## II.    ANALYSIS

### A.    Defendant's Motion in Limine is Premature

Evidence may be excluded *in limine* only if "the evidence [is] inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F.Supp.2d 1036, 1047 (D. Nev. 2013) (citing *Indiana Ins. Co. v. General Electric Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).  A motion in limine should be denied if it is not clear that evidence is inadmissible on all grounds, or if the motion requires the court to "resolve factual disputes or weigh evidence," *C & E Servs., Inc. v. Ashland, Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008) ("It is worth noting that a motion *in limine* should not be used to resolve factual disputes or weigh evidence," citing *Sigma Tool & Mach. v. Nagayama Elect. Ind. Co.*, No. 00-CV-2936 (RWR), 2002 WL 34354482, *2 (D.D.C. Dec. 18, 2002)); *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400-01 (N.D. Ill. 1993).  Evidentiary rulings should be deferred until trial "so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context," citing *Middleby Corp. v. Hussmann Corp.*, No. 90-C-2744, 1993 WL 151290, *1 (N.D. Ill. May 7, 1993)).

Many of the defendant's arguments in their premature motion in limine echo the well-established case law on evidentiary rulings. When given the context surrounding the admission of the exhibits, compared to reviewing the exhibits in a vacuum pre-trial, as the defendant suggests, the court can properly rule on relevancy and admissibility.

### B.    Defense misapprehends the standards of relevance, prejudice, and admissibility.

Relevant evidence is admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  "The standard of relevance in the federal courts is quite liberal[.]" *United States v. Pimentel-Tafolla*, 60 Fed. Appx. 656, 664 (9th Cir. 2003) "Evidence need not be sufficient to prove the point being

made; it simply needs to have the slightest probative value." *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009).  A court may exclude relevant evidence if its probative value is *substantially* outweighed by *unfair* prejudice.  Fed. R. Evid. 403 (emphasis added).  "The term 'unfair prejudice,'  as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Further, "courts have routinely rejected the claim that a party was unfairly prejudiced under Rule 403 because the challenged evidence was contrary to his view of the facts."  *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1998). "[A]bsent a showing that the challenged evidence invites the jury to decide the case on an improper basis, unrelated to the probative value of the evidence, it is not unfairly prejudicial under Rule 403."  *Id*.

Cumulative evidence is not prohibited under Rule 403 – rather, to be excluded, it must be "needlessly cumulative." The court is permitted to exclude cumulative evidence "when it has little incremental value." *United States v. Miguel*, 87 Fed. Appx. 67, 68 (9th Cir. Jan. 30, 2004) (Unpub. Disp.); see also *United States v. Taylor*, 127 F.3d 1108, 1997 WL 661153, *2 (9th Cir. Sept. 25, 1997) (Unpub. Disp.) ("[E]ven cumulative evidence is not necessarily excludable under Rule 403—evidence must be needless[ly] cumulative before its admission by the district court amounts to an abuse of discretion," citing *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990)).

The  exhibits objected to by the defense as summarized below are relevant, probative, and admissible.[1]  The defendant makes objections that are better suited for trial, when the context in which the exhibits are entered will make most, if not all defense objections below moot.  Nevertheless, as the government continues its trial preparation, it may determine that it does not need to present some of the exhibits listed here. If that is the case, it will inform the Court and the defense.

---

[1] As the defendant properly noted, some of these exhibits remain covered by a protective order and thus the government has adopted the defendant's general description of the exhibit in this response.

