ERIC GRANT
United States Attorney
JAMES CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

AMANDA J. KOTULA
Trial Attorney, U.S. Department of Justice
Violent Crime & Racketeering Section
1301 New York Avenue, N.W., Suite 700
Washington, DC 20005
Telephone: (202) 514-3594

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>                 v.<br><br>JUSTIN GRAY, et al.,<br><br>                         Defendants. | CASE NO.  1:20-CR-238-JLT-SKO<br><br>UNITED STATES' OPPOSITION TO DEFENDANT JUSTIN GRAY'S MOTION TO EXCLUDE EVIDENCE OF FIREARMS AND OTHER ITEMS SEIZED AT THE TIME OF HIS ARREST [ECF 2122]<br><br>DATE: July 27, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

## I.        INTRODUCTION

The United States opposes defendant Justin Gray's Motion to Exclude Evidence of Firearms and Other Items Seized at the Time of His Arrest ("Mot."; ECF No. 2122), because the evidence seized at the time of arrest is potentially relevant to and probative of Gray's charged crimes.  Gray argues that the firearms, drugs, and other evidence found at the time of his arrest is not relevant to proving that he murdered two victims on the night of October 3, 2020, and would be unfairly prejudicial. *Id*.  But the government has not charged Gray simply with murder.  It has charged him with Violent Crimes in Aid of Racketeering ("VICAR"), the violent crime being murder, which alleges also that enterprise affecting interstate commerce existed, that it engaged in racketeering activity, and that Gray committed the

UNITED STATES OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE EVIDENCE [ECF 2122]

1

murders "to gain entrance to, or to maintain, or to increase his position in the enterprise." Ninth Circuit Model Criminal Jury Instructions 18.8.  Therefore, any evidence tying Gray to the enterprise or to the enterprise's activity, is relevant to the VICAR charges against Gray.  The probative value versus the potential prejudice of the guns and drugs seized should therefore be examined in the context of the elements the government must prove and will establish at trial.  When proving the existence of an enterprise engaging in racketeering activity, the evidence is relevant and admissible to establish essential elements of the crimes, is not unfairly prejudicial, and the Court should deny Gray's motion to exclude the evidence.[1]

## II.   STATEMENT OF FACTS

Gray is charged in the Fourth Superseding Indictment with two counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959, for the October 4, 2020 murders of Allan Roshanski and Ruslan Magomedgadzhiev. *See* ECF No. 1970.

On December 10, 2020, Los Angeles County Sheriff's Department ("LASD") investigators secured a *Ramey* warrant for Gray's arrest for the murders of Roshanski and Magomedgadzhiev.  Later that same day, officers arrested Gray at a La Quinta Inn, in Ontario, California, along with Justin Free, after law enforcement received a report that Gray and Free were staying at the hotel.  *See* ECF No. 1119-1, at 2.  Officers encountered both men in the parking lot of the hotel and took Gray and Free into custody.  On Gray's person, officers found a KAHR Arms Model P45 .45 caliber handgun, small baggies of what appeared to be methamphetamine, and a navy-blue mobile telephone.  On Free's person, officers found a Polymer 80 Model PF40C 9mm handgun and a gun holster.  *Id*. at 3–4.

Officers obtained a search warrant for the hotel room they had determined Gray and Free had been occupying.  Using a key card from Gray to open the room, officers entered and searched the room.  In the bedroom area, they found a black backpack containing the following: (1) loose rounds of 5.56/.223 caliber ammunition (used in AR-style firearms); (2) a digital scale; (3) a box of plastic fold-

---

[1] As part of its opposition, the government also incorporates by reference its Opposition (ECF No. 1202) to Gray's initial Motion to Suppress Evidence (ECF No. 1119).  As the defense notes, the Court indicated at the time Gray filed his motion initially that it would reserve ruling on the motion that the parties could stand on their initial briefs if the defense re-filed.  The government's opposition here incorporates a substantial amount of the facts and legal argument.

top sandwich bags; and (4) two USB digital memory sticks. *Id*. at 3.

Officers also found a black rifle bag in the living room area of the hotel room, containing: (1) two AR-15 style rifles; (2) a drum magazine; (3) two 30-round magazines for 5.56 caliber ammunition (loaded); and (4) a box of 9mm ammunition. *Id*. at 4.