| Exhibit No. | General Description | Defense Objection(s) | Government Response |
|---|---|---|---|
| 4 | Photo | Relevance | Relevant. Photograph of one of the individuals involved the murder. Photograph utilized in demonstrative exhibit 96. |
| 5 | Photo | Not necessary, cumulative, | Relevant. Photograph of the defendant – the individual who committed the murders. Photograph utilized in demonstrative exhibit 95 and 96. |
| 8 | Photo | Relevance, 403, Trial Motion 4, Doc. No. 2123 | Relevant. Photographs of Gray's gang tattoos. *See* ECF No 2167, United States' Opposition to Defense Motion 2123. |
| 9 | Photo | Relevance, 403, Trial Motion 4, Doc. No. 2123 | Relevant. Photographs of Gray's gang tattoos. *See* ECF No 2167, United States' Opposition to Defense Motion 2123. |
| 10 | Photo | Relevance, 403, Trial Motion 4, Doc. No. 2123 | Relevant. Photographs of Gray's gang tattoos. *See* ECF No 2167, United States' Opposition to Defense Motion 2123. |
| 11 | Documents - Autopsy Report | Hearsay, cumulative, 403 | Relevant. Autopsy Report for V1, Roshanski.[2] |
| 13 | Photo | Relevance, 403, cumulative | Relevant. Autopsy photo.[3] |
| 14 | Photo | Relevance, 403, cumulative | Relevant. Autopsy photo. |
| 15 - 16 | Photos | Duplicative, cumulative, 403; only one of the two should be admitted | Relevant. Autopsy photo. |
| 17 - 18 | Photos | Duplicative, cumulative, 403; only one of the two should be admitted | Relevant. Autopsy photo. |
| 19 | Documents - Autopsy Report | Hearsay, cumulative, 403 | Relevant. Autopsy Report for V2, Magomedgadzhiev. |
| 20 - 21 | Photos | Duplicative, cumulative, 403; only one of the two should be admitted | Relevant. Autopsy photo. |
| 22 - 25 | Photos | Relevance, 403, cumulative | Relevant. Autopsy photo. |
| 27 | Photo | Relevance, 403, cumulative | Relevant. Autopsy photo. |
| 31 | Messages | Foundation, relevance | Relevant. Facebook messages between Gray and an individual involved in the murder. *See* ECF No. 2141, Stipulation re Business Records. |

[2] *See McNeiece v. Lattimore*, No. ED CV07-0951RGK(FMO), 2009 WL 1464368, at *10 (C.D.

| 33 | Messages | Foundation, relevance, 403 | Relevant. Facebook messages between Gray and another individual after the murder. *See* ECF No. 2141, Stipulation re Business Records. |
|---|---|---|---|
| 41- 45 | Photos | Cumulative, 403 | Relevant. Photographs from crime scene. |
| 48 | Photos | Cumulative, 403 | Relevant. Photographs from crime scene. |
| 52 - 56 | Photos | Cumulative, 403 | Relevant. Photographs from crime scene. |
| 62 | Photos | Cumulative, 403 | Relevant. Photographs from crime scene. |
| 65 - 70 | Photos | Cumulative, 403 | Relevant. Photographs from crime scene. |
| 71 - 72 | Photos | Cumulative, 403; misleading - subject of photo has been moved | Relevant. Photographs from crime scene. |
| 73 - 75 | Photos | Cumulative, 403 | Relevant. Photographs from crime scene. |
| 77 - 79 | Photos | Cumulative, 403 | Relevant. Photographs from crime scene. |
| 80 - 94 | Photos of documents and paperwork | Relevance, Trial Motion 12, Doc. No. 2134 | Relevant. Photographs from crime scene and photographs of the EDD paperwork. *See* United States' Opposition to Defense Motion 2134. |
| 95 - 96 | Demonstrative charts with photos | Foundation, relevance | Relevant. Photographs of the larger enterprise and the individuals involved in the murders. |
| 97 | Document - cell site data | Trial Motion 13, Doc. No. 2135 | Relevant. *See* ECF No. 2171, United States' Opposition to Defense Motion 2135. *See* ECF No. 2141, Stipulation re Business Records. |
| 101 - 104 | Idaho jail calls - audio, video and transcripts | Trial Motion 7, Doc. 2126 | Relevant. *See* United States' Opposition to Defense Motion 2126. |

Cal. May 22, 2009), aff'd, 501 Fed. Appx. 634 (9th Cir. 2012) (holding that "the autopsy report and notes were business records and, therefore, nontestimonial, their admission, and the admission of Dr. Cohen's testimony, did not violate the Confrontation Clause.")

[3] *See United States v. Garrity*, No. CR-23-08139-001-PCT-MTL, 2025 WL 879979, at *1 (D. Ariz. Mar. 21, 2025) "Photographs of the victim as he appeared at the scene and during examination are relevant and highly probative of the nature of the victim's injuries, the elements of the charged offenses, and whether Defendant acted in self-defense.")

### III.  CONCLUSION

The government asks that this court deny defendant's motion as premature.  If these objections are to be made, it should be made in trial when the context will help the Court make the appropriate ruling. The Court should review the exhibits in relation to the totality of the evidence and other exhibits presented by the government. The motion should be denied.

ERIC GRANT
United States Attorney

Dated:  July 17, 2026                          By:  /s/ Amanda Kotula
                                                    AMANDA J. KOTULA
                                                    Trial Attorney, U.S. Department of Justice
                                                    JAMES CONOLLY
                                                    Assistant United States Attorney

UNITED STATES' OPPOSITION TO DEFENDANT
GRAY'S MOTION IN LIMINE TO EXCLUDE
GOVERNMENT'S EXHIBITS [ECF 2147]

6