### III.    ARGUMENT

#### A.    Legal Standard for Motions in Limine

Motions in limine[2] provide a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009); *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (motions in limine, as pretrial motions, are "useful tools to resolve issues which would otherwise clutter up the trial."). Evidence may be excluded *in limine* only if "the evidence [is] inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F.Supp.2d 1036, 1047 (D. Nev. 2013) (citing *Indiana Ins. Co. v. General Electric Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)). A motion in limine should be denied if it is not clear that evidence is inadmissible on all grounds, or if the motion requires the court to "resolve factual disputes or weigh evidence," *C & E Servs., Inc. v. Ashland, Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008) ("It is worth noting that a motion *in limine* should not be used to resolve factual disputes or weigh evidence," citing *Sigma Tool & Mach. v. Nagayama Elect. Ind. Co.*, No. 00-CV-2936 (RWR), 2002 WL 34354482, *2 (D.D.C. Dec. 18, 2002)); *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400-01 (N.D. Ill. 1993). Evidentiary rulings should be deferred until trial "so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context," citing *Middleby Corp. v. Hussmann Corp.*, No. 90-C-2744, 1993 WL 151290, *1 (N.D. Ill. May 7, 1993)).

---

[2] Gray has incorporated by reference his initial motion, which he styled as a motion to suppress. ECF No. 1119. Gray has not alleged that the government obtained the evidence either illegally or in violation of his Constitutional rights, so it is not a motion to suppress. *See United States v. Barnes*, 2014 WL 1347080, at *2 (D. Alaska Mar. 7, 2014) ("The hallmark of a motion to suppress is an allegation that the government procured the subject evidence in violation of the Constitution.") As the government argued in its initial opposition, Gray's motion sought exclusion of the evidence on relevance and prejudice grounds, which is more appropriate for a motion in limine. *See* ECF No. 1202 at 2–3.

UNITED STATES OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE EVIDENCE [ECF 2122]

3

**B.      The Evidence Seized Is Admissible As VICAR Evidence.**

The defendant's motion seeks to exclude all evidence law enforcement acquired during his December 10, 2020 arrest as irrelevant and unfairly prejudicial.  In short, he argues that the guns the police seized during this arrest are not alleged to be the ones used during the two murders at the center of his charges, and the drugs found are likewise unconnected to the charged crimes.  To make this argument, however, he takes an improperly narrow view of the charges.  He is in fact charged in Counts Two and Three with Murder in Aid of Racketeering—or VICAR murder—not simply murder.  To that end, the spectrum of evidence relevant to VICAR murder is far broader than that which would be used to prove only the predicate homicide at the center of the VICAR charge.  Gray has not addressed the relevance of the evidence seized on December 10, 2020, or how it might prejudice him unfairly, in light of this charge specifically.  His motion in limine is therefore incomplete, in addition to being premature.

To support a VICAR conviction, the government must show: "(1) that the enterprise exists; (2) that the enterprise is engaged in racketeering activity; (3) that the defendant committed or participated in the murders; and (4) that the defendant acted for the purpose of gaining entrance to or maintaining or increasing position in the enterprise." *United States v. Vasquez-Velasco*, 15 F.3d 833, 842 (9th Cir. 1994); *see also* Ninth Circuit Manual of Model Jury Instruction § 8.151.  To establish these elements, the government will present evidence supporting all of elements and may present evidence of uncharged crimes in the process. *United States v. Henley*, 766 F.3d 893, 914-15 (8th Cir. 2014) ("evidence of uncharged crimes was admissible in a RICO prosecution as 'proof of an enterprise, of the continuity of racketeering activity, and of the defendant's knowledge of, agreement to, and participation in the conspiracy'") (citations omitted).  Indeed, courts have concluded that the prosecution may introduce evidence of uncharged crimes (up to and including murders) not involving the defendant in order to prove the existence of an "enterprise" and its "racketeering activity." *See, e.g.*, *United States v. Basciano,* 599 F.3d 184, 207 (2d Cir.2010); *United States v. Jones,* 566 F.3d 353, 362 (3d Cir. 2009); *United States v. Finestone*, 816 F.2d 583, 586–87 (11th Cir. 1987); *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991); *United States v. Brady*, 26 F.3d 282, 287 (2d Cir. 1994) ("This court has held that proof of crimes committed by other individuals in a RICO conspiracy is relevant to show the existence and nature of the enterprise.").

Gray here argues only that the firearms and drugs seized from Free and himself are not relevant to the murders of Roshanski and Magomedgadzhiev.  Gray does not address the more applicable question of whether this evidence is relevant to prove or disprove the elements of a VICAR charge—including evidence of an enterprise and its racketeering activity—which would be the proper question.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence...and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (internal quotations omitted).  Given the expanse of evidence that may be used to show an ongoing criminal enterprise and its racketeering activity, it is more than plausible that the AR-style firearms, handguns, ammunition, and drugs could be used to show the racketeering activity of the enterprise to which Gray's charged murders are connected.   The answer to how that evidence may be (or may become) relevant, and therefore admissible, will come into focus in the coming weeks as this case moves toward trial, but it is not ready for determination now, and thus exclusion is not warranted.  *McConnell*, 995 F. Supp. 2d at 1167 (To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds."); *Kramer*, 2017 WL 1398818, at *1.

In terms of potential prejudice, if the evidence at issue here is found to be a part of racketeering activity, its presentation at trial would not be unfairly prejudicial to Gray.  Relevant evidence is excluded only if its "probative value is substantially outweighed by a danger of...unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.  "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (.  Further, "courts have routinely rejected the claim that a party was unfairly prejudiced under Rule 403 because the challenged evidence was contrary to his view of the facts." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1998).  "[A]bsent a showing that the challenged evidence invites the jury to decide the case on an improper basis, unrelated to the probative value of the evidence, it is not unfairly

UNITED STATES OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE EVIDENCE [ECF 2122]

prejudicial under Rule 403." *Id*.

In the VICAR context, evidence of an organization's conduct, including acts of violence, "even if prejudicial to a defendant, is not unfairly so." *See United States v. Matera*, 489 F.3d 115, 121 (2d Cir. 2007) ("When a defendant engages in a criminal enterprise which involves very serious crimes, there is a likelihood that evidence proving the existence of the enterprise through its acts will involve a considerable degree of prejudice. Nonetheless, the evidence may be of important probative value in proving the enterprise."); *United States v. Barrera-Palma*, 2020 WL 3961966, at *3 (E.D. Cal. July 13, 2020). Moreover, as this Court has held, a limiting jury instruction regarding evidence should serve to mitigate any risk of unfair prejudice to the defendant, thereby obviating the need for the outright exclusion the defendant seeks here. *Barrera-Palma*, 2020 WL 3961966, at *3 (citing *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (within the RICO context, the accidental admission of evidence regarding an uncharged murder committed by non-defendants did not require the granting of a new trial in part because evidence was not introduced to "sow confusion about which crimes [the defendant] stood accused of" and the court gave the jury a limiting instruction)).

Gray is alleged to be a member of Baby Blue Wrecking Crew, an AB-affiliated white street gang. The narcotics and guns found in Gray's room are relevant to show that Gray himself was involved in drug trafficking, which would have either been at the AB's direction, or on which he would have had to pay taxes to the AB. The firearms that police seized tend to show the significance of Gray's drug trafficking effort. Guns are an "tools of the trade" of drug traffickers. "Firearms are known 'tools of the trade' of narcotics dealing because of the dangers inherent in that line of work." *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir. 1991)(quoting *United States v. Simon*, 767 F.2d 524,527 (8th Cir.1985)). Given the nature of their business, drug traffickers cannot rely on law enforcement to help them protect their property, so they must protect it themselves. The more lucrative the operation, the more protection it would need. Moreover, this evidence of drug trafficking also tends to show the interstate impact of the AB's racketeering activity. *United States v. Rodriguez*, 360 F.3d 949, 957 (9th Cir. 2004) ("Congress has specifically found, and this court has reiterated, that intrastate drug activities have a substantial effect on interstate commerce.").[3] Consequently, while Gray may argue that the

---

[3] "Interstate commerce includes the movement of goods, services, money and individuals

contraband found at the time of his arrest is not relevant to proving the two murders with which he is charged, it *is* relevant to proving the wider array of enterprise-related elements that are fundamental to the VICAR charge.

Finally, the government notes that Gray seeks to exclude "the firearms, drugs, ammunition, and *all the items* seized during the December 10, 2020 arrest and search of the hotel room and Prizm." ECF No. 2122 at 5 (Emphasis added.)  This would include the navy-blue cellular telephone found on his person at the time of the arrest, in addition to other items seized, but he has not explained why their exclusion is warranted.  He makes no mention of the evidence that investigators may have found on that cell phone, or the data related to it, including call patterns or location information.  He simply asks (by implication, not explicitly) that it be excluded because, he argues, the guns and the drugs are not relevant to the murders of the two victims, and all such evidence is unfairly prejudicial.  He has made no showing of irrelevance or unfair prejudice related to the telephone or its contents specifically.  His motion to exclude should be denied with regard to the guns, drugs, and "all other items."

## IV.    CONCLUSION

For the forgoing reasons, the United States requests respectfully that the Court deny defendant Justin Gray's Motion to Exclude Evidence of Firearms and Other Items Seized at the Time of His Arrest.

Dated:  July 17, 2026

ERIC GRANT
United States Attorney

By:  /s/ JAMES CONOLLY
JAMES CONOLLY
Assistant United States Attorney
AMANDA J. KOTULA
Trial Attorney, Violent Crime & Racketeering
Section, U.S. Department of Justice

---

between states."  Ninth Cir. Model Instruction No. 8.152.  "These goods can be legal or illegal" and "[o]nly a minimal effect on commerce is required and the effect need only be probable or potential, not actual."  *Id.*  "It is not necessary to prove that the defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect."  *Id.*

UNITED STATES OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE EVIDENCE [ECF 2122]

7